Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-cv-00413<br><br>**PLAINTIFFS' MOTION TO FILE UNDER SEAL** |

Pursuant to Federal Rules of Civil Procedure 5.2 and 26, and the confidentiality provision of a prior settlement agreement between the Parties, Plaintiffs Hammerless Tools, LLC and Eight Eighteen, LLC ("Plaintiffs"), respectfully move this Court for leave to file under seal: portions of Plaintiffs' Complaint, Plaintiffs' Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, and declaration and exhibit in

MOTION TO FILE UNDER SEAL - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

support of Plaintiffs' Motion for TRO and Preliminary Injunction (the "Pleadings") which reference protected information.

## MEMORANDUM

### I.  Summary

The Pleadings reference language of a prior agreement between Plaintiffs and Defendants with a specific confidentiality provision and containing confidential and sensitive financial and other information, warranting being sealed by the Court.

Plaintiffs have narrowly tailored the information to be sealed to only protect against public dissemination of confidential information, which public dissemination may harm the parties. To protect this confidential information, Plaintiffs request that the Pleadings with references to confidential language be sealed, along with a redacted public filing.

### II.  Legal Argument

Generally, there is a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party can overcome that presumption and have court records relating to dispositive motions sealed upon a showing of "compelling reasons." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A compelling reason to seal a record may be shown by demonstrating that the record may serve as a "source of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,

MOTION TO FILE UNDER SEAL - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

or undue burden or expense, including one or more of the following . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

The Confidential Information includes individually-negotiated terms of the Parties' prior agreement. The disclosure of this information would cause substantial and irreparable harm to the ability to negotiate deals with customers. To protect this confidential information, Plaintiffs request that this language be sealed. Alternatives to sealing will not prevent the disclosure of the confidential information contained in these materials, and the factors that relate to this issue favor sealing. *See* Fed. R. Civ. P. 26(c)(1)(G) and *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). In particular, allowing public access to the confidential language may harm both parties' private business interests by disclosing sensitive, private commercial information, particularly to their competitors or future customers. Furthermore, Plaintiffs seek to avoid a situation in which Defendants attempt to allege breach of the confidentiality provision of the settlement agreement. That information does not concern public officials or public concerns and maintaining that information under seal would not impair court functions. Accordingly, compelling reasons exist to seal the Pleadings with references to confidential language.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT Plaintiffs' Motion to File Under Seal.

MOTION TO FILE UNDER SEAL - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Respectfully submitted, this 10th day of December, 2024.

s/Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Email:  caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorney for Plaintiffs*

MOTION TO FILE UNDER SEAL - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979