1   Caleb Hatch, WSBA #51292
    Johanna R. Tomlinson, WSBA #57582
2   LEE & HAYES, P.C.
    601 W. Riverside Ave. Suite 1400
3   Spokane, Washington 99201
    Telephone: (509) 324-9256
4   caleb.hatch@leehayes.com
    Johanna.tomlinson@leehayes.com
5
    *Attorneys for Plaintiffs*
6

7

8                 **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE EASTERN DISTRICT OF WASHINGTON**
9

10  HAMMERLESS TOOLS, LLC, a          CASE NO.
    Washington limited liability company,
11  and EIGHT EIGHTEEN, LLC, an Idaho  **COMPLAINT**
    limited liability company,
12                                      **DEMAND FOR JURY TRIAL**
                        Plaintiffs,
13
            v.
14
    JONATHAN CLAUSEN, an individual;
15  CLAUSEN, INC., a Washington
    Corporation; AR-TT LLC, a Washington
16  limited liability company; and LILAC
    CITY, LLC, a Washington limited
17  liability company,

18                      Defendants.

19

20

21

COMPLAINT                              LEE & HAYES, P.C.
                                       601 W. Riverside Avenue, Suite 1400
                                       Spokane, Washington 99201
                                       P: (509) 324-9256 Fax: (509) 323-8979

1    Plaintiffs, Hammerless Tools, LLC and Eight Eighteen, LLC (collectively,

2    "Plaintiffs"), through their attorneys, bring this Complaint against Defendants

3    Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC (collectively

4    "Defendants") and alleges as follows:

5    **<u>NATURE OF THE ACTION</u>**

6    1.    This is an action for breach of contract, violations of the Lanham Act,

7    the Washington Consumer Protection Act., R.C.W. 19.86.202 *et seq.*, and design

8    patent infringement related to Defendants' unlawful actions and/or omissions.

9    **<u>PARTIES</u>**

10    2.    Hammerless Tools, LLC is a limited liability company licensed and

11    registered to conduct business in Washington, with its principal place of business at

12    824 West 25th Avenue Spokane, WA.

13    3.    Eight Eighteen, LLC is an Idaho limited liability company, with its

14    principal place of business at 824 West 25th Avenue Spokane, WA.

15    4.    On information and belief, Defendant Jonathan Clausen is an individual

16    who resides at 12918 N. Norman Rd., Spokane, WA.

17    5.    On information and belief, Defendant Clausen, Inc. is a corporation

18    licensed and registered to conduct business in Washington, with its principal place

19    of business at 108 N. Washington St., Suite 203 Spokane, WA.

20    6.    On information and belief, Defendant AR-TT, LLC is a corporation

21

COMPLAINT - 1

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

licensed and registered to conduct business in Washington, with its principal place of business at 904 W. Riverside Ave, Spokane, WA.

7.    On information and belief, Defendant Lilac City, LLC is a limited liability company licensed and registered to conduct business in Washington, with its principal place of business at 108 N. Washington St., Suite 203 Spokane, WA.

## **JURISDICTION AND VENUE**

8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

9.    This dispute arises from Defendants' actions constituting breach of contract, violations of the Lanham Act, the Washington Consumer Protection Act., R.C.W. 19.86.202 et seq., and design patent infringement relating to its services and actions in Washington State and in a legal dispute involving Defendants in the State of Washington.

10.    This Court has personal jurisdiction over Defendants by virtue of Defendants' transacting, conducting, and soliciting business within the United States, within the State of Washington, and within this Judicial District, because a substantial part of the harms that are the subject of this action occurred or are situated here, and pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, and consistent with the United States Constitution, the laws of the United States,

COMPLAINT - 2

and other applicable laws. Defendants committed unlawful acts within the United States and within this Judicial District, with the impact of the harm occurring in Washington State and within this Judicial District.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to Plaintiffs' claims arose in this district, and the effects of Defendants' unlawful actions are felt in this district.

## **FACTUAL ALLEGATIONS**

12. In 2016, James Goss ("Goss") formed Eight Eighteen, LLC ("Eight Eighteen") to conduct their consulting & manufacturing business.

13. In 2017, James Goss began manufacturing tools for others in his garage on nights and weekends when he was not working at his day job.

14. In 2018, through consulting work, Goss began to primarily design, manufacture, and sell spring driven hand tools used by painters, finish carpenters, and contractors.

15. By the middle of 2020, Goss had expanded to designing, prototyping, and white labeling gunsmithing tools for Wyoming Sight Drifter. This relationship is ongoing to this day.

16. By late 2020, Goss expanded further to designing, prototyping, and white labeling tools for Covert Instruments. These are spring driven hand tools for Firefighters, First Responders, and Locksmiths. This relationship is still ongoing to

COMPLAINT - 3

1    this day as well.

2        17.    Throughout this time Goss created and developed the designs,

3    modifications and upgrades and prototypes that evolved into the current design

4    protected by a US Patented Design held by Hammerless Tools, LLC.

5        18.    In February 2021, Goss, together with certain other principals formed

6    Hammerless Tools, LLC ("Hammerless Tools") to create efficiencies in the

7    manufacturing, marketing, and sale of Eight Eighteen's spring driven tools.

8        19.    Since its inception, and continuing to date, Hammerless Tools has

9    continuously and consistently advertised, promoted, and sold its spring driven tools

10   as HAMMERLESS IMPACT TECHNOLOGY-branded tools.

11       20.    Plaintiffs use the following trademarks on their goods:

12   HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and

13   related logos (collectively "Plaintiffs' Marks).

14       21.    In May 2021, Jonathan Clausen ("Clausen"), as a representative of

15   Lilac City, LLC, came to bid on Goss' house for a painting job. While at Goss'

16   home, Clausen noticed Goss' spring driven tools.

17       22.    Eventually, Clausen discussed with Goss the idea of using Goss' spring

18   driven tool design with ArmaLite Rifle ("AR") platform guns (the "AR-TT Tool").

19       23.    After discussions with Clausen, Eight Eighteen began the design of the

20   AR-TT Tool, cycling through designs and producing multiple prototypes, all paid

21

COMPLAINT - 4

1  for by Eight Eighteen.

2      24.   During the process of Plaintiffs creating the AR-TT Tool, Clausen

3  expressed an interest in reselling the other HAMMERLESS IMPACT

4  TECHNOLOGY tools.

5      25.   Clausen was introduced to one of the other members of Hammerless

6  Tools, LLC who then proceeded to sell tools to Clausen so that he could be a reseller

7  in the area, utilizing his contacts as the owner of Lilac City Painting, LLC.

8      26.   On September 07, 2021 without the knowledge or approval of the

9  members of Hammerless Tools, LLC, Clausen created the DBA for

10  HITTOOLSTORE.COM.

11      27.   In April 2022, the other members disassociated from Hammerless

12  Tools, leaving Goss as the sole member of Hammerless Tools.

13      28.   On information and belief, Clausen began selling the HAMMERLESS

14  IMPACT TECHNOLOGY tools on Amazon under the seller account Takedown

15  Tool.

16      29.   Eight Eighteen and Hammerless Tools began to sell the

17  HAMMERLESS IMPACT TECHNOLOGY tools directly to Clausen as one of a

18  number of resellers.

19      30.   The HAMMERLESS IMPACT TECHNOLOGY tools were purchased

20  by Clausen through several entities, including AR-TT, LLC and Lilac City, LLC.

21

COMPLAINT - 5

31.    Around September 2022, Hammerless Tools attempted to receive payment from AR-TT, LLC for products via its QuickBooks interface. QuickBooks informed Hammerless Tools it could not process the payment because Clausen had represented himself as the owner, CEO, and President of both AR-TT, LLC and of H.I.T. (Hammerless Impact Technology) Tool on LinkedIn.

32.    Goss thereafter informed Clausen he could not claim to be the owner, CEO, or president of H.I.T. Tool or the company responsible for the HAMMERLESS IMPACT TECHNOLOGY brand and instructed Clausen to change the description on his LinkedIn account, as well as all other websites and social media.

33.    Around the same time, Goss learned Clausen was creating HAMMERLESS IMPACT TECHNOLOGY-branded marketing materials without authorization or approval from Hammerless Tools or Eight Eighteen. The marketing materials created by Clausen showed inaccurate information about Plaintiffs' products.

34.    Goss repeatedly asked Clausen to cease from developing marketing materials for the HAMMERLESS IMPACT TECHNOLOGY-branded tools. However, despite Goss' multiple requests, Clausen continued to create marketing materials for the HAMMERLESS IMPACT TECHNOLOGY tools without authorization or approval from Hammerless Tools or Eight Eighteen.

COMPLAINT - 6

35.    In October 2022, Hammerless Tools registered trade names with the Washington Department of Revenue for HAMMERLESS IMPACT TECHNOLOGIES and HAMMERLESS IMPACT TECHNOLOGY.

36.    Defendants do not own rights in or to Plaintiffs' HAMMERLESS IMPACT TECHNOLOGY trademark, trade name, or branded tool.

37.    Plaintiffs did not give Defendants permission or authorization to represent themselves as the owner of Plaintiffs' HAMMERLESS IMPACT TECHNOLOGY-branded tool or as the owner of Hammerless Tools, LLC.

38.    Upon later investigation, Goss discovered Clausen established multiple websites, social media accounts, and advertisements – without authorization – claiming he owned and invented the HAMMERLESS IMPACT TECHNOLOGY-branded tool.

39.    On May 5, 2023, without Plaintiffs' knowledge or authorization, Clausen registered the trade name with the Washington Department of Revenue for THE HIT TOOL.

40.    In May 2023, Hammerless Tools and Eight Eighteen, through counsel, sent Clausen a letter demanding Clausen and his entities cease and desist from utilizing Hammerless Tools' and Eight Eighteen's name, images, trademarks, and goodwill. Clausen refused.

41.    On August 29, 2023, Hammerless Tools and Eight Eighteen filed a

COMPLAINT - 7

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1  Complaint against the Defendants in the Superior Court of the State of Washington

2  in Spokane (Case Number 23-2-03519-32) for trademark infringement, false

3  association, violations of the Washington Consumer Protection Act, and breach of

4  contract.

5       42.    During litigation, the Parties engaged in settlement negotiations

6  between all Parties.

7       43.    In June 2024, the Parties executed a settlement agreement (the

8  "Agreement") with the intention of preventing further litigation.

9       44.    In the Agreement, the Parties agreed ████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ██████████████████████████████████

15      45.   ████████████████████████████████████

16 ██████████████████████████

17      46.    In the Agreement, Defendants also agreed ██████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21

COMPLAINT - 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1 

2 

3      47. 

4 

5 

6 

7      48.    In the Agreement, Defendants also agreed 

8 

9      49. 

10 

11     50.    Plaintiffs performed their duties in accordance with the Agreement.

12     51.    On July 30, 2024, Plaintiffs' counsel notified Defendants' counsel, via

13 email, of the content still displayed in connection with Defendants' online and social

14 media platforms in violation of the Agreement. Direct links to the content were

15 provided to Defendants.

16     52.    The Parties filed a joint stipulation for dismissal with prejudice with the

17 court following the Agreement on August 9, 2024, which effectively dismissed the

18 Washington State case.

19     53.    Following the dismissal of the Washington State case, Plaintiffs

20 became aware that Defendants were still in breach of the Agreement.

21

COMPLAINT - 9

54.     Defendants' unauthorized use of Plaintiffs' Marks has already resulted in actual confusion.

55.     August 15, 2024, Plaintiffs received a new contact submission through their website from a confused customer looking for the AR-TT tool on Plaintiffs' website but could not find it. The customer believed HAMMERLESS IMPACT TECHNOLOGY and AR Takedown Tool to be the same company due to Defendants continued use of Plaintiffs' trademarks.

56.     On September 16, 2024, a formal demand letter was sent to Defendants' counsel detailing Defendants' ongoing and new breaches of the Agreement and new acts of trademark and design patent infringement.

57.     Defendants still failed to come into compliance with the Agreement.

58.     █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

59.     Defendants failed to cease nearly any of its previous use of Plaintiffs' trademarks on their websites and social media platforms.

60.     Plaintiffs also became aware of new infringement of Plaintiffs' Marks by Defendants on their social media platforms, marketing emails, and product websites.

61.     Below are images on Defendants' websites using Plaintiffs' Marks

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

without the permission or authorization of Plaintiffs:





COMPLAINT - 11

62.    Plaintiffs also discovered that Defendants began manufacturing, offering, and selling nearly identical tools (the "Accused Products") that infringed on Plaintiffs' Design Patent No. D981199 (the 'D199 Patent").

63.    James Goss and the other two inventors obtained a patent for the design of the unique ridges on its "HIT Tools," the 'D199 Patent.

64.    The 'D199 Patent was assigned to Plaintiff Hammerless Tools on April 20, 2021.

65.    The 'D199 Patent was legally issued by the United States Patent and Trademark Office on March 21, 2023. A true and correct copy of the 'D199 Patent is attached as **Exhibit A**.

66.    The 'D199 Patent resulted from the United States Patent Application No. 29/779,573, filed on April 20, 2021.

67.    Below are copies of the design claims in the 'D199 Patent:

FIG. 1    FIG. 2    FIG. 3  FIG. 4    FIG. 5    FIG. 6

COMPLAINT - 12

68.    The photos below show examples of Plaintiffs' HIT Tools:



69.    Defendants were offered by Plaintiffs the chance to buy the remaining inventory of products to make the AR-TT tools from Hammerless, but Defendants did not accept or even respond to the offer.

70.    While Plaintiffs had previously manufactured white-label tools, covered by the 'D199 Patent, for Defendants to purchase and re-sell, the last sale to Defendants was in January 2023.

71.    Plaintiffs have not sold or manufactured products for Defendants to sell since January 2023.

72.    Plaintiffs have not given Defendants permission or authorization to use their patented design.

73.    Instead, following the execution of the Agreement, Defendants began using their own manufacturer and offering for sale tools that are directly infringing on Plaintiffs' design patent.

COMPLAINT - 13

74.    Defendants state that the infringing tools are actively being manufactured and will be ready to ship in a few weeks through their website: https://www.artakedowntool.com/products/the-ar-takedown-5-piece-gunsmithing-set-sold-out-preorders-only.

75.    Below are examples of Defendants' products that directly infringe on Plaintiffs' 'D199 Patent:



COMPLAINT - 14

76.    Plaintiffs have not provided authorization, permission, or consent to Defendants to copy, imitate, or use in any manner the design claimed by the 'D199 patent, and have not sold Defendants any white-label tools since January 2023.

77.    To date, Defendants have not only failed to remove existing Marks and logos belonging to Plaintiffs but have also made new unauthorized use of Plaintiffs' intellectual property, all to the detriment of Plaintiffs.

78.    Defendants list HITTOOLSTORE.COM and THE HIT TOOLS as a DBA, without permission or authorization to use Plaintiffs' HIT TOOLS mark.

COMPLAINT - 15

79.    Below is the record located on the Washington State Department of Revenue's website identifying HITTOOLSTORE.COM as a DBA:



80.    Further, Instagram profile @HITtools created by Defendants is still live and is actively causing confusion in the marketplace.

81.    Defendants have been using the @HITtools Instagram, using Plaintiffs' Marks, to market, show, and sell infringing products.

82.    Below is the @hittools Instagram page:

COMPLAINT - 16



83.    Defendants own and operate a separate Instagram page, @artakedowntool, through which Defendants' use Plaintiffs' Marks to market infringing products.

84.    Below are images from Defendants' @artakedowntool social media page:



85.    Defendants also own and operate the YouTube Channel @Hittools

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1   which utilizes Plaintiffs' name and logo in several different locations.

2        86.    Below is the @Hittools YouTube page's description:



14       87.    Defendants' YouTube page @ar-ttakedowntool2703 that is used to

15   promote Defendants' infringing products also displays Plaintiffs' trademarks in the

16   description.

17       88.    Below is the @ar-ttakedowntool2703 YouTube page's description:

18

19

20

21

COMPLAINT - 19                                      LEE & HAYES, P.C.
                                                    601 W. Riverside Avenue, Suite 1400
                                                    Spokane, Washington 99201
                                                    P: (509) 324-9256 Fax: (509) 323-8979

1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

COMPLAINT - 20

89.    Plaintiffs recently discovered that rather than cease use of Plaintiffs' Marks, Defendants have actually begun posting new videos also using Plaintiffs' Marks.

90.    Defendants just posted a video on https://www.artakedowntool.com/blogs/blogs showing the tool clearly infringing Hammerless Tools' design patent and showcasing the product packaging using Plaintiffs' "HAMMERLESS IMPACT TECHNOLOGY" trademark:



91.    Defendants also just recently posted at least four additional new videos to their website at https://www.artakedowntool.com/pages/videos, showing the infringing product – and using, both orally and in writing, Plaintiffs' Marks:

COMPLAINT - 21

1

2

3

4

5

6

7

8



9

10

11

12

13

14

15

16



17

18

19

20

21

COMPLAINT - 22

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1

2



3

4

5

6

7

8

9



10

11

12

13

14

15

16

17

18

19

20

21

COMPLAINT - 23

92.    Defendants have breached the Agreement, infringed on Plaintiffs' trademarks, infringed Hammerless Tools' design patent, and have failed to cure their unlawful use following the Agreement and repeated demands by Plaintiffs.

93.    Defendants' acts of breach of contract, trademark infringement, and patent infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover damages sustained as a result of Defendants' wrongful acts.

## COUNT I
### Breach of Contract (All Defendants)

94.    Plaintiffs reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

95.    The Parties together entered into the Agreement where ███████

███████████████████████████████████████████████████████████

███████████████████

COMPLAINT - 24

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

96.     Plaintiffs successfully performed their duties under the Agreement.

97.     Defendants breached the Agreement by █████████████████
████████████████████████████████████████████████████

98.     Plaintiffs were damaged as a direct and proximate result of Defendants' breach in an amount to be determined at trial.

**COUNT II**
**Trademark Infringement, 15 U.S.C. § 1125(a) (All Defendants)**

99.     Plaintiffs reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

100.    Plaintiff Hammerless Tools, LLC owns common law trademark rights in and to the marks HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and H.I.T. TOOL(s) ( "Plaintiffs' Marks").

101.    Because of Plaintiff Hammerless Tools, LLC's continuous and consistent use of the Hammerless Marks in association with Plaintiff's high-quality goods and services, consumers have come to associate the Hammerless Marks with Hammerless Tools, LLC. Hammerless Tools, LLC's HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and H.I.T. TOOL(s) marks are therefore distinctive.

102.    Defendants used and continue to use the Hammerless Marks all without the consent of Hammerless Tools, LLC in a manner that is likely to cause, and has caused, confusion among ordinary consumers as to the source, sponsorship,

COMPLAINT - 25

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1    affiliation, or approval of the goods.

2    103.   Defendants' unlawful conduct has directly and proximately caused

3    Hammerless Tools, LLC to be damaged in an amount to be determined at trial and

4    in view of the willful nature of Defendants' conduct and activities, this is an

5    exceptional case within the meaning of 15 U.S.C. § 1117(a).

6                              **<u>COUNT III</u>**
     **Reverse Passing Off, 15 U.S.C. 1125(a) (All Defendants)**

7    104.   Plaintiffs reallege each and every allegation contained in foregoing

8    paragraphs as fully set forth herein.

9    105.   The   HAMMERLESS   IMPACT   TECHNOLOGY-branded   tools

10   originate with Plaintiffs.

11   106.   Defendants   falsely   assert   the   HAMMERLESS   IMPACT

12   TECHNOLOGY-branded tools originate with Defendants.

13   107.   Because of Defendants' false designations of origin, consumers are

14   likely to be confused, and have been confused.

15   108.   Defendants' unlawful actions have caused and are likely to continue to

16   cause harm to Plaintiffs in an amount to be proven at trial and in view of the willful

17   nature of Defendants' conduct and activities, this is an exceptional case within the

18   meaning of 15 U.S.C. § 1117(a).

19

20

21

COMPLAINT - 26

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

## COUNT IV
### Common Law Trademark Infringement (All Defendants)

109.  Plaintiffs reallege each and every allegation contained in foregoing paragraphs as fully set forth herein.

110.  Hammerless Tools, LLC own common law trademark rights in and to the marks HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and H.I.T. TOOL(s).

111.  Because of Hammerless Tools, LLC's continuous and consistent use of the Hammerless Marks in association with Plaintiffs' high-quality goods and services, consumers have come to associate the Hammerless Marks with Hammerless Tools, LLC. Hammerless Tools, LLC's Hammerless Marks are therefore distinctive.

112.  Defendants used and continue to use the Hammerless Marks without the consent of Hammerless Tools, LLC in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

113.  Defendants' unlawful conduct has directly and proximately caused Hammerless Tools, LLC to be damaged in an amount to be determined at trial.

## COUNT V
### Violations of the Washington Consumer Protection Act, R.C.W. 19.86.020 *et seq.*, (All Defendants)

114.  Plaintiffs reallege each and every allegation contained in foregoing

COMPLAINT - 27

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
P: (509) 324-9256 Fax: (509) 323-8979

1    paragraphs as fully set forth herein.

2    115. Defendants engaged in unfair and deceptive conduct within the

3    meaning of the Washington Consumer Protection Act, R.C.W. 19.86.020 et seq.

4    Specifically, Defendants were and are currently, without authorization, using

5    Plaintiffs' trademarks, business name, and goodwill to falsely hold themselves out

6    as Plaintiffs in order to sell Defendants' goods and services.

7    116. By using Plaintiffs' trademarks, business names, and goodwill to

8    falsely hold themselves out as Plaintiffs in order to sell Defendants' goods and

9    services, Defendants' unfair and deceptive conduct occurred in the conduct of

10    Defendants' trade or commerce.

11    117. Defendants' conduct affects the public interest. Specifically,

12    Defendants' unlawful actions have led members of the public to believe the goods

13    and services offered by Defendants are associated with or approved by Plaintiffs

14    when these representations are, in part, false.

15    118. Defendants' unlawful conduct also affects the public interest because

16    by holding themselves out as Plaintiffs, Defendants are wrongfully enticing

17    consumers to enter into agreements with Defendants.

18    119. Defendants' unlawful conduct has caused and is likely to continue to

19    cause substantial injury to Plaintiffs and the public. Defendants' conduct was and is

20    conducted in trade and commerce and has the strong potential for repetition.

21

COMPLAINT - 28

120.  Defendants' unlawful conduct has directly and proximately caused Plaintiffs to be damaged in an amount to be determined at trial, plus attorneys' fees and costs pursuant to RCW 19.86.090.

## COUNT VI
### Infringement of Patent No. D981199, 35 U.S.C. § 100 *et. seq.*
### (Defendants Jonathan Clausen; Clausen, Inc.; & AR-TT LLC)

121.  Plaintiffs reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

122.  Plaintiff Hammerless Tools, LLC owns the entire right, title, and interest in the 'D199 Patent for the design of its tools.

123.  Defendants have directly infringed the claim of the 'D199 Patent by manufacturing, selling, and offering for sale the Accused Products.

124.  The ornamental appearance of the Accused Product is substantially similar to the design claimed in the 'D199 Patent such that an ordinary observer would purchase an Accused Product believing it to be Plaintiff's patented design.

125.  Defendants' acts of infringement are willful, exceptional, and in disregard of and with indifference to Plaintiff's rights.

126.  On information and belief, Defendants profited from its unlawful actions.

127.  A direct and proximate result of the infringement by Defendants is damage caused to Hammerless Tools, LLC, and Plaintiffs are entitled to recover

COMPLAINT - 29

damages sustained as a result of Defendants' wrongful acts. These damages include but are not limited to Defendants' profits from sales of the Accused Products, Plaintiffs' lost sales of its products that embody the design claimed in the 'D199 Patent, or a reasonable royalty.

128. Defendants' infringement of the 'D199 Patent is willful and exceptional, and Plaintiffs are entitled to enhanced damages.

129. As a direct and proximate result of Defendants' acts and conduct, Plaintiffs have sustained and will sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will likely continue to infringe Plaintiff's rights. Plaintiffs are entitled to injunctive relief.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues properly triable by a jury.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants and all their affiliates, agents, servants, employees, owners, partners and all persons in active concert or participation with it, for the following relief:

1.    Enter a judgment in favor of Plaintiffs and against Defendants on all Counts alleged herein;

2.    Award Plaintiffs actual damages in such amount as may be found;

COMPLAINT - 30

3.    Award Plaintiffs their attorneys' fees and full costs incurred in this action pursuant to the Parties' Agreement, and applicable trademark and patent laws;

4.    Award Plaintiffs pre-judgment and post-judgment interest;

5.    Enter an order enjoining Defendants from breaching the Agreement, infringing Plaintiffs' Marks, or infringing the patented design; and

6.    For other and further relief, in law or in equity, to which Plaintiffs may be entitled or which the Court deems just and proper.

Respectfully submitted this 10th day of December, 2024.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorneys for Plaintiffs*

COMPLAINT - 31

# EXHIBIT A

US00D981199S

(12) **United States Design Patent**    (10) Patent No.:    **US D981,199 S**
Goss et al.    (45) Date of Patent:    ** **Mar. 21, 2023**

(54) **HAMMERLESS TOOL**

(71) Applicant: **HAMMERLESS TOOLS LLC,** Seattle, WA (US)

(72) Inventors: **James Goss**, Spokane, WA (US); **Marty Parola**, Spokane, WA (US); **Mark Turpen**, Seattle, WA (US)

(73) Assignee: **HAMMERLESS TOOLS LLC,** Seattle, WA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/779,573**

(22) Filed: **Apr. 20, 2021**

(51) LOC (14) Cl. ................................................ **08-05**

(52) **U.S. Cl.**
USPC ................................................... **D8/47**

(58) **Field of Classification Search**
USPC .............. D8/14, 47, 98, 300, 107; D24/133; D19/174, 199, 916
CPC .. B25C 3/006; B25D 1/16; B25D 5/00; B26F 1/32; B25G 1/10
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 354,663 A | 12/1886 | Snider | |
| 1,458,961 A * | 6/1923 | Williams .................. | B25D 3/00 173/132 |
| 1,887,085 A * | 11/1932 | Ehrlich ................... | B25D 5/00 173/202 |
| 2,602,360 A * | 7/1952 | Berninger .............. | B25D 5/00 30/367 |
| 2,675,079 A * | 4/1954 | Hughes ................. | C14B 5/00 30/367 |
| D174,249 S * | 3/1955 | Daniels ................. | D19/163 |
| 3,297,352 A * | 1/1967 | Larrison ............... | H01F 7/0257 294/65.5 |

| | | | |
|---|---|---|---|
| 5,307,741 A | 5/1994 | Clark et al. | |
| D354,663 S * | 1/1995 | Clark ..................... | B25D 3/00 D8/47 |
| 5,426,858 A * | 6/1995 | Clark ..................... | B25D 5/00 81/463 |
| 5,433,007 A * | 7/1995 | Clark ..................... | B25C 3/006 30/360 |
| D361,346 S | 8/1995 | Johnson .................. | D19/918 |
| D398,494 S | 9/1998 | Bickford ................ | B25C 3/006 D8/47 |
| D427,241 S * | 6/2000 | Izushima ................ | D19/199 |
| D431,262 S * | 9/2000 | Izushima ................ | D19/174 |
| 6,273,626 B1* | 8/2001 | Yazawa ............... | B43K 23/008 401/6 |
| D457,563 S * | 5/2002 | Moon ..................... | D19/918 |
| D497,300 S * | 10/2004 | Chen ..................... | D8/70 |
| D605,699 S * | 12/2009 | Li ........................ | D19/174 |

(Continued)

FOREIGN PATENT DOCUMENTS

WO    WO9423905 A1    10/1994

*Primary Examiner* — Philip S Hyder
(74) *Attorney, Agent, or Firm* — Lee & Hayes, P.C.

(57) **CLAIM**

The ornamental design for a hammerless tool, as shown and described.

**DESCRIPTION**

FIG. **1** is a top, front, right-side perspective view of an embodiment of a hammerless tool;
FIG. **2** is a bottom, back, left-side perspective view thereof;
FIG. **3** is a right-side view thereof;
FIG. **4** is a left-side view thereof;
FIG. **5** is a front view thereof; and,
FIG. **6** is a back view thereof.
The dashed broken lines depict portions of the hammerless tool that form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



## US D981,199 S

Page 2

---

(56)        **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D684,627 | S | * | 6/2013 | Casciotti | ...................... D19/918 |
| D689,934 | S | * | 9/2013 | Chu | ............................ D19/179 |
| D733,219 | S | * | 6/2015 | Li | .............................. D19/173 |
| D746,922 | S | * | 1/2016 | Chu | ............................ D19/906 |
| D787,595 | S | * | 5/2017 | Kim | ............................ D19/174 |
| D846,640 | S | * | 4/2019 | Nakazawa | ................... D19/174 |
| D855,699 | S | * | 8/2019 | Xiong | .......................... D19/123 |
| 10,524,804 | B2 | * | 1/2020 | Clark | ................. A61B 17/1604 |
| D876,541 | S | * | 2/2020 | Nakazawa | ................... D19/174 |
| 2011/0094353 | A1 | * | 4/2011 | Lombardi | ............... B25C 3/006 |
| | | | | | 81/438 |
| 2014/0305266 | A1 | * | 10/2014 | Wernersson | ............. B25G 1/10 |
| | | | | | 81/436 |

* cited by examiner



FIG. 1



# FIG. 2



FIG. 3

U.S. Patent     Mar. 21, 2023     Sheet 4 of 6     US D981,199 S



FIG. 4



FIG. 5



FIG. 6