1  Caleb Hatch, WSBA #51292
   Johanna R. Tomlinson, WSBA #57582
2  LEE & HAYES, P.C.
   601 W. Riverside Ave. Suite 1400
3  Spokane, Washington 99201
   Telephone: (509) 324-9256
4  caleb.hatch@leehayes.com
   johanna.tomlinson@leehayes.com
5  *Attorneys for Plaintiffs*

6          IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
7

8  HAMMERLESS TOOLS, LLC, a               CASE NO. 2:24-CV-00413-SAB
   Washington limited liability company, and
   EIGHT EIGHTEEN, LLC, an Idaho          **REPLY TO DEFENDANTS'**
9  limited liability company,             **RESPONSE TO PLAINTIFFS'**
                                          **MOTION FOR PRELIMINARY**
10                    Plaintiffs,         **INJUNCTION**

11        v.

12 JONATHAN CLAUSEN, an individual;
   CLAUSEN, INC., a Washington
13 Corporation; AR-TT LLC, a Washington
   limited liability company; and LILAC
14 CITY, LLC, a Washington limited liability
   company,

15                    Defendants.

16        **I.    BRIEF FACTUAL BACKGROUND**

17 **1.    Defendants falsely state they have ceased use of Plaintiffs' trademarks.**
   Defendants state they ceased all use of Plaintiffs' trademarks and have not

18 posted any new use of Plaintiffs' trademarks. Declaration of Clausen ("Clausen

19 Decl.") at ¶¶ 27, 35, 38. This is false.

20    Despite the terms of the Agreement, and despite being informed of the

REPLY RE MOTION FOR PRELIMINARY INJUNCTION –          LEE & HAYES, P.C.
1                                                      601 W. Riverside Avenue, Suite 1400
                                                       Spokane, Washington 99201
                                                       (509) 324-9256 Fax: (509) 323-8979

violations of the agreement and being provided with multiple lengthy lists and links of specific locations where Defendants continued to use Plaintiffs' marks, Defendants did not remove their use of Plaintiffs' marks. Reply Declaration of James Goss ("Goss Reply Decl.") at ¶¶ 4-21; Declaration of Caleb Hatch (Hatch Decl.) at ¶¶ 3-8. Clausen himself admits he breached the agreement and alleges he did not comply with the agreement until after Plaintiffs filed the instant motion. Clausen Decl. at ¶ 35. Defendants' assertion that they have now removed all use of Plaintiffs' trademarks is false. Goss Reply Decl. at ¶¶ 4-21. On the same day Clausen swore that he was not using the mark, Defendants' websites were and are replete with use of Plaintiffs' trademarks, both old and new uses. *Id*. at ¶¶ 9-21. Defendants' websites continue to falsely state the Defendants created Plaintiffs' tools and that Defendants' own Plaintiffs' patent. *Id*. at ¶¶ 15-16.

**2.      Defendants falsely state they do not control social media accounts.**
Defendants state they do not operate their own social media accounts. Clausen Decl. at ¶ 37. This is false. In the prior proceeding involving Defendants, Defendants asserted that they do operate the social media accounts. Hatch Decl. at ¶ 10. Defendants' Instagram account includes photos of Defendant Clausen and his companies, comments and posts by Defendant Clausen, photos of products sold by Defendants' companies, and links to Defendants' website. Goss Reply Decl. at ¶¶ 18-19. Defendants' Facebook page is equally problematic and replete with unlawful use of Plaintiffs' trademarks. *Id*. at ¶¶ 20-21.

REPLY RE MOTION FOR PRELIMINARY INJUNCTION – 2

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

**3.      Defendants' statements on inventory and manufacturing are false.**

Defendants state they are not manufacturing tools that infringe on Hammerless Tools' patent or using Hammerless Tools' patented design to sell tools. Clausen Decl. at ¶ 39). Defendants' own website shows the opposite, which states Defendants are actually manufacturing the tools. Goss Reply Decl. at ¶¶ 22-26. Defendants are also using photos of tools designed and manufactured by Plaintiffs – and protected by the design patent – to actively sell to consumers. *Id.*

Defendants include a declaration of Ryan McDonald to assert they are not using his company – in Hayden Lake, Idaho – to manufacture tools. Declaration of McDonald at ¶¶ 2-6, However, Defendants have confirmed that they are, and have been, using a manufacturer in Utah for the tools. Hatch Decl. at ¶ 11. Absent from Defendants' pleading is any reference to Defendants' Utah manufacturer. Defendants' assert that they had 1,000 units of "The AR-TT Tool & The Everything Multi Tool 5/64" Roll Pin Starter & 5/64" Roll Pin Punch" (Clausen Decl. at ¶ 40); Defendants only purchased 927 units from Plaintiffs (Goss Reply Decl. at ¶ 27), leaving an additional 73 units Defendants had manufactured elsewhere. Defendants allege they have 94 units remaining of "the AR-TT & The Pistol Tool" (Clausen Decl. at ¶ 40), despite their website stating they are sold out. Goss Reply Decl. at ¶¶ 27-28.

**4.      Defendant Clausen falsely claims permission to use Plaintiffs' marks and create purported marketing materials.**

Defendant Clausen falsely states that he was "licensed" to use Plaintiffs' marks and develop and create the advertisements, marketing materials, and websites for these

REPLY RE MOTION FOR PRELIMINARY INJUNCTION – 3

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    "new" brands. Clausen Decl. at ¶¶ 9, 13, 16, 30, 33 37.

2        Defendants fail to provide any license agreement – because none exists. Goss

3    Reply Decl. at ¶¶ 29-30. Defendant Clausen was permitted to include "Hammerless

4    Impact Technology" on the AR-TT Tools, as they were created and manufactured by

5    Plaintiffs. *Id*. Despite Clausen's assertion that he was in charge of Plaintiffs' website

6    (Clausen Decl. at ¶ 12), Plaintiffs' website already existed and in far better quality

7    than the later website Clausen created on his own. Goss Reply Decl. at ¶ 31.

8    Furthermore, Clausen was actually told on multiple occasions that he was not to be

9    creating what he called marketing materials. Plaintiffs were never going to use

10   "influences" and/or scantily clad women as this did not and does not fit with Plaintiffs'

11   branding and marketing. *Id*. at 32-33.

12   **5.    Defendants falsely state they were "booted out."**
     Defendants falsely state that they were "booted out" of HIT Tool/Hammerless

13   Impact Technology brands without warning or knowledge. Clausen Decl. at ¶ 18.

14

15       After repeatedly telling Defendants that they were not to be using Plaintiffs'

16   marks, and after repeatedly telling Defendants that they did not own Plaintiffs or

17   Plaintiffs' businesses and must stop representing to others that they own Plaintiffs and

18   Plaintiffs' businesses (Goss Reply Decl. at ¶¶ 33-37), Defendants received a formal

19   cease and desist letter from counsel for Plaintiffs, following the significant harm

20   caused by Defendants' false representations. Hatch Decl. at ¶ 12. For example:

     -       Defendants' false representations resulted in Plaintiffs being unable to receive

     REPLY RE MOTION FOR PRELIMINARY INJUNCTION –
     4

1 payment. Goss Reply Decl. at ¶ 39

2 -    Clausen led Sherwin-Williams to believe that Clausen was the owner or

3 principal of Hammerless Tools, while Sherwin-Williams had filed a lawsuit against

4 Clausen and his Lilac City Painting business. *Id.* Sherwin-Williams refused to do

5 business with Plaintiffs. *Id*.

6    Defendants still did not cease representing that they own or operate Plaintiffs

7 or Plaintiffs' businesses. *Id*. at ¶¶ 39-41.

8 **6.    Defendants falsely state Plaintiffs breached the settlement agreement.**

9 Defendants attempt to allege that Plaintiffs failed to buy back all of Plaintiffs'

10 own tools, despite the non-sellable condition of the tools, and despite Defendants'

11 breaches of the agreement. Clausen Decl. at ¶¶ 21-26.

12    The settlement agreement does not require Plaintiffs repurchase all of Plaintiffs'

13 tools. Goss Decl. at ¶ 21. Additionally, despite Defendants' carefully curated photos

14 of a few of the unsellable tools, Defendants fail to inform the Court of the fact that the

15 tools clearly suffered moisture damage or were stored in compromised containers

16 while in Defendants' possession, resulting in unverifiable integrity of the tools. Goss

17 Reply Decl. at ¶¶ 42-47. It is not possible nor responsible to resell tools that have been

18 subject to moisture damage or whose integrity cannot be confirmed due to faulty

19 storage – they are not resalable. *Id*. at ¶¶ 45-46.

20    Defendants never informed Plaintiffs of any issues with the repurchase. Goss

Reply Decl. at ¶¶ 48-50; Hatch Decl. at ¶¶ 8-9. This, despite the fact that counsel for

REPLY RE MOTION FOR PRELIMINARY INJUNCTION – 5

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    Plaintiffs contacted Defendants' counsel multiple times with issues related to

2    Defendants' failure to perform under the agreement. Hatch Decl. at ¶¶ 3-9. Defendants

3    cashed the check for all repurchased tools without an issue. Goss Reply Decl. at ¶ 50.

4    **7.    Defendants falsely state they launched Hammerless Impact Technology.**
        Defendants allege they developed and launched Hammerless Impact

5    Technology and Plaintiffs' HAMMERLESS IMPACT TECHNOLOGY-branded

6    tools. Clausen Decl. at ¶¶ 4, 12, 14. This is false.

7        Long before Clausen ever met Plaintiffs, Goss had already invented, created,

8    and manufactured the HAMMERLESS IMPACT TECHNOLOGY-branded tools.

9    Declaration of James Goss ("Goss Decl."), at ¶¶ 3, 5-7; Goss Reply Decl. at ¶¶ 51-53.

10   In February 2021, Goss formed Hammerless Tools to create efficiencies in the

11   manufacture, marketing, and sale of the HAMMERLESS IMPACT TECHNOLOGY-

12   branded tools. Goss Decl. at ¶ 8; Goss Reply Decl. at ¶ 52. Clausen concedes

13   Plaintiffs' tools existed when Clausen first met James Goss. Clausen Decl. at ¶ 5.

14   **8.    Defendants falsely state they were the exclusive distributor of Plaintiffs'
            tools.**

15       Clausen falsely states that he was the "exclusive distributor for all HIT Tool

16   and Hammerless Impact Technology products." Clausen Decl. at ¶¶ 12, 15, 16, 17.

17       While Clausen was permitted for a time to be <u>a</u> reseller of Plaintiffs'

18   HAMMERLESS IMPACT TECHNOLOGY-branded tools, he was never an

19   "exclusive distributor." Goss Reply Decl. at ¶¶ 54-55. Like other resellers, Clausen

20   was permitted for a time to purchase HAMMERLESS IMPACT TECHNOLOGY-

REPLY RE MOTION FOR PRELIMINARY INJUNCTION –
6

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1   branded tools and resell them. *Id*. Clausen admits that he purchased tools from

2   Plaintiffs to resell for his own profit (i.e., a reseller). Clausen Decl. at ¶ 16.

3   **9.    Plaintiffs' Trademarks.**

    Defendants continued use of Plaintiffs' HIT TOOL mark has resulted in the

4   abandonment of the *registration*. Goss Reply Decl. at ¶¶ 57-60 Plaintiffs have not

5   abandoned use of their HIT TOOL Mark, only the registration. *Id*. Plaintiffs'

6   HAMMERLESS IMPACT TECHNOLOGY Mark registration has not been

7   abandoned and is in fact pending. *Id*. Defendants recognize the harm caused by their

8   use of Plaintiffs' marks resulting in Plaintiffs also seeking another trademark

9   registration to protect their trademark rights in their REDBOLT mark. *Id*. at ¶ 61.

10  Plaintiffs continue to use all of their marks relevant to the matter at hand. *Id*. at ¶ 62

11

                              **II.    ARGUMENT**

12  **B**.    **Plaintiffs are Likely to Succeed on the Merits of their Claims.**

    **1.    Breach of Contract**

13       Defendants do not dispute the agreement is valid, that the agreement imposed

14  duties on Defendants, or that Defendants breached their duties. *See generally,*

15  Defendants' Response; *P.E.L. v. Premera Blue Cross*, 2 Wn.3d 460, 481 (Wash 2023).

16       Defendants admit they breached the settlement agreement, stating "[s]ince

17  Plaintiffs filed their instant motion, I have deleted the remaining videos,

18  advertisements, promotional content, and social media posts cited by Plaintiffs out of

19  an abundance of caution. Clausen Decl. at ¶ 35; Goss Reply Decl. at ¶¶ 3-21.

20  Defendants attempted argument that Plaintiffs somehow breached the agreement –

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    after Defendants breached the agreement – also fails; Plaintiffs did not breach the

2    agreement. Goss Reply Decl. at ¶¶ 42-47.

3        Defendants' sales of the tools have been made using Plaintiffs' trademark in

4    violation of the settlement agreement. Plaintiffs have been damaged by Defendants'

5    use of Plaintiffs' marks to sell products. *Id*. at ¶¶ 41. And Plaintiffs are entitled to the

6    profit from each of those sales. Given the facts, including Defendants' admission to

7    their breach of contract, Plaintiffs will succeed on their claim for breach of contract.

8    **2.    Trademark Infringement**

Here, Plaintiffs have shown they possess common law trademark rights in and

9    to the marks HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and

10   H.I.T. TOOL(s) by using the marks in commerce in connection with their goods and

11   services since early 2021. Goss Decl. at ¶ 9; *Rearden LLC v. Rearden Com., Inc.*, 683

12   F.3d 1190, 1202 (9th Cir. 2012). Defendants do not dispute that Plaintiffs possess

13   common law trademark rights in their marks. Defendants attempt to argue that because

14   some of the marks are not yet registered or registration won't be sought, that they

15   should be excused from knowingly engaging in trademark infringement. *See*

16   *generally,* Defendants' Response. There is no support for Defendants' position.

17       Defendants also admit that they continued to use Plaintiffs' trademarks even

18   after executing the settlement agreement. Clausen Decl. at ¶ 35. The facts also clearly

19   demonstrate that even now, Defendants continue to use Plaintiffs exact trademarks.

20   Goss Reply Decl. at ¶¶ 3-21. Defendants use of a company, which they wholly own

REPLY RE MOTION FOR PRELIMINARY INJUNCTION – 8

and control, does not excuse breach of contract or trademark infringement. Clausen Decl. at ¶ 29.

Plaintiffs' have demonstrated their likelihood of success on the merits of their trademark claim. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979).

**3.    Design Patent Infringement**

Defendants do not actually argue that they are not infringing on Plaintiffs' patented design – nor can they given the fact that their own website clearly shows Defendants using Plaintiffs' patented design to sell products to consumers. Goss Reply Decl. at ¶¶ 22-28; *see also, Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 675 (Fed. Cir. 2008). Defendants' only argument is that they are not currently using one manufacturer in Hayden Lake, Idaho, to actively manufacture infringing products. This does not change the fact that they are actively selling products using Plaintiffs' exact patented design. Goss Reply Decl. at ¶¶ 22-28. Defendants have been using a separate manufacturer in Utah (Hatch Decl. at ¶ 10) and have not provided any statement regarding the other manufacturer they are using to manufacture products.

Plaintiffs are likely to prevail on the merits of their patent infringement claim.

**C.    Plaintiffs Suffered and Will Continue to Suffer Irreparable Harm from Defendants' Conduct.**

In addition to injury to Plaintiff's reputation through Defendants' breach of the Parties' settlement agreement, evidence of consumers' contacting Plaintiffs with the belief that they are the source of Defendants' goods, and the Lanham Act's presumption of irreparable harm, Defendants' actions have already resulted in

REPLY RE MOTION FOR PRELIMINARY INJUNCTION – 9

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1   significant irreparable harm to Plaintiffs – including but not limited to the destruction

2   of Plaintiffs' reputation and the loss of significant business opportunities with major

3   companies who refused to work with Plaintiffs because of Clausen, which will only

4   continue. Goss Reply Decl. at ¶¶ 38-41.

5       The evidence convincingly shows that Defendants' conduct has caused actual

6   consumer confusion and damaged Plaintiffs' reputations. This will only get worse.

7   **D.    The Balance of Hardships Favors Plaintiffs.**

    Here, the balance of the equities unequivocally tips in favor of Plaintiffs,

8   especially after Defendants' admission that they know they are unlawfully using

9   Plaintiffs' trademarks and patented design. Yet Defendants continue to do so.

10

11      Plaintiffs are not asking this Court to order Defendants to cease selling firearm

    disassembly products, or to even stop Defendants from selling out of products

12  previously manufactured by Plaintiffs. Rather, Plaintiffs are simply asking that

13  Defendants abide by the Agreement and law and cease use of Plaintiffs' Marks and

14  patented design. Defendants will suffer no harm by complying with the terms of the

15  Agreement and patent and trademark laws.

16

    **E.    The Public Interest Will Be Advanced by Injunctive Relief.**

17  Defendants' use of Plaintiffs' Marks, has caused, and is highly likely to

18  continue to cause consumer confusion, which is within the "usual public interest

19  concern in trademark cases." *See Internet Specialties West, Inc. v. Milon-Digiorgio*

20  *Enters.*, 559 F.3d 985, 993 (9th Cir. 2009). Defendants are also actively selling

REPLY RE MOTION FOR PRELIMINARY INJUNCTION –
10

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1   products using images of the patented design. Goss Reply Decl. at ¶¶ 22-28. If

2   Defendants are not manufacturing infringing products, then why use images of

3   infringing products, which will certainly deceive consumers as to what they are

4   actually receiving.   The public has a right not to be deceived or confused.

5           **F.     No Bond Should be Required.**
            Defendants allege they are not selling products using Plaintiffs' marks or patent,

6   if true, this greatly supports the fact that their businesses cannot be harmed by their

7   compliance with the law, and no bond is necessary. Plaintiffs' significant likelihood

8   of success on the merits favors no, or a nominal, bond. The fact that Plaintiffs are

9   small, local, businesses with limited resources and are unable to post a substantial

10  bond further supports not requiring a bond. Goss Decl. at ¶ 59.

11

12          Respectfully submitted this 24th day of January 2025.

                                        s/ Caleb Hatch
13                                      Caleb Hatch, WSBA #51292
                                        Johanna R. Tomlinson, WSBA #57582
14                                      LEE & HAYES, P.C.
                                        601 W. Riverside Ave. Suite 1400
15                                      Spokane, Washington 99201
                                        Telephone: (509) 324-9256
16                                      caleb.hatch@leehayes.com
                                            *Attorney for Plaintiffs*

17

18

19

20

REPLY RE MOTION FOR PRELIMINARY INJUNCTION –
11

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that on the 24th day of January 2025, I caused to be filed the

foregoing with the Clerk of the Court using the CM/ECF system. Participants in the

4          case who are registered CM/ECF users will be served by the CM/ECF system.

5

6                                        By: *s/ Caleb Hatch*
                                         Caleb Hatch

7

8

9

10

11

12

13

14

15

16

17

18

19

20

REPLY RE MOTION FOR PRELIMINARY INJUNCTION –
12

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979