1

REID G. JOHNSON, WSBA #44338

2

OLIVIA C. BLOOM, WSBA #60111
LUKINS & ANNIS, P.S.

3

717 W Sprague Ave. Suite #1600
Spokane, WA  99201-0466

4

Telephone: (509) 455-9555

5

Facsimile: (509) 747-2323
Email: rjohnson@lukins.com

6

          obloom@lukins.com

7

*Attorneys for Defendants*

8

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 21, 2025**

SEAN F. McAVOY, CLERK

9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

10

11

HAMMERLESS TOOLS, LLC, a
Washington limited liability company, and

12

EIGHT EIGHTEEN, LLC, an Idaho
limited liability company,

13

14

Plaintiffs,

15

v.

16

JONATHAN CLAUSEN, an individual;

17

CLAUSEN, INC., a Washington
Corporation; AR-TT LLC, a Washington

18

limited liability company; and LILAC
CITY, LLC, a Washington limited liability

19

company,

20

21

Defendants.

Case No. 2:24-CV-00413-SAB

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

2/7/2025
Without Oral Argument

22

23

24

25

26

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

## I.     INTRODUCTION

Defendants request that the Court deny Plaintiffs' extraordinary request for an injunction arising from the parties' yearslong license agreements in which Defendants were exclusively tasked with marketing, advertising, and selling Plaintiffs' "HIT Tool" and "Hammerless Impact Technology" branded products. Following the parties' Settlement Agreement, ███████████████████████ ███████████████████████████████████████████████ ███████████████████████ However, due to Defendants' extensive marketing campaign—all for the benefit of Plaintiffs and without compensation—██████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████ Moreover, no irreparable harm was caused to Plaintiffs, despite their conclusory allegations to the contrary. Plaintiffs' remaining assertions, including trademark and patent infringement, are meritless.

In brief, Plaintiffs' request for an extraordinary injunction must be denied because Plaintiffs have not suffered any harm—let alone irreparable harm as required to issue an injunction, Plaintiffs failed to establish a likelihood of success on the merits, and the equities favor Defendants. Alternatively, Plaintiffs' motion must be denied as moot because any alleged harm has now been remedied.

//

//

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 2

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## II.   BACKGROUND

### A. Goss Agrees to Manufacture Clausen's AR-TT Tools and Grants License to Use "Hammerless Impact Technology" Term

Jonathan Clausen ("Clausen") is the owner of several Spokane-based businesses, including Clausen, Inc., AR-TT, LLC, and Lilac City Painting, LLC (hereinafter collectively, "Defendants").  Decl. of Jonathan Clausen in Opp. to Pls.' M. for Prelim. Inj. ("Clausen Decl."), at ¶ 3.  Several years ago, Clausen had an idea to create a new spring-driven tool to assist with the disassembly of ArmaLite Rifle firearms, which he dubbed as the AR Takedown Tool ("AR-TT Tool").  Id. at ¶ 4.

Clausen first met James Goss ("Goss"), the managing member of Plaintiff Hammerless Tools, LLC, on or about May 2021 and Clausen learned Goss had been manufacturing a spring-driven tool that was comparable to what he had envisioned.  Id. at ¶ 5.  Following several discussions, Goss agreed to design and manufacture the AR-TT Tool for Clausen to market and distribute.  Id. at ¶ 6.  After various prototypes, paid for by Clausen, the parties finalized a design for the AR-TT Tool.  Id. at ¶ 7.

In August of 2021, Goss requested that Clausen include the phrase "Hammerless Impact Technology" on all packaging for the AR-TT Tools.  Id. at ¶ 9, Ex. A. The parties also coordinated to ensure that the advertising/marketing materials for the AR-TT Tools similarly included the phrases "Hammerless Impact Technology" and/or "HIT Tool(s)."  Id.  Accordingly, on or about August,2021, Goss granted Clausen a license to use the "Hammerless Impact Technology" and

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 3

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

"HIT Tool" phrases on all of Clausen's AR-TT Tools, and advertisements for the same. Id. The AR-TT Tool was successfully launched into the market the Fall of 2021. Id. at ¶ 11.

### B. Goss Grants Clausen A License to Market and Exclusively Distribute Goss' HIT Tool Products

Shortly following Clausen's successful launch of the AR-TT Tool, two members of Plaintiff Hammerless Tools, LLC, including Goss, asked Clausen to help them launch their new spring-driven products under the brands, "HIT Tool(s)" and "Hammerless Impact Technology" (collectively referred to as "HIT Tool(s)"). Id. at ¶ 12. The parties' agreed that Clausen would be granted a license to use the HIT Tool brand to create marketing and advertising materials, including website development. Id. at ¶¶12-13. Goss also agreed that Clausen would be the exclusive distributor of all HIT Tools. Id.

Consistent with the parties' license agreement, Clausen went to work on marketing and getting the HIT Tool products ready to launch, including creating the HIT Tool websites. Id. at ¶ 14. At Goss's direction, Clausen engaged in substantial efforts to market the HIT Tool business. Id. Clausen hired and paid for social media influencers, content creators, a website graphic designer, and design consultants to assist in marketing HIT Tool, and paid for all marketing materials. Id. These expenses were paid for by Clausen personally, with the understanding that he would be reimbursed by Goss. Id. Clausen ultimately spent hundreds of thousands of dollars on marketing expenses for the HIT Tool business—costs which Goss failed to reimburse. Id. at ¶15.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 4

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

**C. Goss Reneges on the Parties' Agreement, Demanding that Clausen Cut All Ties with HIT Tool and Hammerless Impact Technology**

After Clausen's significant efforts, the HIT Tool launched on or about late Fall 2021 or early Winter of 2022. Id. at 16. Clausen represented himself as the "Exclusive Distributor" of all HIT Tools. Id. The parties' operated as follows: Clausen would submit an order for HIT Tools and AR-TT Tools from Goss and/or Hammerless Tools, LLC, Clausen would pay for the tools, then Clausen would re-sell the tools for a small profit. Id. Meanwhile, Clausen continued to advertise for both the HIT Tools and his own AR-TT Tools. Id.

As a part of Clausen's advertising services and position as the HIT Tool's exclusive distributor, Clausen, with Goss's consent, traveled across the country to advertise the HIT Tools and his own AR-TT Tools at various trade shows and award shows, including the 2023 Gundie Awards. Id. at 17.

On or about May of 2023, Goss suddenly, and without warning, informed Clausen he was being "booted out" of the HIT Tool company. Id. at ¶ 18. Goss stated that Clausen could no longer be a distributor for HIT Tool, and that he would be taking all of Clausen's clients. Id. Shortly thereafter, Goss sent Clausen a Cease and Desist letter. Id. at ¶ 19. Goss and his entities (hereafter referred to collectively as "Plaintiffs") then filed a lawsuit against Clausen and his companies, asserting various claims, including trademark infringement. Id.

**D. The Parties Settled the Lawsuit,** ███████████████████
███████████████████████

On June 28, 2024, the parties to the lawsuit entered a settlement agreement (the "Settlement Agreement"), ████████████████████████

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 5

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1  Id. at ¶ 20. ██████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ██████████████████

9      ██████████████████████████████████████████████████

10  ████████████████████████████████████████████████████ █

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  **E.** ████████████████████████████████████████

20  Pursuant  to  the  Settlement  Agreement,  ████████████████████

21  ████████████████████████████████████████████████████

22  ██████████████████████████████████████████ Id. at ¶ 27. ██

23  ██████████████████████████████████████████████████ Id.

24  ██████████████████████████████████████████████ Id.

25  ████████████████████████████████ Id.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1

2 ███████████████ Id.

3 Plaintiffs' assert ████████████████████████████

4

5 ██████████████████████. Id. at ¶ 28. However, ████████

6 ██████████████████████ Id. at Ex. B. Plaintiffs also

7 assert ██████████████████████████████████████████

8 ██████████████. Id. at ¶ 29. ████████████████████

9

10

11 ███████████████ Id. at ¶ 9, Ex. C. Additionally, this third-party entity AAG, LLC, was

12

13 administratively dissolved in July of 2024. Id. at Ex. D.

14

15 ████████████████████████ Id. at ¶ 30. This was an

16 exceedingly difficult and labor-intensive task because, █████

17

18

19 ███████████████████████. Id. Moreover, due to his marketing

20 efforts, multiple third parties created content that was widely distributed among the

21 parties' trade channels. Despite Clausen's diligent efforts, █████████

22

23 ███████████████ Id.

24 The vast majority of Plaintiffs' concerns ████████████████

25

26

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323



. Id. at ¶¶ 31-33.

Id.

Id.

Id. at ¶ 35, 38.

The remaining

Finally, Plaintiffs claim that Defendants are currently manufacturing tools which infringe on their D199 design patent. This is false. Id. at ¶ 39; Ryan McDonald Decl. ("McDonald Decl."), at ¶¶ 4-7. Defendants have not purchased or manufactured any tools since the Settlement Agreement was signed. Id. Instead, Defendants merely sell the AR-TT Tools that Clausen lawfully purchased from Plaintiffs. Id. at ¶¶ 39-40. Defendants will continue to sell the AR-TT Tools until they run out, as he is lawfully entitled to do. Id.

### F. Plaintiffs Were Denied Federal Trademark Protection for Their Brands, "Hammerless Impact Technology" and "HIT Tool."

Plaintiffs previously attempted to obtain federal trademark protection for their brands, "Hammerless Impact Technology" and "HIT Tool." Johnson Decl. at

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 8

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (309) 455-9555
Fax: (509) 747-2323

Exs. 4, 5. Both of Plaintiffs' applications sought obtain trademark protection to sell "Nail punches" and "Pin punches." Id. In June of 2024, the United States Patent and Trademark Office (the "USPTO") denied Plaintiffs' application to obtain federal trademark protection of the mark, "Hammerless Impact Technology." Id. Ex. 4. The USPTO denied registration on the ground that the mark was merely descriptive of Plaintiffs' goods and therefore, not valid trademarks. Id. In support of its refusal, the USPTO stated:

> [B]oth the individual components and the composite result [of Plaintiffs' mark] are descriptive of the applicant's goods and do not create a unique, incongruous, or nondescriptive meaning in relation to the goods. Specifically, the working "HAMMERLESS IMPACT TECHNOLOGY" when combined retains its descriptive meaning of the individual wording, namely, an invention consisting of a hammerless tool for use in providing a striking force or impact.

Id. In June of 2022, the USPTO also refused to grant federal trademark protection of Plaintiffs' "HIT Tool" mark. Id. at Ex. 5. The USPTO refused to approve Plaintiffs' application because Plaintiffs were not the first to use the mark, "HIT," in relation to similar goods, in commerce. Id. Following notification of USPTO's refusal, Plaintiffs abandoned their "HIT Tool" trademark application altogether. Id. at Ex. 6.

In April of 2024, Plaintiffs filed a new trademark application for the same type of goods—nail punches and pin punches—under a completely different brand, "REDBOLT." Id. at Ex. 7.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

### III.    PRELIMINARY INJUNCTION STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest. Id. at 20. An injunction may not be granted unless there is no adequate remedy at law. Bennett v. Isagenix Int'l LLC, 118 F.4th 1120, 1129 (9th Cir. 2024).

### IV.    LEGAL ARGUMENT

**A. Plaintiffs Have Not Established a Likelihood of Success on the Merits of Their Claims**

Plaintiffs' Motion must be denied because they have failed to establish a likelihood of success on the merits of each of their respective claims, namely, breach of contract, trademark infringement, and patent infringement.

**1.  Plaintiffs' Breach of Contract Claim Fails Because Plaintiffs Fail to Establish Damages, And Are Barred by Unclean Hands**

Plaintiffs' breach of contract claim fails ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

Moreover, Plaintiffs' breach of the Settlement Agreement precludes the equitable relief requested.

A breach of contract claim requires a plaintiff to establish a duty imposed by

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 10

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave, Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

the contract, a breach of that duty, and that the breach proximately caused the plaintiff damages. <u>Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.</u>, 78 Wn.App. 707, 712, 899 P.2d 6, 9 (1995). In a contract action seeking damages only, failure to prove damages warrants dismissal. <u>Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC</u>, 139 Wn.App. 743, 754, 162 P.3d 1153, 1160 (2007).

Plaintiffs' breach of contract claim fails ███████████████████████████

████████████████████████████████████████████████████████████████

███████████████ Accordingly, their Motion is now moot.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Significantly, the doctrine of impossibility excuses any potential breach ███████████████████ ██████████████████████████ <u>Tacoma Northpark, LLC v. NW, LLC</u>, 123 Wn.App. 73, 81, 96 P.3d 454, 458 (2004) (Under this doctrine, a party is excused from performing on a contract if such performance is impossible or impracticable due to extreme and unreasonable difficulty). ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████.

Plaintiffs' claim for breach of contract also fails for the failure to establish

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

contract damages.[1] <u>Jacob's Meadow</u>, 139 Wn.App. at 754. Plaintiffs' claim for damages refers solely to "actual confusion among consumers," which is not a valid form of contract damages. Motion at P. 9. Plaintiffs' sole evidence with respect to damages is one consumer who made an inquiry to Plaintiffs seeking ***Defendants'*** AR-TT Tool. The consumer stated that they had seen the AR-TT Tool during the 2023 "Gundies" award show: "Thank you very much for the referral, I saw both of these names at the booth at the '23 gundies on CF channel." This in no way provides support for contract damages.

Moreover, Defendants attended this award show while the parties' license agreements were in effect and offered both products for sale. Thus, any confusion does not stem from any current use, but from an event that occurred when the parties maintained a license agreement. <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 877 (9th Cir. 2009) (a license agreement constitutes an affirmative defense to trademark infringement); <u>Segal v. Geisha NYC LLC</u>, 517 F.3d 501, 506 (7th Cir. 2008) (there can be no likelihood of confusion where the alleged infringer was authorized to use the mark.). Thus, Plaintiffs' breach of contract claim must fail for failure to establish damages.

Further still, Plaintiffs' claims are barred by the doctrine of unclean hands. "It is well settled that a party with unclean hands cannot recover in equity." <u>Miller v. Paul M. Wolff Co.</u>, 178 Wn.App. 957, 965, 316 P.3d 1113 (2014). The doctrine

---

[1] Plaintiffs' Complaint seeks only damages, not specific performance.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

of unclean hands disqualifies a plaintiff from obtaining relief where that plaintiff has acted unjustly or in bad faith in connection with the subject matter or transaction for which he brings suit. Id.; McKelvie v. Hackney, 58 Wn.2d. 23, 31, 360 P.2d 746, 752 (1961); Portion Pack, Inc. v. Bond, 44 Wn.2d 161, 170, 265 P.2d 1045 (1954). ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ This affirmative defense precludes a finding of likelihood of success and injunctive relief.

In sum, Plaintiffs' have not established the essential prerequisites to a breach of contract claim, and such claim is barred by the doctrine of unclean hands.

### 2. Plaintiffs' Trademark Infringement Claim Fails For Lack of Valid and Protectable Trademarks

Plaintiffs' claim for trademark infringement fails because they do not possess valid and protectable trademarks in "Hammerless Impact Technology" or "HIT Tool".

To prevail on a claim of trademark infringement, the plaintiff must first establish that it owns a valid trademark, and thus a protectable interest in the trademark. Microsoft Corp. v. Buy More, Inc., 703 F. App'x 476, 479 (9th Cir. 2017); Lahoti v. VeriCheck, Inc., 586 F.3d 1190, 1196 (9th Cir. 2009).

Significantly, federal courts afford deference to the USPTO's determinations regarding the validity and strength of a mark. Lahoti, 586 F.3d at 1199. Marks that are merely descriptive are not afforded trademark protection. Id. at 1197. "A

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

mark is descriptive if it 'define[s] a particular characteristic of the product in a way that does not require any exercise of the imagination.' " Id. at 1198 (quoting Yellow Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927 (9th Cir.2005)).  Stated another way, a mark is descriptive "when the mark is seen on the goods or services, it immediately conveys information about their nature." Id. at 1201 (internal citation and quotation omitted).

Contrary to Plaintiffs' assertions, "Hammerless Impact Technology" does not consitute a valid trademark because it is merely descriptive of the goods they offer.  Significantly, the USPTO's refusal to grant federal trademark registration to Plaintiffs on the basis of the mark's descriptive nature must be afforded deference. As held by the USPTO, Plaintiffs' mark consisting of "HAMMERLESS IMPACT TECHNOLOGY" is merely descriptive of the goods they are selling (i.e., the mark immediately conveys information about the goods they are selling), namely, a hammerless tool for use in providing force. Accordingly, and as found by the USPTO, Plaintiffs do not possess a valid trademark.

Plaintiffs similarly fail to possess a valid and protectable interest in the mark, "HIT Tool", because they were not the first to use the mark in commerce.  A party pursuing a trademark infringement claim must show that they were the **"first to actually use the mark in the sale of goods or services**." Rearden LLC v. Rearden Com., Inc., 683 F.3d 1190, 1203 (9th Cir. 2012) (emphasis added).  The USPTO refused to grant Plaintiffs federal trademark protection of "HIT Tool" on the ground that Plaintiffs were not the first to use the mark, "HIT," in connection

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 14

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

with its goods in commerce. Deference must be given to the USPTO's findings. Notably, following the USPTO's refusal to grant trademark protection, Plaintiffs abandoned their application for "HIT Tool" altogether.

Thus, Plaintiffs' claim for trademark infringement fails for their failure to establish the claim's first essential prerequisite—a valid mark. Consequently, Plaintiffs' claim for trademark infringement must fail.[2]

### 3. Plaintiffs' Patent Infringement Claim Fails Under the Patent Exhaustion Doctrine

Plaintiffs conclusory and baseless assertions that Defendants are manufacturing "nearly identical tools that infringe" on Plaintiffs' patent are flat-out false. Consequently, Plaintiffs cannot establish a patent infringement claim.

"[P]atent exhaustion is a defense to patent infringement." ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG, 541 F.3d 1373, 1376 (Fed. Cir. 2008). This "longstanding doctrine" provides "that the initial authorized sale of a patented item terminates all patent rights to that item." Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008).

Here, Plaintiffs support their patent infringement claim on baseless assertions that Defendants have obtained a new manufacturer to sell tools which infringe on their patent. This is false. Defendants have not manufactured any tools

---

[2] The speciousness of their trademark claim is further demonstrated by the fact that, after being denied federal trademark protection for HIT Tool, Plaintiffs appear to be seeking to rebrand their products altogether under the name REDBOLT.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 15

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

or purchased any tools from any new manufacturer, which has been confirmed by Defendants' supplier. Clausen Decl., at ¶ 39; McDonald Decl., at ¶¶ 4-7.   In reality, and as conceded by Plaintiffs, Defendants validly purchased tools covered by Plaintiffs' patent as late as January of 2023.   Defendants still possess inventory of the tools purchased from Plaintiffs—tools which Defendants are still attempting to sell. Defendants have provided an inventory of all tools still in their possession, which were originally purchased from Plaintiffs. Clausen Decl., at ¶ 40. No new products have been manufactured or offered for sale. Id. at ¶ 39; McDonald Decl., at ¶¶ 4-7. Pursuant to the patent exhaustion doctrine, Plaintiffs' authorized sale of their patented tools to Defendants terminated Plaintiffs' patent rights in those tools. Accordingly, this claim must fail.

**B. Plaintiffs Have Not Demonstrated A Likelihood of Irreparable Harm**

Plaintiffs' Motion must be denied because their baseless, conclusory, and unsupported allegations of harm do not come close to the harm required to issue a preliminary injunction.  Consequently, their Motion must be denied.

"[T]he moving party must provide more than conclusory or speculative allegations" to support their claim of irreparable harm. Turo Inc. v. City of Los Angeles, 847 F. App'x 442, 444 (9th Cir. 2021). A preliminary injunction cannot be based on the mere "possibility of irreparable harm" and instead, is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.  For example, "a legitimate threat that a company might face bankruptcy or be driven out of

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

business may constitute irreparable harm[.]" <u>Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Washington</u>, 783 F. App'x 769, 770–71 (9th Cir. 2019) (internal citations omitted).

While a presumption of irreparable harm may be found in trademark infringement claims, such presumption is not appropriate here because Plaintiffs do not have a viable infringement claim. An injunction may not be issued in doubtful cases, and instead, only upon a "clear showing" of an entitlement to the relief. As set forth above, Plaintiffs failed to establish the first essential requisite of a trademark infringement claim, a valid and protectable trademark. As such, Plaintiffs failed to make a "clear showing" of their likelihood of success on the merits of that claim. Thus, no presumption is appropriate here.

In reality, Plaintiffs' assertions of harm are woefully inadequate to support the issuance of a preliminary injunction. Plaintiffs' support their assertions of harm by making conclusory allegations regarding reputational harm, and loss of goodwill. Under <u>Turo</u>, such baseless, speculative, and conclusory allegations do not entitle Plaintiffs to the relief they seek.

Plaintiffs also attempt to support their claim of irreparable harm by citing to one consumer who was allegedly confused over the source of the parties' goods. However, that consumer's alleged confusion stems from a time that Defendants were using Plaintiffs' brands under the parties' license agreements—specifically, during the 2023 Gundie awards. This is evident by the consumer's direct statements that he observed the two companies in 2023. Notably, under <u>Marlyn</u>,

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

571 F.3d at 877, a party using another's mark under a license constitutes a defense to any consumer confusion, as is the case here.

Regardless of the existence of this valid defense, one instance of alleged consumer confusion pales in comparison to what is required to support a finding of irreparable harm. Plaintiffs failed to provide any evidence of irreparable harm such as, where a party faces bankruptcy or insolvency. In reality, any alleged harm is minor, at best, and could be compensated by a remedy at law. Moreover, ████ ███████████████████████████████████████████████████████ ███████████████ there is no continuing harm, much less irreparable harm. As such, Plaintiffs failed to establish irreparable harm.

## C. The Balance of The Equities Favors Defendants

The equities do not favor Plaintiffs, as they assert. Defendants have valid affirmative defenses to each of their claims, including unclean hands, impossibility, lack of valid trademarks, a valid license agreement, and patent exhaustion. At present, Defendants have at least one strong counterclaim: Plaintiffs' breach of the Settlement Agreement, as detailed above.

Moreover, Plaintiffs support their Motion by including numerous unsupported and unfounded allegations relating to each of their claims. The only factual allegations they can point to are ██████████████████████ ███████████████████████████ However, since the filing of this Motion, all █████████████████████ have been resolved. Notably, Plaintiffs also failed to prove any damage arising from Defendants' ████████████████

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 18

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

█████ Accordingly, there is no equitable or valid basis to issue an injunction.

## D. An Injunction Is Not In The Public Interest

The public interest is not implicated in this case. This case arose from a business dispute regarding a confidential Settlement Agreement, entered into between private persons and entities. A private breach of contract dispute between businesses, such as is the case here, implicates no public interest. Moreover, there is no public interest ████████████████ Plaintiffs do not possess any valid trademark rights in these brands, and thus are unable to enforce any accompanying rights that a valid trademark would afford.

## E. Plaintiffs' Should Post Bond In The Amount of $20,000

Rule 65 expressly states that a preliminary injunction may be issued "**only if** the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined[.]" (emphasis added). Plaintiffs' assertions regarding their indigency are unavailing. Plaintiffs were able to afford their attorneys' fees to file and serve a Complaint and the legal filings related to Plaintiffs' motion for preliminary injunction. Plaintiffs should not be excused from posting bond arising from Defendants' damages, costs, and fees should they be wrongfully enjoined. Defendants respectfully request that Plaintiffs' post bond in the amount of $20,000.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for a preliminary injunction.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 19

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W. Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1

2     DATED this 15th day of January, 2025.

3

4                              LUKINS & ANNIS, P.S.

5

6                              By:   /s/ Reid G. Johnson
7                              REID G. JOHNSON, WSBA #44338
                               OLIVIA C. BLOOM, WSBA #60111
8
9                              Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 20

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2025, I served the

foregoing document on counsel of record at the address and in the manner

described below:

| Johanna Tomlinson | ☐ | U.S. Mail |
| Caleb A. Hatch | ☐ | Hand Delivered |
| Lee & Hayes | ☐ | Overnight Mail |
| 601 W Riverside Avenue | ☐ | Telecopy (FAX) |
| Suite 1400 | ☒ | Via email / ECF |

Spokane, WA 99201

johanna.tomlinson@leehayes.com

caleb.hatch@leehayes.com

Attorneys for Plaintiffs

/s/ Fiona R. Spring
Fiona R. Spring, Legal Assistant

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION: 21

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323