LUKINS & ANNIS, P.S.
REID G. JOHNSON, WSBA #44338
OLIVIA C. BLOOM, WSBA #60111
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA  99201-0466
Telephone: (509) 455-9555
E-mail: rjohnson@lukins.com
        obloom@lukins.com

Attorneys for Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2025

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, | NO. 2:24-CV-00413-SAB<br><br>DECLARATION OF REID G. JOHNSON |
| Plaintiffs, | |
| v. | |
| JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, | |
| Defendants. | |

DECLARATION OF REID G. JOHNSON: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

I, REID G. JOHNSON, hereby make the following declaration:

1. I am over the age of 18, competent to testify, and I make the following statements based upon my own personal knowledge.

2. I am one of the attorneys for Defendants in the above-captioned matter.

3. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████

4. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

DECLARATION OF REID G. JOHNSON: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1 ████████████████████████████████████████████████

2 █████████████████████████████

3    5.    Attached hereto as **Exhibit 2** is a true and correct copy o████████████

4

5 ███████████████████████████████████████████████

6 ██████████████████████████████████████████

7 ██████████████████████████████████████████

8

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████

11 █████████████████████████████████████████████

12

13 ████████████████████████████████████████

14 ████████████████████████████████

15    6.    On August 1, 2024, I sent an email to counsel for Plaintiffs ████████

16

17 ████████████████████████████████████████████████

18 However, I never received a response from Plaintiffs' counsel.[1]  Attached hereto as

19 **Exhibit 3** is a true and correct copy of an email that I sent to counsel for Plaintiffs

20 on August 1, 2024.

21

22

23

24 ────────────────

25 [1] Counsel has recently stated that he did not receive the August 1, 2024 email, but
upon further inspection I've confirmed that the email was in fact sent. It is unclear

26 why the email was not received.

DECLARATION OF REID G. JOHNSON: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

7.     Attached hereto as **Exhibit 4** is a true and correct copy of the Final Office Action issued by the United Stated Patent and Trademark Office (the "USPTO") dated June 11, 2024, relating to Plaintiff Hammerless Tools, LLC's federal trademark application for the mark, HAMMERLESS IMPACT TECHNOLOGY.

8.     Attached hereto as **Exhibit 5** is a true and correct copy of the Nonfinal Office Action issued by the USPTO, dated August 25, 2022, relating to Plaintiff Hammerless Tools, LLC's federal trademark application for the mark, HIT TOOL.

9.     Attached hereto as **Exhibit 6** is a true and correct copy of the Official USPTO Notice of Abandonment issued by the USPTO, dated March 10, 2023, relating to Plaintiff Hammerless Tools, LLC's federal trademark application for the mark, HIT TOOL.

10.    Attached hereto as **Exhibit 7** is a true and correct copy of the Hammerless Tools, LLC's application to obtain federal trademark registration for the mark, REDBOLT, dated April 19, 2024.  Notably, this application indicates that Plaintiffs are currently seeking to obtain trademark rights for this mark under the same goods—nail punches and pin punches—that Plaintiffs' sought protection under in their previous trademark applications for HAMMERLESS IMPACT

DECLARATION OF REID G. JOHNSON: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

1    TECHNOLOGY and HIT TOOL.  It appears that Plaintiffs are seeking to rebrand

2    their products altogether under the name REDBOLT.

3            I declare under the penalty of perjury of the laws of the United States of

4    America that the foregoing statement is true and correct.

5

6            DATED this 15th day of January, 2025.

7

8

9                                              /s/ Reid G. Johnson
                                               REID G. JOHNSON
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF REID G. JOHNSON: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave, Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2025, I served the

foregoing document on counsel of record at the address and in the manner

described below:

| | |
|---|---|
| Johanna Tomlinson | ☐ U.S. Mail |
| Caleb A. Hatch | ☐ Hand Delivered |
| Lee & Hayes | ☐ Overnight Mail |
| 601 W Riverside Avenue | ☐ Telecopy (FAX) |
| Suite 1400 | ☒ Via email / ECF |
| Spokane, WA 99201 | |

johanna.tomlinson@leehayes.com
caleb.hatch@leehayes.com

Attorneys for Plaintiffs


/s/ Fiona R. Spring
Fiona R. Spring, Legal Assistant

DECLARATION OF REID G. JOHNSON: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

# EXHIBIT 1



# EXHIBIT 2

# EXHIBIT 3

## Reid G. Johnson

| | |
|---|---|
| **From:** | Reid G. Johnson |
| **Sent:** | Thursday, August 1, 2024 12:08 PM |
| **To:** | Caleb Hatch |
| **Cc:** | Marianne Love; Litigation; Denise Foster; Johanna Tomlinson |
| **Subject:** | RE: Hammerless Tools LLC et al v. Clausen et al Spokane Superior Court Case No. 23-2-03519-32 - SUBJECT TO RULE 408 [DMS-046105-00001] |
| | |
| **Categories:** | Filed |

Hi Caleb,

[redacted]

Best,

Reid Johnson
**PRINCIPAL**
**O**: (509) 455-9555

**Lukins & Annis, P.S.** 717 W Sprague Ave., Suite 1600 Spokane, WA 99201

**From:** Caleb Hatch <Caleb.Hatch@leehayes.com>
**Sent:** Thursday, August 1, 2024 10:11 AM
**To:** Reid G. Johnson <rjohnson@lukins.com>
**Cc:** Marianne Love <Marianne.Love@leehayes.com>; Litigation <Litigation@leehayes.com>; Denise Foster <DeniseF@LeeHayes.com>; Johanna Tomlinson <Johanna.Tomlinson@leehayes.com>

1

# EXHIBIT 4

| | |
|---|---|
| **To:** | Ethan Vodde(ethan@voddeip.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97660192 - HAMMERLESS IMPACT TECHNOLOGY |
| **Sent:** | June 11, 2024 11:26:50 AM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

screencapture-hazmatresource-com-product-hazmat-tools-and-equipment-spring-loaded-center-punch-tool-17181156789131
screencapture-www-jerseydiscounttool-com-product-page-jdtco-sprang-thang-hammerless-punch-chisel-set-17181157081561
screencapture-www-mactools-com-products-cps996-17181157348611
screencapture-www-napaonline-com-en-p-BK_985-17181157646551
screencapture-thecraftsmanstore-com-product-spring-tools-hammerless-center-punch-17181157991171
screencapture-www-kimballmidwest-com-841914-17181158852861
screencapture-sonictoolsusa-com-products-roll-pin-punch-1-8-17181159131381

### United States Patent and Trademark Office (USPTO)
#### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 97660192

**Mark:** HAMMERLESS IMPACT TECHNOLOGY

**Correspondence Address:**
Ethan Vodde
Vodde IP, PLLC
5428 Regal St. #30956
Spokane WA 99223
United States

**Applicant:** Hammerless Tools, LLC

**Reference/Docket No.** N/A

**Correspondence Email Address:** ethan@voddeip.com

# FINAL OFFICE ACTION

**Response deadline.** File a request for reconsideration of this final Office action and/or a timely appeal to the Trademark Trial and Appeal Board (TTAB) within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links below to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may <u>request one three-month extension</u> of the response deadline prior to filing a response and/or an appeal. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response and/or appeal within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** June 11, 2024


INTRODUCTION

This Office action is in response to applicant's communication filed on February 28, 2024.

In a previous Office action dated August 28, 2023, the trademark examining attorney refused registration of the applied-for mark based on the following: Trademark Act Section 2(e)(1) due to the mark being merely descriptive of the goods.

Further, the trademark examining attorney maintains and now makes FINAL the refusal in the summary of issues below. *See* 37 C.F.R. §2.63(b); TMEP §714.04.

SUMMARY OF ISSUES MADE FINAL that applicant must address:
- Section 2(e)(1) Refusal – Merely Descriptive
- Amendment to Supplemental Register Suggested Advisory
- Required Disclaimer of "HAMMERLESS" and "TECHNOLOGY" for Registration Under Section 2(f) or on Supplemental Register Advisory

## SECTION 2(e)(1) REFUSAL - MERELY DESCRIPTIVE

In the previous Office action, the trademark examining attorney refused registration of applicant's mark under Section 2(e)(1) of the Trademark due to the mark being merely descriptive of the goods. In the response to Office action applicant provided arguments and evidence that the examining attorney has reviewed and finds unpersuasive for the reasons set forth below. Accordingly, the examining attorney now maintains and makes final the Section 2(e)(1) Refusal. *See* 37 C.F.R. §2.63(b); TMEP §714.04.

Registration is refused because the applied-for mark merely describes a characteristic of applicant's goods. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); *see* TMEP §§1209.01(b), 1209.03 *et seq.*

A mark is merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose, or use of an applicant's goods and/or services. TMEP §1209.01(b); *see, e.g.*, *In re TriVita, Inc.*, 783 F.3d 872, 874, 114 USPQ2d 1574, 1575 (Fed. Cir. 2015) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005) (citing *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 543 (1920)).

Applicant seeks registration of the wording "HAMMERLESS IMPACT TECHNOLOGY" for "Nail punches; Pin punches" in Class 8.

In addition to the previously attached evidence from mayhew.com, arestool.com, aircraft-tool.com, qualitydist.net, covertinstruments.com, and amazon.com, the attached evidence from

hazmatresource.com, jerseydiscounttool.com, mactools.com, napaonline.com, and the craftmanstore.com shows that the wording "HAMMERLESS" is commonly used in connection with nail and pin punches to refer to a category of tools that are spring powered and deliver extreme force. Moreover, in addition to the previously attached evidence from homedepot.com and amazon.com, the attached evidence from Kimballmidwest.com and sonictoolsusa.com shows that the wording "IMPACT" is commonly used in connection with goods of this type to describe a characteristic of the goods. Also, the wording "TECHNOLOGY" is generic for devices and has been disclaimed by the applicant. Accordingly, the combination of the wording in the mark describes a characteristic of applicant's goods, namely, an invention consisting of a spring-loaded hammerless tool that delivers a forceful strike or impact. *See* previously attached evidence from applicant's website thehittools.com showing that a characteristic of the goods is that they are hammerless and the purpose or function is to produce a forceful strike to a nail.

Two major reasons for not protecting descriptive marks are (1) to prevent the owner of a descriptive mark from inhibiting competition in the marketplace and (2) to avoid the possibility of costly infringement suits brought by the trademark or service mark owner. *In re Abcor Dev. Corp.*, 588 F.2d 811, 813, 200 USPQ 215, 217 (C.C.P.A. 1978); TMEP §1209. Businesses and competitors should be free to use descriptive language when describing their own goods and/or services to the public in advertising and marketing materials. *See In re Styleclick.com Inc.*, 58 USPQ2d 1523, 1527 (TTAB 2001).

Further, the combination of the wording in applicant's mark retains its descriptiveness when used together. Generally, if the individual components of a mark retain their descriptive meaning in relation to the goods and/or services, the combination results in a composite mark that is itself descriptive and not registrable. *In re Zuma Array Ltd.*, 2022 USPQ2d 736, at *7 (TTAB 2022); *In re Fat Boys Water Sports LLC*, 118 USPQ2d 1511, 1516 (TTAB 2016); TMEP §1209.03(d); *see, e.g., DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1255, 103 USPQ2d 1753, 1758 (Fed. Cir. 2012) (holding SNAP SIMPLY SAFER merely descriptive for various medical devices, such as hypodermic, aspiration, and injection needles and syringes); *In re Fallon*, 2020 USPQ2d 11249, at *12 (TTAB 2020) (holding THERMAL MATRIX merely descriptive of a heat-responsive, malleable liner that is an integral component of an oral dental appliance).

Only where the combination of descriptive terms creates a unitary mark with a unique, incongruous, or otherwise nondescriptive meaning in relation to the goods or services is the combined mark registrable. *See In re Omniome, Inc.*, 2020 USPQ2d 3222, at *4 (TTAB 2019) (citing *In re Colonial Stores, Inc.*, 394 F.2d 549, 551, 157 USPQ 382, 384 (C.C.P.A. 1968); *In re Shutts*, 217 USPQ 363, 364-65 (TTAB 1983)); *In re Positec Grp. Ltd.*, 108 USPQ2d 1161, 1162-63 (TTAB 2013).

In this case, both the individual components and the composite result are descriptive of applicant's goods and do not create a unique, incongruous, or nondescriptive meaning in relation to the goods. Specifically, the wording "HAMMERLESS IMPACT TECHNOLOGY" when combined retains its descriptive meaning of the individual wording, namely, an invention consisting of a hammerless tool for use in providing a striking force or impact.

<u>Applicant's Arguments</u>

In the response to Office action, applicant argues that the wording in the mark is not merely descriptive because the evidence only shows elements of the mark as being descriptive rather than the whole mark. The examining attorney disagrees and finds applicant's argument unpersuasive because as shown by the

attached and previously attached evidence the individual wording when used together has a descriptive meaning in relation to the goods and does not create a new commercial impression. Marks comprising more than one element must be considered as a whole and should not be dissected; however, a trademark examining attorney may consider the significance of each element separately in the course of evaluating the mark as a whole. *See DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1253, 103 USPQ2d 1753, 1756-57 (Fed. Cir. 2012) (reversing Board's denial of cancellation for SNAP! with design for medical syringes as not merely descriptive when noting that the Board "to be sure, [could] ascertain the meaning and weight of each of the components that ma[de] up the mark"); *In re Hotels.com, L.P.*, 573 F.3d 1300, 1301, 1304, 1306, 91 USPQ2d 1532, 1533, 1535, 1537 (Fed. Cir. 2009) (holding HOTELS.COM generic for information and reservation services featuring temporary lodging when noting that the Board did not commit error in considering "the word 'hotels' for genericness separate from the '.com' suffix"). As explained above and previously, the wording in applicant's mark combined has a descriptive meaning in relation to the goods, namely, an invention consisting of a hammerless tool for use in providing a striking force or impact.

Moreover, in the response to Office action applicant argues that the term "HAMMERLESS" and "HAMMERLESS TECHNOLOGY" are commonly used to describe guns, which are not the goods in the application and since tools of the type in the application normally require a hammer the wording is suggestive at most. The examining attorney disagrees because as shown by the attached evidence from hazmatresource.com, jerseydiscounttool.com, mactools.com, napaonline.com, and the craftmanstore.com the wording "HAMMERLESS" is commonly used by third parties in connection with nail and pin punches to refer to a category of spring-loaded goods of this type. Descriptiveness is considered in relation to the relevant goods and/or services. *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1254, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012). "That a term may have other meanings in different contexts is not controlling." *Robinson v. Hot Grabba Leaf, LLC*, 2019 USPQ2d 149089, at *5 (TTAB 2019) (citing *In re Canine Caviar Pet Foods, Inc.*, 126 USPQ2d 1590, 1598 (TTAB 2018)); TMEP §1209.03(e). "It is well settled that so long as any one of the meanings of a term is descriptive, the term may be considered to be merely descriptive." *In re Mueller Sports Med., Inc.*, 126 USPQ2d 1584, 1590 (TTAB 2018) (quoting *In re Chopper Indus.*, 222 USPQ 258, 259 (TTAB 1984)).

Further, applicant argues that the mark is unitary and does not merely describe the goods because the three words combined evoke a distinct commercial impression that is not descriptive, namely, spelling out the acronym "HIT". The examining attorney disagrees and finds applicant's arguments unpersuasive because the acronym "HIT" does not appear anywhere in the mark and as explained previously and above the combination of wording has a descriptive meaning in relation to the goods.

Accordingly, the examining attorney now maintains and makes final the Section 2(e)(1) refusal of registration. *See* 37 C.F.R. §2.63(b); TMEP §714.04.

## AMENDMENT TO SUPPLEMENTAL REGISTER SUGGESTED ADVISORY

The applied-for mark has been refused registration on the Principal Register. Applicant may respond to the refusal by submitting evidence and arguments in support of registration and/or by amending the application to seek registration on the Supplemental Register. *See* 15 U.S.C. §1091(c); 37 C.F.R. §§2.47, 2.75(a); TMEP §§801.02(b), 816. Amending to the Supplemental Register does not preclude applicant from submitting evidence and arguments against the refusal(s). TMEP §816.04.

## REQUIRED DISCLAIMER OF "HAMMERLESS" AND "TECHNOLOGY" FOR

**REGISTRATION UNDER SECTION 2(f) OR ON SUPPLEMENTAL REGISTER ADVISORY**

Applicant is advised that, if the application is amended to seek registration on the Principal Register under Trademark Act Section 2(f) or on the Supplemental Register, applicant will be required to disclaim "HAMMERLESS" and "TECHNOLOGY" because such wording appears to be generic in the context of applicant's goods. *See* 15 U.S.C. §1056(a); *In re Wella Corp.*, 565 F.2d 143, 144, 196 USPQ 7, 8 (C.C.P.A. 1977); *In re Creative Goldsmiths of Wash., Inc.*, 229 USPQ 766, 768 (TTAB 1986); TMEP §1213.03(b).

Applicant may submit a disclaimer in the following format:

> **No claim is made to the exclusive right to use "HAMMERLESS" and "TECHNOLOGY" apart from the mark as shown.**

TMEP §1213.08(a)(i).

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

**How to respond.** File a **request form for reconsideration of this final Office action** that fully resolves all outstanding requirements and/or refusals and/or file a timely **appeal form to the Trademark Trial and Appeal Board** with the required fee(s). Alternatively, applicant may file a **request form for an extension of time to file a response** for a fee.

/Melanie Singer/
Melanie Singer
Examining Attorney
LO112--LAW OFFICE 112
(571) 272-5479
Melanie.Singer@USPTO.GOV

# RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response, appeal, or extension request must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) and Electronic System for Trademark Trials and Appeals (ESTTA) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the

signature block.



Spring Loaded Center Punch Tool

$26.58

The Spring Loaded Center Punch Tool made of heat treat hardened steel spring loaded design allows you to deliver 5000 PSI of impact striking force without a hammer.

- Awl Setter with 1.02" & 1-16" ends and Hinge Pin Punch
- Meets Cal OES MEL 3.1.2.26 requirements

ADD TO CART    ADD TO QUOTE

Category:
Tag:

DESCRIPTION

Product Categories

| CBRNe Detection | 24 |
| Decon Equipment | 100 |
| Field Testing And Detection | 444 |
| Drager Chips | 57 |
| Drager MicroTubes | 15 |
| Drager X-act 5000 Accessories | 2 |
| Drager X-act 7000 | 1 |
| Drager Tubes | 192 |
| HazCat Chemical Identification | 118 |
| Gas Detection | 209 |
| Drager Calibration Gas | 69 |
| Drager Sensors | 64 |
| Drager X-am 2500 & Accessories | 45 |
| Drager X-am 3500 & Accessories | 11 |
| Drager X-am 5000 & Accessories | 15 |
| Drager X-am 5000 & Accessories | 15 |
| Drager X-site Live | 1 |
| Hazmat Books | 17 |
| Hazmat Suits And PPE | 143 |
| Bauer Suits | 5 |
| Helmets Boots Gloves | 25 |
| Kappler DuraChem | 20 |





Kappler Frocks w
Kappler Provers
Kappler Training Suits
Kappler Provers
Kappler Training Suits
Kappler Zytron
PPE Accessories
● Hazmat Tools And Equipment
Hazmat Training
Radiation Monitoring And Detection
Respiratory Protection
Drager Tubes 6000
Full Face Masks
SCBA
Servicing Equipment
Special Counter Kits
Soil Air And Leak Control

**Recent Posts**

Tryme: HazMat Boots Life Expectancy & Facts

New Updates Approved for the UltraFINDER R220 Personal
Radiation Detector Improves on the R220 device

Cal OES WMD Summit - Virtual Agreement

RedWave Technology Introduces the Virtual
Has the FTIR Identification System Can Identify Up
to 1,000 Gases in Seconds

RJ2564 Chemical Alarm Detector it's in stock,
limited supply

**Signup for product updates, discounts and news!**

email

First Name

Last Name

## Description

## Description

The Spring Loaded Center Punch Tool set includes 1/32 & 1/16" nail setter ends and hinge pin punch making it a versatile tool to have in various facilities or out in the field. Its ability to work on wood, metal, and plastic makes it ideal for different materials. Overall, the design allows for accessible tight and hard to reach surfaces without the need for a hammer swing.

**Hammerless** Center Punch

The increased precision and control offered by the spring punch tool would help prevent unintended damage to the workplace. Additionally, the use of heat-treated hardened steel makes it durable enough for frequent use in various applications. Overall, the heavy duty spring loaded center punch is a valuable addition to any HazMat team or on-site at any facility.

**Need More Information?**

For more information about the hammerless punch set, contact us today: +1 (805) 617-0987

**Cal OES MEL List – Firescope Hazardous Materials Minimum Equipment List (MEL)**

The spring punch set meets the requirements for the Firescope MEL List. To see all of the MEL products that HazMat R-source provides visit our California MEL List page >>

MEL 1: 3 26 PUNCH PIN SPRING LOADED

Require: One (1) for each Type 1, Type 2, and Type 3 teams

Spring Loaded Center Punch for Metal GJ05

**You may also like ..**



  



## Related products





Home / JDTCo. Sprang Thang - Hammerless Punch & Chisel Set



### JDTCO. SPRANG THANG - HAMMERLESS PUNCH & CHISEL SET

SKU: 2292

**$25.00**

Quantity

1

Add to Cart



Includes:
Hammerless Chisel
Hammerless Punch
JDTCo. Holder



**QUICK LINKS**
ABOUT US
POLICIES
PRIVACY
TERMS OF SERVICE
CONTACT US

**JDTCO STORE**
JDTCO BRAND
ARTECH MERCH SHOP
MADE IN USA
DEAL OF THE DAY
FREE TOOL FRIDAY

**833-J-SEND-IT  •  833-573-6348**    **273 UNION BLVD.  TOTOWA, NJ 07512**

**HELP@JERSEYDISCOUNTTOOL.COM**

©2023 by Jersey Discount Tool Co.



## FEATURES

- Tools are in two parts connected by a powerful spring
- Forged ends for sure grip
- Constructed from hardened steel

## SPECIFICATIONS













https://thecraftsmanstore.com/product/spring-tools-hammerless-center-punch/                    al 10 23 23  09/11/2024



THE CRAFTSMAN STORE                                    CATEGORIES ▼    SHOP    BLOG    ORDERS    CONTACT    CART    MY ACCOUNT

Search Craftsman Store                                           SEARCH

Home › Craftsman Tools › Spring Tools Hammerless Center Punch

## Spring Tools Hammerless Center Punch

$39.99

1    ADD TO CART

SKU: Spring Tools Hammerless Center Punch  Categories: Misc Tools, Shop All

Live Chat



 



Description    Additional information    Reviews (0)

## Description

The most accurate nail punch on the market doesn't even require a hammer. Set nails using a force of 3,500 psi in any wood with ease and accuracy with a Spring Set.

Every carpenter needs a nail punch, but what if you could have one that can fit into tight spaces with extraordinary control and precision because it doesn't require the use of a hammer? That's exactly what the Spring Set nail punch does. This spring loaded nail set allows you to set nails almost anywhere in any wood. With a force of 3500 psi, this tough little nail set gets the job done!

It also works great for removing hinge pins.

## Related products

   





https://www.kimballmidwest.com/841914

at 10-24-47, 00/11/2024

Description     Specifications

- DURABLE & LONG LASTING - Hot forged from tough, high grade alloy steel to provide maximum strength, durability and service life
- HEAT TREATED - Precision heat treated and tempered for maximum strength
- QUICK-CHANGE SHANKS - Allows fast and easy attachment and removal
- HAMMER GUN APPLICATION - Designed for use on impact hammer guns with quick-change and spring mounts
- APPLICATION SPECIFIC SETS - Tools are stored in a clear-view case for easy tool identification and ready access

Family Owned and Operated Since 1923     US Made Commitment     Not a Customer? Order Today!     About Us     True Partners     Careers

**KIMBALL MIDWEST**     Search Products     Find a Rep

Abrasives   Automotive   Bins & Assortments   Cutting Tools   Electrical   Fasteners   Hydraulics   Paint   Shop Supplies   Tools   KM Brands   New Products

All Products › Tools › Pneumatic Tools › Hammer Gun Chisels & Punches

**1/2" Black Oxide Alloy Steel Roll Pin Punch**



Price

Package Quantity: 1

Package Weight: 0.3 lbs

Item: 841914

Log In To Order



**Description**    **Specifications**

- DURABLE & LONG-LASTING - Hot forged from tough, high grade alloy steel to provide maximum strength, durability and service life
- HEAT TREATED - Precision heat treated and tempered for maximum strength
- QUICK-CHANGE SHANKS - Allows fast and easy attachment and removal
- HAMMER GUN APPLICATION - Designed for use on impact hammer guns with quick-change and spring mounts
- APPLICATION SPECIFIC SETS - Tools are stored in a clear view case for easy tool identification and ready access
- BLACK OXIDE FINISH - Provides corrosion protection
- MADE IN THE U.S.A.







$25.00

Warranty Lifetime Warranty ⓘ

**Add to Cart** »

## DETELS ⌃

### ADDITIONAL INFORMATION:

## SPECS & DOWNLOADS ⌄

## REVIEWS ⌄

REVIEWS

*Related Products*



*Roll pin punch 1/4"*

SKU: xxRP08

When you need to drive out a pin what is the best pun such a great choice. This ...

$25    Add to Cart

*Roll pin punch 5/16"*

SKU: xxRP08

When you need to drive out a pin what is the best pun such a great choice. This ...

$25    Add to Cart

*Roll Pin Punch 5/32"*

SKU: xxRP08

When you need to drive out a pin what is the best pun such a great choice. This ...

$25    Add to Cart

*Roll pin punch 1/8"*

Overview   Details   Specs   Reviews

Stay up to date on our latest news and deals.

Add to Cart »

**United States Patent and Trademark Office (USPTO)**

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on June 11, 2024 for
**U.S. Trademark Application Serial No. 97660192**

A USPTO examining attorney has reviewed your trademark application and issued an Office action. You must respond to this Office action to avoid your application abandoning. Follow the steps below.

**(1) Read the Office action**. This email is NOT the Office action.

**(2) Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS) or the Electronic System for Trademark Trials and Appeals (ESTTA), as appropriate. Your response and/or appeal must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Otherwise, your application will be abandoned. See the Office action itself regarding how to respond.

**(3) Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE
- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**. Protect yourself from people and companies that may try to take financial advantage of you. Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you. We will never request your credit card number or social security number over the phone. Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **<u>Hiring a U.S.-licensed attorney</u>.** If you do not have an attorney and are not required to have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process. The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.

# EXHIBIT 5

| To: | Ethan B. Vodde(trademarks@leehayes.com) |
| Subject: | U.S. Trademark Application Serial No. 97125725 - HIT TOOL - H227-0005TMU |
| Sent: | August 25, 2022 07:22:53 PM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

2273864

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97125725

**Mark:** HIT TOOL

**Correspondence Address:**
ETHAN B. VODDE
LEE & HAYES, PC
601 W RIVERSIDE AVE
SUITE 1400
SPOKANE WA 99201 UNITED STATES

**Applicant:** Hammerless Tools LLC

**Reference/Docket No.** H227-0005TMU

**Correspondence Email Address:** trademarks@leehayes.com

# NONFINAL OFFICE ACTION

**The USPTO must receive applicant's response to this letter within <u>six months</u> of the issue date below or the application will be <u>abandoned</u>.** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** August 25, 2022

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:

- Section 2(d) Refusal - Likelihood of Confusion
- Disclaimer Required

## SECTION 2(d) REFUSAL - LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark at U.S. Registration No. 2273864. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the attached registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

In this case, the following factors are the most relevant: similarity of the marks, similarity and nature of the goods, and similarity of the trade channels of the services. *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

Applicant has applied to register:

   **"HIT TOOL"** (Standard Characters) for, "Nail punches; Pin punches," in International Class 08.

The registered mark is:

   **"HIT" Reg. 2273864** (Standard Characters) for, "Manually operated hand tools, namely, bolt cutters, concrete mesh cutters, rebar cutters, steel strap cutters, cable cutters, wire rope cutters, metal snips, brush cutters; Pipe wrenches, chain pipe wrenches, open end spanners, ratchet box wrenches, combination wrenches, gear pullers, screwdrivers, pliers, hand riveters, hammers, punches, chisels, and

socket sets," in International Class 08.

## Similarity of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

When comparing marks, "[t]he proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that [consumers] who encounter the marks would be likely to assume a connection between the parties." *Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1373, 127 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b). The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *In re Ox Paperboard, LLC*, 2020 USPQ2d 10878, at *4 (TTAB 2020) (citing *In re Bay State Brewing Co.*, 117 USPQ2d 1958, 1960 (TTAB 2016); *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018); TMEP §1207.01(b); *see In re St. Helena Hosp.*, 774 F.3d 747, 750-51, 113 USPQ2d 1082, 1085 (Fed. Cir. 2014).

In the instant case, applicant's mark **"HIT TOOL"** is confusingly similar to the registered mark **"HIT"** because the marks contain the identical dominant element **"HIT"**. Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1305, 128 USPQ2d 1047, 1050 (Fed. Cir. 2018) (citing *In re Dixie Rests.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997)); TMEP §1207.01(b)(viii), (c)(ii). Greater weight is often given to this dominant feature when determining whether marks are confusingly similar. *See In re Detroit Athletic Co.*, 903 F.3d at 1305, 128 USPQ2d at 1050 (citing *In re Dixie Rests.*, 105 F.3d at 1407, 41 USPQ2d at 1533-34). Here, the term "HIT" is more significant in creating a commercial impression because the term "TOOL" in applicant's mark is merely descriptive and imparts to the purchaser that applicant is providing tools, and "HIT" is suggestive for the identified goods

Therefore, the marks are confusingly similar.

## Similarity of Goods

When analyzing an applicant's and registrant's goods for similarity and relatedness, that determination is based on the description of the goods in the application and registration at issue, not on extrinsic evidence of actual use. *See Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1323, 110 USPQ2d 1157, 1162 (Fed. Cir. 2014) (quoting *Octocom Sys. Inc. v. Hous. Computers Servs. Inc.*, 918 F.2d 937, 942, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990)).

Specifically, registrant's wording "Manually operated hand tools, namely...punches," in International

Class 08 is broad enough to include the applicant's more narrow wording of "Nail punches; Pin punches."

Therefore, it is presumed that these goods travel in all normal channels of trade, and are available to the same class of purchasers. *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053, 103 USPQ2d 1435, 1440 (Fed. Cir. 2012). Accordingly, the goods of applicant and the registrant are considered related for purposes of the likelihood of confusion analysis.

In summary, the marks are confusing similar because **"HIT TOOL"** and **"HIT"** have identical dominant elements and convey the same commercial impression, and the goods are closely related because of the broad wording in registrant's identification of goods. Thus, registration is refused pursuant to Section 2(d) of the Trademark Act.

Although applicant's mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration. However, if applicant responds to the refusal, applicant must also respond to the requirement set forth below.

## DISCLAIMER REQUIRED

Applicant must disclaim the wording "TOOL" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services. *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

This wording is encompassed by applicant's identification of goods. Thus, the wording merely describes applicant's goods because it indicates to the consuming public that applicant is providing tool related goods.

Applicant may respond to this issue by submitting a disclaimer in the following format:

   **No claim is made to the exclusive right to use "TOOL" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

## RESPONSE GUIDELINES

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see "Responding to Office Actions" and the informational video "Response to Office Action" for more information and tips on responding.

If applicant does not respond to this Office action within six months of the issue/mailing date, or responds by expressly abandoning the application, the application process will end and the trademark will fail to register. *See* 15 U.S.C. §1062(b); 37 C.F.R. §§2.65(a), 2.68(a); TMEP §§718.01, 718.02. Additionally, the USPTO will not refund the application filing fee, which is a required processing fee. *See* 37 C.F.R. §§2.6(a)(1)(i)-(iv), 2.209(a); TMEP §405.04.

When an application has abandoned for failure to respond to an Office action, an applicant may timely file a petition to revive the application, which, if granted, would allow the application to return to active status. *See* 37 C.F.R. §2.66; TMEP §1714. The petition must be filed within two months of the date of issuance of the notice of abandonment and may be filed online via the Trademark Electronic Application System (TEAS) with a $100 fee. *See* 37 C.F.R. §§2.6(a)(15)(ii), 2.66(b)(1).

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06

**How to respond. Click to file a response to this nonfinal Office action.**

/Ryan Lavoie/
Ryan Lavoie
Trademark Examining Attorney
Law Office 108
(571) 272-6774
ryan.lavoie@uspto.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.** The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**. If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

Print: Thu Aug 25 2022                    75440964

## (1) TYPED DRAWING

# HIT

**Mark Punctuated**
HIT

**Translation**

**Goods/Services**

- IC 008. US 023 028 044.G & S: Manually operated hand tools, namely, bolt cutters, concrete mesh cutters, rebar cutters, steel strap cutters, cable cutters, wire rope cutters, metal snips, brush cutters; Pipe wrenches, chain pipe wrenches, open end spanners, ratchet box wrenches, combination wrenches, gear pullers, screwdrivers, pliers, hand riveters, hammers, punches, chisels, and socket sets. FIRST USE: 19590000. FIRST USE IN COMMERCE: 19650000

**Mark Drawing Code**
(1) TYPED DRAWING

**Design Code**

**Serial Number**
75440964

**Filing Date**
19980226

**Current Filing Basis**
1A

**Original Filing Basis**
1A

**Publication for Opposition Date**
19990608

**Registration Number**
2273864

**Date Registered**
19990831

**Owner**
(REGISTRANT) Toho Koki Co., Ltd. LIMITED CORPORATION JAPAN No. 2500, Koizumi, Yamokoriyama Nara, 739-1042 JAPAN 074354172

**Priority Date**

**Disclaimer Statement**

**Description of Mark**

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Live Dead Indicator**
LIVE

**Attorney of Record**
Vincent Y. Lin

**United States Patent and Trademark Office (USPTO)**

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on August 25, 2022 for
**U.S. Trademark Application Serial No. 97125725**

A USPTO examining attorney has reviewed your trademark application and issued an Office action. You must respond to this Office action in order to avoid your application abandoning. Follow the steps below.

**(1) Read the Office action**. This email is NOT the Office action.

**(2) Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS). Your response must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response period. Otherwise, your application will be abandoned. See the Office action itself regarding how to respond.

**(3) Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE

- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**. Protect yourself from people and companies that may try to take financial advantage of you. Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you. We will never request your credit card number or social security number over the phone. And all official USPTO correspondence will only be emailed from the domain "@uspto.gov." Verify the correspondence originated from us by using your Serial Number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **<u>Hiring a U.S.-licensed attorney</u>.** If you do not have an attorney and are not required to have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process. The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.

# EXHIBIT 6

| | |
|---|---|
| **From:** | tmng.notices@uspto.gov |
| **Sent:** | Friday, March 10, 2023 02:18:50 PM EST |
| **To:** | trademarks@leehayes.com |
| **Subject:** | Official USPTO Notification: U.S. Trademark Application SN 97125725 -- Docket/Reference No. H227-0005TMU |

**OFFICIAL USPTO NOTICE OF ABANDONMENT**

**TRADEMARK APPLICATION ABANDONED**
**FAILURE TO RESPOND TIMELY TO OFFICE ACTION**

**U.S. Application Serial No.** 97125725
**Mark:** HIT TOOL
**Owner:** Hammerless Tools LLC
**Docket/Reference No.** H227-0005TMU

**Issue date:** March 10, 2023

**The application above is abandoned** because we did not receive a response to the previous Office action within the six-month response period.

If you did not receive the Office action or if the delay in filing your response was unintentional, you can file a Petition to Revive Abandoned Application - Failure to Respond Timely to Office Action form. **You must file the petition within two months of the issue date of this notice. The petition must include the following:**

(1) A signed statement by someone with firsthand knowledge of the facts, stating that the delay in responding by the due date was unintentional;

(2) A complete response to the Office action if the Office action was received, or, if the Office action was not received, a clear statement of this fact; and

(3) A petition fee.

If you have proof that the application was abandoned due to USPTO error, you can file a Request for Reinstatement of the application and include the proof (such as a copy of an email confirmation issued by the USPTO that includes the date of receipt and a summary of the online submission). You must file the request **within two months of the issue date of this notice.** There is no fee for this request.

For more information on filing a petition, see our webpage on petitions.

**Direct questions** about this notice, filing a petition, or filing a request for reinstatement to the Trademark Assistance Center at 1-800-786-9199 (select option 1) or TrademarkAssistanceCenter@uspto.gov.

**View this notice** and other documents for this application in the Trademark Status and Document Retrieval (TSDR) database.

# EXHIBIT 7

PTO- 1478
Approved for use through 10/31/2024. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 98509625**
**Filing Date: 04/19/2024**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | REDBOLT |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | REDBOLT |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Hammerless Tools, LLC |
| *MAILING ADDRESS | 824 W. 25th Ave. |
| *CITY | Spokane |
| *STATE (Required for U.S. applicants) | Washington |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 99203 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | Washington |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 008 |
| *IDENTIFICATION | Nail punches; Pin punches |
| *FILING BASIS | SECTION 1(b) |

**ADDITIONAL STATEMENTS INFORMATION**

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

**ATTORNEY INFORMATION**

| | |
|---|---|
| NAME | Ethan Vodde |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Vodde IP, PLLC |
| STREET | 5428 Regal St. #30956 |
| CITY | Spokane |
| STATE | Washington |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 99223 |
| PHONE | 509-290-0667 |
| EMAIL ADDRESS | ethan@voddeip.com |

**CORRESPONDENCE INFORMATION**

| | |
|---|---|
| NAME | Ethan Vodde |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | ethan@voddeip.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |

**FEE INFORMATION**

| | |
|---|---|
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |

**SIGNATURE INFORMATION**

| | |
|---|---|
| * SIGNATURE | /Ethan Vodde/ |
| * SIGNATORY'S NAME | Ethan Vodde |
| * SIGNATORY'S POSITION | Attorney of record, Washington Bar member |
| SIGNATORY'S PHONE NUMBER | 509-290-0667 |
| * DATE SIGNED | 04/19/2024 |
| SIGNATURE METHOD | Signed directly within the form |

PTO: 1478
Approved for use through 10/31/2024. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 98509625**
**Filing Date: 04/19/2024**

## To the Commissioner for Trademarks:

**MARK:** REDBOLT (Standard Characters, see mark)
The literal element of the mark consists of REDBOLT. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, Hammerless Tools, LLC, a limited liability company legally organized under the laws of Washington, having an address of
    824 W. 25th Ave.
    Spokane, Washington 99203
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 008: Nail punches; Pin punches
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Ethan Vodde. Ethan Vodde of Vodde IP, PLLC, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
    5428 Regal St. #30956
    Spokane, Washington 99223
    United States
    509-290-0667(phone)
    ethan@voddeip.com

Ethan Vodde submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
    Ethan Vodde
    PRIMARY EMAIL FOR CORRESPONDENCE: ethan@voddeip.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☐ **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

        • The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☐ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☐ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☐ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Ethan Vodde/  Date: 04/19/2024
Signatory's Name: Ethan Vodde
Signatory's Position: Attorney of record, Washington Bar member
Signatory's Phone Number: 509-290-0667
Signature method: Signed directly within the form
Payment Sale Number: 98509625
Payment Accounting Date: 04/19/2024

Serial Number: 98509625
Internet Transmission Date: Fri Apr 19 15:10:48 ET 2024
TEAS Stamp: USPTO/FTK-XXX.XX.XX.XX-20240419151049246
092-98509625-870785a9fba8e8c2496af14cb9c
412f15d41fad5a9192fac1c17799bc07843a27-C
C-10486446-20240419150413122555

# REDBOLT