Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>RESPONSE TO DEFENDANT JOHATHAN CLAUSEN'S MOTION FOR EXTENSION OF TIME |

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Defendant Jonathan Clausen's Motion for Extension of Time.

RESPONSE TO MOTION TO EXTEND - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

I.  **BREIF FACTUAL AND PROCEDURAL BACKGROUND**

Following Defendants' breach of a prior settlement agreement and ongoing and new trademark and patent infringement, Plaintiffs filed a complaint in this Court against Defendants on December 10, 2024. ECF No. 1.

Simultaneously, Plaintiffs filed a motion for preliminary injunction also on December 10, 2024. ECF No. 9. After Defendants' original counsel appeared in this matter (on January 13, 2025 [ECF Nos. 20-21]), a stipulated motion to extend Defendants' response deadline [ECF No. 22] which was granted by this Court on January 13, 2025 [ECF No. 23].

Defendants filed their response to the original motion for preliminary injunction on January 15, 2025, under seal. *See* ECF Nos. 25, 46. Plaintiffs filed their reply memorandum on January 24, 2025. ECF No. 35.

On February 11, 2025, after the original motion for preliminary injunction was fully briefed, Defendants filed a notice of pending bankruptcy filed by Defendant Jonathan Clausen. ECF No. 40. In accordance with the automatic stay in a bankruptcy proceeding, this Court stayed this matter and the motion for preliminary injunction pending the outcome of the bankruptcy matter, with leave to renew the motion for preliminary injunction when the stay was lifted. ECF No. 41. The Court also ordered Defendants to inform the Court of the status of the bankruptcy and outcome – which Defendants neglected to do. ECF Nos. 41, 50.

RESPONSE TO MOTION TO EXTEND - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Plaintiffs discovered that Defendant Clausen's bankruptcy proceeding had been dismissed, but this Court had not been informed; thus, Plaintiffs' moved to lift the stay. ECF No. 50. Which was granted on September 22, 2025. ECF No. 52.

Plaintiffs then promptly filed a renewed motion for preliminary injunction, on September 23, 2025, to address the ongoing infringement and breach of contract by Defendants. ECF No. 53. The renewed motion for preliminary injunction is similar to the original motion for preliminary injunction – which was fully briefed – with the inclusion of additional evidence of infringing use and updating the registration status of one of the trademarks. *Id*. Shortly thereafter, Defendants' counsel moved to withdraw; and were granted leave to withdraw on September 30, 2023. ECF Nos. 56-58.

Almost a week after the withdrawal of counsel and the day prior to the deadline for Defendants to file a response to the renewed motion for preliminary injunction, Defendant Clausen, individually, filed the motion for extension seeking a lengthy 30-day extension to respond to the renewed motion for preliminary injunction. ECF No. 59. The motion to extend time does not include the opposing party's position pursuant to LCivR 7(b)(2), because Defendant Clausen did not seek any such position prior to filing his motion.

The remaining Defendants have not filed a motion to extend or a response to the pending renewed motion for preliminary injunction.

RESPONSE TO MOTION TO EXTEND - 3

## II. ARGUMENT AND AUTHORITIES.

Fed. R. Civ. P. 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." While requests for extension may be granted when the request has been made before the applicable deadline, the courts still consider the good or bad faith of the party seeking an extension and prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Defendant Clausen's motion for an extension of time merely states that he wants even more time to try to find new counsel and file a response and concludes that the request is made in good faith and Plaintiffs will not be prejudiced. ECF No. 59 at 2. Defendant Clausen then requests a lengthy 30-day extension. *Id.*

However, Defendant Clausen's brief and conclusory motion ignores the relevant facts and the actual and ongoing prejudice to Plaintiffs. This action has been pending for nearly a year – and all during that time, Defendants continue to use Plaintiffs' trademarks and patented design in Defendants' sales of tools and in violation of the law and the settlement agreement entered into by Defendants – hence the filing of the renewed motion for preliminary injunction. ECF No. 53. Importantly, irreparable harm is presumed in a trademark infringement case involving a registered trademark – as in the case at hand. *AK Futures LLC v. Boyd*

RESPONSE TO MOTION TO EXTEND - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

*St. Distro*, LLC, 35 F.4th 682, 694 (9th Cir. 2022). Plaintiffs have been and are greatly prejudiced by any delay.

Notably, Defendants stayed this action originally because of a bankruptcy proceeding filed by Defendant Clausen – which was dismissed. ECF No. 52. Not only was it dismissed, but Defendants also failed to inform the Court of the status of the bankruptcy matter or the dismissal, further delaying the resolution of this matter pending before the Court. *Id*. This again prejudiced Plaintiffs as the unlawful actions continue due to Defendants actions, inactions, and deliberate delays.

Additionally, Defendants already had time in advance of the response date to prepare a response (or a motion to extend) but chose not to. Worse still is the fact that the renewed motion for preliminary injunction is very similar to the original motion which Defendants already fully briefed. *See* ECF Nos. 9, 25, 46, 53. As such, Defendant Clausen does not require much time to file a response. Certainly not an additional 30 days in addition to the time already afforded. This again greatly prejudicing Plaintiffs.

Local Civil Rule 7(b)(2) requires "[m]otions seeking an extension of time…shall recite the opposing party's position." This is readily missing from Defendant Clausen's pending motion for an extension. Further prejudicing Plaintiffs with additional delays.

Lastly, the length of the requested extension, 30-days, is especially

RESPONSE TO MOTION TO EXTEND - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

unreasonable in light of the fact that the response is to a renewed motion for preliminary injunction, which is similar to the original motion for preliminary injunction – which was fully briefed before the stay.

Lastly, the entity Defendants have not filed a motion to extend or a response and thus the motion for preliminary injunction should be granted as unopposed as to those Defendants.

### III. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendant Jonathan Clausen's Motion for an extension to respond to the renewed motion for preliminary injunction. Or, alternatively, limit the extension of time to ten (10) days. The remaining Defendants have not responded to the renewed motion for preliminary injunction, which Plaintiffs request be granted as unopposed as to those Defendants.

DATED this 9th day of October, 2025.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO MOTION TO EXTEND - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I also emailed a copy of the foregoing to the below Defendant:

Jonathan Clausen

Email: jonathan@clausen.inc

contact@artakedowntool.com

s/ Caleb Hatch<br>
Caleb Hatch, WSBA #51292

RESPONSE TO MOTION TO EXTEND - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979