1  Caleb Hatch, WSBA #51292
   Johanna R. Tomlinson, WSBA #57582
2  LEE & HAYES, P.C.
   601 W. Riverside Ave. Suite 1400
3  Spokane, Washington 99201
   Telephone: (509) 324-9256
4  caleb.hatch@leehayes.com
   Johanna.tomlinson@leehayes.com
5
   *Attorneys for Plaintiffs*
6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**JOINT FED. R. CIV. P. 26(f) CONFERENCE REPORT** |

Plaintiffs by and through their attorneys of record, and Jonathan Clausen, *Pro Se*, hereby submit this Rule 26 Report.[1] In advance of the Rule 26(f) conference

---

[1] The remaining Defendants are legal entities that cannot represent themselves and do not have counsel. As they do not have representation, the entity Defendants were not a part of this conference or report.

JOINT REPORT – 1

between counsel for Plaintiffs and Mr. Clausen, Mr. Clausen was provided a copy of this report. The Rule 26(f) conference took place between counsel for Plaintiffs and Mr. Clausen on October 9, 2025. This report was discussed in detail and revisions made jointly. That same day, October 9, 2025, this report was provided via email to Mr. Clausen for another review and signature. Unfortunately, despite counsel for Plaintiff emailing and calling Mr. Clausen multiple times, Mr. Clausen has not responded or provided a signed copy of this joint report. This Joint Report is as it was last agreed at the October 9, 2025, conference with Mr. Clausen.

1. Whether service is complete and, if not, the expected date of completion. **Yes. Service is complete.**

2. Whether jurisdiction, venue, and standing are proper. **Yes. Jurisdiction and venue are proper.**

3. Whether the parties consent for this matter to be tried before a magistrate judge. Have the parties notified the Clerk's Office if they consent to the case being heard by a full-time U.S. Magistrate Judge? **No**. **The Parties do not consent to the case being heard by a full-time Magistrate Judge.**

4. Nature and basis of their claims (brief summary):

    a. Plaintiffs allege Defendants are in breach of the settlement agreement and terms of the settlement agreement that was reached to resolve a prior litigation between the parties. Plaintiffs also allege

JOINT REPORT – 2

Defendants are in violation of the Lanham Act (15U.S.C. § 1125(a) for trademark infringement by using marks owned by Plaintiffs, including at least one mark registered with the U.S. Trademark office. Relatedly, Plaintiffs allege defendants are in violation of 15 U.S.C. § 1125(a) for reverse passing off in using Plaintiffs' trademarks; as well as being liable for common law trademark infringement and in violation of the Washington State Consumer Protection Act. Lastly, Plaintiffs allege violation of 35 U.S.C. § 100 in Defendants' infringement of Plaintiffs' design patent.

    **b.** Defendant Clausen alleges Plaintiffs are in breach of a section of the settlement agreement reached in resolution of the prior litigation.

5. A preferred trial date and estimated length of Trial. **December 7-11, 2026. Trial is estimated to take five court days.**

6. Anticipated Motions: **Plaintiffs' Renewed Motion for Preliminary Injunction is currently before the Court. Plaintiffs anticipate bringing a motion for summary judgment and possibly a motion for judgment on the pleadings.**

7. Arrangement for the disclosures required under Fed. R. Civ. P. 26(a)(1): **The Parties propose the exchange of initial disclosures to take place on or before October 23, 2025.**

JOINT REPORT – 3

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

8. A proposed Discovery Plan as discussed in Fed. R. Civ. P. 26(f). This plan shall include the disclosures required under Rule 26(a)(1) and shall also include a time and platform agreed upon for the exchange of e-discovery, if any. **The Parties propose the exchange of initial disclosures to take place on or before October 23, 2025.**

**Subjects on which discovery may be needed includes: facts pertaining to all claims, counterclaims, and defenses stated in the Parties' pleadings; business structure of Defendant LLCs; financial and sales records of Defendants and of the separate entities; Plaintiffs also seek electronically stored information concerning Defendants' allegations of breach of contract, as well as, use of Plaintiffs' trademarks and patented design, Defendants' social media and online activity related to this dispute and the subjects of this dispute and Defendants' communications internally or externally regarding information related to this matter.**

**Electronically stored information should be produced in native format where practicable, or in PDF.**

**The Parties anticipate that some discoverable communications and electronic stored information will concern sensitive and confidential personal and financial information. The Parties agree that these**

JOINT REPORT – 4

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

categories of information, whether belonging to the Parties or to third parties, will need to be protected from dissemination to some extent and the Parties will sign a proposed stipulated protective order. The Parties will address any relevant protection order if and when such an issue arises during the pendency of this case.

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to a Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for withholding production to which the producing Party would otherwise be entitled. If the producing Party makes a claim of inadvertent production with respect to information, then in the custody of any receiving Party or Parties, the receiving Party or Parties shall promptly return the information to the producing Party and the receiving Party or Parties shall not use such information for any purpose other than in connection with a motion to compel production. The receiving Party may then move the Court for an order compelling production of the material, and the motion shall not assert as a ground for entering such an order the fact.

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

**There are no proposed changes to the limits on discovery as outlined by the Local Civil Rules.**

9.  Whether class certification is alleged: **No.**

10. Whether the case involves a beneficial interest claim of a minor or incompetent that requires appointment of a Guardian ad litem. **No.**

11. The appropriateness of special procedures such as consolidation of actions for discovery or pretrial, reference to a master or magistrate, to arbitration, to the Judicial Panel on Multi-district Litigation, or application of the procedures included in the Manual for Complex Litigation. **None at this time.**

12. Modification of the standard procedures due to the relative simplicity or complexity of the action or proceeding. **None at this time.**

13. Feasibility of bifurcation, or otherwise structuring sequence of the trial. **The Parties do not believe this case should be bifurcated.**

14. Whether there will be a point in the litigation when the parties can conduct meaningful settlement discussions or participation in another form of alternative dispute resolution. **The Parties believe that dispute resolution will be productive once the Parties have had an opportunity to engage in discovery.**

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

15.  Identification of any issues that should be certified to the state Supreme Court. **None.**

16. Any other matters which may be conducive to the just, efficient, and economical determination of the action or proceeding, including the definition or limitation of issues. **None at this time.**

DATED this 17th day of October 2025.

LEE & HAYES, P.C.


_/s/Caleb Hatch_____
CALEB HATCH, WSBA #51292
Attorneys for Plaintiffs


JONATHAN CLAUSEN[2]

_/s/_____
JONATHAN CLAUSEN , PRO SE
On behalf of himself

---

[2] In advance of the Rule 26(f) conference between counsel for Plaintiffs and Mr. Clausen, Mr. Clausen was provided a copy of this report. The Rule 26(f) conference took place between counsel for Plaintiffs and Mr. Clausen on October 9, 2025. This report was discussed in detail and revisions made jointly. That same day, October 9, 2025, this report was provided via email to Mr. Clausen for another review and signature. Unfortunately, despite counsel for Plaintiff emailing and calling Mr. Clausen multiple times, Mr. Clausen has not responded or provided a signed copy of this joint report. This Joint Report is as it was last agreed at the October 9, 2025, conference with Mr. Clausen.

JOINT REPORT – 7

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendant Clausen at:

contact@artakedowntool.com

jonathan@clausen.inc

s/ Caleb Hatch
Caleb Hatch, WSBA #51292

JOINT REPORT – 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979