FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation, AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>    Defendants. | No. 2:24-CV-00413-SAB<br><br>**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY INJUNCITON** |

Before the Court is Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 53. Plaintiffs are represented by Caleb Hatch and Johanna Tomlinson. Defendant Jonathan Clausen is representing himself. No notice of appearance has been filed for Defendants Clausen, Inc., AR-TT LLC, and LILAC CITY, LLC.

On September 30, 2025, the Court granted defense counsel's Motion to Withdraw. ECF No. 58. In that Order, the Court notified Defendants that a

**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY INJUNCITON** ~ 1

corporation must be represented in federal court by licensed counsel. The Corporate Defendants were directed to obtain counsel.

On October 15, 2025, the Court granted Defendant Clausen's Motion for Extension of Time and continued the hearing on Plaintiff's Renewed Motion for Preliminary Injunction to November 24, 2025. ECF No. 64.

A status conference was held on October 23, 2025. Mr. Clausen was instructed again that the corporate Defendants needed to obtain counsel, or default judgment would be entered against them.

Nothing further has been filed by Defendants, and no notice of appearance has been filed.

## Plaintiffs' Motion for Preliminary Injunction

Plaintiffs brought this action seeking to stop Defendant's alleged breach of contract, infringing use of Plaintiffs' trademarks and any other confusingly similar terms and cease infringement of Plaintiffs' Design Patent No. D981199.

Plaintiffs allege that since the Settlement Agreement was reached in the prior litigation, and the original motion for injunctive relief, Defendants not only failed to cease their infringing acts, but created additional uses of Plaintiffs' Marks, and continue selling the Accused Products that are infringing Plaintiffs' Design Patent No. D981199 (the 'D199 Patent"). Plaintiffs assert Defendants continue to breach the settlement agreement and continue to infringe Plaintiffs' trademarks and design patent.

## Motion Standard

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction

**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY INJUNCITON** ~ 2

is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24–25 (2008). The Ninth Circuit uses a "slide scale" approach under which these factors are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## Analysis

Based on the record before the Court, Plaintiffs haveestablished all four elements to justify entering its requested preliminary injunction. First, Plaintiffs haveshown they will likely succeed on the merits. The record indicates that Defendants breached the Settlement Agreement and continues to infringe on Plaintiffs' trademarks and designs. Second, Plaintiffs have shown they are likely to suffer irreparable harm from Defendants' conduct. Plaintiffs' evidence indicate they have experienced a loss of control over their business reputation and damage to their goodwill because of Defendants' conduct. Third, the balance of hardships favors Plaintiffs. Plaintiffs' requested preliminary injunction is narrow. It is asking Defendant to abide by the Settlement Agreement and law and cease use of Plaintiffs' Marks and patented design. Defendants will be able to continue manufacturing tools that utilize their own unique design and do not directly infringe on Plaintiffs' 'D199 Patent, nor trade off of Plaintiffs' preexisting goodwill. Finally, because the public has a right not to be deceived or confused, the public interest is best served by enjoining Defendants.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 53, is **GRANTED**.

2. Defendants are enjoined from using the following of Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services.

//

**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY INJUNCITON** ~ 3

3. Defendants are enjoined from manufacturing, offering, or selling of Defendants' goods with designs identical, or similar, to the design protected by U.S. Design Patent No. D981199; including, but not limited to, Defendants' takedown tools.

4. Plaintiffs' bond is set at $0.00.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Plaintiff and counsel.

**DATED** this 11th day of December 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING RENEWED MOTION FOR PRELIMINARY INJUNCITON** ~ 4