Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS** |

## I.    INTRODUCTION

Defendants have willfully failed to comply with the Court's December 11, 2025 Order Granting Renewed Motion for Preliminary Injunction (ECF No. 68, the "Order"). Defendants have failed to comply with the Order enjoining Defendants

from using Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services. Defendants have also failed to comply with the order enjoining Defendants from manufacturing, offering, or selling Defendant's goods with identical or similar designs that is protected by U.S. Design Patent No. D981199.

Because Defendants failed to comply with the Order, Plaintiffs request the court issue an order of contempt, order Defendants to pay monetary sanctions, and order Defendants must fully comply with the Order within seven days.

## II.    BRIEF FACTUAL BACKGROUND

**A. The Court Order.**

This Court issued the preliminary injunction Order on December 11, 2025, with a copy of the order provided to Defendants at: PO Box 2171 Spokane, WA 99210. ECF No. 68.

The Order enjoins Defendants from using Plaintiffs' trademarks and from manufacturing, offering, or selling Defendants' goods with designs identical or similar to the design protected by an issued design patent. *Id*. In particular, the Order states:

> [] Defendants are enjoined from using the following of Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services.
> [] Defendants are enjoined from manufacturing, offering, or selling of Defendants' goods with designs identical, or similar, to the design

1  protected by U.S. Design Patent No. D981199; including, but not limited to, Defendants' takedown tools.

2

3  *Id*. at 3-4. Defendants have failed to comply with the Order.

4  In addition to the Court sending the Order to Defendants, counsel for Plaintiffs

5  also provided Defendants with a copy of the Order via email on December 19, 2025,

6  and informing Defendants that they are in violation of the Order. Declaration of

7  Caleb Hatch ("Hatch Decl.") at ¶ 4; Exhibit A.

8  Furthermore, Defendant Jonathan Clausen called counsel for Plaintiffs on

9  December 29, 2025, regarding the Order, and was again informed Defendants are in

10  violation of the Order. *Id*. at ¶ 5. Defendants stated they would be in compliance by

11  December 30, 2025. *Id*. Still, Defendants have failed to comply with the Order; and

12  as shown below have taken almost no effort to comply with the Order and in fact

13  have willfully violated the Order.

14  **B. Defendants Fail to Comply with the Court's Order.**

15  Defendants have been enjoined by the Order from using the following of

16  Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T.

17  Tools, HIT Tool(s), and related logos, in association with Defendants' goods and

18  services. ECF No. 68 at 3. Despite this clear Order, Defendants continue to use

19  Plaintiffs' marks in violation of the Order. *Id*. at ¶¶ 6-7; Exhibits B and C.

20  For example:

1  - On Defendants' YouTube Channel;

2  - On Defendants' TikTok shop website;

3  - On Defendants' public Pinterest and Flickr websites; and

4  - On Defendants' HITtools Instagram account.

5  *Id*. at ¶ 6; Exhibit B. Despite the Order, Defendants have failed to comply.

6  Defendants have also been enjoined by the Order from manufacturing, offering, or selling of Defendants' goods with designs identical, or similar, to the design protected by U.S. Design Patent No. D981199; including, but not limited to, Defendants' takedown tools. ECF No. 68 at 3-4. Defendants have failed to comply with the Order and continue to manufacture, offer, and sell Defendants' goods with designs identical, or similar, to the design protected by U.S. Design Patent No. D981199. *Id*. at ¶ 7; Exhibit C.

13  For example:

14  - The very first page of Defendants' artakedowntool.com website offers the AR-Takedown Tool – though in connection with the purchase of another product as well;

17  - Defendants still offer the tools infringing on the design patent on their artakedowntools.com website; and while some have today been set to "sold out" and some say "temporarily unavailable for purchase," not only are they still being offered, other products do not include "temporarily

    unavailable for purchase" and others still are fully available for purchase – clearly showing they are being offered and sold;

- Defendants have apparently pivoted some of their sales to other websites where there are still offering and selling the infringing tools, including on Defendants' TikTok shop, on Facebook Marketplace, and on Public Square;

- While disparaging Plaintiffs as "extraordinarily unreliable" and a "POS," Defendants have confirmed that they continue to also manufacture the infringing tools, even after the Court's Order;

- Defendants have also posted that they continue to ship the infringing tool and offer it for free in connection with the purchase of another product; and

- Even following the Order, Defendants have continued to produce and release advertising and marketing videos featuring the infringing tool.

*Id*. at ¶ 7; Exhibit C. These are only some examples of Defendants' ongoing failures to comply.

    Defendants have been notified of their failures to comply with the Order in emails on December 19, 2025, and December 30, 2025, and on the phone on December 29, 2025. *Id*. at ¶¶ 4-5. Still, Defendants fail to comply with the Order, necessitating this Motion.

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

### III.   ARGUMENT

Plaintiffs seek the following relief from the Court for Defendants' failures to comply wih the Court's Order and failure to cease use of Plaintiffs' marks and failures to cease manufacturing, offering, or selling, the infringing tools. First, Plaintiffs request the Court hold Defendants in contempt for failure to comply with the Court's Order and clear willful refusal to comply with the Order. Second, Plaintiffs request the Court order Defendants comply completely and fully with the Order within seven days and submit a sworn declaration of all efforts taken to comply with the Order. Third, Plaintiffs request the Court impose monetary sanctions on Defendants to reimburse Plaintiffs for his costs and fees expended to get Defendants to comply with the Order, as well as a daily penalty of $500 until Defendants comply with the Order.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

"Civil contempt is characterized by the court's desire to compel obedience to

a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (internal citation omitted). Accordingly, there are two forms of civil contempt sanctions: compensatory and coercive. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Compensatory sanctions are intended to compensate the aggrieved party for actual loss resulting from the contemnor's noncompliance. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir. 1987). Coercive civil sanctions are intended to coerce the contemnor to comply with the court's orders in the future. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992).

A daily fine is appropriate to coerce a party to comply with an order. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.") (internal citations and quotations omitted). A court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction. *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

1  In the matter at hand, not only have Defendants failed to comply despite notice
2  of the Order, they have deliberately continued to violate the Order. The Court sent
3  the Order to Defendants via email, and the Order was also provided to Defendants
4  via email. Defendants have also been informed via email and on the phone of their
5  continued non-compliance. As shown above, not only are Defendants well aware of
6  the Order and the terms of the Order, Defendants have made little to no effort to
7  comply, and in fact have continued to deliberately violate the Order. Defendants
8  cannot meet their burden to show that they have complied with the Order or that
9  their failures to comply are substantially justified.

10  Plaintiffs have demonstrated by clear and convincing evidence that
11  Defendants have failed to comply with any of the terms of the injunction. As such,
12  Defendants' actions directly violate the terms of the injunction, which clearly and
13  unambiguously requires Defendants to cease specific actions. The sum of the facts
14  demonstrates that Defenadnts are in violation of the Order and are not proceeding in
15  good faith.

### IV. CONCLUSION

17  For the foregoing reasons, Plaintiffs respectfully request this Court hold
18  Defendants in contempt, order Defendants to completely and fully comply with the
19  Order and submit a declaration of all efforts to comply within seven days, and order
20  Defendants to pay Plaintiffs costs and fees and a daily fee of $500 until Defendants

MOTION TO COMPEL COMPLIANCE - 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

are in full compliance. Should the Court award costs and fees, Plaintiffs will promptly submit an accounting for the Court's consideration.

Respectfully submitted this 30th day of December 2025.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendants at:

    contact@artakedowntool.com

    jonathan@clausen.inc

    s/ Caleb Hatch
    Caleb Hatch, WSBA #51292