Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CLAUSEN, INC., AR-TT LLC, AND LILAC CITY, LLC**<br><br><br>**Without Oral Argument** |

Pursuant to Fed. R. Civ. P. 55 (b) and LCivR 55 (b), Plaintiffs hereby move for default judgment against entity Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC ("Defendants"). This Motion is supported by the concurrently filed Declaration of Caleb Hatch, Declaration of James Goss, exhibits to the declarations,

MOTION FOR DEFAULT JUDGMENT – 1

and the pleadings, records, and papers on file herein.

## I.    BACKGROUND

On December 10, 2024, Plaintiffs filed the Complaint against Defendants, including against the entity Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC. ECF No. 1. The Complaint alleges causes of action of breach of contract, trademark infringement, reverse passing off, common law trademark infringement, and violation of the Washington State Consumer Protection Act against the entity Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC. *Id*. The Complaint also alleges design patent infringement against the entity Defendants Clausen, Inc., and AR-TT LLC. *Id*.

Plaintiffs, since inception and continuing to date, have continuously and consistently advertised, promoted, and sold spring driven tools as HAMMERLESS IMPACT TECHNOLOGY-branded tools. ECF No. 9 at 2-3. Plaintiffs use the following trademarks on their goods: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos (collectively "Plaintiffs' Marks"). *Id*.

Plaintiff Hammerless Tools is also the owner of U.S. Design Patent No. D981199 (the 'D199 Patent"). *Id*. at 6. The 'D199 Patent was legally issued by the United States Patent and Trademark Office on March 21, 2023. *Id*.

In June 2024, during the pendency of prior trademark infringement litigation

MOTION FOR DEFAULT JUDGMENT – 2

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

against Defendants, the Parties executed a settlement agreement (the "Agreement") with the intention of preventing further litigation. *Id*. at 4-6. The Agreement included terms for the immediate cessation of use by Defendants of all of Plaintiffs' registered and common law trademarks and destruction of damaged and unsaleable goods. *Id*.

Despite the Agreement, ongoing litigation, and the Court's orders, Defendants have continued to use Plaintiffs' trademarks, in violation of the Agreement, the Lanham Act, and common law. ECF No. 9 at 3-4, 6; ECF No. 53 at 2-3. Even after the issuance of the preliminary injunction – and still continuing to date – Defendants have continued to infringe on Plaintiffs' trademarks. ECF No. 69 at 3-4.

Likewise, Defendants have continued to manufacture, offer, and sell nearly identical tools that infringe on Plaintiffs' 'D199 Design Patent. ECF No. 9 at 6; ECF No. 53 at 2-3. As with the ongoing trademark infringement, despite the preliminary injunction order, Defendants continue to offer, and sell nearly identical tools that infringe on Plaintiffs' 'D199 Design Patent. ECF No. 69 at 4-5.

Defendants' ongoing actions with respect to the trademarks and failure to dispose of products is in violation of the Agreement. ECF No. 9 at 4-6.

On December 11, 2025, the Court entered an order of preliminary injunction against all Defendants. ECF No. 68. On January 5, 2026, the Clerk of Court entered default against the entity Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC. ECF No. 71.

MOTION FOR DEFAULT JUDGMENT – 3

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

Defendants have breached the Agreement, infringed on Plaintiffs' trademarks, infringed Hammerless Tools' design patent, and have failed to cure their unlawful use. Defendants have shown they are unwilling to comply with Court orders and have continued their unlawful actions even after the entry of the preliminary injunction. ECF Nos. 68-69.

The entity Defendants are not minors, incompetent persons, and the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply. Declaration of Caleb Hatch ("Hatch Decl.") at ¶¶ 5-6.

## II.    ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 55, once default has been entered, the party seeking default judgment may then file a motion for default judgment pursuant to Rule 55(b). When the when the claim is for monetary and non-monetary relief, the plaintiff must move the court for default judgment. *Id*. at 55(b)(2). The Court accepts the well-pleaded allegations of the Complaint as established fact. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981).

The Court has subject matter jurisdiction over Plaintiffs' federal claims for trademark infringement and reverse passing off under the Lanham Act and design patent infringement pursuant to Sections 1331, 1338(a), and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has subject matter

MOTION FOR DEFAULT JUDGMENT – 4

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

jurisdiction over Plaintiffs' state claims for breach of contract, common law trademark infringement, and deceptive trade practices under the Washington Consumer Protection Act ("WCPA") under pendent jurisdiction pursuant to 28 U.S.C. § 1367 because those claims are directly related to Plaintiffs' federal claims.

The Court has general jurisdiction over the entity Defendants because, as residents of the Eastern District of Washington, they are "primarily at home" in this district. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011); Compl. (ECF 1) ¶¶ 13-14.1 The Court also has specific jurisdiction over Defendants because "their contacts with the forum give rise to the cause of action before the Court." *Doe v. Unocal Corp*., 248 F.3d 915, 923 (9th Cir. 2001); s*ee also CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1076 (9th Cir. 2011).

## III.    PLAINTIFFS HAVE ESTABLISHED DEFENDANTS' LIABLITY

### A.    Defendants are Liable for Trademark Infringement Under the Lanham Act and Common Law

To establish trademark infringement under the Lanham Act, plaintiffs must show they have a protectable ownership interest in the mark(s), and that the defendants' use of the mark is likely to cause consumer confusion. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012); *Mintz v. Subaru of Am., Inc*., 716 F. App'x 618, 622 (9th Cir. 2017) (stating "the elements needed to establish federal unfair competition under 15 U.S.C. § 1125(a) are identical to the elements

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1  needed to establish trademark infringement under 15 U.S.C. § 1114."). Plaintiffs

2  have met both elements.

3      Here, Plaintiffs own U.S. Reg. No. 7830946 for the mark HAMMERLESS

4  IMPACT TECHNOLOGY. ECF No. 53 at 6; ECF No. 54 at ¶ 10. Plaintiffs'

5  registration and ownership of the marks constitutes prima facie evidence of the

6  marks' validity and exclusive right to use the marks in commerce. *See* 15 U.S.C. §

7  1115(a); *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007).

8      Plaintiffs also possess common law trademark rights in and to the marks

9  HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and H.I.T.

10  TOOL(s) by using the marks in commerce in connection with their goods and

11  services since 2021. ECF No. 53 at 6; ECF No. 54 at ¶ 9. Defendants' use of the

12  terms HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and

13  H.I.T. TOOL(s) are identical in sight, sound, and meaning to Plaintiffs' Marks. ECF

14  No. 53 at 6; ECF No. 54 at ¶¶ 13-19; 42, 44, 49-74.

15      Defendants are using Plaintiffs' exact Marks and logos on nearly identical

16  products. Defendants' use of the Plaintiffs' Marks is likely to deceive, confuse and

17  mislead purchasers and prospective purchasers into believing that the services

18  offered under the marks are affiliated with or come from Plaintiffs, when in fact they

19  are not. *See Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th

20  Cir. 1998). Further, Defendants' use of Plaintiffs' Marks does more than pose a risk

MOTION FOR DEFAULT JUDGMENT – 6

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

of the likelihood of confusion because there have already been instances of actual confusion as a result of their infringing use and additional harm. ECF No. 53 at 6; ECF No. 54 at ¶ 38-40.

When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979).

"Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark," *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015), such as when the defendant's conduct is "deliberate, false, misleading, or fraudulent*." Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015). In the default judgment context, allegations of willful conduct are deemed admitted based on the defendant's failure to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008). In this case, the allegations of willfulness (ECF No. 1 at ¶¶ 103, 108, 125) should deemed admitted, and are further evidenced by Defendants' continued use of Plaintiffs' Marks even after a prior action for infringement and subsequent settlement agreement, after this action was filed, after the motions for preliminary injunction, and even after the Court issued an order of preliminary injunction.

"The elements necessary to establish a likelihood of confusion for common

MOTION FOR DEFAULT JUDGMENT – 7

law claims in Washington are the same as for federal trademark infringement and unfair competition." *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 U.S. Dist. LEXIS 130519, 2022 WL 2905887 at 4. Therefore, because Plaintiffs have established its claims for trademark infringement under the Lanham Act, they have also established its claims under Washington common law. *Id*.

### B.    Defendants are Liable for Breach of Contract

In order to succeed on this claim, Plaintiffs must prove that there was a contract that imposed a duty, the duty was breached, and the breach proximately caused damage to the claimant. *P.E.L. v. Premera Blue Cross*, 2 Wn.3d 460, 481 (Wash 2023).

There is no dispute the Parties mutually entered into a valid settlement agreement. ECF No. 54 at ¶¶ 26-27. The Agreement, among other things, requires Defendants to immediately terminate all use of Plaintiffs' Marks. *Id*. at ¶¶ 26-28. Defendants are also required by the Agreement to destroy and provide proof of destruction for all damaged and unsaleable goods not purchased back by Plaintiffs. *Id*. at ¶¶ 26-29. Defendants breached the Agreement by failing to perform their obligation under the contract. *Id*. ¶¶ 42, 44, 49-74, 78-103; ECF No. 69. Defendants also agreed to destroy and provide proof of destruction for all damaged and unsaleable goods not purchased back by Plaintiffs; Defendants have again failed to comply and have not shared proof of the destruction of any goods. *Id*. at ¶¶ 29-30.

MOTION FOR DEFAULT JUDGMENT – 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

Plaintiffs have been damaged and are likely to be injured further as a result of Defendants' breaches of the Agreement. Defendants' failure to comply with their duties under the Agreement proximately and actually caused actual confusion among consumers. *Id*. at ¶¶ 38-40. Plaintiffs will also continue to lose more sales and suffer further damage to their business as a result of Defendants' breaches of the Agreement. *Id*. at ¶¶ 39-40.

**C.    Defendants are Liable for Unfair and Deceptive Trade Practices Under the WCPA**

Under the WCPA, a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 719 P.2d 531, 533 (Wash. 1986). "Absent unusual circumstances, the analysis of a [W]CPA claim will follow that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark." *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010) (citing *Seattle Endeavors, Inc. v. Mastro*, 123 Wn.2d 339, 868 P.2d 120, 127 (Wash. 1984) (noting trademark infringement generally establishes a violation of the WCPA). Accordingly, since Plaintiffs have established that Defendants liability for trademark infringement in violation of the Lanham Act and common law, Defendants are also liable for unfair

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    and deceptive trade practices in violation of the WCPA.

2    **D.    Defendants are Liable for Design Patent Infringement**

3    For a design patent infringement claim, Plaintiffs must show two elements:

4    "(1) 'the identity of appearance, or sameness of effect as a whole upon the eye of an

5    ordinary purchaser must be such as to deceive him, inducing him to purchase one,

6    supposing it to be the other's and (2) 'the accused device must appropriate the

7    novelty in the patented device which distinguishes it from the prior art.'" *Egyptian*

8    *Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 675 (Fed. Cir. 2008).

9    Plaintiff Hammerless Tools, LLC owns the entire right, title, and interest in

10    Design Patent No. D981199 for the design of the unique ridges on its "HIT Tools."

11    ECF No. 54 at ¶ 45. Defendants have directly infringed on the 'D199 Patent by

12    manufacturing, selling, and offering for sale nearly identical tools. *Id*. at ¶¶ 42, 44,

13    49-74. The appearance of the Accused Product is substantially similar, if not

14    identical, to the design claimed in the 'D199 Patent such that an ordinary observer

15    would purchase an Accused Product believing it to be Plaintiffs' patented design.

16    Defendants obtained their own manufacturer to help them produce nearly

17    identical tools that infringe on the 'D199 Patent. *Id*. at ¶¶ 44, 49-61. These tools

18    share the same unique ornamental appearance protected by the 'D199 Patent and are

19    offered for sale, and sold, on Defendants' website. *Id*. Defendants admit, under oath

20    to this Court, that Defendants only purchased 16,296 tools in total from Plaintiffs.

MOTION FOR DEFAULT JUDGMENT – 10

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

ECF No. 47 at ¶¶ 53-56. Yet, Defendants now state that Defendants have sold over 40,000 tools – which is at least 23,704 more than Defendants purchased from Plaintiffs – and Defendants' websites show they are using the same patented design. ECF No. 54 at ¶ 52-57. Defendants also state on their website that the AR-TT tools are "built by American veterans and machinists, and not outsourced to overseas factories." *Id.* at ¶ 58. Plaintiffs are not veterans and have never purported to be veterans. *Id.* at ¶ 59.

Defendants' actions not only constitute design patent infringement, but they are also deliberate and willful as alleged in the Complaint [ECF No. at ¶ 125, 128]; especially in light of the Defendants' continued use of the patented design even after this action was filed, after the motions for preliminary injunction, and even after the Court issued an order of preliminary injunction.

## IV.    DEFAULT JUDGMENT IS WARRANTED

To determine a plaintiff's entitlement to default judgment, the Court considers the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1471-72.

MOTION FOR DEFAULT JUDGMENT – 11

**1. First Eitel Factor: Plaintiffs Will Be Prejudiced Without a Default Judgment**

Plaintiffs will be prejudiced without a default judgment in this case because Defendants have willfully continued their unlawful activities even after this suit was filed and even after the Court entered the order of preliminary injunction to enjoin the same actions Defendants continue to do. Additionally, though Defendants made an initial appearance, the entity Defendants have since failed to defend. Plaintiffs have no other recourse than default judgment to recover its damages and for a permanent injunction. *See PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). Absent a default judgment, Plaintiffs have no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Plaintiffs and their customers. *See Pow Nev., LLC v. Connery*, 2018 U.S. Dist. LEXIS 139909, 2018 WL 3956129, at *2 (W.D. Wash. Aug. 17, 2018).

**2. Second and Third Eitel Factors (The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint): Plaintiffs have Established Defendants' Liability**

The second and third factors—"often analyzed together"—support a default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). As explained above, Plaintiffs have established Defendants' liability for each of the asserted claims. The merits and sufficiency of Plaintiffs' Complaint also weigh in favor of granting default judgment.

MOTION FOR DEFAULT JUDGMENT – 12

**3. Fourth Eitel Factor (The Sum of Money at Stake in the Action): The Sum of Money is Proportional to Defendants' Actions**

"If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc*., 2008 U.S. Dist. LEXIS 81469, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

Plaintiffs' damages are supported by the federal statutes for trademark and design patent infringement and are supported by Defendants' own statements and Defendants' own identifications. In this case, Plaintiffs seek Defendants' profits as the appropriate measure of damages. The Lanham Act sets out three methods of determining damages for a successful plaintiff: (1) disgorgement of the infringer's profits, (2) actual damages, and (3) costs of the action. *See* 15 U.S.C. § 1117(a); *see also Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (upholding the district court's order of disgorgement after a jury found violation of 15 U.S.C. § 1125). In general, the "profit disgorgement remedy is measured by the defendant's gain." *Fifty-Six Hope Rd. Music, Ltd.*, 778 F.3d at 1077. Plaintiffs' claim for breach of contract is also premised, in part, of the trademark infringement actions. Pursuant to 35 U.S.C. § 289, an infringer of a design patent "shall be liable to the owner to the extent of his total profit…."

In the matter at hand, the damages proportionate to Defendants' actions are their profits, which are easily calculable, in the amount of $781,994. Defendants admit, under oath to this Court, that Defendants only purchased 16,296 tools in total

MOTION FOR DEFAULT JUDGMENT – 13

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

from Plaintiffs. ECF No. 47 at ¶¶ 53-56. Yet, Defendants state they have sold over 40,000 tools – which is at least 23,704 more than Defendants purchased from Plaintiffs; and Defendants' websites show they are using the same patented design. ECF No. 54 at ¶ 52-57. Plaintiffs are in the position to demonstrate the costs of the tools given their relationship and manufacture of tools prior to Defendants' infringing actions. Declaration of James Goss at ¶¶ 2-4. Defendants' cost per tool is $7, as demonstrated by the invoices for the tools. *Id.* at ¶¶ 5-6; Exhibit A. In contrast, Defendants' show on their own website that the tools are sold for $39.99 each. Hatch Decl. at ¶ 7; Exhibit A; *see also* https://www.artakedowntool.com/products/the-everything-tool-the-takedown-tools-5-64-roll-pin-starter-and-a-5-64-roll-pin-punch-100-usa-made. As such, Defendants admit to the sale of at least 23,704 tools at the price of $39.99 each ($947,922.96), less the costs of $7 per tool ($165,928), for a total profit of $781,994.

In the default judgment context, allegations of willful conduct are deemed admitted based on the defendant's failure to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008). Defendants' willfulness is further evidenced by Defendants' continued use of Plaintiffs' Marks and protected design even after a prior action for infringement and subsequent settlement agreement, after this action was filed, after the motions for preliminary injunction, and even after the Court issued an order of preliminary injunction enjoining Defendants from the exact

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    trademark infringing actions that continue to date.

2         In relation to the seriousness of Defendants' conduct and the damages

3    stemming from the conduct, the calculated sum is proportionate to Defendants'

4    actions. Plaintiffs also seek injunctive relief to stop Defendants' ongoing unlawful

5    acts and further damages.

6    **4. Fifth Eitel Factor (The Possibility of a Dispute Concerning Material Facts): The Facts are Undisputed**

7         The fifth factor favors a default judgment, and Plaintiffs' allegations are

8    unchallenged by Defendants. *See Curtis*, 33 F. Supp. 3d at 1212 ("When default has

9    been entered, courts find that there is no longer the possibility of a dispute

10   concerning material facts because the court must take the plaintiff's factual

11   allegations as true."). Further, Defendants have had multiple opportunities to defend

12   its actions. In proceeding in violation of LCivR 83.6, and failing to comply with

13   Court orders, they have abandoned their defense of this action. It is unlikely

14   Defendants' failures are a result of "excusable neglect." *Gemmel*, 2008 U.S. Dist.

15   LEXIS 81469, 2008 WL 65604, at *5.

16   **5. Sixth Eitel Factor (Whether the Default Was Due to Excusable Neglect): Defendants' Failure to Appear is Inexcusable**

17        Defendants are well aware of this litigation and Plaintiffs' intention of seeking

18   a default judgment – and the Court's admonition that default would be entered

19   should the entity Defendants not appear through counsel as required. "In the default

20   judgment context, there is no excusable neglect where a defendant is properly served

MOTION FOR DEFAULT JUDGMENT – 15

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

with the Complaint, the notice of entry of default, and the papers in support of the default judgment motion." *Getty Images (US), Inc. v. Virtual Clinics*, 2014 U.S. Dist. LEXIS 12449, 2014 WL 358412, at *5 (W.D. Wash. Jan. 31, 2014); *see also Beck v. Pike*, 2017 U.S. Dist. LEXIS 18719, 2017 WL 530354, at *2 (W.D. Wash. Feb. 9, 2017) (sixth factor "nearly always favors entry of default judgment"). Plaintiffs properly served Defendants with the Complaint and served Defendants with notice of the entry of default and the filed version of this Motion and supporting papers; and the Court itself has made it plain to Defendants that default would be entered as a result of the entity Defendants' failures to appear through counsel. As noted above, it is unlikely Defendants' failures are a result of "excusable neglect." *Gemmel*, 2008 U.S. Dist. LEXIS 81469, 2008 WL 65604, at *5.

**6. Seventh Eitel Factor (The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits): The Policy Favoring Decisions on the Merits Is Not Dispositive Because Defendants Knowingly Abandoned Their Defense**

Where failure to appear renders a decision on a fully developed record "impractical, if not impossible," any preference for deciding cases on the merits "does not preclude a court from granting default judgment." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Though Defendants filed an Answer, they failed to hire new counsel after losing its counsel, failed to respond to or comply with Court orders, and failed to challenge the Clerk's Order of Default. This factor weighs in favor of granting the motion for default judgment.

MOTION FOR DEFAULT JUDGMENT – 16

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

## V.    PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION

Plaintiffs seek to permanently enjoin the entity Defendants, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them from infringing Plaintiffs' Marks, as well as from infringing on the 'D199 Patent.

35 U.S.C. § 283 and 15 U.S.C. § 1116(a) vest the district court with the power to grant injunctions to prevent the violation of any right of a patent or trademark owner. When deciding whether to grant permanent injunctions, courts are engaging in "an act of equitable discretion" and must apply "traditional equitable principles" embodied in a four-factor test. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). Under that that test, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id*. at 391; *Winter v. NRDC, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

In granting Plaintiffs' motion for a preliminary injunction, this Court analyzed the substantive allegations in the Complaint and the motions and related filings and determined Plaintiffs had satisfied the elements necessary for an injunction. ECF

MOTION FOR DEFAULT JUDGMENT – 17

No. 68. That same analysis is applicable here. S*ee, e.g., MERSCORP Holdings, Inc. v. MERS, Inc.*, No. 16-CV-04380-BLF, 2017 U.S. Dist. LEXIS 67820, 2017 WL 1709351, at *3 (N.D. Cal. May 3, 2017) (declining to reanalyze plaintiffs' claims in default judgment order because court already concluded plaintiffs were likely to succeed on claims in granting motion for preliminary injunction); *Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co. Ltd.*, No. 22-CV-03054-JSC, 2023 U.S. Dist. LEXIS 60107, 2023 WL 2815358, at *8 (N.D. Cal. Apr. 5, 2023) (relying on court's preliminary injunction analysis in granting permanent injunction).

Accordingly, the same analysis and result is appropriate in granting a permanent injunction and permanently enjoining the entity Defendants, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them from any use of Plaintiffs' Marks, and from manufacturing, offering, selling, or using images or videos for the offering or sale of any product with the design similar or identical to the design protected by the 'D199 Patent.

## VI.    PLAINTIFFS ARE ENTITLED TO RECOVER THEIR COSTS AND FEES

Plaintiffs also seek an award of attorneys' fees and costs under the Lanham Act, the Patent Act, the WCPA, and the Agreement in the amount of $42,970.30. Hatch Decl. at ¶¶ 8-19; Exhibits B-C.

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1    Pursuant to section 13 of the Agreement, the prevailing party in any lawsuit

2    to enforce the Agreement shall be entitled to an award of attorneys' fees and

3    reasonable litigation costs. ECF No 14 at 25. As the prevailing party in this action,

4    Plaintiffs are entitled to recovery their attorney fees and costs. Also, the WCPA

5    provides that the prevailing party shall recover its reasonable attorneys' fees. RCW

6    19.86.090.

7    Also, under the Lanham and Patent Acts, the court may award attorneys' fees

8    to the prevailing party in "exceptional" trademark and patent infringement cases. 15

9    U.S.C. § 1117(a)(3); 35 U.S.C. § 285. "District courts may determine whether a case

10   is 'exceptional' in the case-by-case exercise of their discretion, considering the

11   totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

12   572 U.S. 545, 554-57, 134 S. Ct. 1749, 188 L. Ed. 2d 816 & n.6 (2014) (interpreting

13   fee requests under the Patent Act); *see also SunEarth, Inc. v. Sun Earth Solar Power*

14   *Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (making the *Octane Fitness* test applicable

15   to fee claims under the Lanham Act). Here, Plaintiffs are the prevailing party on their

16   trademark and design patent claims. Furthermore, this case is exceptional given the

17   strength of Plaintiffs' case and Defendants' willful infringement – even after they

18   were enjoined by the Court. Additionally, in light of Defendants' default, Plaintiffs'

19   factual allegations concerning patent and trademark infringement must be taken as

20   true. *DIRECTV*, 503 F.3d at 854. "These admissions [further] demonstrate, legally

MOTION FOR DEFAULT JUDGMENT – 19

1  and factually, the substantive strength of [Plaintiffs'] position, while [Defendants]

2  fail to take a 'litigating position' at all." *Left Coast Wrestling, LLC v. Dearborn Int'l*

3  *LLC*, No. 3:17-CV-00466-LAB-NLS, 2018 U.S. Dist. LEXIS 86808, 2018 WL

4  2328471, at *11 (S.D. Cal. May 23, 2018), *supplemented*, 2018 U.S. Dist. LEXIS

5  100253, 2018 WL 2948532 (S.D. Cal. June 12, 2018), *and report and*

6  *recommendation adopted*, 2018 U.S. Dist. LEXIS 102546, 2018 WL 3032585 (S.D.

7  Cal. June 19, 2018).

8        This case will also advance considerations of compensation and deterrence in

9  light of Defendants' willful infringement and conduct in this litigation. *See, id*; *see*

10  *also, e.g., ADG Concerns, Inc. v. Tsalevich LLC*, No. 18-CV-00818-NC, 2018 U.S.

11  Dist. LEXIS 155542, 2018 WL 4241967, at *13 (N.D. Cal. Aug. 31, 2018), *report*

12  *and recommendation adopted*, No. 18-CV-00818-JSW, 2018 U.S. Dist. LEXIS

13  224801, 2018 WL 6615139 (N.D. Cal. Nov. 1, 2018); *Headspace Int'l, LLC v. New*

14  *Gen Agric. Servs., LLC*, No. 216CV03917RGKGJS, 2017 U.S. Dist. LEXIS 170203,

15  2017 WL 2903181, at *7 (C.D. Cal. June 19, 2017).

## VII.   CONCLUSION

17        Plaintiffs respectfully request the Court grant this Motion for Default

18  Judgment against the entity Defendants and enter judgment against Defendants

19  Clausen, Inc.; AR-TT LLC; and Lilac City, LLC in the amount of $781,994, for

20  which they are jointly and severely liable.

MOTION FOR DEFAULT JUDGMENT – 20

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

Plaintiffs also request the Court issue an order of Permanent Injunction against Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them from any use of Plaintiffs' Marks, and from manufacturing, offering, selling, or using images or videos for the offering or sale of any product with the design similar or identical to the design protected by the 'D199 Patent.

Lastly, Plaintiffs request the Court award Plaintiffs' their reasonable costs and attorney fees in the amounts of $42,970.30.

Respectfully submitted this 13th day of January 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorney for Plaintiffs*

MOTION FOR DEFAULT JUDGMENT – 21

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendants at:

contact@artakedowntool.com

jonathan@clausen.inc


s/ Caleb Hatch
Caleb Hatch, WSBA #51292

MOTION FOR DEFAULT JUDGMENT – 22

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979