FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation, AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>    Defendants. | No. 2:24-CV-00413-SAB<br><br>**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS** |

    Before the Court is Plaintiffs' Motion to Compel Compliance with Court Order and for Sanctions, ECF NO. 69. The motion was heard without oral argument. Plaintiffs are represented by Caleb Hatch and Johanna Tomlinson. Defendant Jonathan Clausen is representing himself. No notice of appearance has been filed for Defendants Clausen, Inc., AR-TT LLC, and LILAC CITY, LLC. No response to Plaintiffs' motion has been filed.

**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS** ~ 1

Plaintiffs ask the Court to sanction Defendants for failure to follow the Court's Order enjoining Defendants from using Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services and for failing to comply with the Order enjoining Defendants from manufacturing, offering, or selling Defendants' goods with identical or similar designs that is protected by U.S. Design Patent No. D981199.

## Background Facts

The Court granted Plaintiffs' Motion for Preliminary Injunction on December 11, 2025. Plaintiffs state a copy of this Order was provided to Defendants by U.S. Postal Service and email. On December 19, 2025, counsel for Plaintiffs provided Defendants with a copy of the Preliminary Injunction by email. Defendant Clausen called Plaintiff's counsel on December 29, 2025, and stated Defendants would comply with the Preliminary Injunction by December 30, 2025. Plaintiffs represent that Defendants have made almost no effort to comply with the Court's Order.

## Motion Standard

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Liti* 10 F.3d 693, 695 (9th Cir. 1993).

The moving party has the burden of showing by clear and convincing evidence that contemnors violated a specific and definite order of the Court. *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003).

A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt. *Shell Offshore Inc. v. Greenspeace, Inc.*, 815

**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS** ~ 2

F.3d 623, 629 (9th Cir. 2016). "The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *Id.* (citation omitted).

Civil contempt serves two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained. *Id.* (quotation omitted). A per diem fine is appropriate to coerce a party to comply with an order. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.") (internal citations and quotations omitted). A court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction. *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quotation omitted) (recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

## Analysis

Good cause exists to grant Plaintiffs' Motion and sanction Defendants for failure to comply with the Court's Order. Plaintiffs have demonstrated by clear and convincing evidence that Defendants have failed to comply with any of the terms of the injunction. As such, Defendants' actions directly violate the terms of the injunction, which clearly and unambiguously requires Defendants to cease specific actions. The sum of the facts demonstrates that Defendants are in violation of the Order and are not proceeding in good faith.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court finds that Defendants are in contempt of the Court's December 12, 2025 Order, ECF No. 68, granting Plaintiffs' Motion for Preliminary Injunction.

2. Within seven (7) days from the date of this Order, Defendants are ordered

to submit a declaration of all efforts taken to comply with the Court's Order.

3. Defendants shall pay to Plaintiffs costs and fees and a daily fee of $500.00 until Defendants are in full compliance. Defendants are provided a seven (7) day grace period from the date of this Order to demonstrate full compliance with the Court's Order.

4. The Court awards to Plaintiffs costs and fees incurred in obtaining the finding of contempt. Within seven (7) days from the date of this Order, Plaintiffs shall submit their request for reasonable attorneys' fees.

**IT IS HEREBY ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Defendants and counsel.

**DATED** this 28th day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS** ~ 4