1  Caleb Hatch, WSBA #51292
   Johanna R. Tomlinson, WSBA #57582
2  LEE & HAYES, P.C.
   601 W. Riverside Ave. Suite 1400
3  Spokane, Washington 99201
   Telephone: (509) 324-9256
4  caleb.hatch@leehayes.com
   Johanna.tomlinson@leehayes.com
5
   *Attorneys for Plaintiffs*
6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>                              Plaintiffs,<br>    v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>                              Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**PLAINTIFFS' REQUEST FOR ATTORNEY FEES INCURRED IN OBTAINING THE FINDING OF CONTEMPT**<br><br>**March 2, 2026**<br>**Without Oral Argument** |

### I.    INTRODUCTION

Pursuant to the Court's Order dated January 28, 2026 (ECF No. 73), counsel for Plaintiffs Hammerless Tools, LLC and Eight Eighteen, LLC ("Plaintiffs) respectfully submit this request for resonable attorneys' fees incurred in obtaining

REQUEST FOR ATTORNEYS' FEES – 1

1 the fidning of contempt agaisnt Defendants Jonathan Clausen, Clausen, Inc, AR-TT

2 LLC, and Lilac City, LLC's ("Defendants").

## II. BRIEF BACKGROUND

On December 10, 2024, Plaintiffs filed the Complaint against Defendants. ECF No. 1. The Complaint alleges causes of action of breach of contract, trademark infringement, reverse passing off, common law trademark infringement, violation of the Washington State Consumer Protection Act, and design patent infringement. On December 11, 2025, the Court entered an order of preliminary injunction against all Defendants. ECF No. 68.

On December 30, 2025, following Defendants' failures to comply with the preliminary injunction order, Plaintiffs' filed a motion to compel and request for sanctions. ECF No. 69. As part of that motion, Plaintiffs also sought an award of its reasoanble attonrey fees and costs incurred in connection with obtaining the finding of contempt. *Id*. Defendants did not respond to that motion.

On January 1, 2026, the Court issued an order granting the motion to comple complilance, ordering compliance, granting sanctions, and granting Plaintiffs their costs and fees incurred in obtaining the finding of contempt. ECF No. 73.

## III. REQUEST FOR REASONABLE FEES AND COSTS

In the Court's January 1, 2026 Order, the Court awarded Plaintiffs their costs and fees incurred in obtaining the finding of contempt, and directed Plaintiffs

to submit their request for reasonable attonrey fees. ECF No. 73 at 4. Plaintiffs hereby submit that request, in connection with the accompanying Declaration of Caleb Hatch ("Hatch Decl.").

Districts courts have "a great deal of discretion" to determine reasonable fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In the Ninth Circuit, courts set attorneys' fees using the "lodestar method," calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston County*, 147 Wn.App. 409, 446, 195 P.3d 985, 1004 (2008). A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). The Court may also rely on its own knowledge and experience in determining what rates are reasonable. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "After the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors." *Roberts*, 938 F.3d at 1024.

Plaintiffs respectfully ask the Court to award Plaintiffs $4,278 in reasonable attorney fees incurred in obtaining the finding of contempt, and $240 in attorney fees

incurred in preparing the instant request, for a total of $4,518. Hatch Decl. at ¶¶ 5-14. Plaintiffs did not incur costs in obtaining the finding of contempt. *Id*. at ¶ 6. The amount requested is reasonable in light of the work performed, the successful result, and the reasonable hourly rates. *Id*. at ¶¶ 5-14. A copy of the reasonable attorneys' fees incurred and request in this Motion is attached to the Declaration of Caleb Hatch at Exhibit A.

## IV.  CONCLUSION

Plaintiffs respectfully request the Court grant this Motion for Attorneys' Fees against the entity Defendants and enter judgment against Defendants Jonathan Clausen; Clausen, Inc.; AR-TT LLC; and Lilac City, LLC in the amount of $4,518 for which they are jointly and severely liable.

Respectfully submitted this 29th day of January 2026.

>s/ Caleb Hatch
>Caleb Hatch, WSBA #51292
>LEE & HAYES, P.C.
>601 W. Riverside Ave. Suite 1400
>Spokane, Washington 99201
>Telephone: (509) 324-9256
>caleb.hatch@leehayes.com
>*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendants at:

   contact@artakedowntool.com

   jonathan@clausen.inc

s/ Caleb Hatch
Caleb Hatch, WSBA #51292