Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**RESPONSE TO DEFENDANT JONATHAN CLAUSEN'S MOTION TO STAY SANCTIONS PENDING CONFIRMATION OF COMPLIANCE AND RETENTION OF COUNSEL** |

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Defendant Jonathan Clausen's Motion to Stay Sanctions Pending Confirmation of Compliance and Retention of Counsel. Plaintiffs' Response is supported by the Declaration of Caleb Hatch in Support of

RESPONSE TO MOTION TO STAY SANCTIONS - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Response to Defendant Johathan Clausen's Motion to Stay Sanctions Pending Confirmation of Compliance and Retention of Counsel ("Hatch Dec.") and the pleadings and records filed herein. Plaintiffs also incorporate their arguments in their Response to Defendant Jonathan Clausen's Motion for Extension of Time to Retain Counsel, filed concurrently herewith.

Defendant has not demonstrated compliance with the Court's Preliminary Injunction order or the Court's January 28, 2026, Order granting Plaintiffs' motion to compel compliance and for sanctions. ECF Nos. 68, 73. To the contrary, the record now shows that Defendant continues to advertise, offer, and distribute enjoined products, including on the day he filed his declaration claiming compliance; and continues to use the marks in violation of the Court's order. A stay of sanctions would therefore undermine the coercive purpose of the Court's order and reward ongoing noncompliance.

I. ARGUMENT AND AUTHORITIES.

This Court's civil contempt sanctions imposed to coerce compliance with a court order should remain in effect until compliance is achieved. *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 859 (9th Cir. 2023) (sanctions may be "purged" once contemnor "has come into compliance."); *see also* ECF No. 73 ("Defendants shall pay to Plaintiffs costs and fees and a daily fee of $500.00 until Defendants are in *full* compliance.") (emphasis added). A stay should not be warranted where

RESPONSE TO MOTION TO STAY SANCTIONS - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

violations are ongoing or where the sanctioned party relies on promises of future compliance rather than demonstrating present, complete adherence to the Court's directives. *See generally id*. The burden rests with Defendant to show that the sanctions are no longer necessary to achieve compliance. *See e.g., Hicks v. Feiock*, 485 U.S. 624, 638 n.9, 108 S. Ct. 1423, 99 L. Ed. 2d 721 (1988) (burden on alleged contemnor to show compliance is impossible); *see also* ECF No. 73 (ordering Defendants to submit a declaration of all efforts taken to comply).

### A. DEFENDANT HAS NOT DEMONSTRATED COMPLIANCE WITH THE COURT'S ORDERS

#### a. Defendant's Declaration is Incomplete and Contradicted by Objective Evidence

Defendant submitted a declaration asserting that he has complied with the Court's Preliminary Injunction by marking certain products "Sold Out" on his primary website and disabling checkout functionality. ECF No. 78-0. His declaration further asserts that Defendant did not advertise, promote, or solicit sales of enjoined products following entry of the Court's order. *See id.* That representation is contradicted by contemporaneous evidence.

Prior to Defendant's present motion, Plaintiffs submitted evidence showing Defendant's continued use of Plaintiffs' marks and continued offering and promotion of the enjoined tools across multiple websites and social media platforms

RESPONSE TO MOTION TO STAY SANCTIONS - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1 | in support of Plaintiffs' motion to compel compliance and for sanctions. *See* ECF
2 | Nos. 69, 69-1.

3 |       Defendants continue to advertise, offer, and distribute AR Takedown Tools and bundled versions of those tools, including on January 30, 2026—the same day Defendant Clausen filed his declaration and Motion to Stay Sanctions. Hatch Dec. at ¶¶ 5-13. Specifically, Defendant promoted and shipped bundles that included free AR Takedown Tools (utilizing Plaintiffs' patents) in connection with the sale of other products on January 30–31, 2026. *Id.* at ¶¶ 5-6. Defendant also listed AR Takedown Tools as "in stock" and available for purchase on Facebook Marketplace, including listings identifying Defendant Clausen himself as the seller and reflecting pricing and availability. *Id.* at ¶¶ 7-9. Additionally, Defendant continued to publish and circulate advertising content on social media platforms—including TikTok, Instagram, Facebook, and his own website—featuring images and videos of the enjoined product and Plaintiffs' patented design. *Id.* at ¶¶ 10-13.

      Defendant's declaration focuses narrowly on screenshots of a single webpage marked "Sold Out" while omitting ongoing promotional and commercial activities. Additionally, Defendant's own declaration merely shows portions of one website where the tools are listed as sold out – while at the same time continuing to use the same images of the infringing tools to offer the tools once that website has them back in stock. Continued advertising, offering, promotion, and bundling of enjoined

RESPONSE TO MOTION TO STAY SANCTIONS - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

products constitutes an ongoing offer for sale and violates the Court's injunction regardless of whether checkout functionality is disabled on one webpage.

### b. "Sold Out" Listings and Bundling Do Not Constitute Compliance

Defendant's motion assumes that marking products "Sold Out" satisfies the Court's injunction. It does not. The Preliminary Injunction prohibits Defendant from using Plaintiffs' protected design and marks and from manufacturing, offering, or selling products embodying Plaintiffs' patented design. ECF No. 68. Advertising the enjoined product, offering it for free as part of a bundle, or using it to promote other goods continues to exploit Plaintiffs' goodwill and constitutes an offer for sale.

The evidence submitted by Plaintiffs shows that Defendant's use of the AR Takedown Tool and associated marks persisted across multiple platforms and formats after entry of the sanctions order. Hatch Dec. at ¶¶ 5-13. These actions fall squarely within the conduct the preliminary injunction was designed to prevent. Defendant does not dispute or even address the multiple ongoing additional uses of the marks and offers of the infringing tool.

Defendant does not dispute that the Court imposed sanctions to coerce compliance. Instead, he seeks a stay based on asserted good faith, partial corrective steps, and the prospect of future compliance and retention of counsel. ECF Nos. 77-78-0. That is insufficient. Civil sanctions remain appropriate where compliance has not been achieved. Defendant's own declaration acknowledges incomplete

RESPONSE TO MOTION TO STAY SANCTIONS - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

compliance at best – and likely efforts to hide the noncompliant actions – and Plaintiffs' evidence confirms that violations continued after the Court's January 28, 2026 Order and after Defendant filed his declaration. A stay under these circumstances would defeat the coercive purpose of the sanctions and signal that continued violations may be excused by promises of future compliance.

Defendant has not demonstrated compliance with the Court's Preliminary Injunction or the Court's January 28, 2026 sanctions order. The record instead shows continued advertising, offering, and distribution of enjoined products contemporaneous with Defendant's filings claiming compliance. Because the violations are ongoing, the sanctions remain necessary to coerce compliance.

## II. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendant Jonathan Clausen's Motion to stay sanctions pending confirmation of compliance and retention of counsel.

DATED this 4th day of February, 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO MOTION TO STAY SANCTIONS - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on February 4th, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I also emailed a copy of the foregoing to the below Defendant:

Jonathan Clausen

Email: jonathan@clausen.inc

contact@artakedowntool.com

s/ Caleb Hatch
Caleb Hatch, WSBA #51292

RESPONSE TO MOTION TO STAY SANCTIONS - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979