Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>RESPONSE TO DEFENDANT JONATHAN CLAUSEN'S MOTION FOR EXTENSION OF TIME TO RETAIN COUNSEL |

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Defendant Jonathan Clausen's Motion for Extension of Time to Retain Counsel.

RESPONSE TO MOTION FOR EXTENSION OF TIME - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

I. **BRIEF FACTUAL AND PROCEDURAL BACKGROUND.**

Following Defendants' breach of a prior settlement agreement and ongoing and new trademark and patent infringement, Plaintiffs filed a complaint in this Court against Defendants on December 10, 2024. ECF No. 1.

Simultaneously, Plaintiffs filed a motion for preliminary injunction also on December 10, 2024. ECF No. 9. After Defendants' original counsel appeared in this matter (on January 13, 2025 [ECF Nos. 20-21]), a stipulated motion to extend Defendants' response deadline [ECF No. 22] which was granted by this Court on January 13, 2025 [ECF No. 23].

On February 11, 2025, after the original motion for preliminary injunction was fully briefed, Defendants filed a notice of pending bankruptcy filed by Defendant Jonathan Clausen. ECF No. 40. In accordance with the automatic stay in a bankruptcy proceeding, this Court stayed this matter and the motion for preliminary injunction pending the outcome of the bankruptcy matter, with leave to renew the motion for preliminary injunction when the stay was lifted. ECF No. 41. The Court also ordered Defendants to inform the Court of the status of the bankruptcy and outcome – which Defendants neglected to do. ECF Nos. 41, 50.

Plaintiffs discovered that Defendant Clausen's bankruptcy proceeding had been dismissed, but this Court had not been informed; thus, Plaintiffs moved to lift the stay. ECF No. 50. Which was granted on September 22, 2025. ECF No. 52.

RESPONSE TO MOTION FOR EXTENSION OF TIME - 2

Plaintiffs then promptly filed a renewed motion for preliminary injunction, on September 23, 2025, to address the ongoing infringement and breach of contract by Defendants. ECF No. 53. The renewed motion for preliminary injunction is similar to the original motion for preliminary injunction – which was fully briefed – with the inclusion of additional evidence of infringing use and updating the registration status of one of the trademarks. *Id*. Shortly thereafter, Defendants' counsel moved to withdraw; and were granted leave to withdraw on September 30, 2025. ECF Nos. 56-58.

Almost a week after the withdrawal of counsel and the day prior to the deadline for Defendants to file a response to the renewed motion for preliminary injunction, Defendant Clausen, individually, filed a motion for extension seeking a 30-day extension to respond to the renewed motion for preliminary injunction. ECF No. 59. This Court granted the motion to extend on October 15, 2025, and continued the preliminary injunction hearing to November 24, 2025. ECF No. 64.

At a status conference held on October 23, 2025, the Court instructed Mr. Clausen that the corporate defendants must obtain counsel, and failure to do so would result in a default judgment against them, and the Court provided the Parties with the minutes of the scheduling conference reiterating the same instructions. ECF No. 67.

A couple months later, on December 11, 2025, this Court granted Plaintiffs'

RESPONSE TO MOTION FOR EXTENSION OF TIME - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

renewed motion for Preliminary Injunction. ECF No. 68. On January 5, 2026, the court clerk entered an order of default against defendants Clausen Inc.; AR-TT LLC; and Lilac City LLC due to their failure to answer, plead, obtain counsel or defend. ECF No. 71. A few weeks later, on January 28, 2026, this Court granted Plaintiffs' motion to compel Defendants' compliance with this Court's Order granting preliminary injunction and for sanctions. ECF No. 73.

Defendant Clausen filed his motion to extend time to retain counsel and stay sanctions – despite being explicitly told by this Court to obtain counsel months prior and having filed motions to extend for the same reason. ECF Nos. 59, 64, 67, 76-78.

## II.   ARGUMENT AND AUTHORITIES.

### a. Defendant Has Not Shown Good Cause or Diligence Warranting Any Further Extension

Defendant Clausen has failed to establish good cause for an extension. *See* Fed. R. Civ. P. 6(b)(1). The "good cause" standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the record demonstrates the opposite.

Defense counsel withdrew on September 30, 2025. The Court granted Defendant additional time and continued proceedings to allow the corporate defendants to retain replacement counsel. At a subsequent status conference, the Court again instructed Defendant Clausen that the corporate entities were required to obtain counsel and expressly warned that default judgment would be entered if

RESPONSE TO MOTION FOR EXTENSION OF TIME - 4

they failed to do so. Despite these warnings and the passage of several months, no counsel appeared on behalf of the corporate defendants.

Defendant's motion relies on conclusory assertions that he has "diligently sought" replacement counsel and that the case involves a "specialized area of law." He provides no specifics—no names of attorneys contacted, no dates, no engagement letters, no indication that counsel is prepared to appear if given additional time. Generalized statements of effort, unsupported by facts, do not constitute diligence and do not establish good cause, particularly where the Court has already granted extensions for the same purpose.

### b. Defendant's Motion Does Not Address or Alter the Corporate Defendants' Defaulted Status

Default has already been entered against the corporate defendants based on their failure to retain counsel as required by the Court's prior orders. ECF No. 71. Defendant Clausen's present motion does not seek to set aside that default, does not address the standard governing relief from default, and does not identify any procedural basis for altering the entities' current status.

As a result, even if the Court were to grant Defendant's request for additional time, the corporate defendants would remain in default. The motion therefore provides no mechanism for relieving the entities from the consequences of their noncompliance or for restoring their ability to participate in this litigation. Instead, Defendant Clausen asks the Court to grant additional time without addressing the

RESPONSE TO MOTION FOR EXTENSION OF TIME - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

default already entered or the showing required to disturb it. The Court is not required to disregard an existing default in response to a motion that does not seek relief from it.

### c. Granting an Additional Extension Would Prejudice Plaintiffs and Undermine the Court's Authority

Contrary to Defendant Clausen's assertion that a brief extension would not prejudice Plaintiffs, Plaintiffs have already been prejudiced by repeated delays. Plaintiffs have been forced to pursue enforcement and sanctions motions and to incur additional expense due solely to Defendant Clausen's failure to comply with basic procedural requirements after multiple warnings.

This case is no longer at an early stage. The Court has entered a preliminary injunction, default has been entered against the corporate defendants, and sanctions proceedings have already occurred. Granting yet another extension would undermine the Court's authority, reward dilatory conduct, and further delay resolution of this matter.

The Court clearly advised Defendant of his obligations and the consequences of noncompliance. Those consequences have now come to pass. Defendant's motion asks the Court to reverse course without any showing of diligence, good cause, or compliance with the procedural rules governing default.

### III. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request the Court deny

RESPONSE TO MOTION FOR EXTENSION OF TIME - 6

Defendant Clausen's Motion for an extension of time to retain counsel.

DATED this 4th day of February, 2026.

                  <u>s/ Caleb Hatch</u>
                  Caleb Hatch, WSBA #51292
                  Johanna R. Tomlinson, WSBA #57582
                  LEE & HAYES, P.C.
                  601 W. Riverside Ave. Suite 1400
                  Spokane, Washington 99201
                  Telephone: (509) 324-9256
                  caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO MOTION FOR EXTENSION OF TIME - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on February 4th, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I also emailed a copy of the foregoing to the below Defendant:

Jonathan Clausen

Email: jonathan@clausen.inc

contact@artakedowntool.com

s/ Caleb Hatch
Caleb Hatch, WSBA #51292

RESPONSE TO MOTION FOR EXTENSION OF TIME - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979