FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>      Plaintiffs,<br><br>      v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation, AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>      Defendants. | No. 2:24-CV-00413-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CLAUSEN, INC., AR-TT LLC, AND LILAC CITY, LLC** |

Before the Court is Plaintiffs' Motion for Default Judgment and Permanent Injunction against Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC. ECF No. 72. Plaintiffs are represented by Caleb Hatch and Johanna Tomlinson. Defendant Jonathan Clausen is representing himself. No notice of appearance has been filed for Defendants Clausen, Inc., AR-TT LLC, and LILAC CITY, LLC. The motion was heard without oral argument.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 1

# I. BACKGROUND

On December 10, 2024, Plaintiffs filed their Complaint against Defendants, including against the entities Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC. ECF No. 1. The Complaint alleges causes of action of breach of contract, trademark infringement, reverse passing off, common law trademark infringement, and violation of the Washington State Consumer Protection Act against the entity Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC. *Id.* The Complaint also alleges design patent infringement against the entity Defendants Clausen, Inc., and AR-TT LLC. *Id.*

Plaintiffs, since inception and continuing to date, have continuously and consistently advertised, promoted, and sold spring driven tools as HAMMERLESS IMPACT TECHNOLOGY-branded tools. Plaintiffs use the following trademarks on their goods: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos (collectively "Plaintiffs' Marks"). *Id.*

Plaintiff Hammerless Tools is also the owner of U.S. Design Patent No. D981199 (the 'D199 Patent"). The 'D199 Patent was legally issued by the United States Patent and Trademark Office on March 21, 2023.

In June 2024, during the pendency of prior trademark infringement litigation against Defendants, the Parties executed a settlement agreement (the "Agreement") with the intention of preventing further litigation. *Id.* at 4-6. The Agreement included terms for the immediate cessation of use by Defendants of all of Plaintiffs' registered and common law trademarks and destruction of damaged and unsaleable goods. *Id.*

Plaintiffs have shown that despite the Agreement, ongoing litigation, and the Court's orders, Defendants have continued to use Plaintiffs' trademarks, in violation of the Agreement, the Lanham Act, and common law. Even after the issuance of the preliminary injunction, Defendants have continued to infringe on Plaintiffs' trademarks. Likewise, Defendants have continued to manufacture, offer,

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 2

and sell nearly identical tools that infringe on Plaintiffs' 'D199 Design Patent. Despite the preliminary injunction order, Defendants continue to offer and sell nearly identical tools that infringe on Plaintiffs' 'D199 Design Patent. Defendants' ongoing actions with respect to the trademarks and failure to dispose of products are in violation of the Agreement.

On December 11, 2025, the Court entered an order of preliminary injunction against all Defendants. ECF No. 68. On January 5, 2026, the Clerk of Court entered default against the entity Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC. ECF No. 71. The entity Defendants are not minors, incompetent persons, and the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply.

## Motion Standard

Pursuant to Fed. R. Civ. P. 55(b), once default has been entered, the party seeking default judgment may then file a motion for default judgment.

When the claim is for monetary and non-monetary relief, the plaintiff must move the court for default judgment. *Id*. at 55(b)(2). Fed. R. Civ. P. 54(c) states "[a] judgment by default shall not be different in kinds or exceed in amount that prayed for in the [complaint]."

While a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment, *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986), the Court accepts the well-pleaded allegations of the Complaint as established fact, with the exception of the allegations as to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, Plaintiffs are required to provide proof of all damages sought in the complaint. *Id*.

To determine a plaintiff's entitlement to default judgment, the Court considers the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 3

stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1471-72.

## Analysis

**A. Default Judgment**

Plaintiffs have shown they are entitled to default judgment.

First, Plaintiffs will be prejudiced without a default judgment because Defendants have willfully continued their unlawful activities even after this suit was filed and even after the Court entered the order of preliminary injunction to enjoin the same actions Defendants continue to do. Additionally, though Defendants made an initial appearance, the entity Defendants have since failed to defend. Plaintiffs have no other recourse than default judgment to recover its damages and for a permanent injunction. Absent a default judgment, Plaintiffs have no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Plaintiffs and their customers.

Second, as set forth below, Plaintiffs have established liability for each of the asserted claims.

Third, Plaintiff's requested damages are supported by federal trademark and design patent infringement and supported by Defendants' own statements and identifications. Plaintiffs are seeking damages in the amount of $781,944, which are based on Defendant's profits.[1] Defendants' willfulness is evidenced by their continued use of Plaintiffs' Marks and protected design even after a prior action for infringement and subsequent settlement agreement and even after this Court

---

[1] Plaintiffs rely on Defendants' statements that they sold at least 23,7904 tools at the price of $39.999 each ($947,922.96), less the cost of $7 per tool ($165,928), for a total profit of $781,994.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 4

enjoined Defendants from using Plaintiffs' Marks and protected design.

Fourth, the record demonstrates that default was not due to excusable neglect. Plaintiffs properly served Defendants with the Complaint and served Defendants with notice of the entry of default. Defendants have been instructed by the Court that default would be entered as a result of Defendants' failure to appear through counsel.

Finally, although generally a decision on the merits is favored, where Defendants have failed to appear and failed to respond to motions before the Court, a decision on the merits is impractical, if not impossible.

### B. Plaintiff's Claims

Defendants have breached the Settlement Agreement, infringed on Plaintiffs' trademarks, infringed Hammerless Tools' design patent, and have failed to cure their unlawful use. Defendants have shown they are unwilling to comply with Court orders and have continued their unlawful actions even after the entry of the preliminary injunction.

#### 1. Lanham Act and common law claims

Plaintiff has established that Defendants are liable for trademark infringement under the Lanham Act and common law.

To establish trademark infringement under the Lanham Act, plaintiffs must show they have a protectable ownership interest in the mark(s), and that the defendants' use of the mark is likely to cause consumer confusion. *Rearden LLC v. Rearden Com., Inc.,* 683 F.3d 1190, 1202 (9th Cir. 2012).

Here, Plaintiffs own U.S. Reg. No. 7830946 for the mark HAMMERLESS IMPACT TECHNOLOGY. Plaintiffs' registration and ownership of the marks constitutes prima facie evidence of the marks' validity and exclusive right to use the marks in commerce. *See* 15 U.S.C. § 1115(a*); Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007). Plaintiffs also possess common law trademark rights in and to the marks HAMMERLESS IMPACT TECHNOLOGY;

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 5

H.I.T.; HIT TOOL(s), and H.I.T. TOOL(s) by using the marks in commerce in connection with their goods and services since 2021. Defendants' use of the terms HAMMERLESS IMPACT TECHNOLOGY; H.I.T.; HIT TOOL(s), and H.I.T. TOOL(s) are identical in sight, sound, and meaning to Plaintiffs' Marks. Defendants are using Plaintiffs' exact Marks and logos on nearly identical products. Defendants' use of the Plaintiffs' Marks is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the services offered under the marks are affiliated with or come from Plaintiffs, when in fact they are not. *See Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). Further, Defendants' use of Plaintiffs' Marks does more than pose a risk of the likelihood of confusion because Plaintiff has shown there have already been instances of actual confusion as a result of their infringing use and additional harm.

        When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979).

        "Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark," *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015), such as when the defendant's conduct is "deliberate, false, misleading, or fraudulent." *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015). In the default judgment context, allegations of willful conduct are deemed admitted based on the defendant's failure to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

        In this case, the allegations of willfulness are deemed admitted based on Defendants' failure to defend, and are further evidenced by Defendants' continued use of Plaintiffs' Marks even after a prior action for infringement and subsequent

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 6

settlement agreement, after this action was filed, after the motions for preliminary injunction, and even after the Court issued an order of preliminary injunction.

Under Washington law, a plaintiff in a trade name infringement case must establish the defendant has infringed on a distinctive feature of his name in a manner that tends to confuse the two businesses in the public mind. *Seattle Endeavors, Inc. v. Mastro*, 123 Wash.2d 339, 345 (1994). As set forth above, Plaintiffs have established its claims for trademark infringement under the Lanham Act, therefore they have shown public confusion to establish a claim under Washington common law.

### 2. Breach of Contract

In order to succeed on this claim, Plaintiffs must prove there was a contract that imposed a duty, the duty was breached, and the breach proximately caused damage to the claimant. *P.E.L. v. Premera Blue Cross*, 2 Wash.3d 460, 481 (2023). There is no dispute the Parties mutually entered into a valid settlement agreement. The Agreement, among other things, requires Defendants to immediately terminate all use of Plaintiffs' Marks. Defendants are also required by the Agreement to destroy and provide proof of destruction for all damaged and unsaleable goods not purchased back by Plaintiffs. Defendants breached the Agreement by failing to perform their obligation under the contract. Defendants also agreed to destroy and provide proof of destruction for all damaged and unsaleable goods not purchased back by Plaintiffs; Defendants have again failed to comply and have not shared proof of the destruction of any goods.

Plaintiffs have been damaged and are likely to be injured further as a result of Defendants' breaches of the Agreement. Defendants' failure to comply with their duties under the Agreement proximately and actually caused actual confusion among consumers. Plaintiffs will also continue to lose more sales and suffer further damage to their business as a result of Defendants' breaches of the Agreement.

//

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 7

### 3. Washington Consumer Protection Act

Under the Washington Consumer Protection Act (WCPA), a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). With respect to trademarks, Washington courts have adopted the "likelihood of confusion" standard for common law and statutory unfair competition claims. *See Pioneer First Fed. Sav. & Loan Ass'n v. Pioneer Nat. Bank*, 98 Wash.2d 853, 860 n. 1 (1983) (explaining that state and federal trademark laws are complimentary)

Accordingly, since Plaintiffs have established that Defendants' liability for trademark infringement in violation of the Lanham Act and common law, Defendants are also liable for unfair and deceptive trade practices in violation of the WCPA. Plaintiffs have shown there is a likelihood of confusion.

### 4. Design Patent Infringement

For a design patent infringement claim, Plaintiffs must show two elements: "(1) 'the identity of appearance, or sameness of effect as a whole upon the eye of an ordinary purchaser must be such as to deceive him, inducing him to purchase one, supposing it to be the other's and (2) 'the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.'" *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 675 (Fed. Cir. 2008).

Plaintiff Hammerless Tools, LLC owns the entire right, title, and interest in Design Patent No. D981199 for the design of the unique ridges on its "HIT Tools." Defendants have directly infringed on the 'D199 Patent by manufacturing, selling, and offering nearly identical tools for sale. The appearance of the Accused Product is substantially similar, if not identical, to the design claimed in the 'D199 Patent such that an ordinary observer would purchase an Accused Product believing it to

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 8

be Plaintiffs' patented design. Defendants obtained their own manufacturer to help them produce nearly identical tools that infringe on the 'D199 Patent. These tools share the same unique ornamental appearance protected by the 'D199 Patent and are offered for sale, and sold, on Defendants' website. Defendants admitted they only purchased 16,296 tools in total from Plaintiffs.

But Defendants have stated they have sold over 40,000 tools, which is at least 23,704 more than Defendants purchased from Plaintiffs, and Defendants' websites show they are using the same patented design. Defendants also state on their website that the AR-TT tools are "built by American veterans and machinists and not outsourced to overseas factories." Plaintiffs are not veterans and have never purported to be veterans. Defendants' actions not only constitute design patent infringement, but they are also deliberate and willful as alleged in the Complaint, especially in light of the Defendants' continued use of the patented design after this action was filed, after the motions for preliminary injunction, and even after the Court issued an order of preliminary injunction.

### C. Permanent Injunction

35 U.S.C. § 283 and 15 U.S.C. § 1116(a) vest the district court with the power to grant injunctions to prevent the violation of any right of a patent or trademark owner. When deciding whether to grant permanent injunctions, courts are engaging in "an act of equitable discretion" and must apply "traditional equitable principles"embodied in a four-factor test. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Under this test, a plaintiff must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted considering the balance of hardships between the plaintiff and defendant' and (4) the public interest would not be disserved by a permanent injunction. *Id.*; *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Given that the Court has determined Plaintiff met the requirements for a

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 9

preliminary injunction, it is clear Plaintiff has satisfied the elements necessary for a permanent injunction because nothing has changed. As such, Defendants, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them from any use of Plaintiffs' Marks, and from manufacturing, offering, selling, or using images or videos for the offering or sale of any product with the design similar or identical to the design protected by the 'D199 Patent.

### D. Attorneys' Fees and Costs

Plaintiffs seek $42,970.30 in attorneys' fees. Plaintiffs are entitled to attorneys' fees pursuant to the Settlement Agreement, under the Lanham and Patent Acts and the Washington Consumer Protection Act.

Here, Plaintiffs are the prevailing party under their trademark and design patent claims, and this case is exceptional given the strength of Plaintiffs' case and Defendants' willful infringement, even after they were enjoined by the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Default Judgment and Permanent Injunction against Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC, ECF No. 72 is **GRANTED.**

2. Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them are PERMANENTLY ENJOINED from using the following of Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services.

3. Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them are PERMANENTLY ENJOINED from manufacturing, offering, or selling of goods, or using images or videos for the

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 10

offering or sale of any good, with designs identical, or similar, to the design protected by U.S. Design Patent No. D981199; including, but not limited to, Defendants' takedown tools.

4, The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Clausen, Inc.; AR-TT LLC; and Lilac City, LLC, joint and severly, as follows:

## JUDGMENT SUMMARY

1. Judgment Creditors:        Hammerless Tools, LLC; Eight Eighteen, LLC
2. Attorneys for Judgment Creditors: Lee & Hayes, P.C.
3. Judgment Debtors:          Clausen, Inc.; AR-TT LLC; and Lilac City, LLC
4. Attorneys for Judgment Debtor: None
5. Judgment Amount (Principal): $781,994
6. Attorney fees:              $42,485.50
7. Costs:                      $484.80
8, Interest Rate on Judgment in percent per annum: 12 percent per annum.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Plaintiff and counsel.

**DATED** this 13th day of February 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** ~ 11