Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>                    Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS** |

## I.    INTRODUCTION

Defendants have willfully failed to comply with the Court's December 11, 2025 Order Granting Renewed Motion for Preliminary Injunction (ECF No. 68), and the Court's subsequent Order Compelling Compliance with the Court's Order

Granting Renewed Motion for Preliminary Injunction (ECF No. 73). Defendants have failed to comply with the Order enjoining Defendants from using Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services. Defendants have also failed to comply with the order enjoining Defendants from manufacturing, offering, or selling Defendants' goods with identical or similar designs that is protected by U.S. Design Patent No. D981199.

Because Defendant Clausen failed to comply with both of the Court's Orders, Plaintiffs request the court issue an order of contempt, order Defendant Clausen to pay escalated monetary sanctions, issue a bench warrant for the arrest of Defendant Clausen until compliance, and order Defendants must fully comply with the Orders.

## II.    BRIEF FACTUAL BACKGROUND

**A. The Court Order.**

This Court issued the preliminary injunction Order on December 11, 2025, with a copy of the order provided to Defendants at: PO Box 2171 Spokane, WA 99210. ECF No. 68.

The Order enjoins Defendants from using Plaintiffs' trademarks and from manufacturing, offering, or selling Defendants' goods with designs identical or similar to the design protected by an issued design patent. *Id*. In particular, the Order states:

1  [] Defendants are enjoined from using the following of Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services.

[] Defendants are enjoined from manufacturing, offering, or selling of Defendants' goods with designs identical, or similar, to the design protected by U.S. Design Patent No. D981199; including, but not limited to, Defendants' takedown tools.

*Id*. at 3-4. Defendants have failed to comply with the Order.

Following Defendants' failure to comply, Plaintiffs filed a motion to compel [ECF No. 69], which was granted by the Court on January 28, 2026 [ECF No. 73]. In the Court's order granting the motion to compel and for sanctions, the Court noted Defendants' clear failure to comply with the preliminary injunction, ordered Defendants to comply within seven days, pay Plaintiffs' attorney fees, and pay a daily fee of $500 per day until Defendants are in compliance. ECF No. 73.

In addition to the Court sending both of the Orders to Defendants, counsel for Plaintiffs also provided Defendants with a copy of both of the Orders via email, and informing Defendants that they are in violation of the Orders. Declaration of Caleb Hatch ("Hatch Decl.") at ¶¶ 4-9; Exhibit A. Counsel for Plaintiffs also followed up with Defendant Clausen via phone and email on February 17 and 18, 2026, regarding non-compliance; without any substantive response. *Id*. at ¶ 7.

Still, Defendants have failed to comply with the Order; and as shown below have taken no effort to comply with the Orders and have again – since the prior

1  Orders – continued to deliberately and willfully violate the Orders. Default judgment

2  and permanent injunction against the entity Defendants was entered by the Court on

3  February 13, 2026. ECF Nos. 83-84.

4  **B. Defendants Fail to Comply with the Court's Order.**

5  Defendants have been enjoined by the Orders from using the following of

6  Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T.

7  Tools, HIT Tool(s), and related logos, in association with Defendants' goods and

8  services. ECF Nos 68, 73. Despite the clear Orders, Defendants continue to use

9  Plaintiffs' marks in violation of the Orders. Hatch Decl. at ¶¶ 7-9; Exhibit A. Despite

10  the Orders, Defendants have failed to comply.

11  Defendants have also been enjoined by the Orders from manufacturing,

12  offering, or selling of Defendants' goods with designs identical, or similar, to the

13  design protected by U.S. Design Patent No. D981199; including, but not limited to,

14  Defendants' takedown tools. ECF Nos. 68, 73. Defendants have failed to comply

15  with the Order and continue to offer, and sell Defendants' goods with designs

16  identical, or similar, to the design protected by U.S. Design Patent No. D981199. *Id*.

17  at ¶¶ 7-9; Exhibit A. These are only some examples of Defendants' ongoing and new

18  violations of the Court's orders.

19  Defendants have been notified of their failures to comply with the Orders in

20  emails and on the phone. *Id*. at ¶¶ 4-7. Still, Defendants fail to comply with the

Orders, necessitating this Motion.

### III.   ARGUMENT

Plaintiffs seek the following relief from the Court for Defendants' failures to comply wih the Court's Orders and failure to cease use of Plaintiffs' marks and failures to cease manufacturing, offering, or selling, the infringing tools.

The Court has already entered an order against Defendants for their failure to comply, found Defendants in contempt, ordered Defendants to come into compliance within seven days, pay Plaintiffs' attorney fees, and pay $500 per day until compliance is met. ECF No. 73. Defendants have again ignored the Court's order; [Hatch Decl. at ¶¶ 7-9; Exhibit A] demonstrating that the sanctions are insuficient to compel Defendants to comply with the Court's Orders.

Plaintiffs request the Court again hold Defendants in contempt for failure to comply with the Court's Orders and clear willful refusal to comply with the Order, and request escalting sanctions.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Reno Air Racing*

1  *Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

2  "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (internal citation omitted). Compensatory sanctions are intended to compensate the aggrieved party for actual loss resulting from the contemnor's noncompliance. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir. 1987). Coercive civil sanctions are intended to coerce the contemnor to comply with the court's orders in the future. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992).

A daily fine is appropriate to coerce a party to comply with an order. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.") (internal citations and quotations omitted). A court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction. *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

Given Defendants' failures to comply and ongoing violations of the Court's Order –including failure to pay the $500 per day fee – Plaintiffs request that the Court increase the daily fine to $1,000 per day to compel compliance.

"In addition to ordering monetary sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest." *Rob Kolson Creative Productions, Inc. v. Stander*, 2020 U.S. Dist. LEXIS 135972, 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020 (*citing Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985); *see also In re Si Yeon Park, Ltd*., 198 B.R. 959, 969 (Bankr. C.D. Cal. 1996) (recognizing that "[i]n a sufficiently egregious civil contempt proceedings involving a private party, the United States Marshals can arrest the contemnor pursuant to a bench warrant, and incarcerate that indiviudal until compliance is achieved."); *Gersh v. Anglin*, No. CV 17-50-M-DLC-KLD, 2022 U.S. Dist. LEXIS 123624, at *8 (D. Mont. May 11, 2022) (collecting cases). Of course, as a general rule, "the district court 'should apply the least coercive sanctions (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)).

Sadly in this situation, and despite two Court orders, Defendants have clearly shown that the monetary sanctions alone are insufficient to compel compliance. As such, Plaintiffs request the escalated fines and a bench warrant for Defendant Clausen's arrest if he fails to comply within seven days, should be more effective in

obtaining compliance. Defendants cannot meet their burden to show that they have complied with the Order or that their failures to comply are substantially justified.

Plaintiffs have demonstrated by clear and convincing evidence that Defendants have failed to comply with any of the terms of the injunction and the order to compel. As such, Defendants' actions directly violate the terms of <u>both</u> the injunction and the order to compel, which clearly and unambiguously require Defendants to cease specific actions. The sum of the facts demonstrates that Defenadnts are in violation of the Orders and are not proceeding in good faith.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court again hold Defendants in contempt, order Defendants to completely and fully comply with the Order and submit a declaration of all efforts to comply within seven days, and order Defendants to pay Plaintiffs costs and fees in the amount of $600 (Hatch Decl. at ¶10), a daily fee of $1000 until Defendants are in full compliance, and issue a bench warrant for Defendant Clausen's arrest if he fails to comply within seven days.

Respectfully submitted this 24th day of February 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorney for Plaintiffs*

MOTION FOR CONTEMPT - 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendants at:

contact@artakedowntool.com

jonathan@clausen.inc

s/ Caleb Hatch
Caleb Hatch, WSBA #51292