UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS** |

Before the Court is Plaintiffs' Motion for Contempt and for Sanctions, ECF No. _____. The Motion was heard without oral argument. Plaintiffs are represented

[PROPOSED] ORDER - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

by Caleb Hatch and Johanna Tomlinson. Defendant Jonathan Clausen is representing himself. No notice of appearance has been filed for Defendants Clausen, Inc., AR-TT LLC, and LILAC CITY, LLC.

Plaintiffs ask the Court again to sanction Defendants for failure to follow the Court's Order enjoining Defendants from using Plaintiffs' Marks: HAMMERLESS IMPACT TECHNOLOGY, H.I.T., H.I.T. Tools, HIT Tool(s), and related logos, in association with Defendants' goods and services and for failing to comply with the Order enjoining Defendants from manufacturing, offering, or selling Defendants' goods with identical or similar designs that is protected by U.S. Design Patent No. D981199; and violation of the Court's order granting the prior motion to compel compliance [ECF No. 73].

## Background Facts

The Court granted Plaintiffs' Motion for Preliminary Injunction on December 11, 2025. Plaintiffs state a copy of this Order was provided to Defendants by U.S. Postal Service and email. Defendant Clausen called Plaintiffs' counsel on December 29, 2025, and stated Defendants would comply with the Preliminary Injunction by December 30, 2025. Plaintiffs represent that Defendants have made almost no effort to comply with the Court's Order. On January 28, 2026, the Court issued an Order finding Defendants in contempt of the Court's injunction and compelling compliance. Plaintiffs state that order was provided to Defendants via mail and email as well. Counsel for Plaintiffs has also contract Defendants via email and phone

[PROPOSED] ORDER - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

regarding the non-compliance; but Defendants have failed to comply with the Court's Orders.

## Motion Standard

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Liti* 10 F.3d 693, 695 (9th Cir. 1993).

The moving party has the burden of showing by clear and convincing evidence that contemnors violated a specific and definite order of the Court. *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003).

A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt. *Shell Offshore Inc. v. Greenspeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016). "The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *Id.* (citation omitted).

Civil contempt serves two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained. *Id.* (quotation omitted). A per diem fine is appropriate to coerce a party to comply with an order. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("One of the paradigmatic civil contempt sanctions

[PROPOSED] ORDER - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.") (internal citations and quotations omitted). A court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction. *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quotation omitted) (recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

The court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest. *Rob Kolson Creative Productions, Inc. v. Stander*, 2020 U.S. Dist. LEXIS 135972, 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020 (*citing Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985); *see also In re Si Yeon Park, Ltd.*, 198 B.R. 959, 969 (Bankr. C.D. Cal. 1996) (recognizing that "[i]n a sufficiently egregious civil contempt proceedings involving a private party, the United States Marshals can arrest the contemnor pursuant to a bench warrant, and incarcerate that indiviudal until compliance is achieved."). As a general rule, "the district court 'should apply the least coercive sanctions (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)).

### Analysis

Good cause exists to grant Plaintiffs' Motion for Contempt for failure to comply with the Court's Order. Plaintiffs have demonstrated by clear and convincing evidence that Defendants have failed to comply with any of the terms of

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

the injunction and order to compel. As such, Defendants' actions directly violate the terms of the injunction and order to compel, which clearly and unambiguously requires Defendants to cease specific actions. The sum of the facts demonstrates that Defendants are in violation of the Order and are not proceeding in good faith. Further, monetary fines alone are insufficient to compel compliance with the Court's Orders. The Court finds escalated monetary fines and a bench warrant for Jonathan Clausen's arrest if he fails to comply within seven days, will likely be effective to obtain compliance.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court finds that Defendants are in contempt of the Court's December 12, 2025 Order, ECF No. 68, granting Plaintiffs' Motion for Preliminary Injunction; and in contempt of the Court's January 28, 2026 Order compeling Complaince, ECF No. 73.

2. Within seven (7) days from the date of this Order, Defendants are ordered to submit a declaration of all efforts taken to comply with the Court's Order.

3. Defendants shall pay to Plaintiffs costs and fees in the amount of $600 and a daily fee of $1000.00 until Defendants are in full compliance.

4. A bench warrant for Jonathan Clausen's arrest will be issued if he fails to demonstrate full compliance with the Court's Order within seven days of this Order.

**IT IS HEREBY ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Defendants and counsel.

**Dated** this _____ day of _____ 2026.

[PROPOSED] ORDER - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

HONORABLE CHIEF JUDGE BASTIAN
FOR THE FEDERAL COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

[PROPOSED] ORDER - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# CERTIFICATE OF SERVICE

I hereby certify that on February 24th, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I also emailed a copy of the foregoing to the below Defendant:

Jonathan Clausen

Email: jonathan@clausen.inc

    contact@artakedowntool.com

                      s/ Caleb Hatch
                      Caleb Hatch, WSBA #51292

[PROPOSED] ORDER - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979