STEPHEN L. SULZER (*pro hac vice*)
STEPHEN L. SULZER PLLC
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com

ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen,
Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC and EIGHT EIGHTEEN, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN CLAUSEN, CLAUSEN, INC., AR-TT LLC, and LILAC CITY, LLC, <br><br> Defendants. | Case No.: 2:24-CV-00413-SAB <br><br> COMPANY DEFENDANTS' MOTION TO RECONSIDER AND VACATE BASED ON FAILURES OF SERVICE |

# TABLE OF CONTENTS

<u>Pages</u>

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

  I. THE ADVERSE RULINGS AGAINST THE COMPANY
    DEFENDANTS SHOULD BE VACATED BECAUSE PROPER
    SERVICE WAS NOT MADE ON THE COMPANY DEFENDANTS  . .    10

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 2 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# TABLE OF AUTHORITIES

Pages

## Cases

*Bass v. Hoagland,* 172 F.2d 205 (5th Cir. 1949) . . . . . . . . . . . . . . . . . . . . . . . .    11

*Calderon v. IBEW Local 47,* 508 F.3d 883
   (9th Cir. 2007) (*per curiam*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

*Family Dollar Stores, Inc. v. United Fabrics*
   *Int'l, Inc.,* 896 F. Supp. 2d 223 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . .    12

*Griffin v. Griffin*, 327 U.S. 220, 66 S. Ct. 556 (1946) . . . . . . . . . . . . . . . . .    14

*Henry v. Central Freight Lines, Inc.,*
   No. 2:16-cv-00280-DAD-JDP,
   2023 WL 8698373 (E.D. Cal. Dec. 15, 2023). . . . . . . . . . . . . . . . . . .    10

*Ortiz-Moss v. N.Y. City Dept. of Transp.,*
   623 F. Supp. 2d 404 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . .    12

*RFR Indus, Inc. v. Century Steps, Inc.,*
   477 F.3d 1348 (Fed. Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

*Roor Int'l BV v. A1 Smoke Shop Inc.,*
   No. 4:18-CV-3828, 2019 WL 6330543
   (S.D. Tex. Oct. 18, 2019), R.&R. adopted,
   2019 WL 6330483 (S.D.Tex. Nov. 25, 2019) . . . . . . . . . . . . . . . . . .    13

*SEC v. Everest Mgm't Corp.,*
   87 F.R.D. 100 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

*Stanley-Aldrich v. Home Depot USA, Inc.,*
   No. 2:24-cv-02372-CDS-NJK,
   2026 WL 700028 (D. Nev. Mar. 11, 2026) . . . . . . . . . . . . . . . . . . . . .    12

*Thomas v. Anderson,* No. 1:12-cv-1343,
   2020 WL 1042517 (C.D. Ill. Mar. 4, 2020) . . . . . . . . . . . . . . . . . . . . .    12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

**Statutes**

28 U.S.C. § 1654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

**Rules**

Fed. R. Civ. P. 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 11

Fed. R. Civ. P. 5(b)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

Fed. R. Civ. P. 5(b)(2)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Local Civil Rule 5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 13

**Other Authorities**

1 James Wm. Moore et al, Moore's Federal
   Practice – Civil sec. 5.03[3] (2023) . . . . . . . . . . . . . . . . . . . . . . . . .    10, 11

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 4 of 16

## PRELIMINARY STATEMENT

By the instant motion, company Defendants Clausen, Inc., AT-TT LLC, and Lilac City, LLC (hereinafter collectively the "COMPANY DEFENDANTS") move the Court for entry of an Order vacating *nunc pro tunc* at least the following inter-locutory orders adverse to the COMPANY DEFENDANTS:  (1)  Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defen-dants Clausen, Inc., AR-TT LLC, and Lilac City, LLC (ECF No. 83); (2) Judgment in a Civil Action (ECF No. 84); (3) Clerk's Order of Default (ECF No. 71); and (4) Order Granting Motion to Compel Compliance With Court Order and for Sanc-tions (ECF No. 73).  The grounds for this motion, as set forth *infra,* are that (a) the COMPANY DEFENDANTS were legally entitled to have all moving papers served directly upon them pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Civil Rule 5(b); and (b) PLAINTIFFS' counsel failed to serve them properly with the predicate moving papers underlying ECF Nos. 83, 84, 71, and 73.

## PROCEDURAL BACKGROUND

The above-captioned action was brought on December 10, 2024, by Plaintiffs Hammerless Tools, LLC, and Eight Eighteen, LLC (hereinafter collectively "PLAINTIFFS") against the COMPANY DEFENDANTS and individual Defendant Jonathan Clausen ("CLAUSEN") (CLAUSEN hereinafter referred to collectively with the COMPANY DEFENDANTS as the "DEFENDANTS").

COMPANY DEFENDANTS' MOTION TO RECONSIDER AND VACATE BASED ON FAILURES OF SERVICE CASE NO. 2:24-CV-00413-SAB Page 5 of 16

**STEPHEN L. SULZER PLLC** 11710 PLAZA AMERICA DRIVE, SUITE 2000 RESTON, VA 20190 TELEPHONE (703) 871-5000 FAX (202) 558-5101

The DEFENDANTS were initially represented (by Reid G. Johnson, Esq. and Olivia C. Bloom, Esq. of Lukins & Annis, P.S.), but their counsel withdrew effective September 30, 2025. (ECF Nos. 56, 58.) The DEFENDANTS promptly and steadfastly sought to find new counsel with no success until the undersigned counsel appeared in the case effective March 9, 2026. (ECF Nos. 89, 90, 92, 93.) Individual Defendant CLAUSEN attempted to defend himself *pro se* from September 30, 2025 to March 9, 2026. Until the undersigned counsels' appearances on behalf of the COMPANY DEFENDANTS became effective on March 9, 2026, the COMPANY DEFENDANTS were unable to appear and defend themselves at all. 28 U.S.C. § 1654.

On September 23, 2025, while the COMPANY DEFENDANTS were still represented by counsel, PLAINTIFFS renewed their motion for a preliminary in-junction (Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 53), and served it on the COMPANY DEFENDANTS via the CM/ECF System (*see id.* at 12).

In an Order dated December 11, 2025, the Court accepted the representations made by PLAINTIFFS in support of their renewed motion for a preliminary injunction, granted the renewed motion, and preliminarily enjoined DEFENDANTS from using PLAINTIFFS' marks and from selling tools with designs that infringe PLAINTIFFS' U.S. Design Patent No. D981,199. (Order Granting Renewed Motion for Preliminary Injunction dated December 11, 2025, ECF No. 68.)

COMPANY DEFENDANTS' MOTION TO RECONSIDER AND VACATE BASED ON FAILURES OF SERVICE CASE NO. 2:24-CV-00413-SAB Page 6 of 16

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

On December 30, 2025, PLAINTIFFS filed a motion to compel compliance with the Court's December 11, 2025 preliminary injunction and for sanctions. (Plaintiffs' Motion to Compel Compliance With Court Order and for Sanctions, ECF No. 69.)   But PLAINTIFFS did not serve their motion on the COMPANY DEFENDANTS in the manner required by the Federal Rules of Civil Procedure or the Local Rules.  (*See id.* at 10.)

Also on December 30, 2025, PLAINTIFFS filed a motion for entry of a default against the COMPANY DEFENDANTS.  (Plaintiffs' Motion for Entry of Default Against Defendants Clausen, Inc, AR-TT LLC, and Lilac City, LLC, ECF No. 70.)   Again, PLAINTIFFS did not serve the motion on the COMPANY DEFENDANTS in the manner required by the Federal Rules of Civil Procedure or the Local Rules.  (*See id.* at 3.)  The Clerk of Court entered the requested default on January 5, 2026.  (Clerk's Order of Default, ECF No. 71.)

On January 13, 2026, PLAINTIFFS moved for entry of a default judgment, a permanent injunction against the COMPANY DEFENDANTS, and an award of attorneys' fees.  (Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC, ECF No. 72.)   Once again, PLAINTIFFS did not serve the motion on the COMPANY DEFENDANTS in the manner required by the Federal Rules of Civil Procedure or the Local Rules.  (*See id.* at 22.)

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 7 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

On January 28, 2026, the Court entered an Order granting PLAINTIFFS' motion to compel compliance with the Court's December 11, 2025 preliminary injunction. (Order Granting Motion to Compel Compliance With Court Order and for Sanctions, ECF No. 73.) The next day, PLAINTIFFS filed a request for attorneys' fees. (Plaintiffs' Request for Attorney Fees Incurred in Obtaining the Finding of Contempt, ECF No. 74.) Again, PLAINTIFFS did not serve their papers on the COMPANY DEFENDANTS in the manner required by the Rules. (*See id.* at 5.)

On February 13, 2026, the Court entered a default judgment against the COMPANY DEFENDANTS in the amount of $781,944 and awarded $42,845.50 in attorneys' fees and $484.80 in costs. The Court also entered a permanent injunction ordering the COMPANY DEFENDANTS to cease selling infringing tools and using PLAINTIFFS' marks. (Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC, ECF No. 83 at 10-11.) The Clerk entered Judgment against the COMPANY DEFENDANTS that same day. (Judgment in a Civil Action, ECF No. 84.)

On February 24, 2026, PLAINTIFFS filed a motion seeking a finding of contempt and for sanctions against the COMPANY DEFENDANTS. (Plaintiffs' Motion for Contempt and for Sanctions, ECF No. 85.) Yet again, PLAINTIFFS did not serve their motion on the COMPANY DEFENDANTS in the manner required by the Federal Rules of Civil Procedure or the Local Rules. (*See id.* at 9.)

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 8 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

As set forth more fully below, the adverse orders entered against the COMPANY DEFENDANTS (ECF Nos. 83, 84, 71, and 73) cannot stand for a simple, but outcome-determinative reason:  The underlying motions that led to entry of those orders were not properly served on the COMPANY DEENDANTS, who were no longer represented by counsel.  Federal Rule of Civil Procedure 5(b)(2)(C) and Local Civil Rule 5(b) allow, among various methods, a simple method of mailing the moving papers to the COMPANY DEFENDANTS at their last known address. PLAINTIFFS' counsel could easily have done this with the pertinent motions but inexplicably did not do so.

## **ARGUMENT**

This is a case where the want of some postage and properly-addressed envelopes for service is fatal to the Court's rulings against the COMPANY DEFEN-DANTS in ECF Nos. 83, 84, 71, and 73.  *Poor Richard's Almanac, Preface: Courteous Reader,* describes the precept:  "A little neglect may breed great mischief . . . for want of a nail the shoe was lost, for want of a shoe the horse was lost, and for want of a horse the rider was lost."

Here, the adverse rulings made against the COMPANY DEFENDANTS in ECF Nos. 83, 84, 71, and 73 should be vacated, because service of the predicate moving papers that led to those orders did not meet the requirements of the Federal Rules or the Local Rules.  As shown *infra,* PLAINTIFFS' failure to properly serve

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 9 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

those motions obviated any necessity for the COMPANY DEFENDANTS to respond to those motions, even if they were aware of them.[1]  The COMPANY DEFENDANTS therefore move the Court for an Order vacating *nunc pro tunc* (1) the Court's Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants Clausen, Inc., AR-TT LLC, and Lilac City, LLC (ECF No. 83); (2) the Judgment in a Civil Action (ECF No. 84); (3) the Clerk's Order of Default (ECF No. 71); and (4) the Court's Order Granting Motion to Compel Compliance With Court Order and for Sanctions (ECF No. 73).

I.  **THE ADVERSE RULINGS AGAINST THE COMPANY DEFENDANTS SHOULD BE VACATED BECAUSE PROPER SERVICE WAS NOT MADE ON THEM**

The case law makes clear what was required here with respect to service on the COMPANY DEFENDANTS.  As the court observed in *Henry v. Central Freight Lines, Inc.,* No. 2:16-cv-00280-DAD-JDP, 2023 WL 8698373, *2 (E.D. Cal. Dec. 15, 2023), appended as **Exhibit A**, 1 James Wm. Moore et al, Moore's Federal Practice – Civil sec. 5.03[3] (2023) states the operative principle:  "A party who appears and subsequently defaults continues to be entitled to the service of all . . .

---

[1] The same is true with respect to a response to Plaintiffs' Motion for Contempt and for Sanctions, ECF No. 85.  The motion was not properly served on the COMPANY DEFENDANTS, is void, and should be denied.

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

papers under [Federal Rule of Civil Procedure] 5." The withdrawal of counsel does not make service unnecessary, it makes papers "servable on the defendant instead of counsel." *Bass v. Hoagland,* 172 F.2d 205, 209 (5th Cir. 1949). As stated in *SEC v. Everest Mgm't Corp.,* 87 F.R.D. 100, 102 n. 1 (S.D.N.Y. 1980), "[i]f a party is no longer represented by an attorney, . . . service *must* be made on the party himself."

Controlling authority is clear on this. *Calderon v. IBEW Local 47,* 508 F.3d 883, 884 (9th Cir. 2007) (*per curiam*) (holding emailed service without served (*i.e.,* written) consent is insufficient); *see also, e.g., RFR Indus, Inc. v. Century Steps, Inc.,* 477 F.3d 1348, 1352 (Fed. Cir. 2007) (holding fax service without written consent is insufficient and rejecting any exception for good faith mistaken practice).

Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure permits service **on registered users** through the Court's CM/ECF System. In the alternative, Rule 5(b)(2)(E) permits a party to agree to service by other electronic means (such as email) but expressly requires that any consent to receive service of court papers by other electronic means be **"in writing."** Fed. R. Civ. P. 5(b)(2)(E) (emphasis added). None of the COMPANY DEFENDANTS were registered users of the CM/ECF System and, after their counsel withdrew, they did not consent in writing to receiving service by alternate electronic means such as email. (Declaration of Jonathan Clausen re Service of Papers filed herewith at ¶ 5.)

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 11 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Electronic service which was not consented to *in writing* is ***void,*** so that there is no obligation to respond to it, even if it was received and seen. *Stanley-Aldrich v. Home Depot USA, Inc.,* No. 2:24-cv-02372-CDS-NJK, 2026 WL 700028, *2-3 (D. Nev. Mar. 11, 2026) (party served by email without written consent "was under no obligation to respond – even if she did receive and see the [papers] when they were emailed . . . ."), appended as **Exhibit B**. *Accord, e.g., Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.,* 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012); *Thomas v. Anderson,* No. 1:12-cv-1343, 2020 WL 1042517, *2-3 (C.D. Ill. Mar. 4, 2020), appended as **Exhibit C**; *Ortiz-Moss v. N.Y. City Dept. of Transp.,* 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008).

The "CERTIFICATE OF SERVICE" for each of the pertinent moving papers (ECF Nos. 69 (motion to compel compliance and for sanctions), 70 (motion for default), 72 (motion for entry of default judgment), 74 (request for attorneys' fees), and 85 (motion for contempt and sanctions) states:

> I hereby certify that on [date], I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. This was also served via email on Defendants at:
>
> contact@artakedowntool.com
> jonathan@clausen.inc

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 12 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

s/ Caleb Hatch
Caleb Hatch, WSBA #51292

(ECF Nos. 69 at 10, 70 at 3, 72 at 22, 74 at 5, 85 at 9.)

When those moving papers were filed, the COMPANY DEFENDANTS were unrepresented by legal counsel, their prior counsel having been granted leave to withdraw on September 30, 2025.  (ECF No. 58.)  Because none of the COMPANY DEFENDANTS were registered users of the CM/ECF System, any service through the Court's electronic method upon former counsel was no service at all on the COMPANY DEFENDANTS.  Nor have any of the COMPANY DEFENDANTS consented in writing to service by email.  (Clausen Decl. ¶ 5.)  Thus, service by email when the COMPANY DEFENDANTS were without counsel was completely *void.*

In addition to the Federal Rules, Local Civil Rule 5(b) is explicit in requiring *paper* service on the COMPANY DEFENDANTS when they were without counsel:

> Parties who are not filing users [of the Court's Electronic Filing System] **must be served** . . . **with a paper copy** of any pleading, notice, or other document filed electronically.

L.Civ.R. 5(b) (emphasis added).  Courts routinely deny motions for not complying with local civil rules requiring paper service.  *E.g., Roor Int'l BV v. A1 Smoke Shop Inc.,* No. 4:18-CV-3828, 2019 WL 6330543, *4 (S.D.Tex. Oct. 18, 2019), R.&R. adopted, 2019 WL 6330483 (S.D.Tex. Nov. 25, 2019), appended as **Exhibit D**.

At bottom, while it appears from the Certificates of Service that PLAINTIFFS attempted to serve the COMPANY DEFENDANTS via the CM/ECF System and by

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

email, the Certificates of Service do not indicate that any of the COMPANY DEFENDANTS were served in a manner allowed under the Local Civil Rules or the Federal Rules of Civil Procedure.

Due process of law requires voiding a motion where there was no service on a party entitled to service. *Griffin v. Griffin*, 327 U.S. 220, 231, 66 S. Ct. 556 (1946) (want of due process to enforce a judgment without service). As indicated by the certificates on the motion papers underlying ECF Nos. 83, 84, 71, and 73, proper service of those motions was never made on the COMPANY DEFENDANTS. This is reason enough for the Court's rulings on those motions to be vacated.

The COMPANY DEFENDANTS incorporate by reference their Motion to Reconsider and Vacate Because Plaintiffs' Claims Are Devoid of Merit, ECF No. 104. The arguments made at pages 14-15 therein show why the Court is free to vacate its interlocutory rulings adverse to the COMPANY DEFENDANTS.

## CONCLUSION

For the reasons set forth above, the instant motion should be granted and an order entered (1) vacating *nunc pro tunc* the following adverse rulings made when the COMPANY DEFENDANTS were without counsel: ECF Nos. 83, 84, 71, and 73; and (2) granting the COMPANY DEFENDANTS such other relief as the Court deems necessary and proper.

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 14 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Dated:  April 13, 2026               Respectfully submitted,

By:    /s/ *Stephen L. Sulzer*
Stephen L. Sulzer (*pro hac vice*)
**STEPHEN L. SULZER PLLC**
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com


/s/ *Douglas R. Dick*
Douglas R. Dick
ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 15 of 16

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system, including the following:

> Caleb Hatch, WSBA #51292
> Johanna R. Tomlinson, WSBA #57582
> Lee & Hayes, P.C.
> 601 W. Riverside Ave., Suite 1400
> Spokane, WA 99201
> Email: caleb.hatch@leehayes.com
> Email: johanna.tomlinson@leehayes.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Spokane Valley, Washington this 13th day of April 2026.

Julie Sutter

**Julie Sutter,** Legal Assistant

COMPANY DEFENDANTS' MOTION TO RECONSIDER
AND VACATE BASED ON FAILURES OF SERVICE
CASE NO. 2:24-CV-00413-SAB
Page 16 of 16

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# *EXHIBIT A*

2023 WL 8698373
Only the Westlaw citation is currently available.
United States District Court, E.D. California.

Rickey HENRY, et al., Plaintiffs,
v.
CENTRAL FREIGHT LINES, INC.,
Defendant.

Case No.


2:16-cv-00280-DAD-JDP

Signed December 15, 2023

**Attorneys and Law Firms**

Aparajit Bhowmik, Christine T. LeVu, Kyle R. Nordrehaug, Norman Blumenthal, Andrew Gavin Ronan, Ruchira Piya Mukherjee, Victoria Bree Rivapalacio, Blumenthal, Nordrehaug & Bhowmik, La Jolla, CA, Jeffrey S. Herman, Blumenthal Nordrehaug Bhowmik De Blouw LLP, San Diego, CA, for Plaintiff.

Central Freight Lines, Inc., Waco, TX, Pro Se.

**ORDER**

ECF No. 156

DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

JEREMY D. PETERSON, UNITED STATES MAGISTRATE JUDGE

**\*1** In this class action lawsuit brought by truck drivers who worked for defendant Central Freight Lines, Inc., plaintiffs Rickey Henry, Kawaski Corley, Fernando Garcia, Jose de Jesus Moreno, and Michael Waldman allege that defendant committed numerous violations of the California Labor Code by intentionally misclassifying them as independent contractors to withhold wages and other benefits. ECF No. 153. After defense counsel withdrew and defendant failed to obtain replacement counsel, the Clerk of Court entered default. ECF Nos. 132, 143, & 152. Plaintiffs subsequently filed a second amended complaint and then moved for entry of default judgment. ECF Nos. 153 & 156.

Plaintiffs' motion was before the court for hearing on December 1, 2022. Defendant did not appear. I instructed plaintiffs to file further briefing addressing, among other things, whether the second amended complaint had been properly served on defendant. ECF No. 159. Plaintiffs submitted a brief, ECF No. 160, but it fails to establish adequacy of service. I will deny plaintiffs' motion without prejudice.

**Relevant Procedural History**

In October 2015, plaintiff Henry commenced this lawsuit by filing a class action complaint in state court alleging claims of unfair competition and labor code violations. ECF No. 1-5. Defendant removed the case to federal court and later filed an answer to plaintiff's first amended complaint. ECF Nos. 1 & 46.

On January 31, 2022, after years of litigation, defense counsel moved to withdraw as defendant's attorney, arguing that the attorney-client relationship had broken down as defendant was closing its business and was no longer providing counsel with necessary information or paying its legal fees. ECF No. 130; ECF No. 130-1 at 2. In accordance with Local Rule 182(d), counsel identified defendant's general counsel, James Mahoney, as the "primary contact" for defendant, and provided

defendant's current or last known mailing address: 5601 West Waco Drive, Waco, TX 76710.[1] ECF No. 130-2 at 3. Counsel also provided Mr. Mahoney's current or last known email address and phone number. *Id.*

On February 22, 2022, the district judge granted defense counsel's motion and ordered defendant to obtain replacement counsel within forty-five days, noting that defendant, a corporation, was barred from appearing without an attorney.[2] ECF No. 132. Defense counsel sent Mr. Mahoney a copy of the district judge's ruling by email and regular mail. ECF No. 133.

**\*2** After defendant failed to retain substitute counsel within the allotted time, plaintiff Henry moved to strike defendant's answer and enter default. ECF No. 140. The district judge granted the motion, finding that defendant had failed to secure representation and was prohibited from appearing in court, and instructed the clerk's office to enter default. ECF No. 143. On September 9, 2022, the Clerk of Court entered default. ECF No. 152.

On September 13, 2022, plaintiffs filed a second amended complaint, which added Mr. Corley, Mr. Garcia, Mr. Moreno, and Mr. Waldman as named plaintiffs. ECF No. 153. The certificate of service states that the amended pleading was mailed on September 13, 2022, to the following address: Cogency Global Inc., 1325 J Street Ste 1550, Sacramento, CA 95814. *Id.* at 47.

On October 18, 2022, plaintiffs moved for entry of default judgment under Federal Rule of Civil Procedure 55(b), seeking "relief in the form requested in the [second amended complaint], namely entry of judgment for unpaid wages and associated penalties" for each named plaintiff. ECF No. 156-1 at 10; *see also* ECF No. 156 at 4. The certificate of service shows that plaintiffs mailed a copy of the motion to Cogency Global. ECF No. 156-1 at 21. Defendant did not file an opposition and did not appear at the December 1, 2022 hearing on the motion. On January 17, 2023, plaintiffs filed a supplemental brief addressing, among other issues, the adequacy of service of the second amended complaint. ECF No. 160.

**Service of Process**

As a preliminary matter, the court must consider whether plaintiffs properly served the amended pleading on defendant.

Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings filed after the original complaint.

Fed. R. Civ. P. 5(a)(1)(B). Rule 5(b)(2) lists the various ways service can be made, including by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Service is not required, however, if the party to be served "is in default for failing to appear" and the pleading does not assert a new claim for relief against the defaulting party. Fed. R. Civ. P. 5(a)(2). But when the default is for failure to appear and the pleading *does* raise a new claim, service must be made pursuant to Rule 4, which governs service of process when an action is commenced. *Id.*; *see* Fed. R. Civ. P. 4.

Plaintiffs' argument that the second amended complaint was properly served is two-fold. First, plaintiffs assert that they completed service by mailing a copy to defendant's registered agent for service of process, Cogency Global, and by filing the amended pleading via the court's electronic filing system. Second, plaintiffs contend that their attempts at service went well beyond what was required, as under Rule 5(a)(2) they "need not have served the amended pleading on the party in default." *See* ECF No. 160 at 5-6.

The undersigned rejects plaintiffs' contention that Rule 5(a)(2) eliminated the need to effect service of process. As discussed above, the function of Rule 5(a)(2) is to excuse service when a party is in default *for failing to appear*. Here, the district judge found that defendant defaulted not for failing to appear, but for failing to secure new counsel following defense counsel's withdrawal. ECF No. 143. The docket further undermines plaintiffs' position, as defendant not only filed an answer to the first amended complaint and but also actively participated in this litigation by attending mediations, conducting discovery, and moving for summary judgment. *See* ECF Nos. 46 & 72. Accordingly, plaintiffs' assertion that Rule 5(a)(2) applies is inapposite. Having appeared, defendant was entitled to receive service of the amended pleading in accordance with Rule 5(b)(2). *See Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, 2010 WL 3489400, at \*5 (D. Utah Sept. 1, 2010) (noting Rule 5(a)(2)'s service exception not applicable when party appeared before defaulting) (citations omitted); *O'Halloren v. Quarzite Carrara*, 129 F.R.D. 24, 24-25 (D. Mass. 1990) (denying motion to amend complaint for failure to serve because defaulted defendant had appeared and was "entitled to service of pleadings to the same extent as a party not in default"); *see also* 1 James Wm. Moore et al., Moore's Federal Practice—Civil § 5.03 [3] (2023) ("A party who appears and subsequently defaults continues to be entitled to the service of all pleadings and papers under Rule 5. An appearance at any time during the action requires service on that party of all subsequent

pleadings and papers regardless of the defaulting party's absence at any or all later stages of the action.") (footnotes omitted).[3]

**\*3** The court next considers whether plaintiffs' service attempts satisfied Rule 5. Plaintiffs are correct that under Rule 5(b)(2)(C), service of an amended pleading is complete at the time it is mailed to a party's last known address. When plaintiffs mailed the second amended complaint on September 13, 2022, however, they did not use defendant's last known address—in Waco, Texas—which defense counsel provided in the motion seeking leave to withdraw. Instead, the certificate of service states that plaintiffs mailed the amended pleading to Cogency Global at an address in Sacramento. ECF No. 153 at 47.

A review of defendant's business entity profile and related documentation retrieved from the California Secretary of State's website indicates that Cogency Global was no longer defendant's designated agent for service of process in California at the time the second amended complaint was mailed. Defendant's status is listed as "Terminated" with an "Inactive Date" of June 24, 2022.[4] *See* California Secretary of State website, https://bizfileonline.sos.ca.gov/search/business (last visited October 17, 2023). A Certificate of Surrender, signed by a corporate officer for defendant and filed on June 24, 2022, with the California Secretary of State, states that defendant "surrender[ed] its rights and authority to transact intrastate business in the State of California" and "revok[ed] its designation of agent for service of process in California." *See* California Secretary of State Certificate of Surrender, filed June 24, 2022, https://bizfileonline.sos.ca.gov/search/business. The Certificate also states that defendant consented to have the California Secretary of State accept service of process of

any legal documents intended for defendant, and references a P.O. Box address in Waco, Texas, as the mailing address where such documents could be forwarded to defendant. *Id*. The foregoing information reflects that Cogency Global's authorization to accept service for defendant ceased when defendant's business in California terminated on June 24, 2022.

On this record, plaintiffs have failed to demonstrate that defendant was properly served when the second amended complaint was mailed to Cogency Global in September 2022. Neither have plaintiffs shown that they satisfied the service requirement by electronically filing the second amended complaint with the court. The court's notice of electronic filing reflects only that plaintiffs' attorneys were notified by email that the amended pleading was filed. There is no indication that any notification was sent to defendant; indeed, the court's notice instructs that the second amended complaint "must be served conventionally by the filer to: Central Freight Lines, Inc., c/o James Mahoney, General Counsel, 5601 West Waco Drive, Waco, TX 76710." Nothing in the record suggests that plaintiffs followed this directive to effect proper service.

Based on the above, it is hereby ORDERED that plaintiffs' motion for default judgment, ECF No. 156, is denied without prejudice.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2023 WL 8698373

**Footnotes**

1    Under Local Rule 182(d), an attorney must obtain leave of court pursuant to a noticed motion when seeking to withdraw if the client would be left without representation. Additionally, the attorney "shall provide an affidavit stating the current or last known address or addresses of the client." E.D. Cal. L.R. 182(d).

2    "It is a longstanding rule that '[c]corporations and other unincorporated associations must appear in court through an attorney.' " *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation omitted); *see also* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").

3    Rule 5 creates "a dichotomy ... between parties in default for failure to appear and parties in all other type defaults (such as parties who appeared but subsequently defaulted)." 1 James Wm. Moore et al., Moore's Federal Practice—Civil § 5.03 [2] (2023) (footnote omitted). Parties in the former group "are not entitled to be notified of any progress regarding the proceedings concerning them because they have never submitted themselves to the jurisdiction of the court," while parties who appeared

**Henry v. Central Freight Lines, Inc., Not Reported in Fed. Supp. (2023)**

and then defaulted "must be informed of such progress because they have submitted themselves to the court's jurisdiction." *Id.* (footnotes omitted).

4        The court takes judicial notice of defendant's entity profile from the California Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

---

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# *EXHIBIT B*

2026 WL 700028
Only the Westlaw citation is currently available.
United States District Court, D. Nevada.

## Tracie Stanley-Aldrich, Plaintiff
v.
## Home Depot USA, Inc., et al., Defendants

Case No.



2
:
24
-
cv
-
02372
-
CDS
-
NJK
|
Filed 03/11/2026

[ECF Nos. 15, 16]

**Attorneys and Law Firms**

Bradley J. Myers, Brett J. Shwartz, Michael C. Kane, The702Firm Injury Attorneys, Las Vegas, NV, for Plaintiff.

Kevin S. Smith, Steven T. Jaffe, Hall Jaffe & Clayton, Las Vegas, NV, for Defendants.

**Order Denying the Defendant's Motion for Summary Judgment and Denying as Moot the Plaintiff's Motion to Withdraw**

Cristina D. Silva United States District Judge

**\*1** Plaintiff Tracie Stanley-Aldrich brought this tort action against defendant Home Depot USA, Inc., in the Eighth Judicial District Court. *See* Compl., ECF No. 1-1. On August 18, 2024, Home Depot removed this action. *See* Pet. for removal, ECF No. 1. On August 8, 2025, Home Depot moved for summary judgment, arguing that

pursuant to Federal Rule of Civil Procedure (FRCP) 36, Stanley-Aldrich failed to timely respond to their requests for admissions so now she cannot establish a key element for her negligence claim. *See* Mot. for summ. j., ECF No. 15 at 4. Stanley-Aldrich opposes. Resp., ECF No. 16.[1] This motion is fully briefed. Reply, ECF No. 19. For the reasons stated herein, I deny Home Depot's motion for summary judgment.

### I. Background[2]

Stanley-Aldrich alleges that on November 28, 2022, she was an invitee at the defendant's (Home Depot) property, 4750 S. Decatur Blvd., Las Vegas, NV. Compl., ECF No. 1-1 at ¶¶ 7–8. Stanley-Aldrich was walking through the parking lot when she tripped and fell over a parking block that was allegedly out of place. *Id.* at ¶ 8. Stanley-Aldrich alleges that the out of place parking block represented a dangerous condition, and as a result of her trip and fall, she sustained serious injuries. *Id.* at ¶¶ 8–10. The plaintiff brings this negligence, vicarious liability via respondeat superior, and negligent hiring, training, retention and supervision action. *See generally id.*

### II. Legal standard

#### A. Summary judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because the plaintiffs bear the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiffs' case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the

absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250–51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### B. Request for admission

**\*2** A failure to timely respond results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3); *Conlon v. United States*, 474 F.3d 616, 619 (9th Cir. 2007) (holding that a failure to respond to requests for admissions within the time period provided will result in the matters set forth in the request for admissions to be admitted for purposes of summary judgment). As such, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 781 (D. Nev. 2022).

### III. Discussion

Home Depot brings this motion for summary judgment based on deemed admissions of fact under FRCP 36. *See* ECF No. 15. In particular, Home Depot asserts that it served Stanley-Aldrich electronically via email with FRCP 36 requests for admission on March 11, 2015. The requests for admission included the following:

> REQUEST FOR ADMISSION 29: Admit that Home Depot did not have actual notice of the condition which you allege caused your accident.

> REQUEST FOR ADMISSION NO. 30: Admit that Home Depot did not have constructive notice of the condition which you allege caused your accident.

Requests for admission, Def.'s Ex. A, ECF No. 15-1.

At the heart of the Stanley-Aldrich's opposition is that the "parties never discussed stipulating to electronic service

of discovery and no attorney representing Plaintiff ever expressly consented in writing to e-mail service of written discovery." ECF No. 16 at 4. The plaintiff admits that on March 11, 2025, the defendant's counsel sent an email containing the defendant's first set of interrogatories to the plaintiff. *Id.* at 3; Email, Pl.'s Ex. 1, ECF No. 16 at 18. The plaintiff also admits that it received the email but their "office did not respond and evidently failed to calendar a deadline to respond or save the emailed discovery request into the case file." ECF No. 16 at 3. The plaintiff argues that the defendants never mailed them a copy of the discovery request nor did the defendant's counsel follow up regarding the outstanding discovery. *Id.* at 4.

In reply, Home Depot essentially asks this court to narrowly construe FRCP 5(b) to mean electronic service is not effective "if the filer or sender learns that it did not reach the person to be served." ECF No. 19 at 7. Home Depot also argues that because Stanley-Aldrich electronically served discovery via email on March 19, 2025, she also engaged in the same means of service of written discovery as Home Depot. *Id.* at 7. Further, Home Depot asserts that because Stanley-Aldrich's counsel relies on electronic service of written discovery on Home Depot, her complaint about deficient service is specious and should not be given any weight. *Id.*

As a threshold matter, I first address whether the requests for admission were properly served. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 36. Service of such discovery requests are governed by FRCP 5, which does not authorize service by electronic means unless "the person consented in writing." Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(E). The Advisory Committee notes make clear that such consent from the person served "**must be express, and cannot be implied from conduct**." *Bunn v. Dash*, 2021 U.S. Dist. LEXIS 206355, at \*11 (C.D. Cal. July 23, 2021) (emphasis added) (citing Fed. R. Civ. P. 5 advisory committee's notes to 2001 amendment).

**\*3** I note that the parties attempt to use electronic service as a sword and a shield. While both parties have not formally or directly agreed that service of discovery matters may be served by email, the plaintiff's conduct indicates to this court that it has also served the defendant via email with request for discovery. *See* March 19, 2025 email, Def.'s Ex. A, ECF No. 19-1 at 2.

In relevant part, FRCP 5(b) provides that when serving a party:

**Tracie Stanley-Aldrich, Plaintiff v. Home Depot USA, Inc., et al.,..., Slip Copy (2026)**

---

**(E)** sending it to a registered user by filing it with the court's electronic-filing system or sending it **by other electronic means that the person consented to in writing**—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served

Fed. R. Civ. P. 5(b)(E) (emphasis added). Here, neither party has represented to the court that there was written consent to receive discovery requests through electronic means. Rather, both parties are at fault for the posture of the requests for admission. Home Depot relies on the very last portion of FRCP 5(b)(E), stating that electronic means of service "is not effective if the filer or sender learns that it did not reach the person to be served." ECF No. 19 at 7. In doing so, it completely ignores the part of FRCP 5(b)(E) requiring consent. While Home Depot argues that Stanley-Aldrich has also engaged in similar means for effectuating service of discovery requests, the court cannot imply consent from conduct. *See Bunn* 2021 U.S. Dist. LEXIS 206355, at *11.

The court cautions both parties. The current posture of the requests for admission in this case demonstrates how gamesmanship is ineffective and that litigation works more effectively when parties communicate. I find that there was no explicit agreement to electronic service for discovery, so, the requests were not "deemed admitted" by operation of law under FRCP 36(a) because they were not properly served. Thus, there is no need to grant plaintiff's motion to withdraw their admission, so it is denied as moot. As noted above, Home Depot served Stanley-Aldrich with requests for admission on March 11, 2025, but FRCP 36(b)(2)(E) authorizes service by "electronic means if the person consented in writing."

Moreover, because Home Depot only served the requests via email,[3] Stanley-Aldrich was under no obligation to respond—even if she did receive and see the requests when they were emailed (ECF No. 16 at 3). *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012) (party's service of requests for admissions via e-mail was void, and, thus, opposing parties were not required to respond to the requests, and their failure to do so, did not amount to admissions, where opposing parties did not consent in writing to accept service by electronic means). As such, Stanley-Aldrich's motion is effectively moot because there are no "deemed admissions" to withdraw or from which to relieve her.

Because the basis for moving for summary judgment relied solely on the "automatic admission" from the requests for the admission, and because I find that there were no admissions, I deny Home Depot's motion.

**IV. Conclusion**

IT IS HEREBY ORDERED that the defendant's motion for summary judgment **[ECF No. 15] is DENIED.**

**\*4** IT IS FURTHER ORDERED that the plaintiff's motion to withdraw **[ECF No. 16] is DENIED as moot.**

**All Citations**

Slip Copy, 2026 WL 700028

Footnotes

1    Stanley-Aldrich improperly filed a motion with its response. The plaintiff is cautioned that such filing is in violation of Local Rule IC 2-2(b) that requires for each type of relief sought to be filed as a separate motion. However, because relief to withdraw admissions is intertwined with the plaintiff's argument, I briefly address the motion below.

2    Unless otherwise noted, the court only cites to Stanley-Aldrich's original complaint (ECF No. 1-1) to provide context to this action, not to indicate a finding of fact.

3    Home Depot has not made any representations to this court that it thereafter served Stanley-Aldrich through any other means regarding the requests for admission.

**Tracie Stanley-Aldrich, Plaintiff v. Home Depot USA, Inc., et al.,..., Slip Copy (2026)**

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

*EXHIBIT C*

Thomas v. Anderson, Not Reported in Fed. Supp. (2020)



KeyCite Yellow Flag

Distinguished by Estate of Daniels v. City of Indianapolis, S.D.Ind., December 17, 2021

2020 WL 1042517
Only the Westlaw citation is currently available.
United States District Court, C.D. Illinois,
Peoria Division.

Michael **THOMAS**, Plaintiff,
v.
Raymond ANDERSON, et al.,
Defendants.

Case No.
1
:
12
-
cv
-
1343
|
Signed 03/04/2020

**Attorneys and Law Firms**

Paul Benjamin Rietema, Barry Levenstam, Leah Kathryn Casto, Sarah Allison Youngblood, Skyler J. Silvertrust, Jenner & Block LLP, Chicago, IL, for Plaintiff.

Benjamin CR Lockyer, Colleen M. Shannon, Illinois Attorney General, Chicago, IL, Adam J. Poe, Robert L. Fanning, Office of the Illinois Attorney General, Springfield, IL, Timothy Sullivan, Office of the Illinois Attorney General, Urbana, IL, for Defendants.

## ORDER & OPINION

JOE BILLY McDADE, United States Senior District Judge

**\*1** This matter is before the Court on Defendants' Motion *in limine* #1 and #2 (Doc. 182). In Motion *in limine* #1,

Defendants seek to bar Plaintiff using or relying upon any purported admissions arising from the requests to admit which Plaintiff allegedly failed to properly serve. In Motion *in limine* #2, Defendants seek to bar any evidence or testimony about claims which have previously been decided by the Court and jury and which are beyond the scope of the Seventh Circuit's remand.

The Court held a hearing on February 19, 2020. (Docket entry dated 2/19/2020). Thereafter, Plaintiff filed a Memorandum in Opposition. (Doc. 186). The matter is therefore ripe for review. For the reasons stated herein, the Court grants Defendants' Motions *in limine* #1 and #2. As the Court finds that Plaintiff is precluded from offering evidence regarding the alleged admissions, the Court also denies Plaintiff's subsequently filed Motion in limine # 7 (Doc. 193), seeking to bar any evidence contrary to the alleged admissions.

## Background

Following remand from the Seventh Circuit, the parties engaged in discovery. According to Plaintiff, on June 14, 2019, at 3:58 p.m., one of Plaintiff's attorneys, Attorney Sarah Youngblood, sent an e-mail to Defendants' then-counsel, Attorney Timothy Sullivan. (Doc. 186-2 at 2). Plaintiff's other lawyers, Attorneys Paul Rietema and Skyler Silvertrust, were copied on the e-mail. (Doc. 186-2 at 2). Attached were a set of requests for admission, interrogatories, and notices of deposition as well as revised discovery requests. (Doc. 186-2 at 2). Attorney Youngblood mentioned the e-mail to Attorney Sullivan on at least one occasion thereafter. (Doc. 186-3 at 2).

Defendants state they have no record of Attorney Sullivan' receipt of the e-mail. (Doc. 182 at 2). No statements or evidence evincing Attorney Sullivan's recollection of receiving or not receiving the e-mail have been provided to the Court.[1] Plaintiff notes the other discovery requests in the June 14 e-mail were responded to. (Doc. 186 at 3–4). The Court observes, however, that at least some of the discovery requests were provided again in other e-mails and in a different document format (.pdf rather than .zip). (Doc. 186-3 at 2). Attorneys Rietema and Silvertrust, however, received the copied e-mails. (Doc. 186 at 3 n.1).

Following the hearing on the motion at bar, the parties appear to have engaged in an attempt to discover what happened to the e-mail. On February 21, 2020, Attorney Remy Taborga, on behalf of the attorneys of record,

requested Attorneys Rietema, Silvertrust, and Youngblood forward him the June 14 e-mail. (Doc. 186-17 at 4). Attorney Rietema did so. (Doc. 186-16 at 2). Attorney Taborga renewed the request on February 24, apparently not having received a response; Attorney Rietema responded that he had, in fact, forwarded the June 14 e-mail on February 21. (Doc. 186-17 at 3–4). Attorney Taborga stated he discovered the e-mail had been sent to the spam folder, an apparent internal quarantine which occurred due to the attachments being .zip files; he speculated this was the fate of the original June 14 e-mail. (Doc. 186-17 at 2–3).

**Legal Standard**

**\*2** "Trial courts issue rulings on motions *in limine* to guide the parties on what evidence [the court] will admit later in trial. As a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chi.*, 733 F.3d 248, 252 (7th Cir. 2013) (italicization added). The moving party "has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009).

**Discussion**

Defendants argue there are three reasons the Court should not allow any use of the requests for admission in the June 14 e-mail: (1) Defendants did not consent in writing to accept electronic service, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E); (2) service was not effectuated; and (3) in the alternative, Defendants ask the Court to exercise its discretion and bar the use of the requests for admission even if they were properly served. (Doc. 182 at 2–3). Because the Court finds service was improper due to a lack of consent to electronic service, there is no need to address the other issues.

Federal Rule of Civil Procedure 5(B)(2)(E) permits a document to be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Service by electronic means "is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(B)(2)(E). Failure to properly serve a request for admission prevents the failure to respond from being deemed an admission. *Cox v. Sherman Capital*, No. 12-cv-1654, 2013 WL 2432148, at

\*1–2 (S.D. Ind. June 4, 2013); *see also* Fed. R. Civ. P. 36(a)(3).

Electronic service was first added to Rule 5 in 2001. The Advisory Committee noted it authorized service by electronic means, "but only if consent is obtained from the person served." Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment. "Consent is required ... because it is not yet possible to assume universal entry into the world of electronic communication." *Id.* The Advisory Committee encouraged parties "to specify the scope and duration of the consent. The specification should include at least the persons to whom service should be made, the appropriate address or location for such service—such as the e-mail address or facsimile machine number, and the format to be used for attachments." *Id.* In 2018, the Advisory Committee noted the consent-in-writing requirement was originally intended "as a safeguard"; while concerns regarding electronic communication had "substantially diminished" they had "not disappeared entirely." Fed. R. Civ. P. 5(b) advisory committee's notes to 2018 amendment.

No party has argued, nor has any evidence shown, express consent in writing by Defendants to receive service by e-mail. Plaintiff, however, argues Defendants (1) waived the objection to e-mail service by not timely raising the issue; (2) waived the objection to e-mail service by serving their discovery by e-mail; and/or (3) registration for this Court's CM/ECF system constituted consent to receive electronic service. (Doc. 186 at 2).

**I. Waiver Due to Failure to Timely Object**

The e-mail in question was sent on June 14, 2019, although Defendants maintain they were unaware of the e-mail until shortly before filing the instant motion on February 11, 2020. (Doc. 182 at 1). But where service is void, no response is necessary. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012). Therefore, Defendants did not fail to timely object because they had no duty to object.

**II. Waiver by Use of Electronic Service**

**\*3** In support of his argument that Defendants' use of e-mail waives objection to his own, Plaintiff cites two cases, *Tubar v. Clift*, No. C05-1154, 2007 WL 214260

(W.D. Wash. Jan. 25, 2007) and *Greenly v. Lee*, No. CIV S-06-1775, 2008 WL 298822 (E.D. Cal. Feb. 1, 2008). (Doc. 186 at 8–9). In *Tubar*, the court found the requirements of Rule 5(b) were not met and further e-mail service would not be proper absent a change because the party served had not consented in writing. 2007 WL 214260, at *6. Nevertheless, it found "that Defendants themselves have electronically served documents on Plaintiff in the past. Defendants' objection to the same method they have used when later employed by Plaintiff [was] disingenuous." *Id. Greenly* is less relevant; there the Eastern District of California was interpreting its own local rule and found one party's reliance on that rule in its own service practices undermined its argument that the rule was limited. 2008 WL 298822, at *1.

The Court cannot agree with *Tubar*'s reasoning as applied to this case. The Advisory Committee's notes leave no doubt that express consent is required under Rule 5(b)(2)(E) and it "cannot be implied from conduct." Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment; *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1147 (4th ed. 2015) ("[C]onsent cannot be inferred from the conduct of the intended recipient"). Construing Defendants' conduct as a waiver of objection would undermine the express consent requirement. *See Whitt v. Stephens Cty.*, No. 1:06-CV-022-C, 2007 WL 9754677, at *1 (N.D. Tex. Apr. 27, 2007). Additionally, Fed. R. Civ. P. 5(b)(2)(E) does not require service by electronic means be reciprocal; the mere fact one party serves the other electronically cannot be sufficient to show consent to electronic service. *See* Rule 5(b)(2)(E) (stating electronic service is allowed "by other electronic means that *the person* consented to in writing." (emphasis added)); Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment ("[C]onsent must be obtained from the persons served."). Therefore, Defendants did not waive their objection by themselves serving discovery electronically.

### III. Consent Through the Local Rules

This District's Local Rules provide: "Registration in the Court's Electronic Case Filing System constitutes a consent to electronic service and notice of all filed documents pursuant to Fed. R. Civ. P. 5(b)(2)(E)." CDIL-LR 5.3(A). Plaintiff argues that because Defendants' then-attorney was registered in the Court's ECF system, he consented to received discovery documents electronically. (Doc. 186 at 9). In support, he cites numerous cases. (Doc. 186 at 8–9).

However, the express language of the Local Rule allows only a consent to electronic service of "filed documents." CDIL-LR 5.3(A). It would therefore appear on the face of the Local Rule, the consent does not extend to service of documents not filed in the ECF system. *See Cannon v. Austal USA LLC*, No. 15-cv-2582, 2017 WL 1365699, at *3 (S.D. Cal. Apr. 14, 2017) ("Here, there is no NEF constituting service of the discovery at issue because discovery is not intended to be filed on the CM/ECF system.").

Plaintiff's citations do not convince the Court otherwise. Almost all of the cases invoked involve waivers with far broader language than is present in this Court's local rules. *See Baldwin v. United States*, 823 F. Supp. 2d 1087, 1109 (D. N. Mar. I. 2011) ("The User Agreement [for the D. N. Mar. I. ECF system], which [the attorney] signed, states 'I agree to receive electronic service of documents, by e-mail to the address(es) shown above.' "); *Barr v. Harvard Drug Grp., LLC*, No. 13-cv-62019, 2014 WL 2612072, at *3 (S.D. Fla. June 11, 2014) ("Registration as a Filing User constitutes: (1) consent to receive notice electronically" (quoting the registration agreement)) *rev'd on other grounds*, 591 F. App'x 928 (11th Cir. 2015); *Greenly*, 2008 WL 298822, at * 1 n.1 ("Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes ... consent to receive service electronically and waiver of the right to receive service by first class mail" (emphasis removed) (quoting E.D. Cal. L.R. 5-135(g))). Only in *Whitt* is the language comparable; there, without analysis, the court found a request for production was properly electronically served where the local rule addressed only filings generated by the ECF. 2007 WL 9754677, at *1–2. The lack of analysis on this point in *Whitt* results in the Court finding it unpersuasive in interpreting this Court's rules. Rather, the Court would interpret Local Rule 5.3(A) to mean what it says: attorneys who register for the ECF system consent to receive documents filed in that system. But discovery requests are not filed in the ECF system. Therefore, the consent under Local Rule 5.3(A) does not cover the requests for admission.

### Conclusion

**\*4** 1. Defendants' Motion *in limine* #1 (Doc. 182) is GRANTED. Plaintiff is precluded from offering evidence regarding the requests to admit improperly served.

2. Defendants' Motion *in limine* #2 (Doc. 182) is GRANTED. The parties may not offer any evidence or

testimony about claims previously decided by the Court and the jury and beyond the scope of the Seventh Circuit's remand.

3. Plaintiff's Motion *in limine* #7 (Doc. 193) is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 1042517

Footnotes

1    Attorney Sullivan left the Illinois Attorney General's Office on or before October 25, 2019, and withdrew from this case. (Doc. 177).

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# *EXHIBIT D*

2019 WL 6330543
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

ROOR INTERNATIONAL BV, Sream, Inc., Plaintiffs,
v.
A1 SMOKE SHOP INC., Sajid Wali, Defendants.

Case No. 4:18-CV-3828
|
Signed 10/18/2019

**Attorneys and Law Firms**

Andrew Karl Jacoby, Scott Vicknair et al, New Orleans, LA, for Plaintiffs.

**REPORT AND RECOMMENDATION**

Dena Hanovice Palermo, United States Magistrate Judge

*1 Pending before the Court is Plaintiffs' RooR International BV ("RooR International") and Sream, Inc. ("Sream") (collectively, "Plaintiffs") motion for default judgment against Defendant A1 Smoke Shop Inc. ("A1"). *See* Motion for Default Judgment, ECF No. 10 ("Mot. for Default J.").[1] Based on a review of the record, motion, supporting affidavits, and relevant law, the Court recommends the motion for default judgment be denied without prejudice for improper service of the summons, complaint, and motion for default judgment.

**I. PROCEDURAL HISTORY**
Plaintiffs filed this action against A1 and Sajid Wali ("Wali") (collectively, "Defendants") on October 16, 2018, alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq. See* Complaint, ECF No. 1 ("Compl."). A1 failed to appear or otherwise respond to the complaint. On March 6, 2019, Plaintiffs moved for entry of default, which the Clerk of Court granted. *See* Motion for Entry of Clerk's Default, ECF No. 8; Entry of Default, ECF No. 9.[2] On March 25, 2019, Plaintiffs filed a motion for default judgment against A1.

In support of the motion for default judgment, Plaintiffs filed two affidavits purporting to have served A1 with the summons and complaint, through an authorized agent known as "Bobby," at its principal place of business located at 2034 Sam Houston Avenue, Huntsville, Texas 77340. *See* Affidavit of Service, ECF No. 6 ("Service Aff. 1"); Affidavit of Service, ECF No. 7 ("Service Aff. 2"). The process server named Kasey Moreland ("Moreland") signed and notarized both affidavits; one affidavit purported to have served "Bobby" on December 5, 2018, and the other purported to have served "Bobby" on December 12, 2018. *See* Service Aff. 1; Service Aff. 2.

Plaintiffs also submitted an affidavit from their attorney that was not entirely consistent with the service affidavits. *See* Affidavit of Attorney, attached as Ex. 1 to Mot. for Default J., ECF No. 10 ("Att'y Aff."). The attorney's affidavit stated that the December 5 service was effectuated on "Bobby" and the December 12 service was effectuated on Moreland as an employee of A1. *See id.* ¶ 3.

Plaintiffs also certified that they mailed A1 a copy of the motion for default judgment in compliance with Local Rule 5.5. Certificate of Compliance, ECF No. 12 ("Local Rule 5.5 Cert.").

Based on this proof, Plaintiffs seek entry of a default judgment against A1.

**II. THE MOTION FOR DEFAULT JUDGMENT MUST BE DENIED DUE TO DEFECTIVE SERVICE OF THE COMPLAINT**
Rule 55 allows a party to move for default judgment after the Clerk of Court has entered default. Fed. R. Civ. P. 55(b)(2); *see N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Entry of default does not, however, automatically entitle a plaintiff to a default judgment. *Hanover Ins. Co. v. Firth Const. Co.*, No. 13-CV-2573, 2014 WL 4660744, at *2 (W.D. La. Sept. 14, 2014). Default judgments are disfavored and left to a court's discretion. *Boost Worldwide, Inc. v. Cobos*, No.

12-CV-342, 2012 WL 12881968, at *2 (W.D. Tex. Dec. 21, 2012). "[A]ny doubt as to whether a default judgment should be entered must be resolved in favor of the defaulting party." *Id.*

**\*2** It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated. *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl., LLC*, No. 12-CV-1231, 2014 WL 3420480, at *6 (W.D. Tex. July 10, 2014); *accord Douglas v. Pilgrim Senior Citizens Hous. Dev. Corp.*, No. 11-CV-3637, 2012 WL 3277083, at *1 (S.D. Tex. Aug. 9, 2012) (absent proper service of process, any default judgment is void.). A plaintiff bears the burden of demonstrating proper service of a complaint and summons. *Pate v. Zientz*, No. 09-CV-643, 2010 WL 3767573, at *1 n.2 (E.D. Tex. Aug. 27, 2010) (recommending denial of default judgment) ("Plaintiffs have failed to satisfy their burden to show that the Defendant was served by a proper person using a proper method and, therefore, service on the Defendant was not properly effected."), *report and recommendation adopted*, 2010 WL 3767567 (Sept. 21, 2010); *cf. Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see* Fed. R. Civ. P. 4(c)(1).

**A. The Federal Rules Provide Several Means for Service of Process, None of Which Were Followed**

Under the Federal Rules of Civil Procedure, a corporation can be served in two ways: (1) by delivery "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service under state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

**i. Plaintiffs have not complied with Rule 4(h)(1)(B)**

Plaintiffs were required to establish that service was made on an officer, manager, or authorized agent. *See* Fed. R. Civ. P. 4(h)(1)(B). Although the affidavits of service state that Moreland served an authorized agent, Plaintiffs have failed to meet their burden. *See* Service Aff. 1; Service Aff. 2.

While "[t]he general rule is that a signed return of service constitutes prima facie evidence of valid service," *People's United Equip. Fin. Corp. v. Hartmann*, 447 F.

App'x 522, 524 (5th Cir. 2011) (quotations and alterations omitted), a court "need not assume service was proper, even on a motion for default judgment, if the affidavits are inconsistent or unreliable." *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019). Plaintiffs' evidence fails because the affidavits are inconsistent and unreliable.

The service affidavits not only conflict with each other, but also with Plaintiffs' attorney's affidavit. One service affidavit states that service occurred on "Bobby" at 5:30 P.M. on December 5, 2018, while the other states that service occurred on "Bobby" at 5:30 P.M. on December 12, 2018. *See* Service Aff. 1; Service Aff. 2. Without any further explanation of why service was necessary the second time, service twice on the same person at the exact same time, but on two different dates, seems odd and unlikely. Moreover, contrary to the express statements in the service affidavits, Plaintiffs' attorney's affidavit states that service occurred once on "Bobby" and once on Moreland. *See* Att'y Aff. ¶ 3. While service on two different people seems to make more sense, the attorney's affidavit is unreliable because Moreland was the process server. *See* Service Aff. 1; Service Aff. 2.

Even more significantly, Plaintiffs have failed to establish that the recipient of service was authorized to receive it. Plaintiffs identify "Bobby" as an employee authorized to accept service without any explanation whether he is an officer, manager, general agent, or person otherwise authorized by law to accept service. *See* Att'y Aff. ¶ 3. A person identified only by his first name without more is not sufficient under Rule 4. *See Douglas*, 2012 WL 3277083, at *2 (identifying a managing or general agent as a person "vested with general powers involving the exercise of independent judgment and discretion" of the corporation, meaning a person "responsible for any substantial aspect of the corporation's operations") (quotations omitted). The Fifth Circuit interprets Rule 4(h)(1)(B) strictly, requiring that any agent of the corporation must in fact be authorized to accept service on its behalf. *See Fyfee v. Bumbo Ltd.*, No. 09-CV-301, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) ("[D]elivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service.") (quotations omitted); *see also Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (same).

**\*3** The Secretary of State's website does not reveal that "Bobby" is A1's registered agent. *See* Tex. Sec'y of State, Bus. Servs., *SOS Direct*, https://www.sos.texas.gov/corp/sosda/index.shtml (last

visited Oct. 15, 2019) (hereinafter "*SOS Direct*"). Instead, Defendant Wali, who was apparently never **served** in this action, is the only registered agent of A1. *See id.* Plaintiffs have failed to provide proof that Bobby was in fact authorized to receive service on A1's behalf. *See U.S. Enercorp, Ltd.*, 2014 WL 3420480, at *6 ("Sylvia Suttles was **not** authorized to accept service of process on behalf of the Dedmon Entities because she is **not** a registered agent or officer of the entities.... [E]ven if Sylvia Suttles represented herself as authorized to accept service, the Court must find that proper service could **not** be achieve[d] through her because she was **not** actually authorized to accept service.").

Thus, Plaintiffs have **not** demonstrated proper service under Rule 4(h)(1)(B). *See Yu-Ping Oyoung v. SNC-Lavalin Prod. & Processing Sols.*, No. 15-CV-3725, 2018 WL 4838598, at *3 (S.D. Tex. Sept. 14, 2018) ("[N]either a default nor a default judgment is available to Oyoung because Plaintiff failed to properly **serve** the possible Defendant as per the rules of Federal Civil Procedure."), *report and recommendation adopted*, 2018 WL 4827273 (Oct. 4, 2018).

### ii. Plaintiffs have *not* complied with Texas law

Plaintiffs could have **served** A1 according to Texas law. *See* Fed. R. Civ. P. 4(h)(1)(A) & (e)(1). "Under Texas law, a corporation may be **served** through the corporation's registered agent, president, or vice president." *Henderson v. Republic of Texas*, 672 F. App'x 383, 385 (5th Cir. 2016) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255(1)).[3]

Plaintiffs do **not** claim "Bobby" is president or vice president of A1, nor is "Bobby" A1's registered agent. *See SOS Direct*; Att'y Aff. ¶ 3. Plaintiffs thus did **not** **serve** A1 using Texas law. *See, e.g., Loyola de Rios v. Bank of Am., N.A.*, No. 11-CV-537, 2011 WL 13324293, at *1 (W.D. Tex. Sept. 2, 2011) (denying motion for default judgment for improper service under Texas law) ("[T]he position of Nelson Hernandez within Bank of America is unknown. To accept process, a corporation acts through its authorized employees or its authorized agents. There is no evidence that Hernandez is authorized to accept service on behalf of Bank of America. Therefore, the Court finds that service on defendant ... is defective.") (citation omitted).

Service was therefore improper under Rule 4 and Texas law. *See, e.g., Lawson v. GEICO*, No. 15-CV-481, 2015 WL 6161247, at *2 (W.D. Tex. Oct. 19, 2015) ("[T]he

record shows that Summons were issued to Ms. Moore, who **serves** as Defendant's outside counsel. Ms. Moore is **not** Defendant's registered agent, president, or vice president under Texas law, nor is she 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' on behalf of Defendant under Rule 4(h)(1)(B). Plaintiff has thus failed to properly **serve** Defendant under Rule 4.").

***4** Because Plaintiffs have failed to establish proper service on A1, Plaintiffs' motion for default judgment should be denied. *See, e.g., Diamond **Servs**. Corp. v. Oceanografia SA de CV*, No. 10-CV-177, 2013 WL 312368, at *7 (W.D. La. Jan. 24, 2013) ("[P]laintiff has **not** carried his burden to establish DON–Dive was properly **served**, and a default judgment under such circumstances would **not** be proper."); *Pate*, 2010 WL 3767573, at *1 ("[B]ecause it appears that Ameriquest has **not** been properly **served**, Plaintiffs are **not** entitled to default judgment.").

## III. THE MOTION FOR DEFAULT JUDGMENT MUST BE DENIED DUE TO DEFECTIVE SERVICE OF THE MOTION

Even if Plaintiffs had properly **served** A1 with the summons and complaint, they have **not** adequately demonstrated **compliance** with the **local rules** for service of their motion for default judgment.

**Local Rule** 5.5 for the Southern District of Texas requires a plaintiff moving for default judgment to **serve** a copy of the motion on the defaulting party by certified mail, with return receipt requested. Loc. Civ. R. 5.5. Failure to comply with **Local Rule** 5.5 warrants **denial** of a **motion** for default judgment. *See, e.g., United Van Lines, LLC v. Lerner*, No. 17-CV-1442, 2018 WL 1166312, at *2 (S.D. Tex. Mar. 5, 2018) ("Without **compliance** with **Local Rule** 5.5, the Court will **not** grant default judgment."); *Herzberg v. Office Furniture Innovations L.L.C.*, No. 08-CV-508, 2008 WL 4551393, at *1 (S.D. Tex. Oct. 9, 2008) ("Pursuant to **Local Rule** 5.5, motions for default judgment must be **served** on the defendant by certified mail, return receipt requested. To date, Herzberg has **not** demonstrated service in **compliance** with **Local Rule** 5.5; therefore, Herzberg's requests for entry of default and motions for default judgment are denied.") (citation omitted).

Here, although Plaintiffs filed a certificate of **compliance** with **Local Rule** 5.5, the certificate is inadequate to prove

service of the motion on A1. First, Plaintiffs certificate fails to state the address to which the motion was mailed. *See* Local Rule 5.5 Cert., ECF No. 12. Second, Plaintiffs failed to attach a copy of the signed return receipt and instead attached a copy of the returned envelope, addressed to Wali at a Louetta Road address with a zip code of 77379-8163. *See* Envelope, attached to Local Rule 5.5 Cert., ECF No. 12. Although the Secretary of State's website shows that Wali is A1's registered agent at 5015 Louetta Road, Spring, Texas 77379, Plaintiffs' evidence does not show that the motion was mailed to *5015* Louetta Road because the return-to-sender sticker covers the number. *See id.* Third, the Secretary of State's website lists Apartment 521 and zip code 77379-8186. *SOS Direct.* Plaintiffs failed to include an apartment number and used a different zip code, 77379-8163. *See* Envelope, ECF No. 12. Finally, the mailing was returned as undeliverable and marked with "RETURN TO SENDER," "VACANT," and "UNABLE TO FORWARD." Local Rule 5.5 Cert., ECF No. 12, ¶ 2.

Given that the Plaintiffs failed to adequately address the envelope to the building number, apartment number, and zip code reflected on the Secretary of State's website, and the envelope was returned as undeliverable, Plaintiffs have failed to prove that they properly served the motion

for default judgment under Local Rule 5.5. Therefore, the Court recommends the motion be denied.[4]

### IV. CONCLUSION

*5 The Court recommends that the Entry of Default be **VACATED** and Plaintiffs' motion for default judgment be **DENIED WITHOUT PREJUDICE.**

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

### All Citations

Not Reported in Fed. Supp., 2019 WL 6330543

Footnotes

1    The District Judge to whom this case is assigned referred the motion for default judgment to this Court for Report and Recommendation. *See* Order of Referral, ECF No. 11; *see also* 28 U.S.C. § 636(b)(1)(B).

2    Plaintiffs allege that Wali "owned, managed, and/or operated A1." Compl. ¶ 8. The record does not reflect, however, that Plaintiffs served Wali with the summons and complaint.

3    A corporation " 'is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent.' " *Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. 17-CV-333, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018) (quoting *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013)); *see* Tex. R. Civ. P. 106(a). The agents through which a corporation can be served under Rule 106(a) include, the registered agent, president, or vice president. *Paramount Credit*, 420 S.W.3d at 230. A plaintiff may also effectuate service through the Texas Secretary of State "[i]f a corporation fails to maintain a registered agent in Texas or the registered agent cannot be served through reasonable diligence." *Henderson*, 672 F. App'x at 385 (citing Tex. Bus. Orgs. Code Ann. § 5.251).

4    If Plaintiffs were unable to serve A1 with the summons, complaint, or motion because they could not locate Wali, its registered agent, they should have filed a motion with this Court asking for substituted service on the Secretary of State. *See Henderson*, 672 F. App'x at 385 (citing Tex. Bus. Orgs. Code Ann. § 5.251).

RooR International BV v. A1 Smoke Shop Inc., Not Reported in Fed. Supp. (2019)

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

RooR International BV v. A1 Smoke Shop Inc., Not Reported in Fed. Supp. (2019)

2019 WL 6330483

2019 WL 6330483
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

ROOR INTERNATIONAL BV, Sream, Inc., Plaintiffs,
v.
A1 SMOKE SHOP INC., Sajid Wali, Defendants.

Case No. 4:18-CV-3828
|
Signed 11/25/2019
|
Entered 11/26/2019

**Attorneys and Law Firms**

Andrew Karl Jacoby, Scott Vicknair et al, New Orleans, LA, for Plaintiffs.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Keith P. Ellison, United States District Judge

**\*1** On April 2, 2019, this Court referred Plaintiffs' RooR International BV and Sream, Inc. (collectively, "Plaintiffs") motion for default judgment against Defendant A1 Smoke Shop Inc. ("A1") to United States Magistrate Judge Dena H. Palermo for Report and Recommendation ("R&R"). ECF No. 11. On October 18, 2019, Judge Palermo filed an R&R recommending the motion be denied without prejudice for improper service of the summons, complaint, and motion itself. ECF No. 13. The deadline for filing objections to the R&R passed without any objections being filed.[1] Accordingly, the Court reviews the R&R for clear error. 28 U.S.C. § 636(b)(1).

The Court finds that Judge Palermo's R&R is well founded and that it should be adopted. Accordingly, it is **ORDERED** that:

1. Judge Palermo's R&R is **ADOPTED** in its entirety as the holding of the Court.

2. Plaintiffs' motion for default judgment is **DENIED WITHOUT PREJUDICE.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 6330483

**Footnotes**

1    On October 29, 2019, Plaintiffs filed a motion for extension of time to prove proper service or, in the alternative, to re-serve A1 with the summons and complaint. ECF No. 14. Judge Palermo denied the motion, which cannot be construed as an objection to the R&R.

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.