Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, <br><br> Defendants. | CASE NO. 2:24-CV-00413-SAB <br><br> RESPONSE IN OPPOSITION TO DEFENDANT JONATHAN CLAUSEN'S MOTION TO VACATE <br><br><br> Without Oral Argument |

RESPONSE TO MOTION TO VACATE - i

# TABLE OF CONTENTS

I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND .......................1

II.   ARGUMENT AND AUTHORITIES ..........................................................7

    a.   Defendant Has Not Identified a Legal or Factual Basis for His Demand to Vacate. ...................................................................................7

    b.   Plaintiffs and their Counsel Promptly Discontinued Action Against All Defendants Pending the Bankruptcy Matter. ...................8

    c.   There Is No Act to Exercise Control Over Any Property of the Bankruptcy Estate. ...............................................................................13

    d.   Defendant's Litigation Gamesmanship Should be Rejected. .............14

III.  CONCLUSION .............................................................................................18

RESPONSE TO MOTION TO VACATE - ii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# Table of Authorities

**Cases**                                                                **Page(s)**

*City of Chi. v. Fulton*,
   592 U.S. 154, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021) ...............................12, 13

*Dam v. Waldron*,
   No. 2:24-CV-00417-SAB, 2025 LX 249122 (E.D. Wash. Apr. 9, 2025) .....10, 11

*Easley v. Pettibone Mich. Corp.*,
   990 F.2d 905 (6th Cir. 1993) .......................................................................16

*Eskanos & Adler, P.C. v. Leetien* ,
   309 F.3d 1210 (9th Cir. 2002) .....................................................................8, 9

*Fjeldsted v. Lien (In re Fjeldsted)  (In re Fjeldsted)*,
   293 B.R. 12 (B.A.P. 9th Cir. 2003) ................................................................13

*Groff v. Turner*,
   No. 3:15-bk-14741-DPC Chapter 13 proceedings, 2016 Bankr. LEXIS 3869
(Bankr. D. Ariz. Nov. 1, 2016) ......................................................................12

*In re Long*,
   No. 07-60011-7, 2009 Bankr. LEXIS 4433 (Bankr. D. Mont. Jan. 9, 2009) ......12

*Lumetta v. Arborlake Homeowners Ass'n,*
*No. 16cv1817- AJB* (S.D. Cal. May 12, 2017)  ...........................................12

*Nat'l Env't Waste Corp. v. City of Riverside*
   129 F.3d 1052 (9th Cir. 1997) .....................................................................16

*In re Peters*,
   101 F.3d 618 (9th Cir. 1996) .......................................................................10

*Roach*,
   660 F.2d 1316 (9th Cir. 1981) ......................................................................8

*Schwartz v. U.S.*,
   954 F.2d 569 (9th Cir. 1992) .......................................................................10

*United States v. Henley*,
   No. Civ. S-93-1040 GEB, 1994 U.S. Dist. LEXIS 14456 (E.D. Cal. Sep. 27,
1994) ........................................................................................................16

*Von Neumann v. United States*,
   660 F.2d 1319 (9th Cir. 1981) .....................................................................10

RESPONSE TO MOTION TO VACATE - iii

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**Statutes**

11 U.S.C. § 362 ................................................................................13, 14, 16

11 U.S.C. § 521 ........................................................................................14

11 U.S.C. § 541 ........................................................................................13

RESPONSE TO MOTION TO VACATE - iv

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Defendant Jonathan Clausen's Motion to Vacate (the "Motion").

Defendant Clausen's Motion (and related Motion for Liability and Declaration of counsel[1]) rely heavily on extended diatribes and ad hominin attacks against counsel for Plaintiffs – and directly against the Court[2] – and ignoring the relevant facts. Indeed, Clausen's Motion and strained efforts to misconstrue or ignore the facts and use of personal insults and disparaging comments reads more like a novel than a legal brief. Clausen fails to establish that orders related to him should be vacated, and his Motion should be denied.

## I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Following Defendants' breach of a prior settlement agreement and new trademark and patent infringement, Plaintiffs filed a complaint in this Court against Defendants on December 10, 2024, seeking to enjoin the actions of the entity Defendants and recover damages. ECF No. 1. Simultaneously, Plaintiffs filed a motion for preliminary injunction also on December 10, 2024. ECF No. 9. Defendants appeared, via counsel, and proceeded with litigation in filing motions,

---

[1] As filed separately, the Declaration of Clausen's counsel is not proper and should be stricken.

[2] E.g. referring to the Court as improvident, meaning acting without foresight, thrift, or adequate consideration, often leading to reckless or wasteful behavior

RESPONSE TO MOTION TO VACATE - 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

responses, an answer and counterclaim, and declarations. *E.g.*, ECF Nos. 20, 21, 22, 24, 25, 46, 47, 49. At no point during all of Defendants' action did they make it known, or even hint, at the possibility of a bankruptcy proceeding. *See*, *id.*; Declaration of Caleb Hatch in Support of Plaintiffs' Opposition to Defendant Clausen's Motions ("Hatch Decl.") at ¶¶ 3-4.

Only on February 11, 2025, after the original motion for preliminary injunction was fully briefed, Defendants filed a notice of pending bankruptcy filed by Defendant Jonathan Clausen individually. ECF No. 40. Defendants specifically requested "that this Court stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted…" *Id*. at p. 2. In accordance with the pending individual bankruptcy proceeding, and Defendants specific request for this proceeding to be stayed, this Court stayed this matter in its entirety on February 21, 2025. ECF No. 41.

The Court also dismissed the then pending Motion for Preliminary Injunction. *Id*. at p. 2. As such, all action was immediately discontinued nearly as soon as there was any notice of the individual bankruptcy proceeding. *Id*. The Court also ordered Defendants "notify the Court and file a status certificate on or before April 21, 2025, or within two (2) weeks after the bankruptcy proceedings have concluded or, which ever occurs first. *Id*. Notably, Defendants were still represented by counsel yet violated the Court's order [ECF No. 41] by failing to inform the Court of the status

RESPONSE TO MOTION TO VACATE - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

of the individual bankruptcy. *See,* ECF No. 50.

Plaintiffs and their counsel where not aware of any bankruptcy proceeding involving any Defendant until the notice was filed on February 11, 2025. Hatch Decl. at ¶¶ 3-5. Despite communication with Defendants' counsel, Defendants never made any mention or indication of any bankruptcy proceeding. *Id*. As soon as Plaintiffs and their counsel where aware of the individual bankruptcy on February 11, 2025, Plaintiffs and their counsel immediately discontinued all motions and collection efforts against any and all Defendants (even though the bankruptcy only involved the individual Defendant). *Id*. at ¶¶ 6-9. Plaintiffs and their counsel took all steps to discontinue any and all collection efforts and fully comply with the Court's order staying the case [ECF No. 41]. *Id*. Indeed, neither Plaintiffs nor their counsel opposed Defendants' request to stay; instead taking the deliberate step to not continue any efforts to recover damages and enjoin actions against any of the Defendants pending the outcome of the bankruptcy proceeding. *Id*. Plaintiffs and their counsel immediately took action to discontinue any ongoing action against any Defendant, including ceasing any filings or pleadings, ceasing any removal or takedown actions related to the use of Plaintiffs' intellectual property, ceasing any communications with potential witnesses and purchasers of the infringing materials; and any other action related to Defendants. *Id*. Plaintiffs and their counsel ensured complete and full compliance with this Court's order [ECF No. 41], and Defendants'

RESPONSE TO MOTION TO VACATE - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

request [ECF No. 40]. Importantly, Defendant Clausen's bankruptcy proceeding was dismissed on July 23, 2025. *See* ECF No. 51.

In fact, in compliance with the stay order and in discontinuing all actions, even after Defendant Clausen's bankruptcy proceeding was dismissed and concluded on July 23, 2025, Plaintiffs ensured they were not running afoul of any order or potential request by Defendant Clausen, and waited additional months to permit Defendants to inform the Court on their own of the dismissal, as they were ordered. Hatch Decl. at ¶¶ 8-9. It was not until months later, on December 19, 2025, that Plaintiffs informed the Court of the dismissal so the stay could be lifted. ECF No. 50. There were no actions or efforts taken by Plaintiffs prior to the stay being lifted by the Court on September 22, 2025. ECF No. 52.

Only months after Defendant Clausen's bankruptcy proceeding had been dismissed and the stay lifted, did Plaintiffs proceed with any action against Defendants. Plaintiffs filed a renewed motion for preliminary injunction, on September 23, 2025, to address the ongoing infringement and breach of contract by Defendants. ECF No. 53. The renewed motion for preliminary injunction is similar to the original motion for preliminary injunction – which was fully briefed – with the inclusion of additional evidence of infringing use and updating the registration status of one of the trademarks. *Id*. Defendants' counsel later moved to withdraw; and were granted leave to withdraw on September 30, 2025. ECF Nos. 56-58.

RESPONSE TO MOTION TO VACATE - 4

Almost a week after the withdrawal of counsel and the day prior to the deadline for Defendants to file a response to the renewed motion for preliminary injunction, Defendant Clausen, individually, filed a motion for extension seeking a 30-day extension to respond to the renewed motion for preliminary injunction. ECF No. 59. This Court granted the motion to extend on October 15, 2025, and continued the preliminary injunction hearing to November 24, 2025. ECF No. 64.

At a status conference held on October 23, 2025, the Court instructed Mr. Clausen that the corporate defendants must obtain counsel, and failure to do so would result in a default judgment against them, and the Court provided the Parties with the minutes of the scheduling conference reiterating the same instructions. ECF No. 67. Giving Defendants ample time and opportunity to obtain counsel. On December 11, 2025, this Court granted Plaintiffs' renewed motion for Preliminary Injunction. ECF No. 68. On January 5, 2026, the court clerk entered an order of default against defendants Clausen Inc.; AR-TT LLC; and Lilac City LLC due to their failure to answer, plead, obtain counsel or defend. ECF No. 71. Judgment and permanent injunction against the entity Defendants was entered on February 13, 2026. ECF No. 84. Despite the Court's orders, Defendants have never complied with any of the orders and continue acting in exactly the same, or nearly the exact same manner as before the orders were entered. *See* ECF Nos. 69, 85, 86.

Defendants' new counsel who appeared in this matter in March 2026. ECF

RESPONSE TO MOTION TO VACATE - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Nos. 89, 90, 93. On March 5, 2026, the new counsel for Defendants contacted counsel for Plaintiffs saying that he was now representing Defendants, that he is particularly adept at making opposing parties decide that litigation is not financially feasible, and vaguely stated that through some new research he was not aware of he found something novel and was going to "drop an atomic bomb" on this case. Hatch Decl. at ¶¶ 10. Defendants later requested a significant 30-day extension to respond to the pending motions in this case; which was granted. ECF Nos. 94, 95, 96.

Defendants later filed an incredibly overlength motion to vacate, and simultaneously, a motion for leave to file excess pages. ECF Nos. 97-99. The request for excess pages was denied. ECF No. 100. Following the denial of leave to file excess pages, Defendant merely cut the overlength motion into what he purports to identify as two motions and a declaration (which declaration is filled with improper legal arguments and purported testimony by Defendants' counsel). ECF Nos. 101-103. On a phone conference with counsel for Defendants on April 9, 2026, it was pointed out to Defendants' counsel that he merely split the legal argument into what it was filed as a declaration, he responded by noting that the Court had denied the motion for an overlength brief and retorted "okay, you want to play that way judge" as the reason for refiling the same argument couched as a declaration. Hatch Decl. at ¶¶ 11.

Defendants' motions, including the instant Motion, lack factual and legal

RESPONSE TO MOTION TO VACATE - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

support and are nothing more that legal gamesmanship, and should be denied.

## II.    ARGUMENT AND AUTHORITIES

### a. Defendant Has Not Identified a Legal or Factual Basis for His Demand to Vacate.

Defendant's Motion does not actually identify under what Federal Rule of Civil Procedure he is demanding all actions against him be vacated. Perhaps because there is no such rule. *See generally,* ECF No. 101. If Defendant could present a cognizable theory supported by the applicable rules, he would have done so. Instead, Defendant takes the large leap, unsupported by fact or law, to argue that all "acts done by the Court' are "legally-invalid." *Id*. at p. 9. Defendant appears to argue that any complaint filed after a bankruptcy petition will always be a violation of the automatic stay – while ignoring the very fact specific determination requirements, actions, and relying on distinguishable case law; then takes an even larger leap to argue that any action by Plaintiffs or the Court against Defendants well after the individual bankruptcy was dismissed are also legally-invalid actions by the Court.

There is no rule or case law, and Defendant has not cited to any, that state any filing of any complaint after the filing of an unknown bankruptcy petition is legally invalid. *Ad hominem* attacks cannot take the place of legal and factual support. Defendant's Motion and the allegations therein and flatly disputed and contrary to the facts and evidence.

RESPONSE TO MOTION TO VACATE - 7

**b. Plaintiffs and their Counsel Promptly Discontinued Action Against All Defendants Pending the Bankruptcy Matter.**

> The purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions. The automatic stay also prevents piecemeal diminution of the debtor's estate. The automatic stay does not necessarily prevent all activity outside the bankruptcy forum.

*Matter of Roach*, 660 F.2d 1316, 1319 (9th Cir. 1981). In the case at hand, Plaintiffs maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay provision.

Assuming there is a continuing action in a non-bankruptcy forum, the proceeding must be dismissed or *stayed* as to avoid violations. *See, Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) ("dismiss *or stay* such proceeding" (emphasis added)). The United States Court of Appeals for the Ninth Circuit analyzed postpetition collection actions as stay violations in *Eskanos & Adler, P.C. v. Leetien. in Leetien*, the Ninth Circuit rejected a creditor's argument that a law firm it hired to represent it did not violate the automatic stay when it filed a postpetition collections action in state court on behalf of creditor because it did not carry forward or persist in its collection action. In refuting that proposition, the Ninth Circuit explained that without postponing, staying, or dismissing a collection action, a debtor enjoys little satisfaction from a creditor's honest words that it filed a collection action in state court but refrained from persisting during the debtor's

RESPONSE TO MOTION TO VACATE - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

bankruptcy. *Id*. In other words, a creditor's inaction in a collection action is insufficient; the creditor must affirmatively discontinue postpetition collection actions. *Id.* (emphasis added).

In the case at hand, the evidence clearly shows that the case was in fact stayed in its entirety and the pending motion dismissed. ECF No. 41. Plaintiffs and their counsel took all steps to affirmative discontinue any and all collection efforts and fully comply with the Court's order staying the case [ECF No. 41]. Hatch Decl. at ¶¶ 6-9. Indeed, neither Plaintiffs nor their counsel opposed Defendants' request to stay; instead taking the deliberate step to not continue any efforts to recover damages and enjoin actions against any of the Defendants pending the outcome of the bankruptcy proceeding. *Id*. Plaintiffs and their counsel immediately took action to discontinue any ongoing action against any Defendant, including ceasing any filings or pleadings, ceasing any removal or takedown actions related to the use of Plaintiffs' intellectual property, ceasing any communications with potential witnesses and purchasers of the infringing materials; and any other action related to Defendants. *Id*. With the matter stayed, there was no additional action that could be or should be taken. ECF No. 41.

As such, actions were affirmatively taken to ensure the purpose of the automatic stay was completed. In fact, it was Defendants that specifically asked that the matter be stayed until the conclusion of the individual bankruptcy matter.

RESPONSE TO MOTION TO VACATE - 9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

The Ninth Circuit has held in other cases that the postponement of actions by creditors did not violate the automatic stay. The Ninth Circuit has explained that "[t]he automatic stay does not necessarily prevent all activity outside the bankruptcy forum." *Matter of Roach*, 660 F.2d at 1319. In *Matter of Roach*, the Ninth Circuit held that First National Bank did not violate the automatic stay when it published notices of postponement of foreclosure sale and specifications of the new sale date. Postponing the sale merely maintained the status quo, and did not ". . . harass, interfere or gain any advantage." *Id.* at 1318; *see also In re Peters*, 101 F.3d 618 (9th Cir. 1996) (holding that creditor's postponement of foreclosure sale merely maintains the status quo and is not a stay violation).

The cases on which Defendant Clausen primarily relies are factually disintegrable and inapposite. For example, Defendant's Motion relies heavily on *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 (9th Cir. 1992); however, the "sole issue" in *Schwartz* was whether IRS tax transfers in violation of the automatic stay were void or merely voidable; not applicable in the matter at hand. *Id.* at 570-71. Notably, there is no holding on whether or not the transfers were a violation or the renewal of transfers or penalties after a bankruptcy petition is dismissed. Additionally, Defendant relies almost entirely on *Dam v. Waldron*, No. 2:24-CV-00417-SAB, 2025 LX 249122 (E.D. Wash. Apr. 9, 2025) in arguing that any complaint after a bankruptcy petition is filed is automatically a violation of the

RESPONSE TO MOTION TO VACATE - 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

stay. This is not true. In *Dam v. Waldron*, the Court identifies the action as a motion to dismiss – which was never filed in the case at hand. The Court analyzed the parties' lengthy history, including prior bankruptcy proceedings and even a settlement agreement and release. *Id*. The matter at hand does not include any of those same facts. Rather, in the instant case there was no notice or indication of a prior bankruptcy proceeding; and as soon as there was such notice, all actions were stayed and any collection efforts, motions, and injunctive relief were promptly discontinued and dismissed. As such, there was no violation, and the action is not void. Further, in the *Dam v. Waldron*, matter the claims against the trustee lacked subject matter jurisdiction. Unlike the case at hand where Defendant does not raise any issue with subject matter jurisdiction – which is understandable given the fact that there is no ongoing bankruptcy matter as it was dismissed nearly a year ago and all efforts were discontinued until after the bankruptcy was dismissed. In fact, despite Defendant's demand that everything be vacated, he does not dispute, and ignores the fact that all actions were discounted until well *after* the individual bankruptcy was dismissed. While it is difficult to parse through the heavy use of adjectives and personal attacks against counsel and the Court, it appears what Defendant is asking is that the Court reissue the same orders given that his unlawful actions and violations of the Court's orders have not ceased.

Unlike the cases cited by Defendant, Plaintiffs and their counsel made sure to

RESPONSE TO MOTION TO VACATE - 11

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

discontinue all ongoing actions. And all pending actions were dismissed or stayed. As such, this case is more akin to *Matter of Roach* and *In re Peters*. In *Groff v. Turner (In re Turner),* No. 3:15-bk-14741, 2016 Bankr. LEXIS 3869, at *22 (Bankr. D. Ariz. Nov. 1, 2016) the Court held that there was no violation of the automatic stay when the Plaintiff discontinued her collection action pending the bankruptcy matter and the hearing that took place after the bankruptcy had been dismissed and before it had been reinstated – and the postponement was not a stay violation.

In *Lumetta v. Arborlake Homeowners Ass'n,* No. 16cv1817- AJB (JLB), 2017 U.S. Dist. LEXIS 72918, at *11 (S.D. Cal. May 12, 2017), that court found "there is an affirmative duty to either <u>stay or dismiss</u> a debtor's collection action" and the Plaintiff followed this obligation dutifully as it stayed the State Court Action after it received notice of the bankruptcy. (emphasis in original); *see also, In re Long,* No. 07-60011-7, 2009 Bankr. LEXIS 4433, at *14 (Bankr. D. Mont. Jan. 9, 2009). The United States Supreme Court also determined that that mere retention of property does not violate §362(a)(3), in part because it was not an affirmative act that would disturb the estate property. *City of Chi. v. Fulton,* 592 U.S. 154, 156, 141 S. Ct. 585, 589, 208 L.Ed.2d 384, 388 (2021).

In the matter at hand, the evidence shows there was no risk of judgment or default against Defendants during the pendency of the bankruptcy matter; all evidence shows that Plaintiffs promptly discontinued any actions against

RESPONSE TO MOTION TO VACATE - 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Defendants, all of which were dismissed or stayed; and Plaintiffs did not maintain any active claim or pursue any action against any Defendant until after the bankruptcy was dismissed. As such there is no violation and Defendant's Motion should be denied.

### c. There Is No Act to Exercise Control Over Any Property of the Bankruptcy Estate.

When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum. *City of Chi. v. Fulton*, 592 U.S. 154, 156, 141 S. Ct. 585, 589, 208 L.Ed.2d 384, 388 (2021). Those prohibited efforts include "any act . . . to exercise control over property" of the bankruptcy estate. *Id*. (quoting 11 U. S. C. §362(a)(3)). The automatic stay prohibits any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 20 (B.A.P. 9th Cir. 2003) (also quoting 11 U.S.C. § 362(a)(3)).

Under 11 U.S.C. § 541, an individual's bankruptcy estate includes that individual's personal property, equipment, intellectual property, and case; not included are separate businesses (unless a sole proprietorship) or the assets of the separate businesses. As noted in the caption, the entity defendants, whose assets or property are at issue, are all either corporations or limited liability companies. As such, they are not included in the individual's bankruptcy estate. Furthermore,

RESPONSE TO MOTION TO VACATE - 13

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

pursuant to 11 U.S.C. §362, "[i]n a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)." As the entities and the entity assets are not included in the individual bankruptcy estate, and the entities filed no such bankruptcy petition, the stay is not applied to any such property. There can be no violation where, as here, there was no effort to obtain possession or to exercise control over property of the individual's bankruptcy estate.

Even still, in order to fully comply with any appliable rules and orders, Plaintiffs and their counsel made no attempt to possess or control any property or asset of any of the Defendants and immediately discontinued any such actions as soon as they were aware of Defendant Clausen's bankruptcy petition. As such, Defendant's Motion again fails.

### d. Defendant's Litigation Gamesmanship Should be Rejected.

Defendant repeats his prior argument that the Court took legally-invalid actions against him when granting his request for a stay pending the bankruptcy and that there can be no action against him even after the bankruptcy was dismissed. This new position is not only contrary to his prior request, and thus he is estopped from making such argument, it is unsupported by the facts and Defendant fails to cite to

RESPONSE TO MOTION TO VACATE - 14

any facts to the contrary.

Defendant specifically requested "that this Court stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted…" ECF No. 40 at p. 2. Defendant now attempts to fault the Court for proceeding as Defendant demanded. In accordance with the pending bankruptcy proceeding, and Defendants specific request for this proceeding to be stayed, this Court stayed this matter and dismissed the pending motion on February 21, 2025. ECF No. 41. There were no actions taken to pursue any claim against any Defendant or their property during the pendency of the stay or even until months after the bankruptcy was dismissed.

Defendant also appears to fault the Court for lifting the stay after months after the bankruptcy matter was already dismissed. This is again unsupported. As noted above, Defendant specifically requested the matter at hand be stayed only pending the bankruptcy matter. ECF No. 40. Additionally, the Court directed Defendants – who were represent by counsel – to inform the Court of the status of the bankruptcy matter; and order which the Defendants ignored. ECF Nos. 41, 50-51. The Court should not have had to lift the stay, because the bankruptcy proceeding was dismissed and there was no longer any applicable stay. All actions against Defendant Clausen that he only now complains about – well over half a year later – were well after the dismissal of the bankruptcy matter and when there is no dispute that there

RESPONSE TO MOTION TO VACATE - 15

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

was no applicable stay.

There is also no dispute that even a voided action is no longer void and can be reassessed once the bankruptcy stay has been lifted. *E.g., United States v. Henley (In re Henley),* 1994 U.S. Dist. LEXIS 14456, at \*12, 74 A.F.T.R.2d (RIA) 1994-6603 (E.D. Cal. Sep. 27, 1994)(involving IRS tax assessments). Despite Defendant's gamesmanship and diatribes, there is no actual dispute that all actions were discontinued pending the bankruptcy dismissal and actions taken against any Defendant only occurred well after the bankrupt was dismissed; and are thus, valid.

The automatic stay contains an authorization for annulling the stay, which has the effect of retroactively validating acts even assuming they violated the stay. 11 U.S.C. § 362(d). "Many courts have focused on two factors in determining whether cause exists to grant relief from the stay: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." *Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.),* 129 F.3d 1052, 1055 (9th Cir. 1997) (citing *Easley v. Pettibone Mich.* [\*\*7] *Corp.,* 990 F.2d 905, 911 (6th Cir. 1993) (suggesting that the stay does not apply "where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result")).

RESPONSE TO MOTION TO VACATE - 16

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

In the matter at hand, Defendant clearly and continuously acted in what he now argues is a violation of the stay; Defendant did not make even any indication of any bankruptcy proceeding, and instead aggressively pursed litigation himself. Only after an entire year does Defendant now argue that his actions should not matter. A treatise on bankruptcy also suggests that retroactive relief should be granted to validate actions taken by a party when it was unaware of the pendency of the bankruptcy case and the imposition of the stay. 2 L. King, Collier on Bankruptcy P 362.07 (15th ed. 1991).

As noted above, Plaintiffs did not violate the automatic stay and in fact took deliberate action to discontinue action against Defendant – as did the Court in staying the matter and dismissing the pending motion. Counsel for Defendant has since made it clear that Defendants' intention is to make this matter as expensive as possible – which is readily apparent in the multiple pleadings, overlength briefs, improper pleadings, and attempt to throw anything and everything at the wall – including stooping as low as to personal attacks against counsel and the Court – to see if anything will stick. Defendant's litigation gamesmanship should not be rewarded, and his Motion should be dismissed.

Defendant Clausen has failed to establish any action against the property of the bankruptcy estate; failed to demonstrate or even identify any facts to find a violation of the automatic stay; ignores the actual facts including the actions

RESPONSE TO MOTION TO VACATE - 17

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

promptly taken to discontinue action against all Defendants (even those not subject to the bankruptcy matter); and ignores the fact that the bankruptcy was dismissed and the stay that is automatically lifted upon dismissal. In short, Defendant has failed to establish that actions against him should be vacated. Defendant's apparent demand that the orders be reissued, despite his ongoing refusal to comply with any Court order, should be rejected.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendant Clausen's Motion to Vacate.

DATED this 13th day of April, 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO MOTION TO VACATE - 18

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *s/ Caleb Hatch*
Caleb Hatch

RESPONSE TO MOTION TO VACATE - 19

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979