Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>RESPONSE IN OPPOSITION TO DEFENDANT JONATHAN CLAUSEN'S MOTION TO ESTABLISH LIABILITY FOR DAMAGES<br><br>Without Oral Argument |

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Defendant Jonathan Clausen's Motion to Establish Liability for Damages (the "Motion"). Defendant Clausen's Motion and its *ad hominem* attacks against the Court and counsel for Plaintiffs is even worse than his Motion to Vacate and relies almost entirely on unsupported disparaging

RESPONSE TO MOTION FOR LIABILITY- 1

LEE & HAYES, P.C.
601 West Riverside Avenue,

statements and overuse of adjectives. Once again Defendant ignores the facts and attempts to mislead the Court by ignoring the facts and making complete unsupported accusations. Clausen's Motion must be denied.

## I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiffs incorporate herein all of the "Brief Factual and Procedural Background" asserted in their Response in Opposition To Defendant Jonathan Clausen's Motion to Vacate. *See also*, Declaration of Caleb Hatch in Support of Plaintiffs' Opposition to Defendant Clausen's Motions ("Hatch Decl.").

Defendants also omit the fact that they are involved in at least fifteen (15) litigation matters with multiple other parties, apart from this matter, since 2022.[1] *Id*. at ¶ 12. These include lawsuits with judgments in the high six figures and Defendants' ongoing to lawsuits to avoid judgments and refusal to vacate property that no longer belongs to Defendant. *Id*. These include, but are not limited to Spokane County Superior Court case numbers: 2220005732; 2220366632; 2220004932; 2220341232; 2220245132; 2320351932; 2320386432; 2420214132; 2420072232; 2430052332; 2420050532; 2520219932; 2520519432; 2621048232; 2521143132. *Id*.

---

[1] Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of filings on its own dockets, as well as dockets of other courts. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

RESPONSE TO MOTION FOR LIABILITY- 2

LEE & HAYES, P.C.

601 West Riverside Avenue,

Defendants' Motion lacks factual and legal support and is primarily a rambling of disparaging comments against Plaintiffs, counsel, and the Court.

## II.    ARGUMENT AND AUTHORITIES.

### a. Defendant Clausen Fails to Establish the Required Elements of Violation, Willfulness, and Damages.

An individual injured by any willful violation of the stay "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." §362(k)(1). The individual must establish (1) violation of the stay; (2) the violation was willful; and (3) injury. *Fernandez v. GE Capital Mortg. Servs. (In re Fernandez)*, 227 B.R. 174, 180 (B.A.P. 9th Cir. 1998). Defendant Clausen cannot and has not established the required elements.

### b. Plaintiffs, Their Counsel, and This Court Have Not Violated the Bankruptcy Code.

Defendant must establish a concrete violation of the Bankruptcy Code. Defendant cannot do so. Defendant argues that Plaintiffs must "discontinue" collection actions against a Defendant that has filed bankruptcy but simultaneously ignoring the fact that Plaintiffs and their counsel discontinued actions against Defendants until well after the individual bankruptcy matter was dismissed.

In the case at hand, the evidence clearly shows that the case was in fact stayed in its entirety and the pending motion dismissed. ECF No. 41. Plaintiffs and their counsel took steps to affirmative discontinue any and all collection efforts and fully

RESPONSE TO MOTION FOR LIABILITY- 3

LEE & HAYES, P.C.

601 West Riverside Avenue,

comply with the Court's order staying the case [ECF No. 41]. Hatch Decl. at ¶¶ 6-9. Neither Plaintiffs nor their counsel opposed Defendants' request to stay; instead taking the deliberate step to not continue any efforts to recover damages and enjoin actions against any of the Defendants pending the outcome of the bankruptcy proceeding. *Id*. Plaintiffs and their counsel immediately took action to discontinue any ongoing action against any Defendant, including ceasing any filings or pleadings, ceasing any removal or takedown actions related to the use of Plaintiffs' intellectual property, ceasing any communications with potential witnesses and purchasers of the infringing materials; and any other action related to Defendants. *Id*. With the matter stayed, there was no additional action that could be or should be taken. ECF No. 41.

Actions were affirmatively taken to ensure the purpose of the automatic stay was completed. As such, there is no violation as the matter before this Court was in fact stayed, the pending motion dismissed, and all actions discontinued until after the bankruptcy was dismissed. *See, e.g., Matter of Roach*, 660 F.2d 1316, 1319 (9th Cir. 1981); *In re Peters*, 101 F.3d 618 (9th Cir. 1996); *Lumetta v. Arborlake Homeowners Ass'n,* No. 16cv1817- AJB (JLB), 2017 U.S. Dist. LEXIS 72918, at *11 (S.D. Cal. May 12, 2017); *In re Long,* No. 07-60011-7, 2009 Bankr. LEXIS 4433, at *14 (Bankr. D. Mont. Jan. 9, 2009); *City of Chi. v. Fulton,* 592 U.S. 154, 156, 141 S. Ct. 585, 589, 208 L.Ed.2d 384, 388 (2021).

RESPONSE TO MOTION FOR LIABILITY- 4

LEE & HAYES, P.C.
601 West Riverside Avenue,

The cases on which Defendant Clausen relies are factually disintegrable and inapposite. For example, in *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214-15 (9th Cir. 2002), the court found that Plaintiffs and their counsel not only knew of the bankruptcy proceeding, but also declined to take the debtor's phone calls regarding his bankruptcy filing, refused to stay the state court action, and failed to explain its delay.

Unlike the cases cited by Defendant, Plaintiffs and their counsel made sure to discontinue all ongoing actions. Hatch Decl. at ¶¶ 6-9. And all pending actions were dismissed or stayed. ECF No. 41. Defendant Clausen's bankruptcy proceeding was dismissed on July 23, 2025. *See* ECF No. 51. The stay was automatically lifted upon conclusion of the proceeding and was also lifted in this Court on December 19, 2025. ECF No. 50. There were no actions or efforts taken by Plaintiffs prior to the stay being lifted by the Court on September 22, 2025. ECF No. 52. Plaintiffs did not maintain any active claim or pursue any action against any Defendant until after the bankruptcy was dismissed. As such there is no violation. *E.g.*, *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) (dismiss or *stay*); *Lumetta,* No. 16cv1817- AJB (JLB), 2017 U.S. Dist. LEXIS 72918, at *10 (the only duty is to dismiss or *stay* the action); *Stuart v. City of Scottsdale (In re Stuart)*, 632 B.R. 531, 541 (B.A.P. 9th Cir. 2021).

Defendant fails to establish a violation of the bankruptcy code, as no such

RESPONSE TO MOTION FOR LIABILITY- 5

LEE & HAYES, P.C.
601 West Riverside Avenue,

violation exists, and as such his Motion must be denied.

### c.  There is No Willful Violation.

Not only is there is no violation of the bankruptcy code as all actions were discontinued, but there is also no *willful* violation. An award of actual damages under § 362(h) requires a showing by the debtor that he sustained an injury from a "willful" violation of the stay. *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez),* 227 B.R. 174, 180 (9th Cir. BAP 1998) *aff'd mem.,* 208 F.3d 220 (9th Cir. 2000). Willfulness requires: (1) the creditor knew of the stay, *and* (2) the creditor's actions which violated the stay were intentional. *In re Long*, No. 07-60011-7, 2009 Bankr. LEXIS 4433, at *9.

Defendant fails to establish either of the willfulness requirements. There is no dispute that Plaintiffs and their counsel were unaware of the bankruptcy proceeding until Defendants' request to stay. Hatch Decl. at ¶¶ 3-5. Defendant's unsupported contention that Defendant believes Plaintiffs should have known does not change the facts and does not change the fact that Defendants failed to provide even a hint of such a proceeding. The undisputed fact is the creditor did not know of the bankruptcy action and the stay and thus any violation cannot be willful. Furthermore, as stated above, as soon as Plaintiffs and their counsel were aware of the bankruptcy proceeding, the matter was stayed, the pending motion was dismissed, and Plaintiffs discounted any action to proceed with claims or the action until well after the

RESPONSE TO MOTION FOR LIABILITY- 6

LEE & HAYES, P.C.
601 West Riverside Avenue,

bankruptcy was dismissed. Hatch Decl. at ¶¶ 6-9.

Defendant also fails to show any violation was intentional. To the contrary, despite Defendant's diatribe against the Court and counsel, the actual facts demonstrate that Plaintiffs did NOT continue any action and affirmatively discontinued any efforts until after the dismissal of the bankruptcy. Hatch Decl. at ¶¶ 6-9. In fact, there is no dispute that the action was stayed in its entirety and no action could be taken. ECF No. 41. Plaintiffs only began any efforts against Defendants months after the dismissal of the bankruptcy action and after the stay was indisputably lifted.

As noted in *Moore v. Reis (In re Moore)*, 631 B.R. 764, 782 (Bankr. W.D. Wash. 2021), "[t]he Court has found no instances where a debtor has been permitted to recover damages for a stay violation against estate property after the termination of the stay as to the debtor and property of the debtor. Similar to *In re Moore*, nothing adverse to Defendant's bankruptcy matter occurred, following notice of the proceeding, during the existence of the stay. *Id*. at 782. At the time Plaintiffs took action against Defendant with the new motion for preliminary injunction, the bankruptcy was dismissed, and the stay was lifted. *E.g.*, *James v. HSBC Bank USA, N.A. (In re Allen)*, No. CC-13-1315-TaDKi, 2014 Bankr. LEXIS 1615, at *9 (B.A.P. 9th Cir. Apr. 14, 2014) (no damage claim and no violation when action occurred once stay was lifted).

RESPONSE TO MOTION FOR LIABILITY- 7

LEE & HAYES, P.C.
601 West Riverside Avenue,

Defendant's own counsel stated he was unaware of what he now refers to as an "atomic bomb" yet purports to fault Plaintiffs. Hatch Decl. at ¶¶ 10. Defendant has not, and cannot, establish any willful violation. Defendant's Motion must be dismissed.

### d.  Defendant Clausen Has Not Been Injured.

Injury means actual damages and punitive damages cannot be granted absent actual damages. *In re Fernandez*, 227 B.R. at 180-81. Defendant has to show actual injury from a violation of the stay. *Id*. Defendant has made no attempt to establish any damages. In fact, Defendant's Motion is devoid of any damage allegation or any factual support or exhibit to show any actual damage. There was nothing for Defendant to defend following notice of the bankruptcy proceeding until after the bankruptcy was dismissed; as such, there were no damages. All actions against Defendant were discontinued until well after the bankruptcy was dismissed; again, there can be *no* actual damages. Finally, Defendant did not comply with the Court's orders and thus was never injured.

### i.      No Actual Damages.

A person injured by a willful stay violation, 11 U.S.C. § 362(k)(1) permits recovery of "actual damages, including costs and attorneys' fees . . . ." As noted above, Defendant has failed to even show any actual damages, as such his Motion fails. Additionally, the Ninth Circuit BAP has held that "Pro se litigants cannot

RESPONSE TO MOTION FOR LIABILITY- 8

LEE & HAYES, P.C.
601 West Riverside Avenue,

recover attorney's fees as an item of actual damages in an action under § 362(k)." *Carter v. Barber (In re Carter)*, BAP No. EC-14-1581-KuDTa, 2016 Bankr. LEXIS 1838, at *15 (B.A.P. 9th Cir. Apr. 22, 2016) (citing *Elwood v. Drescher*, 456 F.3d 943, 947-48 (9th Cir. 2006)) (other citation omitted).

Defendant has not provided any proof of actual damages, lost earnings, lost equity interest, etc.; nor can he as actions against Defendant were discontinued until after the bankruptcy was dismissed and Defendant failed to comply with the Court orders leaving him with no damages. Failure to establish any recoverable damages for any alleged violation of stay is fatal to Defendant's demand. *E.g.*, *In re Fernandez*, 227 B.R. 174, 181; *In re Moore*, 631 B.R. 764, 786. Defendant must also establish he mitigated any purported damage, including attorney fees. *E.g., In re Long*, No. 07-60011-7, 2009 Bankr. LEXIS 4433, at *16. To the contrary, Defendant has not only failed to show any attorney fees incurred that could be recoverable, his counsel has stated his intention is to actually make this as expensive as possible. Hatch Decl. at ¶¶ 10. Defendant has failed to show any actual damages. Thus, his Motion must be denied.

### ii.    No Emotional Distress Damages.

In select circumstances, emotional distress damages may be available under 11 U.S.C. § 362(k) for a willful stay violation. *Dawson v. Wash. Mut. Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1148-49 (9th Cir. 2004), *abrogated on other*

RESPONSE TO MOTION FOR LIABILITY- 9

LEE & HAYES, P.C.
601 West Riverside Avenue,

*grounds*. In addition to an actual willful violation, "to be entitled to damages for emotional distress under § 362(k), an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay." *Id.* at 1149.

Defendant vaguely claims some sort of extravagant emotional distress. Yet concedes that there are no physical ailments. Furthermore, Defendant has failed to provide any evidence of emotional harms resulting from any stay violation – nor can he. Such failure to fatal to his Motion. *E.g.*, *In re Moore*, 631 B.R. 764, 786.

Defendant apparently is attempting to argue that the fact that there is litigation against him means he has suffered emotional distress – this ignores the fact that Defendant has failed to provide a shred of evidence of any emotional distress and ignores the fact that Defendant is party to at least fifteen (15) other lawsuits in Spokane County Superior Court alone!

Defendant has described no factual circumstance in which he would be entitled to emotion distress damages because of any purported stay violation and his Motion must be denied.

### iii.    No Punitive Damages.

Punitive damages are only available for willful violations of the automatic stay "in appropriate circumstances." 11 U.S.C. § 362(k). Not only has Defendant failed to establish a willful violation, but punitive damages are also only imposed

RESPONSE TO MOTION FOR LIABILITY- 10

LEE & HAYES, P.C.

601 West Riverside Avenue,

where there is egregious, intentional conduct by the creditor, and courts consider factors including: "(1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; and (4) any provocation by the debtor." *Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez)*, 527 B.R. 844, 859 (Bankr. D.P.R. 2015).

Defendant has again produced *no* evidence to establish that he suffered actual damages as the result of a willful stay violation, much less that punitive damages are appropriate. Defendant again relies heavily and exclusively on personal insults and *ad hominem* attacks without any factual support – all of which are factually false. Defendant's Motion fails. Defendant's motions now are an attempt to delay valid actions and orders against Defendant and attempting to create nonexistent issues of fact to further delay the valid actions. Defendant has failed to establish that he could recover any form of damages.

### III.    CONCLUSION.

Plaintiffs respectfully request the Court deny Defendant Clausen's Motion to Establish Liability for Damages.

DATED this 13th day of April, 2026.

s/ Caleb Hatch

Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256

RESPONSE TO MOTION FOR LIABILITY- 11

LEE & HAYES, P.C.
601 West Riverside Avenue,

caleb.hatch@leehayes.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


By: *s/ Caleb Hatch*
Caleb Hatch

RESPONSE TO MOTION FOR LIABILITY - 12

LEE & HAYES, P.C.
601 West Riverside Avenue,