Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br>v.<br><br>JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:24-CV-00413-SAB<br><br>**PLAINTIFFS' MOTION TO STRIKE DECLARATION OF STEPHEN L. SULZER IN SUPPORT OF DEFENDANT JONATHAN CLAUSEN'S MOTION TO VACATE**<br><br>Without Oral Argument |

## I.    INTRODUCTION

Plaintiffs move the Court for an order striking substantial portions of the declaration of counsel for Defendant Clausen [ECF No. 102] that has been filed in support of Defendant Clausen's Motion to Vacate [ECF No. 101].

MOTION TO STRIKE – 1

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

While motions to strike are not unusual, what is unusual is the sheer volume of evidentiary violations in Mr. Sulzer's declaration in support of Defendant Clausen's motion to vacate ("Sulzer Declaration"). The sloppiness with which the motion and declaration were put together is costing Plaintiffs and this Court valuable time and resources that should not have been necessary. Plaintiff requests the Court follow the rules of evidence and grant this Motion to Strike.

## II.    BRIEF FACTUAL BACKGROUND

### A. The Court Order.

Plaintiffs filed a complaint in this Court against Defendants on December 10, 2024, seeking to enjoin the actions of the entity Defendants and recover damages. ECF No. 1. Simultaneously, Plaintiffs filed a motion for preliminary injunction also on December 10, 2024. ECF No. 9. Defendants appeared, via counsel, and proceeded with litigation in filing motions, responses, an answer and counterclaim, and declarations. *E.g.*, ECF Nos. 20, 21, 22, 24, 25, 46, 47, 49.

Only on February 11, 2025, after the original motion for preliminary injunction was fully briefed, Defendants filed a notice of pending bankruptcy filed by Defendant Jonathan Clausen individually. ECF No. 40. Defendants specifically requested "that this Court stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted…" *Id*. at p. 2. In accordance with the pending individual bankruptcy proceeding, and

MOTION TO STRIKE – 2

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

Defendants specific request for this proceeding to be stayed, this Court stayed this matter in its entirety on February 21, 2025. ECF No. 41.

The Court also dismissed the then pending Motion for Preliminary Injunction. *Id*. at p. 2. As such, all action was immediately discontinued nearly as soon as there was any notice of the individual bankruptcy proceeding. *Id*. Plaintiffs and their counsel were not aware of any bankruptcy proceeding involving any Defendant until the notice was filed on February 11, 2025. ECF No. 111 ("Hatch Decl.") at ¶¶ 3-5. As soon as Plaintiffs and their counsel were aware of the individual bankruptcy on February 11, 2025, Plaintiffs and their counsel immediately discontinued all motions and collection efforts against any and all Defendants. *Id*. at ¶¶ 6-9. Plaintiffs and their counsel took all steps to discontinue any and all collection efforts and fully comply with the Court's order staying the case [ECF No. 41]. *Id*. Indeed, neither Plaintiffs nor their counsel opposed Defendants' request to stay; instead taking the deliberate step to not continue any efforts to recover damages and enjoin actions against any of the Defendants pending the outcome of the bankruptcy proceeding. *Id*. Plaintiffs and their counsel immediately took action to discontinue any ongoing action against any Defendant, including ceasing any filings or pleadings, ceasing any removal or takedown actions related to the use of Plaintiffs' intellectual property, ceasing any communications with potential witnesses and purchasers of the infringing materials; and any other action related to Defendants. *Id*. Plaintiffs and

MOTION TO STRIKE – 3

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

their counsel ensured complete and full compliance with this Court's order [ECF No. 41], and Defendants' request [ECF No. 40]. Importantly, Defendant Clausen's bankruptcy proceeding was dismissed on July 23, 2025. *See* ECF No. 51. The stay was lifted in this Court on September 22, 2025. ECF No. 52.

On December 11, 2025, this Court granted Plaintiffs' renewed motion for Preliminary Injunction. ECF No. 68. On January 5, 2026, the court clerk entered an order of default against defendants Clausen Inc.; AR-TT LLC; and Lilac City LLC due to their failure to answer, plead, obtain counsel or defend. ECF No. 71. Judgment and permanent injunction against the entity Defendants was entered on February 13, 2026. ECF No. 84.

Defendants' new counsel appeared in this matter in March 2026. ECF Nos. 89, 90, 93. On March 5, 2026, the new counsel for Defendants contacted counsel for Plaintiffs saying that he was now representing Defendants, that he is particularly adept at making opposing parties decide that litigation is not financially feasible, and vaguely stated that through some new research he was not aware of he found something novel and was going to "drop an atomic bomb" on this case. Hatch Decl. at ¶¶ 10.

Defendant Clausen later filed an overlength motion to vacate, and simultaneously, a motion for leave to file excess pages. ECF Nos. 97-99. The request for excess pages was denied. ECF No. 100. Following the denial of leave to file

MOTION TO STRIKE – 4

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

excess pages, Defendant merely cut the overlength motion into what he purports to identify as two motions and a declaration that is the subject of this Motion. ECF Nos. 101-103. On a phone conference with counsel for Defendants on April 9, 2026, it was pointed out to Defendants' counsel that he merely split the legal argument into what was filed as a declaration, he responded by noting that the Court had denied the motion for an overlength brief and retorted, "okay, you want to play that way judge" as the reason for refiling the same argument couched as a declaration. Hatch Decl. at ¶¶ 11.

### III.    ARGUMENT
### A. The Sulzer Declaration Should be Stricken and Ignored.

This Court, may at any time and on its own inititaitve strike a mattter from a pleading. Fed. R. Civ. P. 12(f). Although this Court may not technically consider the Sulzer Declaration to be a "pleading," the Court still has the power and discretion to adjudicate the admissablity of those materials. *See United States v. Southern Cla. Edison Co.,* 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004).

Under Federal Rule of Civil Procedure 12(f), courts are permitted to strike any "redundant, immaterial, impertinent, or scandalous matter" found to exist in a pleading. Although the Court's authority to strike matters under Rule 12(f) is limited to pleadings, a "'motion to strike' materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may properly be relied upon.'" *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d

MOTION TO STRIKE – 5

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

964, 973 (E.D. Cal. 2004) (quoting *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting *Monroe v. Bd. of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions].")). Thus, the Court is authorized to disregard evidence offered in the disputed declaration if the evidence is not admissible.

The Sulzer Declaration consistes of speculative conclusions of fact and law, lacks personal knowledge, statements of opinion (primarily related to personal attacks against the Court and counsel), and inadmissble statements that should be striken.

Affidavits and declarations must be supported by specific facts based on first hand knowledge. *See, e.g*., Fed. R. Civ. P. 56(e) (affidavits must "be made on personal knowledge, …set forth such facts as would be admissible in evidence, and … show affirmatively that the affiant is competent to testify to the matters stated therein."); *Block v. City of L.A*., 253 F.3d 410, 419 (9th Cir. 2001) (declarations not made on personal knowledge should not be considered). Affidavits and declarations become wholly improper, as well as unhelpful, when they assert "self-serving" or ultimate conclusions of either law or fact. *See, e.g., Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059 (9th Cir. 2008) (finding the district court did not abuse its discretion in excluding the legal conclusions); *BellSouth Telecomms., Inc.*

MOTION TO STRIKE – 6

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

*v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (finding that the district court's disregard of affidavits that advocated conclusions of law was proper); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 295 (5th Cir. 1987) ("Affidavits ... setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment …Affidavits must be based on personal knowledge, setting forth facts admissible in evidence."); *see also Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Carmen v. San Francisco Unified School District*, 237 F .3d 1026, 1028 (9th Cir. 2001) (affirming summary judgment on basis that plaintiffs declaration was made without personal knowledge).

Even more importantly, when lawyers submit affidavits or declarations that opine as to their personal view of a legal issue, fact, or legal conclusion, courts routinely strike such material from consideration. To hold otherwise would permit a party (and its designated affiants) to usurp the role of the court. *A&M Records, Inc. v. Napster, Inc.,* 114 F. Supp. 2d 896 (N.D. Cal. 2000) (striking declaration of law professor that "merely offers a combination of legal opinion and editorial comment on Internet policy."), aff d, 239 F.3d 1004 (9th Cir. 2001); *Hurley v. United States Healthworks Med. Grp. of Wash.*, P.S., No. CV-05-0017-EFS, 2006 U.S. Dist. LEXIS 44062, at *4 (E.D. Wash. June 27, 2006) (holding statemens in the attorney's declaration are not based on personal knowledge and/or are legal conclusions, which are inadmissible and will not be considered); *Wahad v. FBI*, 179 F.R.D. 429, 435

MOTION TO STRIKE – 7

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

(S.D.N.Y. 1998) (Court struck portions of lawyer's affidavit which were "fraught with improper legal conclusions, ultimate facts, conclusory statements, and inadmissible hearsay."); *State Farm Fire & Casualty Co. v. Woods*, 925 F. Supp. 1174, 1179 (E.D. Tex. 1996) (disregarding defendant attorney's legally conclusory affidavit).

The Sulzer Declaration in the matter at hand is composed nearly entirely of the precise type of legal conclusions, speculation of the highest order, assertions of opinion, and improper argument that courts regularly strike. The Sulzer Declaration should therefore be struck. *See McCoy v. Southwest Airlines Co., Inc.,* 208 F.R.D. 617, 618 fn. 1 (C.D. Cal. 2002) (striking attorney's declaration for lack of personal knowledge); *Bigge Equipment Co. v. Maxspeed Intern. Transp. Co. Ltd*., 229 F. Supp. 2d 968, 977, fn. 3 (refusing to admit attorney's declaration as evidence based on attorney's lack of personal knowledge); *see also Beyene v. Coleman Sec. Services Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (refusing to admit attorney's declaration based on the attorney's failure to properly authenticate documents referenced therein).

The Sulzer Declaration should be stricken because it contains inadmissible legal conclusions and factual assertions not within Mr. Sulzer's personal knowledge as well as improper argument presented as a purported declaration in a direct attempt to contravene this Court's Order. ECF No. 100; ECF No. 111 at ¶ 10-11.

MOTION TO STRIKE – 8

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

**B. The Sulzer Declaration Consists of Speculative Conclusions of Fact and Law, Impermissble Opinions, and Improper Legal Argument That Should be Stricken.**

The following portions of the Sulzer Declaration [ECF No. 102], must be struck. The Sulzer Declaration should be stricken because it contains inadmissible legal conclusions and factual assertions not within Mr. Sulzer's personal knowledge, is premissed heavily on impermissble legal arugment to contravene this Court's order [ECF No. 100], and improper statements of opinion couched as improper argument. Additionally, Mr. Sulzer makes purported statements of fact that he, despite signing the declaration under oath, does not have personal knowldege.

The following paragraphs in the Sulzer Declaration contain statements of what Defendants purport to allege in this action as well as additional statements of purported fact which, in addition to many of them being false, Mr. Sulzer does not have personal knowledge or standing to testify about: Paragraphs 5, 6, 7, 8, 14, 15, 16, 17, 19, 21, 26, 28, 29, 30 of the Sulzer Declaration [ECF No. 102].

Additionally, the following paragraphs of the Sulzer Declaration contain impermissible arguments: Paragraphs 3, 4, 6, 10, 13, 14, 15, 16, 17, 20, 21, 26, 28, 29, 30 of the Sulzer Declaration [ECF No. 102].

Furthermore, the following paragraphs of the Sulzer Declaration contain legal conclusions, improper attorney opinion, and impermissible statements of the merits of Defendants' motions and argument; all of which are not admissible and which Mr. Sulzer is not qualified to make as an officer of this Court: Paragraphs 6, 9, 10, 13, 14,

MOTION TO STRIKE – 9

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

15, 16, 17, 20, 21, 28, 29, 30.

The Sulzer Declaration repeatedly advances legal arguments rather than providing admissible factual testimony, includes improper legal conclusions, and purports to make statements of fact without personal knowledge. Such content is improper and should be stricken or ignored. The Court should not permit Mr. Sulzer to "testify" through speculative statements, unsupported purported facts lacking personal knowledge, legal conclusions, and *ad hominem* attacks against the Court and counsel. Accordingly, this Court must strike the Sulzer Declaration as it has not legal force or effect.

Additionally, while Plaintiffs are not currently seeking sanctions, the Ninth Circuit has held that sanctions may be imposed *sua sponte* on the signer of a paper if the paper is filed for an improper purpose, such as to harass, cause unnecessary delay, or needless increase to the cost of litigation. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant this Motion and strike the Declaration at ECF No. 102 as detailed herein. Like Defendant's motions and repeated refusals to comply with Court orders, the Sulzer Declaration runs roughshod of the rules, requiring this Motion to Strike.

MOTION TO STRIKE – 10

Respectfully submitted this 15th day of April 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorney for Plaintiffs*

MOTION TO STRIKE – 11

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *s/ Caleb Hatch*
Caleb Hatch

MOTION TO STRIKE – 12