Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, <br><br> Defendants. | CASE NO. 2:24-CV-00413-SAB <br><br> **REPLY IN SUPPORT OF APPLICATION AND MOTION FOR AN ORDER DIRECTING DEFENDANTS TO ANSWER SUPPLEMENTAL INTERROGATORIES AND FOR DEFENDANTS' EXAMINATION** <br><br> Without Oral Argument |

## ARGUMENT

### A. Post-Judgment Discovery is Not Premature

Federal Rule of Civil Procedure 69(a)(2) provides *broad* discovery rights to judgment creditors in aid of judgment or execution. *See Ghayoori v. Cobra Trading, Inc.*, C25-0021 TSZ, 2025 WL 3526062, at *2 (W.D. Wash. Dec. 9, 2025) (citing

REPLY ISO APP. AND MOTION FOR AN ORDER
DIRECTING DEFENDANTS TO ANSWER
INTERROGATORIES AND FOR DEFENDANTS'
EXAMINATION - 1

*Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) ("rules governing discovery in postjudgment execution proceedings are quite permissive."). "Such discovery may serve one of two purposes: (1) 'to identify assets that can be used to satisfy a judgment,' and (2) 'to discover concealed or fraudulently transferred assets.'" (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009))). This is because the fundamental purpose of post judgment discovery is to preserve the judgment creditor's ability to collect on any eventual judgment. *Calvert v. Kooshian*, C12-1594RAJ, 2016 WL 9455281, at *1 (W.D. Wash. Mar. 28, 2016) (citing *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 868 (7th Cir. 2013)).

Moreover, the Ninth Circuit has determined that the 54(b) certification is flexible, in that the district court is not required to expressly and precisely state "there is no just reason for delay." *See AFGE Local 1533 v. Cheney*, 944 F.2d 503, 505, fn 3 (9th Cir. 1991) (finding statements in district court's findings adequately supported there was no just reason for delay); *see also Invesco High Yield Fund v. Jecklin*, 21-15809, 2021 WL 3778595, at *2 (9th Cir. Aug. 25, 2021) ("Read together with the district court's findings of fact and conclusions of law after trial, the judgment both identified the parties for and against whom judgment was being entered and provided a definite and certain designation of the amount that Plaintiffs were owed by Jecklin and his co-defendants. The judgment therefore constituted a 'money judgment.'")

Here, the Court has already entered a money Judgment on February 13, 2026, which constitutes an enforceable order even without Rule 54(b) certification. ECF

REPLY ISO APP. AND MOTION FOR AN ORDER
DIRECTING DEFENDANTS TO ANSWER
INTERROGATORIES AND FOR DEFENDANTS'
EXAMINATION - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

No. 84. Under Federal Rule of Civil Procedure 69(a), a money judgment allows for execution proceedings and related discovery. Defendants cite no authority that the existence of unresolved counterclaims or claims against a completely separate party automatically stays enforcement of an otherwise valid judgment. Defendants also cite no authority that their mere filing of "reconsideration" motions stays judgment enforcement.[1]

Furthermore, a clear reading of this Court's February 13, 2026 Order Granting Default Judgment against the company Defendants supports there is no just reason for delay in satisfaction of Fed. R. Civ. P. 54(b). As the Court found, "the entity Defendants have since failed to defend," and were expressly warned that default would result from their "failure to appear through counsel." ECF No. 83 at 4-5; *see also*, ECF No 67 ("Court will give Mr. Clausen 3 weeks to get an attorney for the corporate defendants otherwise will enter a default.").

The Court further concluded in its Order Granting Default Judgment that "Plaintiffs have no other recourse than default judgment to recover its damages and for a permanent injunction," and that "[a]bsent a default judgment, Plaintiffs have no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Plaintiffs and their customers." ECF No. 83 at 4. The record likewise reflects that "Defendants have willfully continued their unlawful activities even after this suit was filed and even after the Court entered the order of preliminary injunction," and have "continued their unlawful actions even

---

[1] As will be addressed in response to Defendants' reconsideration motions, Defendants' motions are deficient and should be denied.

REPLY ISO APP. AND MOTION FOR AN ORDER DIRECTING DEFENDANTS TO ANSWER INTERROGATORIES AND FOR DEFENDANTS' EXAMINATION - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

after the entry of the preliminary injunction." *Id.* at 4, 7. Under these circumstances, the Court recognized that "although generally a decision on the merits is favored, where Defendants have failed to appear and failed to respond to motions before the Court, a decision on the merits is impractical, if not impossible." *Id.* at 5. Finally, the Court's Order specifically directs a judgment against the specific Defendants for a specific monetary amount. *Id.* at 11. Thus, when read in conjunction with the Judgment, the record supports there was no just reason for delay under Fed. R. Civ. P. 54(b).

**B. This Court may Amend the Judgement to Certify under Fed. R. Civ. P. 54(b)**

*Nunc pro tunc*, meaning "now for then," permits courts to make their records accurately reflect what actually occurred. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 65, 140 S. Ct. 696, 206 L. Ed. 2d 1 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders to "reflect the reality" of what has already occurred. Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court.") (internal quotations and citations omitted).

Additionally, a district court retains inherent authority to manage its docket and may, in its discretion, order pre-judgment or pre-certification discovery to identify and preserve assets against dissipation, particularly where the court has already found irreparable harm and granted a permanent injunction. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *Baker v. Limber*, 647

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

F.2d 912, 920 (9th Cir. 1981) (no abuse of discretion where court enjoined dissipation of assets post-judgment to preserve availability of funds for Rule 69 enforcement pending appeal); *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, C18-1360 TSZ, 2021 WL 3616787, at *5 (W.D. Wash. Aug. 16, 2021) (court has inherent authority to order post judgment discovery).

Here, as stated above, this Court's Order granting default judgment adequately addresses there is no just reason for delay, and that the judgment was final as to all company Defendants. ECF No. 83. Additionally, this Court may in its inherent discretion amend the Judgment to expressly reflect there is no just reason for delay and certify the judgment under Fed. R. Civ. P. 54(b).

## CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that this Court order Judgment Debtors to fully answer Plaintiffs' supplemental Interrogatories to Judgment Debtors within 30 days of the entry of the requested order, and after which, to require Judgment Debtors to appear before the Court for supplemental examination proceedings at a date and time convenient to the Court to testify as to Judgement Debtors' assets which might be applied to the satisfaction of Plaintiffs' Judgment.

DATED this 16th day of April, 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.

REPLY ISO APP. AND MOTION FOR AN ORDER
DIRECTING DEFENDANTS TO ANSWER
INTERROGATORIES AND FOR DEFENDANTS'
EXAMINATION - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

REPLY ISO APP. AND MOTION FOR AN ORDER
DIRECTING DEFENDANTS TO ANSWER
INTERROGATORIES AND FOR DEFENDANTS'
EXAMINATION - 6

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *s/ Caleb Hatch*
Caleb Hatch

REPLY ISO APP. AND MOTION FOR AN ORDER
DIRECTING DEFENDANTS TO ANSWER
INTERROGATORIES AND FOR DEFENDANTS'
EXAMINATION - 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979