STEPHEN L. SULZER (*pro hac vice*)
STEPHEN L. SULZER PLLC
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com

ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen,*
*Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC and EIGHT EIGHTEEN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN CLAUSEN, CLAUSEN, INC., AR-TT LLC, and LILAC CITY, LLC,<br><br>Defendants. | Case No.: 2:24-CV-00413-SAB<br><br>DEFENDANT JONATHAN CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE |

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 1 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# **TABLE OF CONTENTS**

Pages

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

REPLY ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

  I. *SCHWARTZ* AND *DAM* HOLD THAT PLAINTIFFS' POST-
    PETITION ACTION AGAINST THEN BANKRUPTCY
    DEBTOR JONATHAN CLAUSEN WAS VOID *AB INITIO* . . . . . . . .    6

  II. PLAINTIFFS APPEARED IN CLAUSEN'S
    BANKRUPTCY PROCEEDING BUT FAILED
    TO MOVE THE BANKRUPTCY COURT FOR
    ANNULMENT OF THE AUTOMATIC VOIDING OF
    ALL CLAIMS IN THIS ACTION AGAINST CLAUSEN. . . . . . . . . .    11

  III. MOVANT DOES NOT SEEK REISSUANCE OF THE
    COURT'S ORDERS IN THIS ACTION, MOVANT SEEKS
    WHAT IS REQUIRED BY CONTROLLING NINTH CIRCUIT
    LAW: *NUNC PRO TUNC* DISMISSAL OF A COMPLAINT
    AGAINST HIM THAT WAS VOID *AB INITIO* . . . . . . . . . . . . . . . .    12

  IV. MOVANT INVOKED THIS COURT'S POWER UNDER
    RULE 54(b) AND THE COURT'S INHERENT AUTHORITY
    TO REVISIT ALL PRIOR INTERLOCUTORY ORDERS
    AGAINST CLAUSEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 2 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

V.  PLAINTIFFS MISTAKE *DICTUM* FOR LAW IN THE *LEETIEN* DECISION AND DISMISSAL, NOT STAY, IS COMPELLED BY *SCHWARTZ* AND *DAM* . . . . . . . . . . . . . . . .  13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 3 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# **TABLE OF AUTHORITIES**

Pages

**Cases**

*Dam v. Waldron,* No. 2:24-CV-00417-SAB, Slip Op., 2025
WL 1069844 (E.D. Wash. April 9, 2025), *vacated
and remanded for a without-prejudice dismissal,*
Appeal No. 25-2459, Memorandum, 2026 WL
777414 (9th Cir. Mar. 19, 2026) (unpub.) . . . . . . . . . . . . . . . . . . . . . . *passim*

*Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) . . . . . . . 13, 14, 15

*Hillis Motors, Inc. v. Hawaii Auto. Dealers'
Ass'n,* 997 F.2d 581 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Achterberg,* 573 B.R. 819 (Bankr. E.D. Cal. 2017). . . . . . . . . . . . . . . 8

*In re Braught*, 307 B.R. 399 (Bankr. S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . 8

*In re Henley,* 1994 U.S. Dist. LEXIS 14456,
74 A.F.T.R.2d (RIA) 1994-6603
(E.D. Cal. Sept. 27, 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*In re Peters,* 101 F.3 618 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Roach,* 660 F.2d at 1316 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . 10

*In re Schwartz,* 954 F.2d 569 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Sucre,* 226 B.R. 340 (Bankr. S.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . 8

*Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343 (1940). . . . . . . . . . . . . . . . 7

*Little Texas, Inc. v. Buchen,* 319 Ill. App. 3d 78,
744 N.E.2d 348 (Ill. App. 3 Dist. 2001) . . . . . . . . . . . . . . . . . . . . . . . 8

*Lumetta v. Arborlake Homeowners Assn.,*
No. 16cv18117-AJB (JLB), 2017 WL 1967327
(S.D. Cal. May 12, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

*Select Portfolio Servicing, Inc. v. Worobec*,
    178 So.3d 971, 2015 WL 7781609
    (D. Ct. App. Fla. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

**Statutes**

11 U.S.C. § 362(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6, 11,
                                                                          14, 15

**Rules**

Fed. R. Civ. P. 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

**PRELIMINARY STATEMENT**

Moving Defendant Jonathan Clausen ("CLAUSEN") hereby replies to the April 13, 2026, Plaintiffs' Opposition (ECF Doc. Nos. 109, 111, and 112) to his March 30, 2026, motion (ECF Doc. Nos. 101, 101-1, and 102) to vacate and dismiss without prejudice, *nunc pro tunc*, all claims, motions, orders, and proceedings against him in this action, as void *ab initio* and legally-invalid acts violative of 11 U.S.C. section 362(a)(1).  As shown more fully below, Plaintiffs' opposition to the instant motion is legally and factually unfounded, and the instant motion to vacate should be granted.

**REPLY ARGUMENT**

Plaintiffs' Opposition runs up against a stone wall:  Ninth Circuit controlling law that violation of 11 U.S.C. § 362(a)(1) by commencement of a post-petition action against a bankruptcy debtor renders the action void *ab initio,* regardless of knowledge of the pending bankruptcy proceeding.

**I. *SCHWARTZ* AND *DAM* HOLD THAT PLAINTIFFS' POST-PETITION ACTION AGAINST THEN BANKRUPTCY DEBTOR JONATHAN CLAUSEN WAS VOID *AB INITIO***

Plaintiffs' Memo at page 7 claims that "[t]here is no rule or case law, and Defendant has not cited to any, that state any filing of any complaint after the filing of an unknown bankruptcy petition is legally invalid."  *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) is mentioned on page 10, but Plaintiffs claim it is "not applicable."

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 6 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Plaintiffs never really come to grips with the Ninth Circuit's decisions in *Schwartz* and *Dam v. Waldron,* No. 2:24-CV-00417-SAB, Slip Op., 2025 WL 1069844 (E.D. Wash. April 9, 2025), *vacated and remanded for dismissal without prejudice,* Appeal No. 25-2459, Memorandum, 2026 WL 777414 (9th Cir. Mar. 19, 2025) (unpub.), which are controlling and persuasive, respectively.  As this Court held in *Dam,* a post-bankruptcy petition complaint "constitutes a violation of the automatic stay in the Bankruptcy Case and is therefore void."  *Dam,* 2025 WL 1069844 at *2-3.  And as the Ninth Circuit observed in *Dam,* "the complaint was 'of no effect'" as "'violations of the automatic stay are void, not voidable.'"  2026 WL 777414 at *2, quoting *Schwartz,* 954 F.2d at 572.

Schwartz and *Dam* did not come out of nowhere.  *Schwartz* made clear (954 F.2d at 572) that its holding was supported by the great weight of authority of a majority of courts, including *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940), which held void and subject to collateral attack a violation of a statutory predecessor.

With the instant suit against CLAUSEN being void *ab initio* under *Schwartz* and *Dam,* this Court was without authority to do anything other than to dismiss all claims against CLAUSEN.  Under *Schwartz* and *Dam,* all other actions taken against CLAUSEN, by Plaintiffs and the Court, were a nullity and legally invalid.

Plaintiffs try to distinguish *Schwartz* on the ground that it involved an IRS tax transfer, not a district court action (ECF No. 109 at 14), a distinction without a

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 7 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

difference in light of the Ninth Circuit's explanation for its ruling, described below. With respect to *Dam,* PLAINTIFFS try to carve out a "no harm, no foul" exception, draw meaningless procedural distinctions, and excuse their post-petition filing of this action on lack of notice.  (ECF No. 109 at 13, 15, 16-17.)

Cases like *Select Portfolio Servicing, Inc. v. Worobec,* 178 So.3d 971, 2015 WL 7781609 (D. Ct. App. Fla. 2015), and *Little Texas, Inc. v. Buchen,* 319 Ill. App. 3d 78, 744 N.E.2d 348, 351 (Ill. App. 3 Dist.  2001) – which PLAINTIFFS never address in their opposition memo – make clear that lack of notice has no effect on the rule set forth in *Schwartz* and *Dam,* because the action against CLAUSEN was void *ab initio* regardless of whether PLAINTIFFS had notice when they filed it. *Buchen* also makes clear that, contrary to the implication behind PLAINTIFFS' position (ECF No. 109 at 8), whether the bankruptcy petition was later dismissed "is of no consequence[,]" because "the automatic stay provision voided [the] complaint at its filing."  744 N.E.2d at 351.

Cases such as *In re Achterberg,* 573 B.R. 819, 830 (Bankr. E.D. Cal. 2017), *In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004), and *In re Sucre,* 226 B.R. 340, 348 (Bankr. S.D.N.Y. 1998), make clear that Plaintiffs' duty to expeditiously dismiss their action against CLAUSEN (*i.e.,* return CLAUSEN to the *status quo ante*) arose when they received notice on February 11, 2025.  It is beyond dispute that Plaintiffs and their counsel violated that duty.

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 8 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Plaintiffs' hand waving at *Dam* and *Schwartz* does nothing to avoid the Ninth Circuit's holding in those cases. As the Ninth Circuit reiterated in *Dam:*

> A bankruptcy triggers a "self-executing" and "automatic stay of actions by all entities to collect or recover on claims." . . . The stay "applies to almost any type of formal or informal action against the debtor or property of the estate." . . . "[V]iolations of the automatic stay are void, not voidable."

2026 WL 777414, *2, citations omitted, quoting *Schwartz,* 954 F.2d at 571.

Contrary to Plaintiffs' requested approach here, the Ninth Circuit explained in unqualified terms in *Schwartz* that "any action in violation of the automatic stay is void and of no effect." 954 F.2d at 572-73. As shown above, the Ninth Circuit followed that legal principle in *Dam,* notwithstanding the creditor in *Dam* asserting the same sort of immaterial distinctions Plaintiffs attempt to interpose here.

The Ninth Circuit made clear in *Dam* that **dismissal** of a post-petition district court action, **not stay of the action,** is the required remedy. 2026 WL 777414, *2-3. Why? Because the district court action is void ***ab initio,*** and thus "is of no effect." *Id.* at *2, quoting *Schwartz,* 954 F.2d at 572. As a matter of law, under *Dam* and *Schwartz,* the Court has no subject matter jurisdiction over a post-petition filed lawsuit, and thus has no authority to do anything in the case other than dismiss it.

Not surprisingly, Plaintiffs assert an invited error argument, trying to pin CLAUSEN to his prior counsel's request for a stay. (ECF No. 109 at 18-19.) This holds no water where, as here, the Court has no authority to do anything other than

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 9 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

dismiss Plaintiffs' action/claims against CLAUSEN.  Plaintiffs never come to terms with the effect of the holdings in *Schwartz* and *Dam* and have failed to meaningfully distinguish either case.  At bottom, Plaintiffs cannot escape the effect of the Ninth Circuit's unequivocal holdings in those cases.

Unable to escape the effect of *Dam* and *Schwartz* on this post-petition suit against CLAUSEN, Plaintiffs rely on *In re Roach,* 660 F.2d 1316 (9ᵗʰ Cir. 1981), for the notion that at least some activity is permissible outside the bankruptcy forum. (ECF No. 109 at 12, 14.)  *Roach* involved a bank's postponement of an extrajudicial sale of property and a series of rulings in the debtor's Chapter 11 bankruptcy proceeding, 660 F.2d at 1317-19, not in an improperly filed and maintained district court action as in this case.  *Roach's* holding that **the bankruptcy court** did not abuse its discretion in granting relief from the automatic stay, particularly where it found that the debtor had no equity interest in the property in question, has no effect whatsoever on the holding in *Schwartz* and *Dam* that post-petition complaints in federal court are void *ab initio* and must be dismissed.  Plaintiffs' reliance on *In re Peters,* 101 F.3 618 (9ᵗʰ Cir. 1996) (ECF No. 109 at 14), is to no avail for the same reason – like *Roach,* it involved a creditor's postponement of a foreclosure sale, not a post-petition action in district court.

Plaintiffs' obscure tax appeal decision, *In re Henley*, 1994 U.S. Dist. LEXIS 14456, 74 A.F.T.R.2d (RIA) 1994-6603 (E.D. Cal. Sept. 27, 1994) (copy taken from

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 10 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

PACER appended as **Exhibit A**), is not to the contrary.  It accepted *Schwartz's* "void" standard and remanded for further factual findings and further consideration by the bankruptcy court of a motion for relief from the automatic stay.

Plaintiffs' notion that compliance with this Court's stay (while maintaining their action/claims against CLAUSEN) (*see* ECF No. 109 at 7-8, 15-16) did not violate 11 U.S.C. § 362(a)(1) is a red herring.  Even if Plaintiffs took no actions against CLAUSEN during the pendency this Court's stay, it does not change the effect of *Dam* and *Schwartz,* both of which hold that the action/claims against CLAUSEN were void *ab initio,* and obligated the Court to dismiss them *sua sponte* upon learning of the bankruptcy proceeding in February 2025.

Trapped by the dispositive effect of *Schwartz* and *Dam,* Plaintiffs seek to strike the Declaration of Stephen L. Sulzer (ECF No. 102) submitted in support of the motion to vacate.  (ECF No. 109 at 1, 10.)  As will be shown in a separate memorandum opposing Plaintiffs' motion to strike, that motion should be denied without hesitation.  In the context of CLAUSEN'S instant motion, this case's procedural history, as key facts of the case, is appropriately recited in the Declaration.

## II. PLAINTIFFS APPEARED IN CLAUSEN'S BANKRUPTCY PROCEEDING BUT FAILED TO MOVE THE BANKRUPTCY COURT FOR ANNULMENT OF THE AUTOMATIC VOIDING OF ALL CLAIMS IN THIS ACTION AGAINST CLAUSEN

Plaintiffs misguidedly beat the drum for this Court to annul the automatic bankruptcy stay. (ECF No. 109 at 20-21.)  But it does not work that way.  As

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 11 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

*Schwartz* itself explains, "absent affirmative relief **from the bankruptcy court,** violations of the stay are void." 954 F.2d at 573 (emphasis added). More explicitly, as the Ninth Circuit just made clear in *Dam:* "Dam's request to lift the automatic stay should thus have been directed to the bankruptcy court, not the district court." 2026 WL 777414 at *2.

Plaintiffs appeared through counsel in CLAUSEN'S bankruptcy proceeding, but did not move the bankruptcy court to annul the automatic voiding of all claims in this action against CLAUSEN. *See* Notice of Appearance dated March 14, 2025, in *In re Jonathan David Clausen and Jodi Lynn Clausen, Debtors*, Case No. 24-01739-FPC13, Doc. No. 75 (Bankr. E.D. Wash.), appended hereto as **Exhibit B**.

### III. MOVANT DOES NOT SEEK REISSUANCE OF THE COURT'S ORDERS IN THIS ACTION, MOVANT SEEKS WHAT IS REQUIRED BY CONTROLLING NINTH CIRCUIT LAW: *NUNC PRO TUNC* DISMISSAL OF A COMPLAINT AGAINST HIM THAT WAS VOID *AB INITIO*

In a weak attempt at *reductio ad absurdum,* Plaintiffs mischaracterize the relief sought by the movant as nothing more than reissuance of the Court's orders in this action and therefore of no legal significance. (ECF No. 109 at 15.) Movant does not seek reissuance of the Court's orders, he seeks what he is entitled to as a matter of Ninth Circuit law: *nunc pro tunc* dismissal without prejudice of a complaint against him that was void *ab initio.*

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 12 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

## IV. MOVANT INVOKED THIS COURT'S POWER UNDER RULE 54(b) AND THE COURT'S INHERENT AUTHORITY TO REVISIT ALL PRIOR INTERLOCUTORY ORDERS AGAINST CLAUSEN

Plaintiffs baselessly assert that CLAUSEN'S motion does not identify under which Rule of Civil Procedure he is demanding that all actions against him be vacated. (ECF No. 109 at 7.) It is plain on the face of CLAUSEN's motion paper that the movant invoked this Court's power under Rule 54(b) of the Federal Rules of Civil Procedure and the Court's inherent authority to revisit all prior interlocutory orders against CLAUSEN. (ECF No. 101 at 20.) In the course of such an exercise this Court obviously has the power and responsibility to decide whether it has any subject matter jurisdiction over the action/claims against CLAUSEN. And CLAUSEN submits that under the circumstances here the Court has no such jurisdiction, based on the voiding of the action against CLAUSEN by virtue of 11 U.S.C. § 362(a)(1) the moment this action was filed against him.

## V. PLAINTIFFS MISTAKE *DICTUM* FOR LAW IN THE *LEETIEN* DECISION AND DISMISSAL, NOT STAY, IS COMPELLED BY *SCHWARTZ* AND *DAM*

Plaintiffs mistakenly rely on *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210 (9th Cir. 2002), for the notion that if there is a continuing action in a non-bankruptcy forum, the proceeding may be *stayed.* (ECF No. 109 at 8-9, 12-13.) Contrary to Plaintiffs' expansive reading of *Leetien,* the Ninth Circuit never reached the question whether it is permissible to maintain a post-petition action under a stay. It only held

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 13 of 17

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

that maintenance of such an action without a stay unquestionably violated Section 362(a)(1).

The panel's use of the term "stay" in *Leetien* (309 F.3d at 1214) was not even close to an abrogation or even a softening of the principle set forth in *Schwartz* that post-petition collection suits are void *ab initio* – a ruling which deprived this Court of the authority needed to do anything other than dismiss this action. This is made clear when, in the next paragraph, the *Leetien* panel favorably recounts the Ninth Circuit's prior holding that "the automatic stay requires an immediate freeze of the status quo **by precluding and nullifying** post-petition actions." *Id.,* citing *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 585 (9th Cir. 1993). Notably, *Hillis*, in turn, cited *Schwartz* for the rule that actions taken in violation of the automatic stay are void rather than voidable. 997 F.2d at 585-86.

*Leetien's* use of the term "nullifying" to describe what Section 362(a)(1) does to a post-petition action outside the bankruptcy court makes clear the panel's adherence to the rule from *Schwartz* that such actions are void *ab initio,* not voidable. An action that has been "nullified" by Section 362(a)(1) and is void *ab initio* is not an action to be stayed—it is an action to be ***dismissed,*** as the Ninth Circuit has now made abundantly clear in *Dam.*

The *Leetien* panel discussed a creditor's violation of Section 362(a)(1) by maintenance of an "active" state court collection suit (albeit one where the creditor

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 14 of 17

claimed to be sitting on its hands), but the panel never reached the question whether a stay would have avoided the creditor's and its counsel's violation of Section 362(a)(1).  *See Leetien,* 360 F.3d at 1214.  Plaintiffs' attempt to construe *Leetien* as having decided that a stay would be sufficient, particularly when the panel expressly followed the *Schwartz* rule that such suits are **a nullity,** takes a giant step too far.

Plaintiffs confusingly cite a number of cases with inapposite circumstances where pre-petition collection actions were stayed by the later commencement of a bankruptcy filing.  Indeed, one of them, *Lumetta v. Arborlake Homeowners Assn.*, No. 16cv18117-AJB (JLB), 2017 WL 1967327, *4 (S.D. Cal. May 12, 2017), copy appended as **Exhibit C**, pointed out that, "[u]nlike the debtor in [*Leetien*], the present matter does not involve a post-petition collection action against a debtor."

## **CONCLUSION**

For the foregoing reasons, Defendant CLAUSEN'S motion should be granted and an order entered vacating and dismissing *nunc pro tunc,* without prejudice, all claims, motions, orders, and proceedings against CLAUSEN.

Dated:  April 20, 2026                    Respectfully submitted,

By:  /s/ *Stephen L. Sulzer*
Stephen L. Sulzer (*pro hac vice*)
**STEPHEN L. SULZER PLLC**
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 15 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

/s/ Douglas R. Dick_____

DOUGLAS R. DICK, WSBA #46519

ROBERT T. WRIGHT, WSBA #54075

WHC ATTORNEYS, PLLC

12209 E. Mission Avenue, Suite 5

Spokane Valley, WA  99206

P: (509) 927-9700

F: (509) 777-1800

E: doug@whc-attorneys.com

E: rwright@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE

Case No. 2:24-CV-00413-SAB

Page 16 of 17

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system, including the following:

Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
Lee & Hayes, P.C.
601 W. Riverside Ave., Suite 1400
Spokane, WA 99201
Email: caleb.hatch@leehayes.com
Email: johanna.tomlinson@leehayes.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Spokane Valley, Washington this 20th day of April 2026.

_____
**Julie Sutter,** Legal Assistant

DEFENDANT CLAUSEN'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO VACATE
Case No. 2:24-CV-00413-SAB
Page 17 of 17

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

*EXHIBIT A*

**Full docket text for document 29:**

ORDER by Judge Garland E Burrell ORDEIRNG: the bakruptcy court erred by sustaining the Debtors' objections to the IRS' proofs of claim on the ground that the IRS assessments were void under Schwartz; accordingly the Debtors' objection to the IRS's claims is remanded to the bankruptcy court for further proceedings, consistent with this order as well as for specific findings and conclusions ; in addition the bankrupty court did not make any findings or explain its denial of the United States' motion for retroactive relief from the automatic stay and the basis for such decision is not stated in the record; also it is unclear whether the bankruptcy court's interpretation and application of Schwartz was a factor in denying the United States' motion; the United States' motion for retroactive relief from the automatic stay is remanded to the bankruptcy court for specific findings and conclusions on the issues presented by such motion; the Court does not decide the merit of the IRS' claims, the effect of the applicable statute of limitations on such claims, or whether the IRS has complied with the provisions of 26 USC 6501 in this matter (cc: all counsel) (kb)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/15/2026 08:51:13 | | | |
| **PACER Login:** | slsulzer | **Client Code:** | Clausen |
| **Description:** | History/Documents | **Search Criteria:** | 2:93-cv-01040-GEB |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# *EXHIBIT B*

CALEB A. HATCH (WSBA# 51292)          HONORABLE FREDERICK P. CORBIT
LEE & HAYES, P.C.                                              Chapter 13
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Email: Caleb.Hatch@leehayes.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

Jonathan David Clausen

Jodi Lynn Clausen

    Debtors

Case No. 24-01739-FPC13

**NOTICE OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE**

To:    Debtor

To:    Rebecca J. Sheppard, Debtor's Attorneys; and

To:    United States Trustee

PLEASE TAKE NOTICE that Caleb A. Hatch of the law firm of Lee & Hayes, P.C., enters his appearance for **Hammerless Tools, LLC** a party in interest herein, pursuant to LBR 9010-1 and without waiving any objection as to jurisdiction or consenting to any adjudication by this Court.

PURSUANT to FRBP 2002, 9007, and 9010, the undersigned requests that an entry be made on the clerk's matrix in this case and that all notice, given or required to be given, and all documents, served or required to be served in this case, be given to and served on the persons set forth below:

NOTICE OF APPEARANCE
CALEB A. HATCH - 1

Caleb A. Hatch
Lee & Hayes, P.C.
601 W. Riverside Ave., Ste. 1400
Spokane WA 99201
Caleb.Hatch@leehayes.com
litigation@leehayes.com

The foregoing request includes not only the notices and papers referred to in the rules specified above, but also includes, without limitation, all order, notices, hearing dates, applications, motions, petitions, requests, complaints, demands, replies, answers, schedules of assets and liabilities, statements of affairs, operating reports, plans of reorganization, and disclosure statements, whether formal or informal, whether written or oral, whether transmitted or conveyed by mail, courier service, deliver, telephone, telex, telecopier or otherwise, and whether directed to parties in interest, generally or specifically. This request applies to documents served both before and after the last date on which a proof of claim may be filed.

DATED this 14th day of March, 2025.

/s/ Caleb A. Hatch
CALEB A. HATCH (WSBA# 51292)
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA  99201
Phone: (509) 324-9256
Email: Caleb.Hatch@leehayes.com

*Attorneys for Hammerless Tools, LLC, interested party*

NOTICE OF APPEARANCE
CALEB A. HATCH - 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

# *EXHIBIT C*

2017 WL 1967327
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Albina G. **LUMETTA**, Appellant,
v.
ARBORLAKE HOMEOWNERS ASSOCIATION, Appellee.

Case No.: 16cv1817-AJB (JLB)
|
Signed 05/12/2017

**Attorneys and Law Firms**

Karen S. Spicker, Michael G. Doan, Doan Law, LLP, Oceanside, CA, for Appellant.

Alan Vanderhoff, Vanderhoff Law Group, San Diego, CA, for Appellee.

**ORDER AFFIRMING THE BANKRUPTCY COURT'S RULING**

Hon. Anthony J. Battaglia, United States District Judge

**\*1** Appellant Albina G. **Lumetta** ("**Lumetta**") appeals the United States Bankruptcy Court's Order denying her Application for an Order to Show Cause ("OSC"). (Doc. No. 1.) **Lumetta** contends that Appellee Arborlake Homeowners Association's ("AHA") affirmative action of sending out a case management conference letter after **Lumetta's** debts had been discharged is a willful violation of the discharge injunction. (*See generally* Doc. No. 33.) Specifically, on appeal, **Lumetta** asserts that AHA had an unqualified duty to dismiss her state court action, an OSC should have been issued, **Lumetta** had no duty to mitigate her damages, and that it was improper for the bankruptcy court to deny **Lumetta** discovery. (*Id.*) For the reasons stated more fully below, the Court **AFFIRMS** the bankruptcy court's ruling denying the OSC.

**I. BACKGROUND**

On January 8, 2014, AHA sued **Lumetta** and her husband, John Paul **Lumetta** ("Mr. **Lumetta**"), in San Diego County Superior Court (the "State Court Action") for numerous causes of action and seeking damages for delinquent monthly assessments, late charges, pre-judgment interest, and attorney's fees and costs. (Doc. No. 3-1 at 328; Doc. No. 33 at 4; Doc. No. 39 at 9.)[1] On August 25, 2014, **Lumetta** retained Doan Law Firm ("Doan") to file for Chapter 7 relief. (Doc. No. 3-1 at 328; Doc. No. 33 at 4.) Thereafter, on September 4, 2014, Doan sent AHA a cease and desist order indicating that **Lumetta** would soon be seeking bankruptcy protection. (Doc. No. 3-1 at 130.) AHA responded to the cease and desist letter via email on September 12, 2014. (Doc. No. 33 at 4.)

**Lumetta** then filed her Chapter 7 petition, without her husband as a co-debtor, on October 31, 2014. (Doc. No. 3-1 at 9.) AHA received notice of the bankruptcy filing on November 5, 2014. (*Id.* at 138.) Two days later, AHA filed a notice of stay of proceedings as to **Lumetta** in the State Court Action. (*Id.* at 228.)

On January 9, 2015, the state court held a trial readiness conference in which it indicated that because **Lumetta** and Mr. **Lumetta** were married, it wished to stay the entire action as to both of them. (*Id.* at 142, 148-150, 328.) Accordingly, AHA then filed a second notice of stay of proceedings as to the entire case on January 14, 2015. (*Id.* at 226.) Despite the second stay, **Lumetta** continued to receive various state court documents between January 9, 2015, and January 21, 2015. (*Id.* at 328.) **Lumetta's** bankruptcy then continued to follow its normal course with discharge entered on February 9, 2015. (*Id.* at 80.)

On March 11, 2015, AHA, through its attorney Elizabeth Call[2] ("Ms. Call"), filed a Notice of Termination or Modification of Stay (the "Notice of Termination") in the superior court. (*Id.* at 158; Doc. No. 41-1 at 9.) Ms. Call signed this notice as the "declarant" and under penalty of perjury. (*Id.*) Moreover, under question three, Ms. Call stated that the January 14, 2015 notice was vacated by the order of another court. (*Id.*) Additionally, under question five, Ms. Call represented that the stay had been vacated, was no longer in effect, or was modified with regard to all parties. (*Id.*) Lastly, the Notice of Termination included a printout from **Lumetta's** bankruptcy docket showing that her debts were discharged. (Doc. No. 3-1 at 257.)

**\*2** On July 10, 2015, Ms. Call attended a status conference. (Doc. No. 33 at 6; Doc. No. 39 at 9.) Neither Lumetta nor Mr. Lumetta attended. (Doc. No. 39 at 9.) During this status conference, AHA contends that Ms. Call told Judge Timothy Taylor that Lumetta's discharge had been entered.[3] (*Id.*; Doc. No. 3-1 at 259-60.) Judge Taylor then continued the case status conference to August 21, 2015, and ruled that if Lumetta and Mr. Lumetta did not appear at the continued status conference that their answers would be striken. (Doc. No. 3-1 at 239.) Judge Taylor then ordered Ms. Call to serve a notice of his ruling on Lumetta. (*Id.* at 239, 260.)

Lumetta received the Notice of Case Management Conference statement (the "Notice of CMC") on July 13, 2015.[4] (*Id.* at 160-61.) The letter stated that: (1) a status conference was held on July 10, 2015; (2) there was no appearance by Lumetta or Mr. Lumetta; (3) a case management conference was set for August 21, 2015; (4) the stay would be lifted; and (5) if Lumetta and Mr. Lumetta failed to appear that their answers would be striken and AHA would be permitted to enter default against them both. (*Id.*)

After receiving these notices, Lumetta contacted Doan on July 15, 2015. (Doc. No. 33 at 7.) Attorney Michael Doan, who was out of the country at the time, tried to assure Lumetta that the lawsuit was not proper. (*Id.*) Doan then contacted AHA on August 7, 2015, and demanded that they dismiss the State Court Action. (*Id.*) AHA responded electronically on August 10, 2015, and filed the dismissal on the same day. (Doc. No. 3-1 at 329; Doc. No. 41-1 at 21-23.) The state court did not enter the dismissal until August 11, 2015, and Doan and Lumetta received notice of the dismissal on August 28, 2015. (Doc. No. 3-1 at 329.)

On August 26, 2015, Lumetta applied for an OSC with the bankruptcy court to determine why AHA should not be held in contempt for violating the discharge injunction. (*Id.* at 84-85.) Lumetta asserts that as a result of AHA's failure to immediately dismiss the State Court Action with prejudice, she ended up receiving: (1) numerous documents from state court; and (2) the Notice of CMC. (*Id.* at 86-90; Doc. No. 33 at 8.) This then allegedly caused Lumetta a variety of damages including: (1) actual damages for emotional distress, aggravation, exam resetting, delayed employment, and wasted time working on the lawsuit; (2) lost wages; (3) medical expenses; (4) damages similar to those recoverable in an action under the Rosenthal Fair Debt Collection Practices Act; and (5) attorney's fees and costs. (Doc. No. 3-1 at 90-93.)

On October 5, 2015, after the bankruptcy court heard initial arguments on this matter, it issued a tentative ruling stating that it was inclined to grant the OSC and requested that both parties attend the hearing to discuss the deadlines for submitting evidence and briefing on the matter. (*Id.* at 193.) On December 23, 2015, the bankruptcy court requested additional briefing from both parties. (Doc. No. 33 at 9.) On February 24, 2016, the bankruptcy court continued the matter until the testimony of Ms. Call could be taken. (Doc. No. 3-1 at 241.)

On March 17, 2016, Ms. Call testified that she served the Notice of CMC at the state court's request. (*Id.* at 261; Doc. No. 43 at 13.) Specifically, Ms. Call stated that she was not in the practice of challenging a state court judge's direct order. (Doc. No. 3-1 at 263.) Nor was it Ms. Call's custom to reengage Judge Taylor and correct him in regards to his rulings. (*Id.*) After Ms. Call's testimony, closing arguments were made by both parties and the matter was taken under submission. (*Id.* at 245.)

**\*3** On June 3, 2016, the bankruptcy court denied Lumetta's application for an OSC even though it agreed that a technical discharge violation was committed. (*Id.* at 338.) Specifically, the bankruptcy court denied Lumetta's application because it found that AHA had satisfied its burden in demonstrating why it was unable to comply with the discharge injunction and that Lumetta failed to mitigate her damages. (*Id.* at 338-339.)

**II. PROCEDURAL BACKGROUND**
On July 14, 2016, Lumetta filed a notice of appeal from the bankruptcy appellate panel with this Court. (Doc. No. 1.) On September 3, 2016, AHA filed a motion to dismiss for lack of jurisdiction, (Doc. No. 5), which was denied on February 3, 2017, after the Court requested supplemental briefing. (Doc. Nos. 10, 18.)

On February 13, 2017, Lumetta filed a motion for sanctions, (Doc. No. 20), and on March 10, 2017, filed an objection. (Doc. No. 28.) On March 12, 2017, AHA filed a motion to strike Lumetta's late filed Reply brief to her motion for sanctions. (Doc. No. 30.) On March 23, 2017, Lumetta filed an ex parte motion for extension of time to file her Reply in support of her motion for sanctions. (Doc. No. 35.) On April 19, 2017, the Court denied Lumetta's motion for sanctions, granted AHA's motion to strike, denied Lumetta's ex parte application, and denied AHA's cross-motion for sanctions. (*See generally* Doc. No. 50.) Briefing for this appeal was completed on April 3, 2017. (Doc. No. 45.) This Order follows.

## III. LEGAL STANDARD

### A. Factual Findings are Reviewed Under the Clear Error Standard

"Clear error is the standard under the Federal Rules of Civil Procedure for appellate review of [lower] court findings of fact." *Escobar v. Flores*, 183 Cal. App. 4th 737, 748 (2010). "Clear error exists only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Milenbach v. C.I.R.*, 318 F.3d 924, 935 (9th Cir. 2003) (citation omitted). Specifically, under the federal standard, "a finding is clearly erroneous [only] when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Escobar*, 183 Cal. App. 4th at 748. (internal quotation and citation marks omitted).

### B. De Novo Review

"This Court independently reviews the bankruptcy court's rulings on appeal from the [bankruptcy appellate panel]." *Diamant v. Kaspanan (In re S. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir. 1999) (citing *Weisberg v. Shearson Lehman Bros., Inc. (In re Weisberg)*, 136 F.3d 655, 657 (9th Cir. 1988)).

## IV. DISCUSSION

On appeal, the crux of Lumetta's argument is that an OSC should have been filed as it was an error to excuse AHA's willful violation of 11 U.S.C. § 524(a)(2)[5] by affirmatively filing the Notice of Termination. (Doc. No. 33 at 2, 5.) Specifically, Lumetta argues in her opening brief that: (1) AHA had an affirmative duty to dismiss the State Court Action; (2) the OSC should have been issued; (3) the bankruptcy court should have allowed discovery; and (4) that Lumetta had no duty to mitigate her damages. (*See generally* Doc. No. 33.) The Court will consider Lumetta's unqualified duty argument first. The Court will then turn to her remaining arguments as the Court's analysis of these contentions is related.

### A. Lumetta Did Not Have an Unqualified Duty to Dismiss the State Court Action

*4 Lumetta's initial argument is that cases such as *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) hold that AHA had an affirmative duty to discontinue Lumetta's State Court Action upon discharge. (Doc. No. 33 at 15.) AHA retorts that Lumetta's argument misconstrues the meaning of *Eskanos* and that the bankruptcy court did not err in holding that AHA did not have an affirmative duty to dismiss the State Court Action. (Doc. No. 39 at 11.)

At the outset, the Court notes that the bankruptcy court in its order denying Lumetta's application for an OSC rejected her use of *Eskanos*, noting that the case was "factually distinguishable and inapposite." (Doc. No. 3-1 at 336.) Moreover, the bankruptcy court disagreed that AHA had an unqualified duty to immediately dismiss the State Court Action. (*Id.* at 337.) Instead, the bankruptcy court held that the only affirmative duty AHA had was to automatically dismiss or stay Lumetta's pending collection action. (*Id.*)

Having reviewed both parties' arguments, the controlling legal authority, as well as the bankruptcy court's previous ruling, the Court finds that the bankruptcy court did not clearly err in making the foregoing determinations. First, the Court notes that Lumetta has mischaracterized the Ninth Circuit's holding in *Eskanos*. In *Eskanos*, a debtor filed for bankruptcy and thereafter her creditor filed in state court a collection action against her. 309 F.3d at 1212. Almost two months later, the creditor dismissed the state collection action. *Id.* In analyzing the situation, bankruptcy Judge Adler stated that 11 U.S.C. § 362(a) was unambiguous in that it "prohibits the continuation of judicial actions," which "includes the maintenance of collection actions filed in state court." *Id.* at 1213. Thus, the court deemed that the creditor's actions including declining to take the debtor's phone calls regarding his bankruptcy filing, refusal to stay the state court action, and failure to explain its delay ultimately violated the automatic stay and thus sanctions were appropriate. *Id.* at 1212, 1215.

Unlike the debtor in *Eskanos*, the present matter does not involve a post-petition collection action against a debtor. Here, AHA first filed suit against Lumetta and her husband in January of 2014. (Doc. No. 3-1 at 103.) Then nearly eight months later, on October 31, 2014, Lumetta filed for Chapter 7 relief. (*Id.* at 1-2.) Next, the Court finds no statement in *Eskanos* that reflects the assertion that there is an affirmative duty to dismiss a state court action upon a debtor's discharge. Instead, the Court agrees with the bankruptcy court and finds that *Eskanos*

only held that there is an affirmative duty to either stay or dismiss a debtor's collection action. *Eskanos*, 309 F.3d at 1214. The Court highlights that Lumetta followed this obligation dutifully as it stayed Lumetta's State Court Action two days after it received notice of Lumetta's bankruptcy. Finally, most fatal to Lumetta's claims is that *Eskanos* only involved an analysis under 11 U.S.C. § 362(a)(1). *Id.* at 1213–14. Whereas, the present matter involves discharge injunctions under 11 U.S.C. § 524(a)(2). Lumetta contends that as § 362 and § 524 are so similar, the Court may still apply the holding in *Eskanos* to this appeal. (Doc. No. 33 at 17-18.) However, Lumetta neglects to provide persuasive legal citations to argue this viewpoint. Accordingly, the Court declines to extend the reasoning in *Eskanos* to the instant action and finds its holding inapplicable to the issues at hand.

**\*5** Next, the Court finds the cacophony of case law provided by Lumetta to be unpersuasive. Lumetta points to several cases to support the contention that 11 U.S.C. § 524 requires the discontinuation of lawsuits. (Doc. No. 33 at 15.) However, the Court notes that the case excerpts provided by Lumetta in her opening brief fail to reflect this argument. Moreover, the majority of the cases involved post-collection actions that are inapposite to the present matter. For example, the court in *In re Gurrola*, 328 B.R. 158, 171 (B.A.P. 9th Cir. 2005) held that various filings including a letter demanding payment of the debt, the filing of a counterclaim, request for entry of default, and entry of default all violated the automatic stay. In *In re Rhyne*, 59 B.R. 276, 277 (Bankr. E.D. Pa. 1986), the creditors proceeded to state court and obtained a judgment against the debtors after they had filed for Chapter 7 relief. Additionally, in *In re McCool*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010), the court held that a creditor's action of sending nine collection notices demanding payment of a debt violated the discharge injunction.

Lastly, Lumetta argues under a section titled "Commission versus Omission" that AHA had to either immediately dismiss the State Court Action or immediately file an additional "Permanent" Notice of Stay. (Doc. No. 33 at 16.) However, this one sentence assertion is neither supported by case law or the record. Thus, the Court is unsure as to whether the alleged failure to file a permanent notice of stay violates the discharge injunction. Consequently, the Court finds this argument baseless.[6]

Based on the above, the Court finds that the bankruptcy court did not clearly err in concluding that AHA did not have an affirmative duty to immediately dismiss Lumetta's State Court Action upon discharge.

B. Waived Arguments

Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8014(a), the Court deems the remainder of Lumetta's arguments in her opening brief waived. The pertinent parts of Rule 8014 state that "[t]he appellant's brief must contain the argument, which must contain the appellant's contentions ... with citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bankr. Proc. 8014(a)(8).

i. *Whether the OSC Should Have Been Issued*

The Court first turns to Lumetta's contention that the bankruptcy court erred by declining her application for an OSC. (Doc. No. 33 at 17.) In support of this argument, Lumetta asserts that: (1) she did not consent to delaying the OSC; and (2) an OSC is required by law. (*Id.* at 17-18.) After a careful review of both parties' arguments and briefs, and the record on appeal, the Court finds Lumetta's assertions in support of her contention that an OSC should have been filed to be groundless.

Here, both of Lumetta's contentions are simply barren statements made without any reference to persuasive legal citations.[7] At most, the three to four sentences of analysis provided by Lumetta in these sections amount to nothing more than Lumetta's own conclusory speculations. Thus, it is no surprise that the Court is unable to conclude that an OSC should have been issued. Accordingly, as the Court is not willing to act as counsel for Lumetta and furnish persuasive case law to support her assertions on appeal, the Court finds these arguments regarding consent and that an OSC is required by law to be waived. *See Niko v. Foreman*, 144 Cal. App. 4th 344, 368 (2006) ("An appellate brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.") (internal quotation marks and citation omitted); *see also Mansell v. Bd. Of Admin. of the Pub. Emp. Ret. Sys.*, 30 Cal. App. 4th 539, 545 (1994) (waiving appellant's arguments as she failed to "brief the statutory issue on appeal ... [and] presented no intelligible legal argument as to any other contentions"); *Cnty. Nat. Bank and Trust Co. of Santa Barbara v. Sheppard*, 136 Cal. App. 2d 205, 223 (1955) (holding that it is not the role of an appellate court to act as counsel for either party to an appeal); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988).

*6 Furthermore, the Court notes that Lumetta's argument whether it was "proper for the Bankruptcy Court not to issue the [OSC] after finding a prima facie showing of a willful discharge violation" under § 524(a)(2), since it "*could negatively affect professional reputations*[.]" is also waived. (Doc. No. 33 at 2.) Though Lumetta states that this is one of her issues presented on appeal, the Court finds no further reference to this argument in the remainder of her opening brief.

### ii. *Duty to Mitigate Damages*

Lumetta argues that the bankruptcy court cited no binding authority when it held that she was obligated to mitigate her damages. (Doc. No. 33 at 19-20.) Additionally, Lumetta asserts that there was nothing further she could do to mitigate her damages. (*Id.*) For the same reasons as above, this assertion is also waived.

Here, not only has Lumetta again failed to yield any legal citations to support her contentions, but the final flaw to her claim is that the bankruptcy court did in fact cite to binding authority that very clearly states that when a court awards reasonable attorney's fees that the court must consider whether those costs could have been mitigated. (Doc. No. 3-1 at 338-339.) Moreover, the Court highlights that the law is well established that in determining reasonable damages, the bankruptcy court "must examine whether the debtor could have mitigated the damages...." *Roman (In re Roman)*, 283 B.R. 1, 12 (9th Cir. B.A.P. 2002); *see also In re Hill*, 523 B.R. 704, 719 (Bankr. D. Mont. 2014) ("Under *Roman* the [c]ourt must examine whether the Debtor could have mitigated her damages ... (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated."); *In re Risner*, 317 B.R. 830, 840 (Bankr. D. Idaho 2004). Accordingly, this stark half page argument without any reference to legal citations lacks foundation and is thus forfeited.[8]

### iii. Discovery

Lastly, Lumetta argues that the bankruptcy court should have afforded her discovery pursuant to Bankruptcy Rule 9014.[9] (Doc. No. 33 at 19.) In opposition, AHA contends that the bankruptcy court was not required to allow discovery and that Judge Latham left the issue of discovery open. (Doc. No. 39 at 18-19.)

Ultimately, the Court finds this contention waived, but for dissimilar reasons than above. Here, though Lumetta cites to one ninth circuit case and to a local rule, her argument still fails as it does not cite to the record. *See In re S.C.*, 138 Cal. App. 4th 396, 406 (2006) ("When an appellant's brief makes no reference to the pages of the record where a point can be found ... [the] court need not search through the record in an effort to discover the point purportedly made."). Thus, Lumetta has again placed the Court in the untenable position of having to provide evidence to support her arguments on appeal. However, this is not the Court's responsibility.

*7 Furthermore, the Court highlights that the amendments to Rule 9014 states that the "discovery rules made applicable in adversary proceedings apply in contested matters unless the court directs otherwise." *See* Fed. R. Bankr. P. 9014 Advisory Committee Notes, 2002 Amendments. Based on the record, the Court finds Judge Latham "directed otherwise." The Court notes that after counsel had finished presenting their arguments at Ms. Call's two hour testimony, Judge Latham asked counsel for both parties if any further discovery was needed. (Doc. No. 3-1 at 321; Doc. No. 43 at 73.) In response, counsel for Lumetta argued that it would be beneficial to have the dates of when Lumetta got her notice of foreclosure. (*Id.*) Judge Latham acknowledged these comments and then stated that he would be taking the "matter under submission" and that he would look "carefully at whether we have no technical violation or if we have an excused violation and whether that occasions any need for other discovery." (*Id.* at 340-341.) In response, Lumetta's counsel neither took issue with Judge Latham taking the matter under submission nor objected to his previous statements.

In sum, the Court finds that not only did Judge Latham directly ask both parties whether further discovery was needed, there is actually no evidence during Ms. Call's testimony that shows that Judge Latham forbade or disallowed any further discovery from occurring. Accordingly, this argument lacks merit and is also waived for failure to cite to the record.

### V. CONCLUSION[10]
Based on the foregoing, the Court **AFFIRMS** the bankruptcy court's rulings in all respects. The Court directs the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED**.

**All Citations**
Not Reported in Fed. Supp., 2017 WL 1967327

Footnotes

1       Pinpoint cites are in reference to the CM/ECF page number and not the number listed on the original document.

2       Ms. Call is no longer employed at Green, Bryant & French, LLP the firm that represented AHA. (Doc. No. 3-1 at 330-331.)

3       Lumetta argues that there is no transcript of this status conference other than the minute order. (Doc. No. 33 at 6.)

4       Lumetta mistakenly states that the Notice of CMC was received on July 13, 2017. (*Id.* at 7.)

5       Under § 524 a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect ... any such debt as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2). "A party who knowingly violates the discharge injunction can be held in contempt under section 105(a) ...." *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006).

6       Discussed *supra* pp. 9-12, the Court also deems this argument waived pursuant to Federal Rule of Bankruptcy Procedure 8014(a)(8).

7       The Court notes that Lumetta does provide a case citation in support of her argument that an OSC is required by law. But, even a cursory glance at this case shows that it does not reflect her argument on appeal and thus is inapplicable to the present matter.

8       The Court reiterates that it is not this Court's function to serve as Lumetta's standby appellate counsel and provide her with a foundation of persuasive case law to support her arguments on appeal. *See Mansell*, 30 Cal. App. 4th at 545–46. Thus, in sum, the Court finds that Lumetta has failed to properly plead her arguments pursuant to FRBP 8014(a)(8.)

9       Lumetta asserts that the only discovery that occurred before the bankruptcy court submitted the application for the OSC was the limited hearing taking the testimony of Ms. Call. (Doc. No. 33 at 19.)

10      In Lumetta's opening brief, she lists six issues including issue three "[w]as it proper to excuse the willful violation of the discharge injunction even though Appellee was unable to comply with the discharge injunction as a direct result of its own wrongful conduct and fraud committed on the state court?" and issue five "[w]as it proper for the Bankruptcy Court to deny all civil contempt damages despite its finding of a willful discharge violation?" (Doc. No. 33 at 2.) The Court is unable to respond to these arguments as there is no further reference to these two issues in the remainder of Lumetta's opening brief.

Lumetta v. Arborlake Homeowners Association, Not Reported in Fed. Supp. (2017)

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.