Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, <br><br> Defendants. | CASE NO. 2:24-CV-00413-SAB <br><br> **RESPONSE IN OPPOSITION TO COMPANY DEFENDANTS' MOTION TO RECONSIDER AND VACATE** <br><br><br> Without Oral Argument |

### I.    ARGUMENT AND AUTHORITIES

**a. Defendants Do Not Satisfy the Legal or Factual Requirements for Reconsideration.**

Defendants' Motion to Reconsider and Vacate (the "Motion") does not identify under what Federal Rule of Civil Procedure they are demanding reconsideration. Likely because there is no such basis for Defendants' demand. Reconsideration, for

RESPONSE TO MOTION TO VACATE - 1

relief from a judgment or order is governed by Fed.R.Civ.P. 59(e) and 60.

A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); Motions for reconsideration are generally disfavored and should not be granted, "absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could have been raised earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Bray-Hernandez v. Carpenter*, No. 2:25-CV-00331-SAB, 2026 U.S. Dist. LEXIS 28680, at *2 (E.D. Wash. Feb. 11, 2026) (quoting *Kona Enterprises, Inc.*, 229 F.3d at 890). "A motion for reconsideration is not the time to ask the court to 'rethink what it has already thought through.'" *Garrott v. Andrewjeski,* No. CV-10-391-LRS, 2012 U.S. Dist. LEXIS 119829, at *1 (E.D. Wash. Aug. 23, 2012) (quoting *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).

Pursuant to Fed. R. Civ. P. 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Because Defendants' Motion was 53 days after the entry of the judgment, Defendants' Motion is barred by

RESPONSE TO MOTION TO VACATE - 2

FRCP 59(e).

A motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 U.S. Dist. LEXIS 203729, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

Defendants fail to identify any newly discovered evidence they did not have access to before, any clear error, or any intervening change in controlling case law. Defendants' Motion is well outside the 28-day deadline following the judgment. Defendants should not be afforded yet another bite at the apple or demand the Court to reconsider what it has already thought through.

### b. Defendants' Motion Fails to Establish a Highly Unusual Circumstance.

Crucially, Defendants do not only not show any clear error, but do not provide any new facts or legal authority which could not have been brought to the Court's attention earlier. Defendants Motion primary presents a misleading and factually incorrect conclusion, that Plaintiffs' claims are somehow "devoid of merit." Defendants fail to demonstrate any of the three circumstances warranting reconsideration.

First, Defendants do not present any new evidence with their Motion. Much

RESPONSE TO MOTION TO VACATE - 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

less than "newly discovered evidence." Defendants appear to attempt to create some sort of defense with respect to the number of products they have sold – while not denying the statements Defendants made – but such is not new evidence and is factually incorrect. *See*, *KEY Tronic Corp. v. Alien Tech., Ltd. Liab. Co.*, No. 2:24-CV-00365-RLP, 2025 U.S. Dist. LEXIS 262956, at *5 (E.D. Wash. Dec. 19, 2025) (moving party failed to show or argue how calculating amounts owed based on aged inventory should not have been raised earlier).

Likewise, Defendants fail to establish clear error. At most, Defendants take issue with the fact that they sold more products than were purchased from Plaintiffs – but fail to show how their rounding down the number sold is clear error. Defendants' speculation falls well short of demonstrating clear error. Finally, Defendants do not contend there is any new law supporting reconsideration or any new law that would change the outcome. Thus, the Motion fails.

It is not clear error to decline to address an issue raised for the first time in a motion for reconsideration, and such arguments are waived. *389 Orange St. Partners*, 179 F.3d at 665. It is certainly not manifest injustice for the Court to decline to consider new arguments. *See KEY Tronic Corp.*, No. 2:24-CV-00365-RLP, 2025 U.S. Dist. LEXIS 262956, at *5-7 (E.D. Wash. Dec. 19, 2025) (moving party did not dispute calculations or dollar figures on the first go-around and does not get to later); see also *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

RESPONSE TO MOTION TO VACATE - 4

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

As the Court found, "the entity Defendants have since failed to defend," and were expressly warned that default would result from their "failure to appear through counsel." ECF No. 83 at 4-5; *see also*, ECF No 67. The Court further concluded in its Order Granting Default Judgment that "Plaintiffs have no other recourse than default judgment to recover its damages and for a permanent injunction," and that "[a]bsent a default judgment, Plaintiffs have no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Plaintiffs and their customers." ECF No. 83 at 4.

Defendants have failed to establish any of the three requirements for the extraordinary remedy of reconsideration and the Motion is time barred.

### i. Plaintiffs Did Not Admit any Counterclaims and Plaintiffs' Breach of Contract Claim Remains Valid.

Defendants' new argument with respect to the contract Defendants have breached, curiously appears premised on misleading statements or deliberately ignoring the relevant facts and is moot. Defendants completely ignore the procedural history in this case. Defendants fail to recall that Defendants themselves requested the Court stay the entire proceeding. ECF No. 40. Which was granted. ECF No. 41. Thus, barring any action. After the stay was lifted, Defendants' counsel withdrew. ECF Nos. 56-58. Defendants then failed to engage or pursue litigation, despite multiple court warnings. ECF Nos. 59, 64, 67. No Defendant pursued its claims which are subject to dismissal for failure to prosecute and failure to comply with the

RESPONSE TO MOTION TO VACATE - 5

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Court's orders. Fed. R. Civ. P. 41(b).

Additionally, Plaintiffs have answered the counterclaims. As such, Defendants' improper request for default and presumption of admission is moot. *E.g. Lesane v. Hawaiian Airlines, Inc.*, No. 19-00179 JAO-KJM, 2019 U.S. Dist. LEXIS 227956 (D. Haw. Dec. 18, 2019); *Beal v. U.S. Dep't of Agric.*, No. CV-10-0257-EFS, 2012 U.S. Dist. LEXIS 106674, 2012 WL 3113181, at *2 (E.D. Wash. July 31, 2012). Defendants' Motion should be denied.

### ii. Defendants' Patent Exhaustion Argument is Meritless.

Defendants' new argument with respect to purported patent exhaustion is unsupported and contrary to the requirements for a motion for reconsideration. Defendants' new argument also takes the curious position of admitting that Defendants have either lied to this Court or lied to Plaintiffs and the public generally – either one is reprehensible.

The situation here is not one of validly purchased products that are resold, but the sale of products that were not purchased from the patent holder. Defendants' argument that they can continue to sell infringing products is incorrect. It is also clear from the Motion for Default Judgment and supporting documents [ECF Nos. 72, 72-1, 72-2], and this Court's Order Granting Default Judgment [ECF No. 83], that this Court and the Plaintiffs put in the required work to specifically remove from the calculation of damages, any validly purchased product versus infringing products – using Defendants' own statements and calculations. Defendants cannot

RESPONSE TO MOTION TO VACATE - 6

now attempt to dispute the calculations, especially where they are based on Defendants' own numbers. *E.g.*, *See KEY Tronic Corp.*, No. 2:24-CV-00365-RLP, 2025 U.S. Dist. LEXIS 262956, at *5-7 (E.D. Wash. Dec. 19, 2025).

Defendants *do not* deny that they have stated they have sold "over 40,000" units. *See* ECF No. 54 at ¶¶ 52-57. Instead, Defendants now attempt to claim that their statements of sale made months after their initial statement to the Court were false. Defendants attempt to excuse their own calculations by citing to a declaration by Defendant Clausen on January 15, 2025, when he testifies, *at that point*, Defendants had not manufactured or sold new tools and was then working through new inventory. ECF No. 47. That does not change the fact that months later Defendants have made it abundantly clear that they have since sold many more products. On March 11, 2025, Defendants state that they had then sold "over 30,000" units; and following that same trend in sales by April 16, 2025, have sold "over 40,000" units. ECF No. 54 at ¶¶ 52-57. Defendants' own statements as to sales are plainly consistent with steady sales numbers and sales in excess to the 16,296 units Defendants themselves testify to purchasing from Plaintiffs. Defendants continue sales of infringing products after selling through legitimately purchased products. Patent exhaustion does not apply.

Defendants now attempt to argue that the number of units sold that they have stated to the public was only "puffery" because they used "round numbers." Yet, there is no legal or factual support for this argument. In fact, Defendants cite to only

RESPONSE TO MOTION TO VACATE - 7

one case arguing that "puffing is insufficient proof of amount" [*Gwyn v. Wal-Mart Stores*, 955 F. Supp. 44, 46 (M.D.N.C. 1996)], but that case does not stand for the position that round numbers are puffery or that Defendants' numbers are insufficient for the amount. The case cited by Defendants states that in trying to settle a claim a counsel naturally will try to inflate the value of that counsel's own client's claim. *Id.* This is not a situation of Defendants' counsel inflating the value of their own claim for the purpose of settlement. Rather, this situation deals with Defendants' claims of sales well outside of the bounds of settlement – thus do not constitute puffery. Even more importantly, this does not involve inflating the value – indeed Defendants have unequivocally stated that they have sold "*more than 40,000*" units. Rather than rounding up or creating some sort of additional value by increasing the sale, they have rounded down. The statement clearly is not puffery and not used to increase the value of settlement, again as it is rounded down. Because the statements encompass less than the total amount sold, Plaintiffs are entitled to a greater damage award but have limited it to Defendants' own statements.

Finally, Defendants attempt to argue that their own statements are mere puffery, yet Defendants do not include any support for this argument. Perhaps the reason Defendants do not provide any signed statement regarding puffery is they cannot for fear of further perjury. There can be no other rational interpretation of the facts than to accept them as they are – that is, Defendants have sold more than 40,000 units, and all of the sales outside of the 16,296 units purchased from

RESPONSE TO MOTION TO VACATE - 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Plaintiffs, are infringing.

Defendants' own statements are not hearsay. As an important note, Defendants do not deny having made the statements. Pursuant to FRE 801(d)(2), an opposing party's statement is *not* hearsay. It does not even need to fit into a hearsay exemption because it is already admissible when offered against an opposing party and made by them, their agent, or a co-conspirator. There is no dispute the statement was made by Defendants (the opposing party) and there is no dispute it is offered against the opposing party. Defendants' argument that their own statement is hearsay is incorrect, immediately fails, and is still not properly before the Court on a motion for reconsideration. *See 389 Orange St. Partners*, 179 F.3d at 666. Defendants' Motion should be denied.

### iii. Defendants' Trademark Exhaustion and License Argument is Meritless.

Defendants' new argument with respect to trademark first sale doctrine and license is not only unsupported, but is misleading, and not proper on a motion for reconsideration. *E.g.*, *United Nat. Ins. Co.*, 555 F.3d at 780. First, the trademark Frist Sale Doctrine only applies to a reseller who legitimately purchased a product from the trademark owner and then resold them to consumers; as such, it carves out an exception for the resale of genuine goods bearing the mark. *E.g.*, *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir. 1992). The First Sale Doctrine is not applicable to goods that are not genuine or were not legitimately purchased. *E.g.*,

RESPONSE TO MOTION TO VACATE - 9

*Hem & Thread, Inc. v. Wholesalefashionsquare.com, Inc.,* No. CV 19-0283 CBM (AFMx), 2021 U.S. Dist. LEXIS 141099, at \*10-11 (C.D. Cal. July 28, 2021); *United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2021 U.S. Dist. LEXIS 95275, at \*4-5 (D. Idaho May 18, 2021).

As noted above, Defendants have sold far more product than what was legitimately purchased from Plaintiffs. The Court appropriately deducted sales of legitimately purchased products from the illegitimate sales according to Defendants own numbers. Also, the Parties entered into a binding settlement agreement, which terms unequivocally state Defendants will cease and terminate any and all use of Plaintiffs' Marks and Defendants will remove and take down any and all use of Plaintiffs' Marks. ECF No. 14 at Exhibit A. The First Sale Doctrine is not applicable.

The trademark license argument also fails. The Parties entered into an agreement in which it is clear that Defendants do not have a license – in fact the agreement not only requires Defendants to cease and remove all use of Plaintiffs' Marks, but it also specifically notes there is no license granted to any of Plaintiffs' intellectual property. ECF No. 14 at Exhibit A. Additionally, "naked licensing" occurs only when there is no adequate control over the mark. In the case at hand, naked licensing does not occur because there was no license granted, merely a trademark owner using the mark on the owner's own goods. *E.g.*, *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1162 (9th Cir. 2025). Additionally, Plaintiffs did in fact

RESPONSE TO MOTION TO VACATE - 10

maintain control over their mark as identified in the agreement and the fact that Plaintiffs control when and how it is used. *E.g.*, *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir. 2013). Defendants' refusal to comply with the agreement or the trademark laws does not change that.

Once again, Defendants' argument fails, and the Motion should be denied.

### iv.  There are no Interlocutory Orders to be Vacated.

Defendants' final argument is basically a restatement of its arguments in the Motion, and an attempt to restate their argument in opposition to supplemental discovery [ECF No.106]; which also lacks merit as provided in the Reply [ECF No. 115]. Finally, Defendant Clausen's purported "joinder" [ECF no. 105] fails for the same reason as the Motion.

## II.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendants, Motion.

DATED this 20th day of April, 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO MOTION TO VACATE - 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


By: *s/ Caleb Hatch*
Caleb Hatch

RESPONSE TO MOTION TO VACATE - 12

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979