Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, | CASE NO. 2:24-CV-00413-SAB |
| Plaintiffs, v. | **RESPONSE IN OPPOSITION TO COMPANY DEFENDANTS' SECOND MOTION TO RECONSIDER AND VACATE [ECF No. 107]** |
| JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, | Without Oral Argument |
| Defendants. | |

Plaintiffs, by and through their counsel of record, Lee & Hayes P.C., hereby submit this response in opposition to Company Defendants' Second Motion to Reconsider and Vacate [ECF No. 107] (the "Motion").

Defendants' Motion is nothing more than a bare attempt at yet another bite at the proverbial apple. Defendants fail to present highly unusual circumstances

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 1

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

required for reconsideration, fail to present newly discovered evidence, fail to present clear error, and fail to identify any intervening change in controlling law. The Motion should be denied.

## I.    BRIEF RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Following Defendants' breach of a prior settlement agreement and new trademark and patent infringement, Plaintiffs filed a complaint in this Court against Defendants on December 10, 2024, seeking to enjoin the actions of the entity Defendants and recover damages. ECF No. 1. Defendants appeared, via counsel, and proceeded with litigation in filing motions, responses, an answer and counterclaim, and declarations. E.g., ECF Nos. 20, 21, 22, 24, 25, 46, 47, 49.

Defendants, thereafter, specifically requested "that this Court stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted…" ECF No. 40 at p. 2. In accordance with the pending individual bankruptcy proceeding, and Defendants specific request for this proceeding to be stayed, this Court stayed this matter in its entirety on February 21, 2025. ECF No. 41.

Defendant Clausen's bankruptcy was dismissed and concluded on July 23, 2025, and on September 19, 2025, Plaintiffs sought the stay in this Court be lifted. ECF No. 50. The stay was lifted on September 22, 2025. Defendants' original counsel moved to withdraw; and were granted leave to withdraw on September 30,

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 2

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

2025. ECF Nos. 56-58.

Defendants were then given multiple extensions. This Court granted Defendants' motion to extend on October 15, 2025, and continued the preliminary injunction hearing to November 24, 2025. ECF Nos. 59 and 64. At a status conference held on October 23, 2025, the Court instructed Defendants that the corporate defendants must obtain counsel, and failure to do so would result in a default judgment against them, and the Court provided the Parties with the minutes of the scheduling conference reiterating the same instructions. ECF No. 67. Giving Defendants ample time and opportunity to obtain counsel.

On October 6, 2025, Defendant Clausen directed counsel for Plaintiffs to use the jonathan@clausen.inc business email address for service on all defendants, and reiterated that the business email address is "good for all of them" and the written notes of the request have been retained as well. Declaration of Caleb Hatch in Support of Plaintiffs' Opposition to Defendants' Second Motion to Reconsider ["Hatch Decl."] at ¶ 4  Counsel for Plaintiffs did as requested by Defendants to serve all documents via email on all Defendants at the jonathan@clausen.inc business email address. *Id*. at ¶ 5. On October 22, 2025, Defendant Clausen asked the Court to also use the AR-TT business email address (the contract@artakedowntool business email address). *Id*. at ¶ 6. Out of an abundance of caution, counsel for Plaintiffs added the contract@artakedowntool business email on service emails as

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 3

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

well, so all defendants received service at the email address requested by Defendants. *Id*. at ¶ 7. Furthermore, as noted on the Court records all Defendants also received notice of all filings at their principal office mailing address listed with the Secretary of State at PO Box 2171 Spokane, WA 99210. *Id*. at ¶ 8.

On December 11, 2025, this Court granted Plaintiffs' renewed motion for Preliminary Injunction. ECF No. 68. On January 5, 2026, the court clerk entered an order of default against defendants Clausen Inc.; AR-TT LLC; and Lilac City LLC due to their failure to answer, plead, obtain counsel or defend. ECF No. 71. Judgment and permanent injunction against the entity Defendants was entered on February 13, 2026. ECF No. 84. Despite the Court's orders, Defendants have never complied with any of the orders and continue acting in exactly the same, or nearly the exact same manner as before the orders were entered. See ECF Nos. 69, 85, 86. Defendants new counsel appeared on March 6, 2026, and March 9, 2026. ECF Nos. 89-93.

Defendants later filed an incredibly overlength motion to vacate, and simultaneously, a motion for leave to file excess pages. ECF Nos. 97-99. The request for excess pages was denied. ECF No. 100. Following the denial of leave to file excess pages, Defendant merely cut the overlength motion into what he purports to identify as two motions and a declaration (which declaration is filled with improper legal arguments and purported testimony by Defendants' counsel). ECF Nos. 101-103.

RESPONSE TO SECOND MOTION FOR RECONSIDERATION- 4

On April 7, 2026, Defendants filed their first motion for reconsideration. ECF No. 104. In what appears to be yet another attempt by Defendants to ignore the local rules on page limits, Defendants filed this second motion for reconsideration on April 13, 2026. ECF No. 107.

## II.   ARGUMENT AND AUTHORITIES

As an initial note, Defendants' Motion should be denied as filed in bad faith. Defendants are clearly aware of the local rules governing page limits given the prior request and subsequent order [ECF Nos. 97, 100], and their efforts to get around the page limits. ECF Nos. 101-103. Defendants are now doing the same thing again, by filing two separate motions for reconsideration and vacate, in violation of the rules on page limits.

### a. Defendants Do Not Satisfy the Legal or Factual Requirements for Reconsideration.

As stated in the response to Defendants' first motion for reconsideration, Defendants' second Motion does not identify under what Federal Rule of Civil Procedure they are demanding reconsideration. Likely because there is no such basis for Defendants' demand. Reconsideration, for relief from a judgment or order is governed by Fed.R.Civ.P. 59(e) and 60.

It has long been established that a motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there

RESPONSE TO SECOND MOTION FOR RECONSIDERATION- 5

has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); Motions for reconsideration are generally disfavored and should not be granted, "absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could have been raised earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Bray-Hernandez v. Carpenter*, No. 2:25-CV-00331-SAB, 2026 U.S. Dist. LEXIS 28680, at *2 (E.D. Wash. Feb. 11, 2026) (quoting *Kona Enterprises, Inc.*, 229 F.3d at 890). "A motion for reconsideration is not the time to ask the court to 'rethink what it has already thought through.'" *Garrott v. Andrewjeski,* No. CV-10-391-LRS, 2012 U.S. Dist. LEXIS 119829, at *1 (E.D. Wash. Aug. 23, 2012) (quoting *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).

Pursuant to Fed. R. Civ. P. 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Because Defendants' Motion was 59 days after the entry of the judgment, Defendants' Motion is barred by FRCP 59(e).

A motion for reconsideration does not "provide litigants with a second bite at

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 6

the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 U.S. Dist. LEXIS 203729, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

Defendants fail to identify any newly discovered evidence they did not have access to before, any clear error, or any intervening change in controlling case law. Defendants' Motion is well outside the 28-day deadline following the judgment. Defendants should not be afforded yet another bite at the apple or demand the Court reconsider what it has already thought through.

On October 6, 2025, Defendant Clausen directed counsel for Plaintiffs to use the jonathan@clausen.inc business email address for service on all defendants, and reiterated that business email address is "good for all of them" and the written notes of the request have been retained as well. Declaration of Caleb Hatch in Support of Plaintiffs' Opposition to Defendants' Second Motion to Reconsider ["Hatch Decl."] at ¶ 4  Counsel for Plaintiffs did as requested by Defendants to serve all documents via email on all Defendants at the jonathan@clausen.inc business email address. *Id.* at ¶ 5. On October 22, 2025, Defendant Clausen asked the Court to also use the AR-TT business email address (the contract@artakedowntool business email address). *Id.* at ¶ 6. Out of an abundance of caution, counsel for Plaintiffs added the

RESPONSE TO SECOND MOTION FOR RECONSIDERATION- 7

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

contract@artakedowntool business email on service emails as well, so all defendants received service at the email address requested by Defendants. *Id*. at ¶ 7. Furthermore, as noted on the Court records all Defendants also received notice of all filings at their principal office mailing address listed with the Secretary of State at PO Box 2171 Spokane, WA 99210. *Id*. at ¶ 8. Importantly, despite repeated warnings and orders by the Court, Defendants did not obtain new counsel in a timely manner.

Defendants do not show any clear error, and do not provide any new facts or legal authority which could not have been brought to the Court's attention earlier. Defendants fail to demonstrate any of the three circumstances warranting reconsideration. Additionally, it is not clear error to decline to address an issue raised for the first time in a motion for reconsideration, and such arguments are waived. *389 Orange St. Partners*, 179 F.3d at 665. It is certainly not manifest injustice for the Court to decline to consider new arguments. *See KEY Tronic Corp.*, No. 2:24-CV-00365-RLP, 2025 U.S. Dist. LEXIS 262956, at *5-7 (E.D. Wash. Dec. 19, 2025) (moving party did not dispute calculations or dollar figures on the first go-around and does not get to later); see also *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

As the Court found, "the entity Defendants have since failed to defend," and were expressly warned that default would result from their "failure to appear through counsel." ECF No. 83 at 4-5; *see also*, ECF No 67. The Court further

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 8

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

concluded in its Order Granting Default Judgment that "Plaintiffs have no other recourse than default judgment to recover its damages and for a permanent injunction," and that "[a]bsent a default judgment, Plaintiffs have no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Plaintiffs and their customers." ECF No. 83 at 4.

All company Defendants received notice of every filing via email and mail at the email addresses they requested be used and mail to their principal mailing address at PO Box 2171 Spokane, WA 99210.

Defendants have failed to establish any of the three requirements for the extraordinary remedy of reconsideration and the Motion is time barred.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendants' second Motion for Reconsideration.

DATED this 20th day of April, 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com

*Attorneys for Plaintiffs*

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 9

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *s/ Caleb Hatch*
Caleb Hatch

RESPONSE TO SECOND MOTION
FOR RECONSIDERATION- 10

LEE & HAYES, P.C.
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979