FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

HAMMERLESS TOOLS LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,

     Plaintiffs,

     v.

JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation, AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,

     Defendants.

No.  2:24-CV-00413-SAB

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES**

Before the Court are Defendant Jonathan Clausen's Motion to Vacate, ECF No.  and Motion to Establish Liability for Damages, ECF. No. 103. The motions were heard without oral argument. Plaintiffs are represented by Caleb Hatch and Johanna Tomlinson. Defendants are represented by Douglas Dick, Robert Wright, and Stephen Sulzer.

    The parties are familiar with the procedural history in this matter, and the

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES** ~ 1

Court will only provide a summary of the history that pertains to the instant offense. Forty-five days after the Court granted Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants and judgment in the amount of $781,944, plus attorneys' fees, costs, and interest of 12 percent per annum, ECF No. 83, Defendant Clausen filed his Motion to Vacate and Motion to Establish Liability for Damages.

### 1. Defendant Clausen's Motion to Vacate

In his motion, Defendant Clausen asks that all claims, motions, orders, and proceedings against him be vacated and dismissed *nunc pro tunc* as void and legally invalid. The basis for his motion is that there was an underlying bankruptcy petition that was pending when Plaintiffs filed their Complaint in the above-captioned matter. Defendant maintains that any violations of the automatic stay are void and of no effect.

It is true that violations of the automatic stay are void and of no effect. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). It is also true, however, that if a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void is not at issue. *Id.* at 573.

In determining whether cause exists to grant relief from the stay: courts have focused on two factors: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. *In re Nat'l Env. Waste Corp.*, 129 F.3d 1052, 1055 (9th Cir. 1997). Both of these factors weigh in favor of retroactively lifting the stay in this matter.

Here, there is no dispute that Plaintiffs did not learn of the bankruptcy proceedings until February 11, 2025, when the Notice of Pending Bankruptcy and Automatic Stay, ECF No. 40, was filed in the record by then Defendant's counsel, Reid Johnson. And there is no dispute that after Plaintiffs learned of the

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES** ~ 2

bankruptcy proceedings, they halted all collection efforts. Nothing further was filed in this matter, although Defendants filed eight documents in the record after filing its Notice. *See* ECF Nos. 42-49.

Further, Plaintiffs did not violate any automatic stay in September 2025, when they moved to lift the stay imposed by this Court because by that time, Defendant's bankruptcy petition had been dismissed; therefore, there was no automatic stay to violate.

Second, the record demonstrates Defendants engaged in unreasonable and inequitable conduct that prejudiced Plaintiffs. Plaintiff's counsel personally communicated with Mr. Clausen in this matter, and at no time did Mr. Clausen or his counsel ever state, identify, mention, or even hint at a filed bankruptcy matter prior the Motion to Stay in this case. Defendant was represented by counsel at the start of the matter. Given that no notice of the bankruptcy proceeding was provided by counsel when the Complaint was filed, the Court presumes Defendant did not inform even his own counsel of the bankruptcy proceeding. Moreover, after the Court lifted the stay, Defendant continued to participate in the proceedings in this matter, including asking for continuances and obtaining electronic case filing authorization, and again, never informed the Court that these proceedings somehow were void, or violated the automatic stay that was in place prior to the filing of the Complaint.

For these reasons, Plaintiffs are entitled to a retroactive lifting of the stay, so the filing of the Complaint in this matter does not make these proceedings void.

In addition, the Court relies on the doctrine of judicial estoppel to find that the proceedings before this Court are not void. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire &Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001). The purpose of the doctrine of judicial estoppel is to prevent a party for

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES** ~ 3

gaining an advantage by taking inconsistent positions, further the orderly administration of justice, preserve the dignity of judicial proceedings and protect "against a litigant playing fast and loose with the courts." *Id.* These purposes are met by finding that the proceedings in this case are not void.

This case was filed on December 10, 2024. So, for well over a year, the Court has presided over this matter—holding status conferences, reviewing motions, and entering orders—while Defendant remained silent about the pending bankruptcy proceeding. Defendant wants to now weaponize his silence, and waste judicial resources by asking the Court to void all orders that have been entered in this matter. The Court declines to do so. Instead, the Court will invoke judicial estoppel to prevent Defendant from playing fast and loose with the Court and to protect the integrity of the judicial process to find that the Orders and proceedings in the above-captioned case are not void.

**2.    Defendant's Motion to Establish Liability for Damages**

In his motion, Defendant asserts that Plaintiffs and their counsel willfully violated the automatic stay, and therefore the Court should award significant actual damages, as well as punitive damages.

As set forth above, Plaintiffs and their counsel did not willfully violate the automatic stay; rather they are entitled to a retroactive lifting of the stay and the Orders and proceedings are not void. As such, Defendant's Motion to Establish Liability for Damages, is without merit.

//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES** ~ 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Clausen's Motion to Vacate, ECF No. 101, is **DENIED**.

2. Defendant Clausen's Motion to Establish Liability for Damages, ECF No. 103, is **DENIED**.

**IT IS HEREBY ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 29th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT CLAUSEN'S MOTION TO VACATE; DENYING MOTION TO ESTABLISH LIABILITY FOR DAMAGES** ~ 5