Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
caleb.hatch@leehayes.com
Johanna.tomlinson@leehayes.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAMMERLESS TOOLS, LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation; AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company, <br><br> Defendants. | CASE NO. 2:24-CV-00413-SAB <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION TO STRIKE DECLARATION OF STEPHEN L. SULZER IN SUPPORT OF DEFENDANT JONATHAN CLAUSEN'S MOTION TO VACATE** <br><br> Without Oral Argument |

The motions filed by Defendants [ECF Nos. 101 and 103] that rely on the declaration of their counsel [ECF No. 102] have been denied. However, Defendant Clausen's opposition to the Motion to Strike, now alleges Defendants are also using the improper declaration to support now a third motion, ECF No. 107. ECF No. 126

REPLY RE MOTION TO STRIKE – 1

at pp. 5, 6, 12. As such, Plaintiffs respectfully submit this short reply memorandum.

## I.    ARGUMENT

### A. The Sulzer Declaration Should be Stricken.

This Court has the power and authority to strike the offending declartion. *See* Fed. R. Civ. P. 12(f); *United States v. Southern Cla. Edison Co.,* 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004). The case law is repleate with examples of declarations that have been stricken where, as here, they consist of speculative conclusions of fact and law, lacks personal knowledge, statements of opinion, argument reserved for motions, and inadmissible statements. *E.g.*, Fed. R. Civ. P. 56(e); *Block v. City of L.A*., 253 F.3d 410, 419 (9th Cir. 2001); *Nationwide Transp. Fin. v. Cass Info. Sys.,* 523 F.3d 1051, 1059 (9th Cir. 2008); *BellSouth Telecomms., Inc. v. W.R. Grace & Co*., 77 F.3d 603, 615 (2d Cir. 1996); *Carmen v. San Francisco Unified School District*, 237 F .3d 1026, 1028 (9th Cir. 2001). To hold otherwise would permit a party (and its designated affiants) to usurp the role of the court. *A&M Records, Inc. v. Napster, Inc.,* 114 F. Supp. 2d 896 (N.D. Cal. 2000), aff d, 239 F.3d 1004 (9th Cir. 2001).

As there is no dispute that the Court has the proper grounds and authority to strike the declaration, the paragraphs' of the Sulzer Declaration identified in Plaintiffs' motion [ECF No. 113] should be stricken as they contain inadmissible legal conclusions and factual assertions not within Mr. Sulzer's personal knowledge

REPLY RE MOTION TO STRIKE – 2

as well as improper argument presented as a purported declaration in a direct attempt to contravene this Court's Order [ECF No. 100].

**B. Plaintiffs Identified the Offending Paragraphs in the Sulzer Declaration.**

Plaintiffs' Motion to Strike, specifically identifies the paragraphs that should be stricken and the basis and grounds for striking the offending paragraphs. ECF No. 113 at pp. 6-10.

Defendants' response memorandum does not address any of the offending paragraphs, and instead argues that Defendants' counsel "gained personal knowledge of the contents of the record to come up to speed on the case…" and "Defendants [sic] counsel's recitation of what appears in the record is not offered for the truth of the matters asserted in the records, it is offered to present the Court with what motions, rulings, and other papers appear in the record." [ECF No. 126 at 9]. The response memorandum completes the red herring by concluding that "generic labels simply cannot stick to an innocuous and detailed recounting of the procedural history of this case, which has been going on since 2024" and the offending declaration is only "objective descriptions of this case's procedural history." *Id*. at 10.

Defendants' argument is misleading and ignores the fact that Plaintiffs have not asked the Court to strike the paragraphs in the offending declaration that include only objective citations to the record. *See generally*, ECF No. 113. Paragraphs in the declaration that include only actual procedural history are not included in the Motion to

REPLY RE MOTION TO STRIKE – 3

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979

Strike. Plaintiffs only seek to strike the paragraphs that improperly present purported fact without personal knowledge, inadmissible argument, legal conclusions, improper attorney opinion, and impermissible statements of the merits of Defendants' motions and argument. ECF No. 113 at pp. 6-10.

Notably, objective citations to the record do not require a declaration (because such records are already on file before the Court), save for the apparent purpose of moving the record citations from a motion to a declaration in a further effort to evade the Court's order denying the overlength briefing [ECF No. 100]. Defendants do not dispute that the offending declaration contains argument straight from the overlength brief with little to no revision. Compare ECF No. 99 (overlength brief) and ECF No. 102 (offending declaration).

Plaintiffs have specified the grounds, legal authority, and identity of the offending paragraphs in the declaration that should be stricken.

## II.    CONCLUSION

For the foregoing reasons, and the reasons in the Motion to Strike, Plaintiffs respectfully request this Court grant the Motion [ECF No. 113] and strike the improper paragraphs of the offending declaration.

Respectfully submitted this 6th day of May 2026.

s/ Caleb Hatch
Caleb Hatch, WSBA #51292
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201

REPLY RE MOTION TO STRIKE – 4

Telephone: (509) 324-9256
caleb.hatch@leehayes.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2026, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *s/ Caleb Hatch*
Caleb Hatch

REPLY RE MOTION TO STRIKE – 5

LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, Washington 99201
(509) 324-9256 Fax: (509) 323-8979