FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

HAMMERLESS TOOLS LLC, a Washington limited liability company, and EIGHT EIGHTEEN, LLC, an Idaho limited liability company,

     Plaintiffs,

     v.

JONATHAN CLAUSEN, an individual; CLAUSEN, INC., a Washington Corporation, AR-TT LLC, a Washington limited liability company; and LILAC CITY, LLC, a Washington limited liability company,

     Defendants.

No.  2:24-CV-00413-SAB

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

Before the Court are the Company Defendants' Motion to Reconsider and Vacate Because Plaintiffs' Claims Are Devoid of Merit, ECF No. 104, and Motion to Reconsider and Vacate Based on Failures of Service, ECF No. 107, and Defendant Clausen's Motion for Joinder, ECF No. 105. The motions were heard without oral argument. Plaintiffs are represented by Caleb Hatch and Johanna Tomlinson. Defendants are represented by Douglas Dick, Robert Wright, and

**ORDER DENYING MOTIONS FOR RECONSIDERATION** ~ 1

Stephen Sulzer.

The parties are familiar with the procedural history in this matter, and the Court will only provide a summary of the history that pertains to the instant motion.

On February 13, 2026, the Court granted Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendnats Clausen, Inc., AR-TT LLC, and Lilac City, LLC. ECF No. 83. Judgment was entered that same day. ECF No. 84. Defendants' Motions were filed on April 7, 2026 and April 13, 2026.

### Motions for Reconsideration

Fed. R. Civ. P. 59(e) provides that a party may file to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 60 permits relief from a final judgment for specific reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief.

Motions for reconsideration are disfavored and should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*. 229, F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*

### Analysis

The Company Defendants ask the Court to vacate all its Orders because Plaintiffs failed to timely respond to their counterclaim, and Plaintiffs' claims for patent trademark infringement and unfair competition are meritless. Finally, the Company Defendants asks the Court to vacate all the adverse rulings against them because proper service was not made on them.

The Court declines to vacate its prior Orders. First, any motion made

**ORDER DENYING MOTIONS FOR RECONSIDERATION** ~ 2

pursuant to Rule 59(e) is untimely. Second, Defendants have failed to meet the high bar for reconsideration. They have failed to identify any newly discovered evidence that they did not have access to, any clear error, or any intervening change in controlling case law. Third, the Court declines to consider any new arguments that could have been raised, but were not, in the prior proceedings.

As demonstrated by Plaintiffs' counsel, Plaintiffs provided service at the email address requested by Defendants. Moreover, all Defendants received notice of all filings at their principal office mailing address listed with the Secretary of State. Finally, Plaintiffs filed an Answer to Defendants' counterclaim. ECF No. 114.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Company Defendants' Motion to Reconsider and Vacate Because Plaintiffs' Claims Are Devoid of Merit, ECF No. 104, is **DENIED**.

2. The Company Defendants' Motion to Reconsider and Vacate Based on Failures of Service, ECF No. 107, is **DENIED**.

3. Defendant Clausen's Motion for Joinder, ECF No. 105, is **DENIED**.

4. Plaintiff's Motion to Strike, ECF No. 113, is **DENIED**, as moot.

**IT IS HEREBY ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 12th day of May 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS FOR RECONSIDERATION** ~ 3