STEPHEN L. SULZER (*pro hac vice*)
STEPHEN L. SULZER PLLC
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com

ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen,*
*Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

HAMMERLESS TOOLS, LLC and
EIGHT EIGHTEEN, LLC,

          Plaintiffs,

     v.

JONATHAN CLAUSEN, CLAUSEN,
INC., AR-TT LLC, and LILAC CITY,
LLC,

          Defendants.

Case No.: 2:24-CV-00413-SAB

DEFENDANTS' MEMORANDUM
IN RESPONSE TO APRIL 29, 2026
ORDER TO SHOW CAUSE

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL
29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 1 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

  I.  THE STANDARD FOR REVOCATION OF *PRO HAC VICE*
     STATUS HAS NOT BEEN MET IN THE CASE AT BAR . . . . . . . . . . . .   6

 II.  "CONTINUING TO FILE VOLUMINOUS MOTIONS" IS NO
    INFRACTION WHEN, AS HERE, THE MOTIONS ARE FILED
    IN GOOD FAITH, THEY ARE NOT PRESENTED TO HARASS,
    CAUSE UNNECESARY DELAY, OR NEEDLESSLY INCREASE
    THE COST OF LITIGATION, THE ARGUMENTS PRESENTED
    ARE WARRANTED BY EXISTING LAW, AND THEIR FACTUAL
    CONTENTIONS HAVE EVIDENTIARY SUPPORT. . . . . . . . . . . . . . .   9

III.  DEFENDANTS' SUBSTANTIAL RIGHT TO THEIR CHOICE
    OF COUNSEL SHOULD NOT BE ABRIDGED FOR AN
    UNCHARACTERISTIC LAPSE OF DEFERENCE OR CIVILITY
    BY THAT COUNSEL, WHO HAS APOLOGIZED FOR ANY
    OFFENSE GIVEN TO THE COURT OR OPPOSING COUNSEL . . . . .   11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL
29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 2 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# TABLE OF AUTHORITIES

Pages

## Cases

*Anderson Trucking Serv., Inc. v. Gibson*,
884 So.2d 1046 (Fla. 5th Dist. Ct. App. 2004). . . . . . . . . . . . . . . . . . . . 11, 12

*Bd. of Education of New York v. Nyquist,*
590 F.2d 1241 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

*Foss Maritime Co. v. Brandewiede*, 190 Wash. App. 186,
359 P.3d 905 (Ct. App. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Goldston v. Amer. Motors Corp.*, 326
N.C. 723, 392 S.E.2d 735 (Sup. Ct. N.C. 1990) . . . . . . . . . . . . . . . . .   11

*Gregori v. Bank of Amer.*, 207 Cal. App. 3d 291,
254 Cal. Rptr. 853 (Ct. App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Heffernan v. City of Paterson*, 578 U.S. 266,
136 S. Ct. 1412 (2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*In re Deutsche Bank Trust Co. Americas*,
605 F.3d 1373 (Fed. Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 13

*In re Snyder*, 472 U.S. 634, 105 S. Ct. 2874 (1985). . . . . . . . . . . . . . . . . . .  6, 7

*Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038
(D.C. Cir. 1984), *vacated on other grounds [of
lack of appellate jurisdiction]*, 472 U.S. 424 (1985) . . . . . . . . . . . . . . 9, 12

*Martens v. Thomann,* 273 F.3d 159 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . .  8, 13

*Saldana v. Kmart Corp.,* 260 F.3d 228 (3d Cir. 2001) . . . . . . . . . . . . . . . . .  7, 8

*Shaw v. Toshiba America Info. Systems, Inc.,*
91 F. Supp. 2d 942 (S.D. Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . .   10

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 3 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

**Rules**

Fed. R. Civ. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

Local Civil Rule 83.1(j). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

## **PRELIMINARY STATEMENT**

Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC, by counsel, and Defendants' *pro hac vice* attorney Stephen L. Sulzer ("Sulzer"), respond with this Memorandum of Law, an accompanying Declaration of Stephen L. Sulzer, and an accompanying Declaration of Jonathan Clausen to the Court's April 29, 2026, Order To Show Cause Why *Pro Hac Vice* Status Should Not Be Revoked (ECF No. 125) (the "OSC").

The OSC is premised on the following grounds:

(1) the assertion that Sulzer "continu[es] to file voluminous motions";

(2) a telephone conversation between Sulzer and Plaintiffs' attorney Caleb Hatch [on March 5, 2026] during which Sulzer, according to Hatch, allegedly said that Sulzer considered himself "particularly adept at making opposing parties decide that litigation is not financially feasible;" and

(3) a telephone conversation between Sulzer and Hatch [on April 9, 2026] during which, according to Hatch, Sulzer allegedly said "okay, you want to play that way judge," in response to the Court's denying his effort to file an overlength brief and as a reason for Sulzer's re-filing in two motions a motion that was originally presented in two branches.

(ECF No. 125 at 2.)

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 5 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

For the reasons set forth below, Defendants and Sulzer respectfully submit that they have shown cause why Sulzer's *pro hac vice* status should not be revoked and the OSC should be held discharged.

## ARGUMENT

### I. THE STANDARD FOR REVOCATION OF *PRO HAC VICE* STATUS HAS NOT BEEN MET IN THE CASE AT BAR

The standard for revocation of *pro hac vice* status, once lawfully granted, requires truly egregious misconduct, not what at most might be seen here as a single lapse of deference described in ground (3) above. *In re Snyder*, 472 U.S. 634, 647, 105 S. Ct. 2874 (1985), the Supreme Court held that "a single incident" of "unlawyerlike rudeness or lack of professional courtesy" will not support a finding of unfitness to practice law in the federal courts.

Snyder did much worse than Sulzer is alleged to have done: Snyder cast his stone in a letter describing his "extreme[ ] disgust[ ]" at the Eighth Circuit Court of Appeals for its alleged mistreatment of attorneys doing indigent criminal defense work and he expressly refused to apologize when given a chance. 472 U.S. at 636-40. Feeling totally disrespected, the Circuit Court hit him with a suspension from practice in all federal courts within the Eighth Circuit for six months. *Id.* at 637-42.

The Supreme Court would have none of it and reversed the Eighth Circuit. *Id.* at 646-47. The Court held that

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

even assuming that the [challenged comment] exhibited an unlawyerlike rudeness, a single incident of rudeness or lack of professional courtesy – in this context – does not support a finding of contemptuous or contumacious conduct, or a finding that a lawyer is "not presently fit to practice law in the federal courts." Nor does it rise to the level of "conduct unbecoming a member of the bar" warranting suspension from practice.

*Id.* at 647.

In the case at bar, Sulzer has made clear in his Declaration filed herewith his sincere desire and his commitment going forward to fully comply with this Court's standards of decorum and rules of professionalism. (Sulzer Declaration at ¶¶ 2, 11.) His comment to opposing counsel was made in frustrated reaction to the Court's denial of Defendants' motion for leave to file excess pages. (*Id.* at ¶¶ 6-11.) But Defendants and Sulzer respectfully submit that any frustrated lapse of deference on Sulzer's part relating to the Court's ruling falls significantly short of the egregiousness that would warrant the harsh sanction of revoking Sulzer's *pro hac vice* status.

Defendants direct the Court's attention to *Saldana v. Kmart Corp.*, 260 F.3d 228 (3d Cir. 2001), for its guidance as to the level of egregious that is required to constitute an actionable breach of decorum or failure of professionalism. In that case, neither decorum nor the federal courts' standards of professionalism were sanctionably violated even by counsel *repeatedly* using the "F" word against opposing counsel outside of the presence of the Court, uttering other vulgarities, and

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 7 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

disparaging an expert witness in a letter as a "Nazi." 260 F.3d at 235-38. While *Saldana* does not present a desirable exemplar of permissible conduct in communications with opposing counsel, it is provided here to illustrate where federal appellate courts are setting the bar before the harsh sanction of revoking *pro hac vice* status becomes available to the District Court.

Justice Sotomayor, when Her Honor was Judge Sotomayor of the Second Circuit, authored a famous footnote 11 which is also applicable here:

> [I]t may be inappropriate to revoke *pro hac vice* status on the basis of past misconduct unless the past misconduct affects counsel's current representation . . . . "[W]ith rare exceptions disqualification has been ordered [in this Circuit] only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . . But in other kinds of cases, we have shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct . . . ."

*Martens v. Thomann*, 273 F.3d 159, 177 n.11 (2d Cir. 2001), quoting *Bd. of Education of New York v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979).

Sulzer's lapse of deference described in ground (3) above falls into neither of the two categories described by then Judge Sotomayor in *Martens* as appropriate for revocation of *pro hac vice* status. And as shown in the Sulzer Declaration, his remarks to opposing counsel on March 5, 2026 – described in ground (2) above – do not constitute any impropriety at all. (*See* Sulzer Declaration at ¶¶ 12-17.)

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Moreover, the March 5 call preceded any application for Sulzer to be admitted *pro hac vice*.  If attorney Hatch on March 5, 2026, had in any way been disturbed by Sulzer's words, he had ample opportunity to oppose the application for Sulzer's admission *pro hac vice* filed on March 6, 2026 (ECF Nos. 90-91) – and not granted by the Court until March 9, 2026 (ECF No. 92).  But Mr. Hatch did no such thing.  His inaction in that regard bespeaks his belated pretextual concern with those words which he dumped into a Declaration on April 13, 2026 (ECF No. 111), in which he irrelevantly and gratuitously wrote about Clausen's other litigation misfortunes.

The bottom line here for the Court is that "[e]xcept in cases of truly egregious misconduct likely to infect future proceedings, other means less prejudicial to the client's interest other than disqualifying the counsel of her choice are ordinarily available to deal with ethical improprieties by counsel."  *Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984), *vacated on other grounds [of lack of appellate jurisdiction]*, 472 U.S. 424 (1985).

## II. "CONTINUING TO FILE VOLUMINOUS MOTIONS" IS NO INFRACTION WHEN, AS HERE, THE MOTIONS ARE FILED IN GOOD FAITH, THEY ARE NOT PRESENTED TO HARASS, CAUSE UNNECESARY DELAY, OR NEEDLESSLY INCREASE THE COST OF LITIGATION, THE ARGUMENTS PRESENTED ARE WARRANTED BY EXISTING LAW, AND THEIR FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT

Voluminous motion practice is not unusual in complex litigation with novel issues.  Where, as here, the motions and supporting papers are well-prepared, praise,

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 9 of 15

not opprobrium, should be the judicial reaction.  *E.g., Shaw v. Toshiba America Info. Systems, Inc.*, 91 F. Supp. 2d 942, 960 (E.D. Tex. 2000).

Every single one of the motions filed by the Defendants which bear Sulzer's signature complies in full with the requirements of Federal Rule of Civil Procedure 11 – *i.e.,* the motions have been filed in good faith, they were not presented to harass, cause unnecessary delay, or needlessly increase the cost of litigation, the arguments presented are warranted by existing law, and their factual contentions have evidentiary support.  (*See* Sulzer Declaration at ¶¶ 6-10 and ECF Nos. 91, 94, 97, 99, 101, 103-105, 107.)  There is no violation of the Court's standards of decorum or professional conduct set forth in Local Civil Rule 83.1(j) in Sulzer's submission of those motions, particularly where, as here, they are essential to his full compliance with his obligation to represent his clients zealously.

Sulzer's signature appears on exactly one motion whose page limits exceeded the limits specified by local civil rule, and that motion was accompanied by a well-explained and well-supported motion for leave to file excess pages.  (*See* ECF No. 97.)  The Court denied that motion in ECF No. 100, even though the Court had previously granted (in ECF No. 12) such a motion (ECF No. 2) filed by the Plaintiffs' counsel with an overlength motion.

Sulzer was entitled to rely upon the principle that "in the law, what is sauce for the goose is normally sauce for the gander."  *Heffernan v. City of Paterson*, 578

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

U.S. 266, 272, 136 S. Ct. 1412 (2016). When it was not forthcoming in this particular instance, he was naturally annoyed. But Sulzer has learned his lesson well, not exceeding any page limit in any filing of motions subsequently accomplished with Sulzer's signature on it. There is no rule against filing papers up to the page limits, and zealous advocacy commands it for complex motions when faced with the truncated page limits that apply in this District Court.

### III. DEFENDANTS' SUBSTANTIAL RIGHT TO THEIR CHOICE OF COUNSEL SHOULD NOT BE ABRIDGED FOR AN UNCHARACTERISTIC LAPSE OF DEFERENCE OR CIVILITY BY THAT COUNSEL, WHO HAS APOLOGIZED FOR ANY OFFENSE GIVEN TO THE COURT OR OPPOSING COUNSEL

It is widely recognized that once an attorney has been admitted *pro hac vice,* the Defendants have a substantial right to continued representation by that attorney and suffer a particularly heavy penalty upon loss of counsel who has specialized knowledge needed for the case. *E.g., Goldston v. Amer. Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735, 737 (Sup. Ct. N.C. 1990) ("[O]nce [an] attorney was admitted [*pro hac vice*], plaintiff acquired a substantial right to the continuation of representation by that attorney . . . . Depriving plaintiff of her counsel of choice, who is an alleged expert in cases of this nature, certainly expose[es] her to potential injury . . . ."); *Anderson Trucking Serv., Inc. v. Gibson*, 884 So.2d 1046, 1049 (Fla. 5th Dist. Ct. App. 2004) ("[A]ttorneys are not fungible items that can be removed and conveniently replaced without causing undue hardship to the client and to the

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 11 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

attorney."); *Gregori v. Bank of Amer.*, 207 Cal. App. 3d 291, 254 Cal. Rptr. 853, 858 (Ct. App. 1989) ("A client deprived of the attorney of his choice suffers a particularly heavy penalty where, as appears to be the case here, his attorney is highly skilled in the relevant area of the law.").

The Defendants' choice of counsel should not be abridged where a less drastic remedy would be sufficient. As explained in *Koller,* "other means less prejudicial to the client's interest than disqualifying the counsel of . . . choice are ordinarily available to deal with ethical improprieties by counsel." 737 F.2d at 1049.

Stripping Defendants of Sulzer's services would likely condemn them to proceeding without any suitable replacement in a complex case of disputed intellectual property rights. This is shown by the Clausen Declaration filed herewith, which recounts Defendants' diligent and considerable, but fruitless efforts from October 2025 through January 2026 to find a replacement for their prior counsel. (Clausen Declaration at ¶¶ 4-40.) Defendants struggled mightily during a long spell without being represented and suffered significant judicial setbacks as a result. Sulzer is seeking to turn things around for them. Revoking his *pro hac vice* status is likely to be extremely prejudicial to the Defendants, who will be unwillingly deprived of specialized counsel in a case involving complex intellectual property issues. (*Id.* at ¶ 41.)

The Federal Circuit (the reviewing court in this design patent infringement action) mandates balancing the potential harm that will result from a client's loss of

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 12 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

specialized counsel against the risk of the attorney's continued participation in representing the client. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380-81 (Fed. Cir. 2010), citing cases.

As indicated by Judge Sotomayor in *Martens,* 273 F.3d at 171, "[u]nless an attorney's conduct tends to taint the underlying trial by disturbing the balance of the presentations . . . courts should be quite hesitant to disqualify an attorney." "Disqualification of counsel is a drastic sanction, to be imposed only in compelling circumstances because it 'exacts a harsh penalty from the parties as well as punishing counsel.'" *Foss Maritime Co. v. Brandewiede*, 190 Wash. App. 186, 359 P.3d 905, 906-07 (Ct. App. 2015).

Here Sulzer (via his Declaration) has sincerely apologized in writing and evinced his commitment going forward to strict compliance with the Court's standards of decorum and professional conduct. (Sulzer Declaration at ¶¶ 2, 11, 20.) Accordingly, the OSC has effected a salutary result, and that well should be the end of this matter.

## **CONCLUSION**

For the foregoing reasons, Defendants and Sulzer have shown cause why his *pro hac vice* status should not be revoked. The OSC should be discharged, and they should be granted any other and further relief as is just and proper.

Dated: May 14, 2026                    Respectfully submitted,

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 13 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

By:    /s/ *Stephen L. Sulzer*
Stephen L. Sulzer (*pro hac vice*)
**STEPHEN L. SULZER PLLC**
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com


/s/ *Douglas R. Dick*
Douglas R. Dick
ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 14 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system, including the following:

Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
Lee & Hayes, P.C.
601 W. Riverside Ave., Suite 1400
Spokane, WA 99201
Email: caleb.hatch@leehayes.com
Email: johanna.tomlinson@leehayes.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Spokane Valley, Washington this 14th day of May 2026.

**Julie Sutter,** Legal Assistant

DEFENDANTS' MEMORANDUM IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Case No. 2:24-CV-00413-SAB
Page 15 of 15

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101