STEPHEN L. SULZER (*pro hac vice*)
STEPHEN L. SULZER PLLC
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com

ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen,*
*Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

HAMMERLESS TOOLS, LLC and
EIGHT EIGHTEEN, LLC,

     Plaintiffs,

  v.

JONATHAN CLAUSEN, CLAUSEN, INC., AR-TT LLC, and LILAC CITY, LLC,

     Defendants.

Case No.: 2:24-CV-00413-SAB

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE

1. By this Declaration I, Stephen L. Sulzer, respectfully respond to the Court's April 29, 2026 Order to Show Cause Why Pro Hac Vice Status Should Not Be Revoked (ECF No. 125). The Court expressed concern in its Order that I am engaging in conduct in representing Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC that goes against the decorum and practices of this Court and the principles of professional conduct set forth in Local Rule 83.1(j).

2. I will begin here by expressing my regret and apologizing that the Court has to take time to evaluate my fitness to continue appearing on behalf of my clients *pro hac vice.* As will be shown below, I strive to comply with all of the Court's Rules and to conduct myself in accordance with the Court's decorum and practices. To the extent that I have fallen short of those standards and requirements in any way, I apologize to the Court and opposing counsel profusely and wish to assure the Court that if permitted to retain my *pro hac vice* status, nothing even remotely like that will happen again.

3. In addition, I acknowledge that expressions of regret and apology do not necessarily suffice to make a showing of good cause, so I will address at greater length below the reasons why there is good cause not to revoke my *pro hac vice* status.

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO
APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 2 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

4. The Court's show cause Order appears to have been entered based on two alleged statements described in the Declaration of Caleb Hatch, ECF No. 111, which Mr. Hatch recounts as having been made in telephone conferences between us on March 5, 2026, and April 9, 2026. In my first telephone conference with Mr. Hatch on March 5, 2026, I began efforts to explore and encourage an out-of-court settlement of the litigation.

5. The first statement referred to in the Court's show cause Order related to my intention, after the Court denied a motion for leave to file excess pages, to re-cast an overlength motion into two separate motions and a Declaration. The Declaration described this case's procedural history which, in the context of the motions in question, comprises the facts underlying the motions. (*See* Clausen Opposition to Plaintiffs' Motion to Strike Sulzer Decl., ECF No. 126 at 9-11, 12-13.)

6. The remark now under review was made in response to the Court's rejection of my earnest efforts to streamline and minimize the Court's and Plaintiffs' workload by submitting a single, integrated motion. I had filed a single, integrated motion because I sincerely believed it was the most efficient way to present complex, closely-interrelated, and significant issues relating to: (a) what I believe are violations of 11 U.S.C. §§ 362(a)(1) and 362(k); (b) the Court's resulting lack of subject matter jurisdiction with respect to the claims against Defendant Clausen; and (c) Plaintiffs' liability under Section 362(k). I thought it simpler to present those

matters in a single integrated motion, rather than burdening the Court and Plaintiffs with two or three separate, but closely interrelated submissions. So I duly and in good order moved for leave to file excess pages, genuinely believing that I was doing the Court and Plaintiffs a courtesy by following that course of action.

7. In 46 years of handling complex patent and antitrust litigations all over the country, I have routinely received leave of court to exceed briefing page limits when, as here, there were complex, interrelated, and arguably case-dispositive issues and a lengthy factual statement to be presented. So I was surprised when the Court denied what I had expected would be a routine motion for leave to file extra pages, especially after the Court had previously extended such courtesy (ECF No. 12) to the Plaintiffs' filing of an overlength motion accompanied by a simple motion (ECF No. 2) to file extra pages. Nonetheless, I could not prejudice my client's case by abandoning or waiving positions that I knew and believed have considerable merit. As a zealous advocate and duty-bound to present what I justifiably believe are meritorious positions on my client's behalf, and even anticipating the Court's potential displeasure at being presented with a challenge to its subject matter jurisdiction, I did what I believed needed to be done to comply with the Local Civil Rules' page limits.

8. In a moment's frustration with the Court's ruling, which put my client to the additional expense of presenting his issues in an expanded format that would

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO
APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 4 of 12

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

literally comply with the Local Rules, and with the expectation of the Court's displeasure at having to digest three submissions instead of one, I expressed in a less than deferential way my disagreement with the Court's denial of leave to file extra pages.

9. The remark certainly made clear my frustration with the Court's approach. It was made out of surprise and a disturbing concern that the Court was communicating a potential unwillingness to devote time and resources to my client's issues. This was not the welcoming response I had anticipated and hoped for from the Court, particularly after the Ninth Circuit's rulings in other cases in favor of the position I was presenting. *See, e.g., Dam v. Waldron,* No. 2:24-CV-00417-SAB, Slip Op., 2025 WL 1069844 (E.D. Wash. April 9, 2025), *vacated and remanded for dismissal without prejudice,* Appeal No. 25-2459, Memorandum, 2026 WL 777414 (9th Cir. Mar. 19, 2025) (unpub.); *In re Schwartz,* 954 F.2d 569 (9th Cir. 1992).

10. Contrary to opposing counsel's implication, the remark in question was not indicative of a plan or mindset on my part to bombard or burden the Court or Plaintiffs with any more work than would be necessary to get my clients' legitimate issues ventilated before the Court. Just the opposite is true – it was made in a moment of frustration with the inefficiencies that would arise from separating the motion into constituent parts as would be required to present the issues in strict compliance with the page limits set forth in the Local Rules. My frustration at the

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

Court having rejected my sincere effort to present my client's motion in the most efficient manner possible is what led to that statement, and not some nefarious plan to litigate the issues in a burdensome, oppressive, or inconvenient way.

11. I readily acknowledge that any breach of courtesy or professionalism in a discussion with opposing counsel is undesirable. If the Court concludes that the remark in question was insufficiently deferential to the Court and was inconsistent with the Eastern District's standards as set forth in Local Rule 83.1(j) or this Court's decorum, I humbly request the Court's indulgence and understanding of the remark's origin and assure the Court that nothing like it will occur again.

12. The second statement referred to in the Court's show cause Order recounts a statement by me that I was particularly adept at making opposing parties decide that litigation is not financially feasible (more accurately, not financially worthwhile). Put into its full context, I hope it will become apparent to the Court that that statement did not contravene any of the local rules of professional conduct or standards of decorum that apply to counsel in this Court. It was made in the context of a courteous discussion about a series of adverse rulings made while the Defendants were not represented by counsel. I informed Mr. Hatch that the Defendants would be challenging those rulings and that in my view there were substantial infirmities underlying those rulings. I also informed him of my view that the time and cost required to litigate the issues would be very substantial. I did so

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

for the fully appropriate purpose of encouraging realistic and fruitful settlement talks that would save all involved, including the Court, from ventilation of the issues raised by the Court's adverse rulings.

13.  I requested that Mr. Hatch confer with his clients about the time and cost that would be involved in addressing the Court's rulings with the purpose of making clear to him and his clients that the economic value of the case to them would likely be substantially diminished, or even entirely lost, by my clients seeking what I sincerely believe is fully justified judicial relief.  It should not have to be said here that both sides would benefit from an objective and realistic analysis of the case, which would potentially lead to a possible out-of-court settlement.

14.  In 46 years of practicing law, I have been able to encourage and convince parties to settle their disputes out of court by presenting them with objective, realistic analyses of their cases -- analyses which show that what lay before them in the way of additional litigation costs and lost time, when compared against the recoveries sought by the parties, made continued pursuit of their positions economically undesirable.  I have ***never*** based those analyses on any sort of abusive litigation practices whatsoever, nor would it ever occur to me to do so, and that is not what happened here.  My settlement discussions are always based on a realistic assess-ment of what it would cost, compared to what each side might gain, by litigating the case to a final result.  In that way, I have been particularly adept at bringing both

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO
APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 7 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

sides to a shared perception as to whether settlement was a better option than continued litigation. Whatever Mr. Hatch thinks he heard during our telephone conference, that was the message that was conveyed to him, nothing more and nothing less.

15. I do not think there is anything violative of Local Civil Rule 83.1(j) or the Court's standards of decorum in my telling Mr. Hatch that he ought to take my arguments seriously in view of my record of success in convincing opposing counsel and their clients that settlement made more economic sense than continued litigation. And I do not think there is anything violative of the Court's standards of decorum and principles of professional conduct set forth in Rule 83.1(j) in my having made clear to him my high level of confidence in the issues that I planned to pursue or the likely cost to the plaintiffs of pursuing the case to a litigated final resolution.

16. I will repeat here with emphasis that in my considered opinion, the issues disputed by the Defendants are worthy of this Court's attention. I do not believe that ventilating those issues with opposing counsel in a phone conference and urging him to convey the content of our discussion to his clients in any way even approaches violation of the Court's standards of decorum or the principles of professional conduct set forth in Local Civil Rule 83.1(j). Just the opposite, representation of my clients' interests and seeking to save the Court from having to take up the issues still in dispute between the parties are both consistent with the Local Rule requiring

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO
APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 8 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

counsel to try to resolve the parties' differences through cooperation and negotiation. *See* L.Civ.R. 83.1(j)(2).

17. To the extent that opposing counsel chose to read into our discussion some nefarious intent on my part to artificially or inappropriately inflate the cost of litigating this case, he was simply mistaken. I would hope that the Court's review of the motions I have filed since my appearance in early March make clear that they are all based on extensive and detailed analysis of the legal and factual issues that underlie them, are all filed in good faith, and are all well within the bounds of my professional obligation to represent my clients zealously – even if, in the final analysis, the Court denies those motions.

18. To the extent that anything I said to opposing counsel was susceptible of being interpreted as based on an intent to engage in unwarranted or oppressive motion practice, I apologize to the Court for having opened the door to such an inference. I assure the Court that nothing even remotely like that lies beneath my approach to this case and that I will do my very best going forward not to give opposing counsel any legitimate reason to believe that I am engaging in anything like that sort of practice.

19. In closing, I wish to point out that the Defendants struggled for months to identify counsel with the specialized skill set required to take on their case after prior counsel withdrew based on the clients' inability to pay prior counsel's fees. While

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 9 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

it may not appear so to the Court, my clients made immediate inquiries in search of replacement counsel and relentlessly (albeit unsuccessfully) continued that effort from early October 2025 through January 2026, until they were serendipitously introduced to me by a mutual acquaintance and I became available to for engagement in February 2026. (*See* Declaration of Jonathan Clausen filed herewith.) The Defendants contacted at least 30 different attorneys and law firms during that search. (*See id.* at ¶¶ 6-40.) Perhaps because of Defendant Clausen's having declared bankruptcy and the dismissal of that proceeding, or perhaps simply because prior counsel had withdrawn for non-payment of fees, no one in the local bar would agree to represent the Defendants in this case. That is, until I, an experienced intellectual property litigator, was fortuitously introduced to Defendant Clausen, and I was able to arrange with Douglas Dick, Esq. for him to provide meaningful assistance as local counsel.

20. If the court were to revoke my *pro hac vice* status, not only will the Defendants lose my specialized services, but local counsel will be left to go it alone without an experienced intellectual property litigator in the District Court. It is beyond dispute that this is a case where the Defendants need to be represented by knowledgeable counsel if their rights are to be upheld. I therefore humbly and respectfully urge the Court not to be too quick on the draw in deciding my status;

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO
APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 10 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

one warning is all that will be needed to ensure ongoing and strict compliance with the Court's standards of decorum and professional conduct.

21. I declare under penalty of perjury that the foregoing is true and correct.

Executed:  May 14, 2026                    Respectfully submitted,

By:    /s/ *Stephen L. Sulzer*
Stephen L. Sulzer (*pro hac vice*)
**STEPHEN L. SULZER PLLC**
11710 Plaza America Drive, Suite 2000
Reston, VA  20190
P: (703) 871-5000
F: (202) 558-5101
E: ssulzer@sulzerpllc.com


/s/ *Douglas R. Dick*
Douglas R. Dick
ROBERT T. WRIGHT, WSBA #54075
DOUGLAS R. DICK, WSBA #46519
WHC ATTORNEYS, PLLC
12209 E. Mission Avenue, Suite 5
Spokane Valley, WA  99206
P: (509) 927-9700
F: (509) 777-1800
E: rwright@whc-attorneys.com
E: doug@whc-attorneys.com

*Attorneys for Defendants Jonathan Clausen, Clausen, Inc., AR-TT LLC, and Lilac City, LLC*

DECLARATION OF STEPHEN L. SULZER IN RESPONSE TO APRIL 29, 2026 ORDER TO SHOW CAUSE
Page 11 of 12

**STEPHEN L. SULZER PLLC**
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system, including the following:

> Caleb Hatch, WSBA #51292
> Johanna R. Tomlinson, WSBA #57582
> Lee & Hayes, P.C.
> 601 W. Riverside Ave., Suite 1400
> Spokane, WA 99201
> Email: caleb.hatch@leehayes.com
> Email: johanna.tomlinson@leehayes.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Spokane Valley, Washington this 14th day of May 2026.

_____
**Julie Sutter,** Legal Assistant

STEPHEN L. SULZER PLLC
11710 PLAZA AMERICA DRIVE, SUITE 2000
RESTON, VA 20190
TELEPHONE (703) 871-5000
FAX (202) 558-5101